UNITED STATES DISTRICT COURT
IN AND FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD S. KOBACK,<br>   Plaintiff/Pro Se<br><br>VS.<br><br>METROWEST MEDICAL CENTER,<br>LEONARD MORSE HOSPITAL,<br>FRAMINGHAM UNION HOSPTIAL, NEW<br>ENGLAND MEDICAL CENTER, TUFTS<br>UNIVERSITY SCHOOL OF MEDICINE,<br>HMO BLUE OF MASSACHUSETTS, BLUE<br>CROSS BLUE SHIELD OF MASS,<br>EMANUEL FRIEDMAN, M.D., JOHN P.<br>LONG, M.D., and EROL ONEL, M.D.,<br>   Defendants | CIVIL ACTION NO. 05-CV-10798-WGY |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE DEFENDANT, NEW ENGLAND MEDICAL CENTER, TO STRIKE THE REQUESTS FOR ADMISSIONS AND INTERROGATORIES SERVED ON IT BY THE PLAINTIFF, DONALD S. KOBACK**

The defendant, the New England Medical Center (erroneously named), submits this memorandum of law in support of it motion to strike the requests for admissions and interrogatories filed by the plaintiff, Donald S. Koback.

**I.   BACKGROUND**

On April 12, 2005, Mr. Koback filed his complaint *in propria persona* against divers defendants, including the New England Medical Center, alleging negligence and other wrongful conduct in connection with medical care he received. Mr. Koback amended his complaint twice, purportedly as a matter of right. On May 2, 2005, Mr. Koback moved this Court to file his third amendment to the complaint naming an additional party, and this Court allowed his motion. Mr. Koback since has made multiple attempts to amend his complaint further – all of which this Court has denied.

On or about May 10, 2005, Mr. Koback forwarded a summons and complaint to the New England Medical Center by certified mail. On May 19, 2005, the New England Medical Center appeared and answered the complaint, denying all claims against it. Mr. Koback since has served interrogatories and requests for admissions (the "Discovery Requests") on the New England Medical Center. (Copies of the interrogatories and requests for admissions are attached as Exhibits A and B, respectively.) The New England Medical Center now moves to strike these Discovery Requests, because they were served prematurely and in violation of Federal Rules of Civil Procedure 26(d), 33(a) and 36(a), as well as Local Rules 26.2(A).

## II.   ARGUMENT

The Federal Rules of Civil Procedure establish in detail the manner by which a federal case will proceed through litigation. The rules explicitly state, "the parties may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."[1] Fed. R. Civ. P. 26(d); *see also*, Fed. R. Civ. P. 33(a) and 36(a) (explaining that absent leave of court or written stipulation, neither interrogatories nor requests for admission may be served before the time specified in Rule 26(d)). Under Rule 26(f), the required conference must take place at least 21 days before the Rule 16(b) Scheduling Conference. *See* Fed. R. Civ. P. 26(f). The Scheduling Conference generally is held within 90 days of the appearance of a defendant or 120 days of the filing of the complaint. *See* Fed. R. Civ. P. 16(b).

Moreover, the Local Rules of this Court echo the language and intent of the Federal Rules. Under the Local Rules, "before a party may initiate discovery, that party must provide to other parties disclosure of the information and materials called for by Fed. R. Civ. P. 26(a)(1)." L.R. 26.2(A). The parties make their Initial Disclosures in connection with the Rule 26(f) conference among the parties and with the Scheduling Conference held thereafter.

---

[1] This rule excludes from these limitations cases exempt from complying with the initial disclosures, as well as cases in which the parties have agreed to conduct or the court has ordered early discovery. *See* Fed. R. Civ. P. 26(d). None of these exclusions apply in this case.

2

In this case, the Court has yet to convene or even schedule the Scheduling Conference. The parties have not had their Rule 26(f) conference and they have not made their required Initial Disclosures. This case has been pending for 42 days and is in its preliminary stage with only one of ten defendants having appeared and with the medical malpractice tribunal mandated under Massachusetts General Laws chapter 231, section 60B having yet to convene. Mr. Koback has served the Discovery Requests prematurely under both the Federal Rules of Civil Procedure and the Local Rules of this Court. Accordingly, the New England Medical Center moves this Court to strike those Discovery Requests.

### III.  CONCLUSION

Wherefore, for all of the reasons set forth herein and in the accompanying motion, the defendant, the New England Medical Center, respectfully requests that this Honorable Court strike the interrogatories and requests for admissions served on it by the plaintiff, Donald S. Koback, on the grounds that they are served prematurely and in violation of Federal Rules of Civil Procedure 26(d), 33(a) and 36(a), as well as Local Rules 26.2(A).

Respectfully submitted,

MARTIN, MAGNUSON, McCARTHY
& KENNEY

Daniel J. Griffin, B.B.O. No. 211300
Lynda Riesgo Jensen, B.B.O. No. 652498
Attorneys for the Defendant,
New England Medical Center
101 Merrimac Street
Boston MA 02114
617-227-3240

3

## CERTIFICATE OF SERVICE

I, Lynda Riesgo Jensen, counsel for defendant, New England Medical Center, hereby certify that on the 24th day of May, 2005, a copy of the above document was sent by mail, postage prepaid, to:

Donald S. Koback
195 Sunnyside Avenue
Woonsocket, RI 02895-5105
*Pro Se* Plaintiff

*[signature]*
Daniel J. Griffin, B.B.O. No. 211300
Lynda Riesgo Jensen, B.B.O. No. 652498
Attorney for the Defendant,
New England Medical Center
101 Merrimac Street
Boston MA 02114
617-227-3240

4

# EXHIBIT A

EASTERN DIVISION          DISTRICT COURT OF
(Boston)                       MASSACHUSETTS


MetroWest Medical Center     CASE NO - 10798-WGY
www.mwmc..com
                (Tenet)
et. seq.

and/or    et. al.


A. REQUEST FOR ADMISSIONS
   TO NEW ENGLAND MEDICAL
   CENTER (36)

1. At any time, prior to, during,
   or subsequent to one or more
   surgeries, did any penile
   prosthesis manufacturer's
   representative or any set sales
   representative lay his or her
   hands upon plaintiff's
   urogenital, reproductive system?

2. Did said sales representative abovementioned assist in any way with the installation of ~~said~~ plaintiff's penile prosthetic device?

3. Did said sales representative disuss with assisting doctors or nurses how the surgery was a failure, that they could not keep their promised objective to make plaintiff whole?

4. Did the sales representative in any way control plaintiff's breathing apparatus?

5. Did plaintiff heart stop?
6. Did plaintiff suffer a loss of oxygen to the brain?
7. Did New England Medical Center's doctor explain to plaintiff subsequent to ~~surgeries~~ surgery that plaintiff need plastic surgery and ~~testicle~~ reconstruction?
8. Did New England Medical Center's doctor admit that surgeries were unnecessary and that the first surgery only increased fibrotic tissue?
9. Did anyone present at the surgeries JERK plaintiff's genitals to cause ejaculation?

# EXHIBIT B

B. **INTERROGATORIES** To New England Medical Center (33)

1. Names and addresses of all persons who were present at plaintiff's 2 surgeries?
2. NAME, ADDRESSES and COVERAGE LIMITS OF ALL Insurers?
3. WHEN WAS LAST DATE OF COVERAGE FOR EROL ONEL?
4. IF his coverage was dropped was there any special reason?

MAy 14, 05

Faithfully Submitted,

D. S. Koback

Donald S. Koback

PRO SE