UNITED STATES DISTRICT COURT
IN AND FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD S. KOBACK, <br> Plaintiff/Pro Se <br><br> VS. <br><br> METROWEST MEDICAL CENTER, <br> LEONARD MORSE HOSPITAL, <br> FRAMINGHAM UNION HOSPTIAL, NEW <br> ENGLAND MEDICAL CENTER, TUFTS <br> UNIVERSITY SCHOOL OF MEDICINE, <br> HMO BLUE OF MASSACHUSETTS, BLUE <br> CROSS BLUE SHIELD OF MASS, <br> EMANUEL FRIEDMAN, M.D., JOHN P. <br> LONG, M.D., and EROL ONEL, M.D., <br> Defendants | CIVIL ACTION NO. 05-CV-10798-WGY |

### MOTION OF THE DEFENDANT, NEW ENGLAND MEDICAL CENTER, TO REFER CASE TO THE SUPERIOR COURT TO CONVENE A MEDICAL MALPRACTICE TRIBUNAL

Now comes the defendant, the New England Medical Center (erroneously named), and moves, pursuant to Massachusetts General Laws chapter 231, section 60B, that this Honorable Court refer this case to the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for the purpose of convening a statutorily mandated medical malpractice tribunal. As grounds for this motion, the New England Medical Center states as follows:

The plaintiff, Donald S. Koback *pro se*, has filed this case alleging *inter alia* that the defendant healthcare providers negligently rendered medical care to him. Under Massachusetts statutory law, a plaintiff making such allegations must present the case to a medical malpractice tribunal. Specifically, Massachusetts General Laws chapter 231, section 60B, states that all claims of "malpractice, error or mistake" against a healthcare provider "shall be heard by a tribunal consisting of a single justice of the Superior Court, a physician licensed to practice

medicine in the Commonwealth . . . and an attorney authorized to practice law in the Commonwealth." Id. The tribunal "shall determine if the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry or whether the Plaintiff's case is merely an unfortunate medical result." Id.

The laws of this Commonwealth make clear that the Superior Court serves as the appropriate and lone venue to convene a medical malpractice tribunal. See id.; see also, Austin v. Boston Univ. Hosp., 372 Mass. 654, 659 (1977). Where, as here, the case is filed in a court other than the Superior Court, the case must be referred to the Superior Court for consideration by a tribunal. Id. In applying the holdings of Austin, this Court has recognized the substantive right of a defendant in a diversity action to have the malpractice claims against it evaluated by a Section 60B tribunal. See Byrnes v. Kirby, 453 F. Supp. 1014, 1019 (D.C. Mass. 1978).

In the case at bar, the action for medical malpractice is before this Court on the basis of diversity of citizenship. As a result, the New England Medical Center (as well as the other medical defendants) has a substantive right to have the claims against it evaluated by a Section 60B tribunal. See id. Accordingly, the New England Medical Center seeks referral of this case.

Wherefore, for all of the reasons stated herein, the New England Medical Center moves, pursuant to Massachusetts General Laws chapter 231, section 60B, that this Honorable Court refer this case to the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for the purpose of convening a statutorily mandated medical malpractice tribunal.

Respectfully submitted,

MARTIN, MAGNUSON, McCARTHY
 & KENNEY

_____
Daniel J. Griffin, B.B.O. No. 211300
Lynda Riesgo Jensen, B.B.O. No. 652498
Attorneys for the Defendant,
New England Medical Center
101 Merrimac Street
Boston MA 02114
617-227-3240

## CERTIFICATE OF SERVICE

I, Lynda Riesgo Jensen, counsel for defendant, New England Medical Center, hereby certify that on the 27th day of May, 2005, a copy of the above document was sent by mail, postage prepaid, to:

Donald S. Koback  
195 Sunnyside Avenue  
Woonsocket, RI 02895  
*Pro Se* Plaintiff

Barbara Hayes Buell, Esq.  
Bloom & Buell  
1340 Soldiers Field Road, Suite Two  
Boston, MA 02135

Joseph D. Halpern, Esq.  
Deputy General Counsel  
Blue Cross and Blue Shield of  
 Massachusetts, Inc.  
401 Park Drive  
Boston, MA 02215

_____
Daniel J. Griffin, B.B.O. No. 211300
Lynda Riesgo Jensen, B.B.O. No. 652498
Attorney for the Defendant,
New England Medical Center
101 Merrimac Street
Boston MA 02114
617-227-3240

3