UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONALD S. KOBACK ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> METROWEST MEDICAL CENTER, et al. ) <br> ) <br> *Defendants*. ) <br> ) | Civil Action. No. 05-10798-WGY |

## **BLUE CROSS'S MEMORANDUM IN SUPORT OF MOTION TO DISMISS**

Defendants Blue Cross and Blue Shield of Massachusetts, Inc. and Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc. (jointly, "Blue Cross") submit this memorandum in support of their motion to dismiss the claims against them in the Amended Complaint ("Complaint") filed by plaintiff Donald S. Koback ("Koback"). The Complaint against Blue Cross should be dismissed for failure to state a claim upon which relief may be granted.

Mr. Koback's claim against Blue Cross, whether couched as breach of contract or negligence, alleges a denial of coverage for medical care. Mr. Koback was entitled to such coverage only because of the terms of an employee benefit plan regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1001, et seq., and at an earlier point in time could have brought his claim under ERISA § 502(a)(1)(B). In *Aetna Heath, Inc. v. Davila*, 542 U.S. 200, 124 S.Ct. 2488 (2004), the United States Supreme Court held that in these circumstances state law claims brought by beneficiaries

and participants in ERISA-regulated employee benefit plans for failure to exercise ordinary care in handling coverage for medical treatments are preempted. Accordingly, Mr. Koback's claim against Blue Cross is preempted by ERISA and should be dismissed.

### Allegations Of The Complaint

Mr. Koback's Complaint alleges that he had an HMO Blue contract with Blue Cross and that Blue Cross denied his request for a referral to an out-of-state reconstructive urologist. Complaint, ¶¶ 8, 11.[1] Although the Complaint does not set out specific counts, Mr. Koback appears to make a claim against Blue Cross of negligent performance of contractual obligations (namely, that Blue Cross failed to exercise reasonable care in administering his HMO Blue contract) and/or breach of contract. See id., ¶¶ 7, 8

### Argument

I.    Mr. Koback's Health Plan Was Governed By ERISA.

Mr. Koback was a member of HMO Blue, see Complaint, ¶¶ 5, 8, by virtue of an employee welfare benefit plan established and maintained by his employer, the Donald S. Koback & Associates law firm. Declaration of Theresa McInerney ("McInerney Declaration"), ¶ 2. That is, Mr. Koback's HMO Blue Plan was an employee benefit plan

---

[1] Blue Cross acknowledges that for purposes of the Motion To Dismiss, the facts as alleged are deemed to be true. Were this matter to go to trial, however, Blue Cross would demonstrate that Mr. Koback's HMO Blue policy – unlike other Blue Cross policies he could have purchased – did not provide coverage for the out-of-network treatment except for emergency care. In *Aetna Health,* the Supreme Court stated that "if a managed care entity correctly concluded that, under the terms of the relevant plan, a particular treatment was not covered, the managed care entity's denial of coverage would not be a proximate cause of any injuries arising from the denial. Rather, the failure of the plan itself to cover the requested treatment would be the proximate cause." 124 S.Ct. at 2497. Blue Cross would also show that the treatment Mr. Koback sought was available in Massachusetts.

covered by ERISA.  See 29 U.S.C. §1002(3); see also *Wickman v. Northwestern Nat'l Ins. Co.*, 908 F.2d 1077, 1082 (1st Cir.) cert. denied, 498 U.S. 1013 (1990) (a welfare benefit plan under ERISA is a plan, fund or program established or maintained by an employer or by an employee organization, or by both, for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits to participants or their beneficiaries).  The Premium Account Agreement between Blue Cross and Donald S. Koback & Associates, attached as Exhibit 1 to the McInerney Declaration, demonstrates at the end of the second paragraph on its first page that it covered an ERISA employee benefit plan, providing that the employer "must provide copies to your employees and otherwise comply with the applicable provisions of the Employee Retirement Income Security Act of 1974, as amended." Similarly, Mr. Koback's HMO Blue Subscriber Certificate, which is the contract between him as a subscriber and Blue Cross, states that the plan sponsor for his plan is "the same as the plan sponsor designated under the Employee Retirement Income Security Act of 1974 (ERISA), as amended."  See Exhibit 2 to the McInerney Declaration, at 8.[2]

II.    Mr. Koback's Claim Is Governed By ERISA.

On its face, although it asserts federal question (and diversity) jurisdiction in paragraph 4, Mr. Koback's Complaint does not present a federal question.[3]  However,

---

[2] In ruling on a motion to dismiss, a court may consider documents integral to the Complaint despite those documents not having been attached to the Complaint. See *Jorge v. Rumsfeld*, 404 F.3d 556 (1st Cir. 2005) ("the district court appropriately may consider the whole of a document integral to or explicitly relied upon in a complaint, even if that document is not annexed to the complaint"); *Blackstone Realty LLC v. Federal Deposit Insurance Corporation,* 244 F.3d 193, 195 n.2 (1st Cir. 2001); *Beddall v. State St. Bank and Trust Co.*, 137 F.3d 12, 12 (1st. Cir. 1998).  Mr. Koback 's claim against Blue Cross in his Complaint is premised on the assertion that he had a contract with Blue Cross, and the contractual documents referred to above are integral to his claim of breach of contract and negligent performance of contractual obligations.

[3] As previously noted, Mr. Koback does not label his claims or identify them as either state law claims or claims under ERISA. To the extent that his pro se Complaint might be read liberally to state a claim against

"[w]here a claim, though couched in the language of state law, implicates an area of federal law for which Congress intended a particularly powerful preemptive sweep, the cause is deemed federal no matter how pleaded." *Danca v. Private HealthCare Systems, Inc.*, 185 F.3d 1, 4 (1st Cir. 1999), citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S.Ct. 1542 (1987). "This is so because 'when the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.'" *Aetna Heath, Inc. v. Davila*, 124 S.Ct. at 2495, quoting *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8, 123 S.Ct. 2058 (2003).

III.     ERISA Preempts Mr. Koback's State Law Claims Against Blue Cross.

ERISA preempts state law, including common law, that "relates to" employee benefit plans. *FMC Corp. v. Holiday*, 498 U.S. 52, 58, 111 S.Ct. 403, 407 (1990). Section 514 of ERISA provides, in pertinent part, that ERISA shall supersede any and all "[s]tate laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. 1144(c).

State law tort or contract claims based on denial of health care benefits under an ERISA plan are preempted by ERISA. See *Aetna Health,* 124 S.Ct. at 2495 ("Any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."); *Cicio v. John Does 1-8*, 385 F.3d 156,

---

Blue Cross under ERISA, it should still be dismissed, as no remedy allowed under ERISA is now available to Mr. Koback. The extra-contractual relief he seeks is not available under ERISA. See *Aetna Health,* 124 S.Ct. at 2505 (Ginsburg, J, concurring); *Drinkwater v. Metropolitan Life Ins. Co.*, 846 F.2d 821, 825 (1st Cir. 1988); *Andrews-Clarke v. Travelers Insurance Co*., 984 F. Supp. 49, 56 (D.Mass. 1997) ("it is well settled that a claim for compensatory or consequential damages does not fall under the purview of 'other equitable relief' available to an ERISA plan participant or beneficiary under Section 1132(a)(3).")

158 (2d Cir. 2004) (where the defendant health care company was not actually providing medical care to plaintiff, applying *Aetna Health,* "it follows that the plaintiff's state malpractice claim was completely preempted by ERISA"); *Hotz v. Blue Cross and Blue Shield of Massachusetts,* 292 F.3d 57 (1st Cir. 2002) (c. 93A); *Danca*, supra (negligence; challenges to precertification or prospective utilization decisions are preempted as alternative enforcement mechanisms under ERISA § 502(a)); *Turner v. Fallon*, 127 F. 3d 196 (1st Cir. 1997) (breach of contract); *Andrews-Clarke v. Travelers Insurance Co.*, 984 F. Supp. 49 (D.Mass. 1997) (breach of contract, medical malpractice).

>In *Aetna Health*, the Supreme Court stated the test for preemption under ERISA:
>
>If an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA § 502(a)(1)(B). In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

124 S.Ct. at 2496.

Mr. Koback's Complaint alleges denial of coverage for medical care, namely that Blue Cross denied his request for a referral to an out-of-state reconstructive urologist. Complaint, ¶ 11.[4] Mr. Koback had a claim to such coverage only because of the terms of

---

[4] Similarly, in the two *Aetna Health* companion cases, the plaintiffs brought malpractice claims for "injuries allegedly arising from [their insurance companies'] decisions not to provide coverage for certain treatment and services recommended by [plaintiffs'] treating physicians." 124 S.Ct at 2493. In *Davila*, "[t]he only action complained of was Aetna's refusal to approve payment for Davila's Vioxx prescription. Further, the only relationship Aetna had with Davila was its partial administration of Davila's employer's benefit plan." 124 S.Ct. at 2496. In *Calad*, plaintiff alleged that she was informed by CIGNA, upon admittance into a hospital for major surgery, that she would be authorized to stay for only one day. The Supreme Court found that plaintiffs "complain only about denials of coverage promised under the terms of ERISA-regulated employee benefit plans. Upon the denial of benefits, respondents could have paid for the treatment themselves and then sought reimbursement through a § 502(a)(1)(B) action, or sought a preliminary injunction…." Id. at 2497.

5

his ERISA-regulated HMO Blue employee benefit plan.

At the time his request for out-of-state treatment was denied, Mr. Koback could have brought his claim under ERISA § 502(a)(1)(B), which states that a civil action may be brought

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

That is, in 1999-2000, Mr. Koback could have brought an action for injunctive relief or he could have paid for out-of-state treatment himself and sought reimbursement through a § 502(a)(1)(B) action. He did neither. There is no other independent legal duty that is implicated by Blue Cross's actions. Accordingly, the complaint against Blue Cross is entirely preempted by ERISA and should be dismissed.

## **Conclusion**

For the foregoing reasons, the Court should dismiss the claims against Blue Cross.

Respectfully submitted,

 /s/ Joseph Halpern
Joseph D. Halpern, BBO# 544789
Blue Cross and Blue Shield of
Massachusetts, Inc.
401 Park Drive
Boston, MA  02215
Tel.:   (617) 246-3500
Fax:   (617) 246-3550

Dated:  June 1, 2005                                    joseph.halpern@bcbsma.com

6