U.S. DISTRICT COURT

EASTERN MASSACHUSETTS (BOSTON)   DISTRICT OF MASSACHUSETTS
CLERKS OFFICE
2005 JUN -9 P 1:50

Donald S. Koback,
   Plaintiff, pro se

v.

MetroWest Medical Center

et al
defendants

05-10798-WGY

**PLAINTIFF, DONALD S. KOBACK'S Memorandum IN OPPOSITION TO "BLUE CROSS"'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Fed. R. Civ. P. 12(b)(6)**

1. HMO BLUE'S AFFIANT, Theresa McInerney, understates the years plaintiff subscribed to and was beneficiary/insured by the ? two (2) BLUE CROSS and BLUE SHIELD

OF MASSACHUSETTS, INC. and/or HMO BLUE, said coverage going back in time to 1989 at least.

2. PLAINTIFF'S CLAIMS ALLEGE THAT HMO BLUE, et. al, knowing that PLAINTIFF WOULD BE SUBMITTED (AS IN BODY AND MIND) TO INCOMPETENT MEDICAL AND HOSPITAL TREATMENT, conspired and/or acted in concert with the "guinea-pig"ging Teacher's HOSPITAL OF TUFTS UNIVERSITY School OF MEDICINE KNOWN, ADVERTISED, AND DOING BUSINESS AS "NEW ENGLAND MEDICAL CENTER", to reduce, square root √, or otherwise run the risk

OF SQUASHING PLAINTIFF'S PENIS, UROGENITAL-REPRODUCTIVE SYSTEM, BRAIN INJURIES, PSYCHOLOGICAL DAMAGE, LIMPING, AND PAIN AND SUFFERING. In short, to "do harm" unto plaintiff or recklessly disregarded any harm they might cause to PLAINTIFF. HMO BLUE, and/or the 2 (Two) Blue Cross Insurers enticed plaintiff with promises, assurances, representations that they + defendant Teaching Hospital - New England Medical Center would make PLAINTIFF WHOLE AS OUT-OF-STATE

physicians and hospitals were heralded as being capable, unlike the defendant Hmo Blue and/or the two Blue Cross Insurers, New England Medical Center's Teaching Hospital, acting in concert with Hmo Blue et al.; said trickery and incompetence learned by plaintiff only through hard experience.

3. Plaintiff agrees with defendants Hmo Blue and the 2 Blue Cross Insurers of identical names that "... at an earlier point in time [plaintiff] could have

brought his claim under ERISA ~~&~~ § 502(a)(1)(B)..." (see defendants' memorandum), but for the fact that HMO BLUE and/or its identical, ~~but~~ distinct two BLUE CROSS insurers had earlier (throughout the 1990s) physicians (namely, defendant Emanuel FRIEDMAN, Metrowest Medical Center, Leonard Morse Hospital, et. al. HAD PUT THE PLAINTIFF INTO SUCH A PHYSICAL, EMOTIONAL, AND PSYCHOLOGICAL TAILSPIN THAT PLAINTIFF HAD DIFFICULTY CRAWLING, DRAGGING HIS

WEAKENED BODY AND MIND AROUND. Justice demands that the defendants Hmo Blue & their 2 Blue Cross insurers should not be allowed to rely upon their prior mala fides and/or terrible acts to attempt to support a claim that plaintiff has waited "too long." MARKS V. WATTERS, 322 F3d 316 (2003); BUI V. AT&T, 310 F3d 1143 (2002)

4. "ERISA" as expressed in the defendants, Hmo Blue and the two Blue Cross Insurers (BLUE CROSS and BLUE SHIELD OF MASSACHUSETT INC and BLUE CROSS and BLUE SHIELD OF MASSACHUSETTS INC.) Memorandum 29 U.S.C. 1001, 1132(a)(3) enables plaintiff ("...to obtain...equitable relief...(i) to redress..." inter alia,

5. IN WALDSCHMIDT V. AETNA U.S. HEALTHCARE, 225 F. Supp 560 (2002) the health "plan" was not liable

Perhaps Hmo Blue and its 2 Blue Cross insurers could have refused to deny out-of-state (or out-of-network) treatment, but it violated plaintiff's rights when in acted in concert with New England Medical Center The Teaching Hospital to RUIN plaintiff's urogenital reproductive system and psychological health — turning plaintiff into a veritable "basket case".

The plaintiff was a mere "experimental body" donated by the Defendant Am. Blue and its 2 Blue Cross Insurers through trickery and deceit enabling said teaching hospital hands on didactic to neophyte physicians at plaintiff's lifetime expense. HMO, et.al. acted in concert to force a larger hose (foreign object) into what they knew

To be Plaintiff's smaller Hose (Penis). Possessing said knowledge because they were the one's who IMPLODED PLAINTIFF's PENIS, inter alia, with lethal injections handed to plaintiff by Dr. Friedman of Metrowest Medical Center years earlier.

The plaintiff was put in harm's way by the defendants Hmo Blue and its 2 (Two) Blue Cross Insurers.

6. HMOBLUE and its 2(Two) BLUE CROSS Insurers' Position seeks To Turn The Judiciary into a thing of the past. 28 U.S.C. 1001, et. seq., is to be read, if HMOBLUE AND ITS DOUBLES, carry the day, as preempting all common law contract, tort and/or misrepresentation action triable by jury leaving the word "ERISA" for the federal judiciary to mull over

without juries and with precious little remedies, if any, for claimants' harmed by such uncontrolled "freehanded" activities

7. In the case at bar one is reminded of the old adage — 'hindsight' is 20/20; whereas foresight is tomorrow's professional baseball scores, tomorrow's ~~the~~ Dow Jones closing number, and so on. "ERISA", according to HMO Blue, et. al. Dumps

"HINDSIGHT" — the right to trial by Jury — the 7th Amendment to the U.S. Constitution along with "due process" — into the Dustbin of history, saddling Claimant's with Confrontational HMO BLUE PLANS and OTHER HEALTH "PLANS" answerable to no one.

8. PLAINTIFF contends that the Congress who created "ERISA", the President who signed "ERISA" and any Court who have, up until now,

reviewed and upheld its anti-jury provisions have violated the right to jury trial as guaranteed by the 7th Amendment and due process of law as well

SAID RIGHT TO JURY TRIAL SUBJECT TO BEING ABROGATED ONLY BY CONSTITUTIONAL CONVENTION OF THE PEOPLE.

9. Here, we need not go to and fro between the wisdom of using juries hindsight (vel non). Instead we deal with the pretentions of HMO BLUE, and other "plans" to know what is right for their insured patients unhindered by the fear of juries looking over their shoulders.

HMO BLUE SAT LIKE a god-like untouchable possessing a present knowledge

and best laid plans (as opposed to foresight) to treat plaintiff in a shaby manner, believing they could act this way without having to worry about a jury's SHADOW.

10. As a direct & proximate consequence, plaintiff is left with horendous urogenital-reproductive injuries - a squashed penis and damaged scrotum. Which could have been avoided if HMO Blue Didn't decide to deceive plaintiff with its Teaching Hospital. Searing damage to plaintiff's brain due to LOSS OF OXYGEN.

11. Trashing the 7th Amendment and due process with such flimsy a Stranding those arbitrarily, capriciously treated off to the side - causes one to wonder what shall remain of our democratic institutions. Mere callous disregard?

June 7, 05

Faithfully Submitted,

*Donald S. Kobach* (signature)
Donald S. Kobach

6-7-05