UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DONALD S. KOBACK | ) | |
| | ) | |
| *Plaintiff*, | ) | Civil Action. No. 05-10798-WGY |
| | ) | |
| v. | ) | |
| | ) | |
| METROWEST MEDICAL CENTER, et al. | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## BLUE CROSS'S REPLY MEMORANDUM
## <u>IN SUPPORT OF MOTION TO DISMISS</u>

Defendants Blue Cross and Blue Shield of Massachusetts, Inc. and Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc. ("Blue Cross")[1] submit this Reply to Plaintiffs' Opposition To Defendant "Blue Cross"'s Motion To Dismiss (the "Opposition"), filed by plaintiff Donald S. Koback ("Koback") on June 9, 2005.

In the Opposition, first, Mr. Koback appears to characterize his claim against Blue Cross as a claim for misrepresentation rather than negligence.  State law claims for misrepresentation are, like all other such torts and common law claims, governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1001, <u>et</u> <u>seq</u>., and therefore preempted.  <u>See</u>, <u>e.g</u>. *Carlo v. Reed Rolled Thread Die Co.*, 49 F.3d 790, 794 (1st Cir 1995) (ERISA preempts misrepresentation claims that "relate to" an

---

[1]  Mr. Koback is mistaken in believing that the two Blue Cross defendants (assuming without conceding that the Amended Complaint effectively names two separate defendants) have identical names.  One, Blue Cross and Blue Shield of Massachusetts **HMO Blue**, Inc., is a subsidiary of the other.  In one of Blue Cross's filings with respect to the motion to dismiss, the words "HMO Blue" were inadvertently left out of the subsidiary's name, for which error Blue Cross apologizes to the Court.

employee benefit plan).   ERISA "broadly preempts any state law claim that 'relates to' an employee benefit plan." *Hotz v. Blue Cross and Blue Shield of Massachusetts*, 292 F.3d 57, 60 (1st Cir. 2002).

Second, while Mr. Koback concedes that he could "at an earlier point in time . . . have brought his claim under ERISA § 502(a)(1)(B)," <u>see</u> Opposition at par. 3 quoting *Aetna Heath, Inc. v. Davila*, 542 U.S. 200, 124 S.Ct. 2488, 1296 (2004), he appears to argue that he was then mentally or physically unable to do so.  Whether that is true is irrelevant, as the issue is not whether Mr. Koback lost his right to proceed under ERISA by failing to bring a claim in timely fashion, but rather whether the circumstances of this case meet the test for ERISA preemption.  The test is whether Mr. Koback was legally entitled to bring a claim ERISA § 502(a)(1)(B) at the time Blue Cross denied his claim for out-of-state treatment, not whether he actually did so.  His admission that this case meets the *Aetna Health* test for preemption leaves no doubt that the Court should dismiss the claims against Blue Cross.

Respectfully submitted,

  /s/ Joseph Halpern
Joseph D. Halpern, BBO# 544789
Blue Cross and Blue Shield of
Massachusetts, Inc.
401 Park Drive
Boston, MA  02215
Tel.:    (617) 246-3500
Fax:    (617) 246-3550
joseph.halpern@bcbsma.com

Dated:   June 10, 2005

Lit/Koback/Reply