UNITED STATES DISTRICT COURT
IN AND FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD S. KOBACK,<br>　　Plaintiff/Pro Se<br><br>VS.<br><br>METROWEST MEDICAL CENTER,<br>LEONARD MORSE HOSPITAL,<br>FRAMINGHAM UNION HOSPITAL, NEW<br>ENGLAND MEDICAL CENTER, TUFTS<br>UNIVERSITY SCHOOL OF MEDICINE,<br>HMO BLUE OF MASSACHUSETTS, BLUE<br>CROSS BLUE SHIELD OF MASS,<br>EMANUEL FRIEDMAN, M.D., JOHN P.<br>LONG, M.D., and EROL ONEL, M.D.,<br>　　Defendants | CIVIL ACTION NO. 05-CV-10798-WGY |

## ANSWER AND JURY CLAIM OF THE DEFENDANT, EROL ONEL, M.D., TO THE CAPTIONED "AMENDMENTS AS OF RIGHT" FILED BY THE PLAINTIFF, DONALD S. KOBACK

**The defendant, Erol Onel, M.D., claims a trial by jury as to all issues raised by the complaint of the plaintiff, Donald S. Koback.**

### FIRST DEFENSE

1. The Amendment As Of Right dated April 9, 2005 does not contain allegations against the defendant, Erol Onel, M.D., and as a result, no response is required from him. To the extent that any of the allegations are interpreted to require a response, they are denied.

2. The Amendment As Of Right dated April 23, 2005 does not contain allegations against the defendant, Erol Onel, M.D., and as a result, no response is required from him. To the extent that any of the allegations are interpreted to require a response, they are denied.

3. The Amendment As Of Right dated April 28, 2005 does not contain allegations against the defendant, Erol Onel, M.D., and as a result, no response is required from him. To the extent that any of the allegations are interpreted to require a response, they are denied.

4. The defendant, Erol Onel, M.D., denies the allegations contained in the Amendment As Of Right dated April 29, 2005, including each and every subpart contained therein.

5. The Amendment As Of Right dated May 2, 2005 does not contain allegations against the defendant, Erol Onel, M.D., and as a result, no response is required from him. To the extent that any of the allegations are interpreted to require a response, they are denied.

6. The Amendment As Of Right dated May 10, 2005 does not contain allegations against the defendant, Erol Onel, M.D., and as a result, no response is required from him. To the extent that any of the allegations are interpreted to require a response, they are denied.

WHEREFORE, any and all allegations against the defendant, Erol Onel, M.D., having been denied, the defendant, Erol Onel, M.D., requests that all of the plaintiff's requests for relief be denied; that the plaintiff's complaint against him, including its amendments thereto, be denied; that judgment enter in his favor, and that costs and attorneys' fees be awarded to him.

## SECOND DEFENSE

And further answering, the defendant, Erol Onel, M.D., says that this action was not commenced within the time prescribed by the applicable statutes of limitations and/or repose.

## THIRD DEFENSE

And further answering, the defendant, Erol Onel, M.D., says that the plaintiff's complaint and amendments thereto in the above matter fail for lack of subject matter jurisdiction, because they do not present a federal question as required pursuant to 28 U.S.C. § 1331. Wherefore, the defendant moves that the complaint and its amendments be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) due to the lack of subject matter jurisdiction.

## FOURTH DEFENSE

And further answering, the defendant, Erol Onel, M.D., says that the plaintiff's complaint and amendments thereto in the above matter fail for lack of subject matter jurisdiction, because they do not satisfy the amount in controversy requirement contained in 28 U.S.C. § 1332. Wherefore, the defendant moves that the complaint and its amendments be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) due to the lack of subject matter jurisdiction.

## FIFTH DEFENSE

And further answering, the defendant, Erol Onel, M.D., says that the plaintiff's complaint and amendments thereto in the above matter fails for insufficiency of process and insufficiency of service of process upon the defendant in accordance with the applicable provisions of law. Wherefore, the defendant moves that the complaint and its amendments be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5) due to the insufficiency of process and insufficiency of service of process.

## SIXTH DEFENSE

And further answering, the defendant, Erol Onel, M.D., says that the plaintiff's complaint and amendments thereto fail to state a claim upon which relief may be granted. Wherefore, the defendant moves, pursuant to Fed. R. Civ. P. 12(b)(6) and/or Mass. R. Civ. P. 12(b)(6), that the complaint and its amendments be dismissed, with costs to said defendant.

## SEVENTH DEFENSE

And further answering, the defendant, Erol Onel, M.D., says that the plaintiff's alleged injuries were not caused by any conduct of the defendant.

## EIGHTH DEFENSE

And further answering, the defendant, Erol Onel, M.D., says that the injuries and damages alleged were caused in whole or in part by negligence of the plaintiff to a degree greater than any alleged negligence of the defendant.

## NINTH DEFENSE

And further answering, the defendant, Erol Onel, M.D., says that the injuries and damages alleged were not caused by the acts of any person for whose conduct the defendant was legally responsible.

## TENTH DEFENSE

And further answering, the defendant, Erol Onel, M.D., says that any recovery for past and future medical expenses and/or for alleged conscious pain and suffering, if any, is limited pursuant to the provisions of G.L. c. 231, § 60G and H.

## ELEVENTH DEFENSE

And further answering, the defendant, Erol Onel, M.D., says that the plaintiff's complaint and amendments thereto contain redundant, immaterial, impertinent, or scandalous matter. Wherefore, the defendant moves, pursuant to Fed. R. Civ. P. 12(f), that the complaint and its amendments be stricken in its entirety, with costs to said defendant.

WHEREFORE, the defendant, Erol Onel, M.D., moves that the plaintiff's complaint and its amendments be dismissed, with prejudice, together with costs.

MARTIN, MAGNUSON, McCARTHY
& KENNEY

_____
Daniel J. Griffin, B.B.O. No. 211300
Lynda Riesgo Jensen, B.B.O. No. 652498
Attorneys for the Defendant,
Erol Onel, M.D.
101 Merrimac Street
Boston MA 02114
617-227-3240

### CERTIFICATE OF SERVICE

I, Lynda Riesgo Jensen, counsel for defendant, Erol Onel, M.D., hereby certify that on the 21st day of June, 2005, a copy of the above document was sent by mail, postage prepaid, to:

Barbara Hayes Buell, Esq.
Bloom and Buell
1340 Soldiers Field Road
Boston, MA 02135
  Attorney for defendant,
  Metrowest

Donald S. Koback
195 Sunnyside Avenue
Woonsocket, RI 02895
  *Pro Se* Plaintiff

Joseph D. Halpern, Esq.
401 Park Drive
Boston, MA 02215
  Attorney for defendant,
  Blue Cross/Blue Shield

_____
Daniel J. Griffin, B.B.O. No. 211300
Lynda Riesgo Jensen, B.B.O. No. 652498
Attorney for the Defendant,
Erol Onel, M.D.
101 Merrimac Street
Boston MA 02114
617-227-3240

5