UNITED STATES DISTRICT COURT IN AND FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD S. KOBACK,<br><br>Plaintiff,<br><br>v.<br><br>METROWEST MEDICAL CENTER,<br>LEONARD MORSE HOSPITAL,<br>FRAMINGHAM UNION HOSPITAL,<br>NEW ENGLAND MEDICAL CENTER,<br>TUFTS UNIVERSITY SCHOOL OF<br>MEDICINE, HMO BLUE OF<br>MASSACHUSETTS, BLUE CROSS<br>BLUE SHIELD OF MASS.,<br>EMANUEL FRIEDMAN, M.D.,<br>JOHN P. LONG, M.D.<br>AND EROL ONEL, M.D.,<br><br>Defendants. | CIVIL ACTION NO. 05-CV-10798-WGY |

## DEFENDANT, METROWEST MEDICAL CENTER'S, ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENDANT'S DEMAND FOR JURY TRIAL

Now comes the Defendant, MetroWest Medical Center, and hereby answers the Plaintiff's Complaint as follows:

### FIRST DEFENSE

(1) Answering to paragraph 1 of the Complaint, this Defendant is without sufficient information or belief to either admit or deny the allegations contained therein, and therefore denies and calls upon the Plaintiff to prove the same.

(2) Answering to paragraph 2(a) and (b), MetroWest admits that it has a current place of business at 67 Union Street in Natick, Massachusetts and 115 Lincoln Street in Framingham, Massachusetts.

(3) Answering to paragraph 2(c) – 2(f), inclusive, said paragraphs do not pertain to this Defendant wherefore no answer is required thereto.

(4) Answering to paragraph 3, which, in its entirety, states "et. al." does not contain any allegations or statements of fact wherefore no answer is required thereto.

(5) Answering to paragraphs 4 ,5, 6 and 7, the Defendant denies the allegations in said paragraphs and calls upon the Plaintiff to prove the same.

(6) Answering to paragraphs 8, 9, 10, 11, 12, and 13, this Defendant states that the allegations contained in these paragraphs do not apply to this Defendant wherefore no answer is required.

(7) Answering to paragraphs 14, 15, 16 and 17, to the extent the allegations in these paragraphs may be read to apply to this Defendant, this Defendant denies the allegations contained in said paragraphs.

(8) Answering to paragraphs 18 and 19, this Defendant states that the allegations contained in these paragraphs do not apply to this Defendant, wherefore no answer is required.

(9) Answering to paragraph 20, this Defendant states that the allegations contained in these paragraphs do not apply to this Defendant, wherefore no answer is required, however, should this paragraph be read to apply to this Defendant, this Defendant denies the allegations contained in said paragraph.

(10) Answering to paragraph 21, this Defendant denies the allegations in said paragraph.

(11) Answering to paragraph 22, sections (a) through (g) inclusive, this Defendant states that the allegations contained in these sections do not apply to this Defendant, wherefore no answer is required, however, should these sections be read to apply to this Defendant, this Defendant denies the allegations contained in said sections.

(12) Answering to paragraph 27, sections (a) and (b), this Defendant states that the allegations contained in these sections do not apply to this Defendant, wherefore no answer is required.

(13) Answering to paragraph 27, section (c), this Defendant denies the allegations contained in said section.

(14) Answering to paragraph 28, sections (a) and (b), this Defendant denies the allegations contained in said sections.

(15) Answering to paragraphs 29, 30 (I and II) and 31 (III, IV and V), this Defendant denies the allegations contained in said paragraphs.

## SECOND DEFENSE

This Defendant further answers Plaintiff's Complaint and states that each and every allegation set forth in paragraphs 1 through 31 of the Plaintiff's Complaint not hereinbefore specifically admitted, is denied.

## THIRD DEFENSE

Further answering, this Defendant states that if the Plaintiff, Donald S. Koback, underwent the medical procedures alleged, he did so after he was fully informed and cognizant of any risks and uncertainties involved in said procedures and exercised informed consent to the performance of said procedures.

## FOURTH DEFENSE

The Plaintiff, Donald S. Koback, was not in the exercise of due care, but rather the negligence of the Plaintiff, Donald S. Koback, contributed to cause the injury or damage complained of, wherefore the recovery of the Plaintiff is barred in whole or in part, or is subject to diminution.

## FIFTH DEFENSE

This Defendant, MetroWest Medical Center, says that if the Plaintiff, Donald S. Koback, proves that the Defendant, MetroWest Medical Center, was negligent as alleged, the Plaintiff, Donald S. Koback, was negligent to a greater degree than the Defendant and the Plaintiff is barred from recovery under the Comparative Negligence Law of the Commonwealth of Massachusetts.

## SIXTH DEFENSE

This action has not been brought within the time specified by the General Laws of this Commonwealth.

## SEVENTH DEFENSE

The injuries and damages alleged were not caused by the acts of any person for whose conduct the Defendant, MetroWest Medical Center, was legally responsible. Wherefore, the recovery of the Plaintiff is barred.

## EIGHTH DEFENSE

This is an action of medical malpractice within the purview of M.G.L. c. 231, §60B, which requires the convening of a tribunal to review Plaintiff's offer of proof to determine whether a legitimate question of liability is presented.

### NINTH DEFENSE

The Plaintiff's claims asserted against this Defendant are wholly insubstantial, frivolous and not advanced in good faith, thereby entitling this defendant to costs, attorney's fees and expenses pursuant to Massachusetts General Laws Chapter 231, Section 6F.

### TENTH DEFENSE

The Defendant moves that the Plaintiff's complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5) for insufficiency of process and insufficiency of service of process upon the Defendant, MetroWest Medical Center.

### ELEVENTH DEFENSE

The Plaintiff's complaint fails to state a claim upon which relief may be granted, wherefore the Defendant, MetroWest Medical Center, moves that the complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) or Mass. R. Civ. P. 12(b)(6).

### TWELFTH DEFENSE

The Defendant, MetroWest Medical Center, states that the Plaintiff's alleged injuries were not caused by the acts of any person for whose conduct MetroWest Medical Center was legally responsible, wherefore recovery of the Plaintiff is barred.

### DEMAND FOR JURY TRIAL

The Defendant, MetroWest Medical Center, demands trial by jury.

*Certificate of Service*

I hereby certify that I have served a true copy of the within document upon all concerned parties, by mail, postage prepaid.

/s/ Barbara H. Buell

Dated: 6/22/05

BARBARA HAYES BUELL, ESQ.
BBO #063480
BLOOM & BUELL
Attorney for Defendant,
*MetroWest Medical Center*
1340 Soldiers Field Road
Suite Two
Boston, Massachusetts 02135-1020
617-254-4400