## UNITED STATES DISTRICT COURT IN AND FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD S. KOBACK<br><br>Plaintiff,<br><br>v.<br><br>METROWEST MEDICAL CENTER,<br>LEONARD MORSE HOSPITAL,<br>FRAMINGHAM UNION HOSPITAL<br>NEW ENGLAND MEDICAL CENTER<br>TUFTS UNIVERSITY SCHOOL OF<br>MEDICINE, HMO BLUE OF<br>MASSACHUSETTS, BLUE CROSS<br>BLUE SHIELD OF MASS.,<br>EMANUEL FRIEDMAN, M.D.,<br>JOHN P. LONG, M.D.<br>AND EROL ONEL, M.D.,<br><br>Defendants. | C.A. No. **05-CV-10798-WGY** |

### MOTION OF THE DEFENDANT, METROWEST MEDICAL CENTER TO REFER TO A MEDICAL MALPRACTICE TRIBUNAL

Pursuant to M.G.L., ch. 231, Section 60B, the Defendant, MetroWest Medical Center, moves that the within action be referred to the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for the purposes of convening a Medical Malpractice Tribunal pursuant to said statute, in accord with the provisions of said statute and the practices thereafter established by the Supreme Judicial Court of the Commonwealth of Massachusetts and this Honorable Court.

As reason for allowance of the motion, the Defendant states as follows:

The Plaintiff, Donald S. Koback, has made a claim of malpractice, error or mistake against a provider of health care. M.G.L., c. 231 Section 60B provides that each medical malpractice action "shall be heard by a tribunal consisting of a single justice of the Superior Court, a physician licensed

to practice medicine in the Commonwealth...and an attorney authorized to practice law in the Commonwealth." According to section 60B, the tribunal "shall determine if the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry or whether the Plaintiff's case is merely an unfortunate medical result."

The Legislature has directed that every such case must be heard by a tribunal as defined in Section 60B. There is no apparent exception. Thus, if a medical malpractice action is entered in a District or Municipal Court of this Commonwealth and is not removed to the Superior Court, it must be transferred to the Superior Court for consideration by a Section 60B tribunal. Austin vs. Boston University Hospital, 372 Mass. 654, 659 (1977).

The federal judiciary have followed the logic set forth in Austin and held that Section 60B is applicable to claims filed in the federal courts. The Court has opined that "reference to a medical malpractice tribunal with the accompanying bond requirement pursuant to section 60B is, therefore, a substantive right of a Defendant under Massachusetts law in an action for medical malpractice, which right must be recognized by a federal court in a diversity action brought in the federal court system." Byrnes v. Kirby, 453 F. Supp. 1014, 1019 (D.C. Mass., 1978). The Court in Byrnes also held that "the procedure suggested by the Supreme Judicial Court in the Austin case will be followed." Id. That procedure set forth by the Court in Austin suggested that a Federal Court should not fashion its own tribunal. Instead, on appropriate reference to the Superior Court, a section 60B tribunal should be appointed and act on the matter, after which its findings will be transmitted to the clerk of the Federal court. Austin, 372 Mass. at 660.

*Certificate of Service*

I hereby certify that I have served a true **copy** of the within document upon all **concerned** parties, by mail, postage prepaid.

Respectfully submitted,

BARBARA HAYES BUELL, ESQUIRE
BBO # 063480
BLOOM AND BUELL
Attorneys for Defendant,
    *MetroWest Medical Center*
1340 Soldiers Field Road - Suite Two
Boston, Massachusetts 02135-1020
617-254-4400

Dated: 6/22/05

-2-