U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Eastern Division                                       Docket No. 05-10798-WGY

---

DONALD S. KOBACK, *pro se*        )
       Plaintiff,              )
                                   )
v.                                 )
                                   )
JOHN P. LONG, JR., M.D., ET AL.,   )
       Defendant.              )
                                   )

---

### MEMORANDUM OF DEFENDANT JOHN P. LONG, M.D., IN SUPPORT OF HIS MOTION FOR REFERRAL TO SUPERIOR COURT FOR THE PURPOSE OF A MEDICAL MALPRACTICE TRIBUNAL PURSUANT TO MASS. GEN. LAW CH. 231 § 60 b

**I.**

**Introduction**

The defendant, John P. Long, M.D., requests that the federal District Court of Massachusetts refer this matter to the Trial Court of the Commonwealth of Massachusetts, Superior Court Department, for the limited purpose of convening a medical malpractice tribunal pursuant to M.G.L. c. 231, § 60B. In support of his motion, the defendant states the following:

## II.

## Background

The Plaintiff in this case, Donald Kobacks ("Plaintiff"), has brought an action against Defendant John P. Long, M.D. ("Defendant"). In addition to Defendant, Plaintiff has also brought action against an unclear number of additional physicians and health care corporations. Plaintiff alleges negligence, gross negligence, "civil rights violations", "wrongdoing" and "reckless endangerment", as well as lack of informed consent. Dr. Long understands that Plaintiff to allege negligent medical care, as the Complaint against him arises out of alleged negligence in performing urologic surgery.

## ARGUMENT

I.  DEFENDANT HAS A STATE LAW STATUTORY RIGHT TO A MEDICAL MALPRACTICE TRIBUNAL.

Pursuant to M.G.L. c. 231, § 60B, "[e]very action for malpractice, error or mistake against a provider of health care *shall* be heard by a tribunal consisting of a single justice of the superior court, a physician licensed to practice medicine in the commonwealth…and an attorney authorized to practice law in the commonwealth…" (emphasis added). The Supreme Judicial Court has interpreted this language to mean that "all treatment-related claims were meant to be referred to a malpractice tribunal." Little v. Rosenthal, 376 Mass. 573, 576 (1978). See also Lubanes v. George, 386 Mass. 320, 324-325 (1982).

Here, the plaintiff's claims are "the classic allegations of an action for medical malpractice." Lambley v. Kameny, 43 Mass. App. Ct. 277, 280 (1997). Plaintiff's complaint alleges that Defendant negligently provided medical care and treatment to Plaintiff, causing his

penile disfigurement and giving rise to Plaintiff's alleged physical and emotional injuries. Therefore, it is clear that the defendant is entitled to a medical malpractice tribunal mandated by M.G.L. c. 231, § 60B for cases involving claims of medical malpractice.

    II.    STATE LAW ACTIONS ALLEGING MALPRACTICE, ERROR OR MISTAKE MUST BE REFERRED TO THE TRIAL COURT OF MASSACHUSETTS, SUPERIOR COURT DEPARTMENT, FOR PURPOSES OF THE STATUTORY MEDICAL MALPRACTICE TRIBUNAL.

This is an action for malpractice, mistake or error against a provider of health care, which was filed in the federal District Court of Massachusetts under alleged supplemental jurisdiction. Such state law actions, when filed in a federal court sitting in Massachusetts, must be referred to the Trial Court of the Commonwealth of Massachusetts for purposes of the statutory medical malpractice tribunal.

In Turner v. Sullivan, 937 F.Supp. 79 (D. Mass. 1996), this Court held that such state law actions should be referred to the Trial Court of the Commonwealth, regardless of whether supplemental jurisdiction is allegedly pendent upon a diversity action or a federal question. See Turner v. Sullivan, 937 F.Supp. 79, 80 (D. Mass. 1996) (citing Feinstein v. Mass. Gen. Hosp., 643 F.2d 880, 886 (1st Cir. 1981)). This Court has concluded that failure to refer such a state law action would be inconsistent with the Rules of Decision Act under the Erie Doctrine. See id. (discussing Erie Ry. v. Tompkins, 304 U.S. 64 (1938)).

In this case, Plaintiff has alleged negligent medical care and treatment by a health care provider. The action against Defendant is a state law action for which the plaintiff claims diversity jurisdiction. Consistent with the precedents of this Court, this case should be referred to the Trial Court of the Commonwealth of Massachusetts, Superior Court Department, for the purpose of the statutory medical malpractice tribunal.

3

III.  CONCLUSION

Defendant has a statutory right to a medical malpractice tribunal. Plaintiff has alleged negligent medical care and treatment against a health care provider in a state law action in which the plaintiff claims diversity jurisdiction. Plaintiff's allegations are a classic example of a medical malpractice action.

Consistent with the precedent of this court, this case should therefore be referred to the Trial Court of the Commonwealth of Massachusetts, Superior Court Department, for the purpose of the statutory medical malpractice tribunal.

>The Defendant,
>JOHN P. LONG, JR., M.D.
>By his Attorneys,
>
>Bernard Guekgueziah, BBO #559191
>Judith Feinberg, BBO #647511
>Adler, Cohen, Harvey, Wakeman
>& Guekguezian, LLP
>75 Federal Street, Tenth Floor
>Boston, MA  02110
>(617) 423-6674

Dated: