U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Eastern Division                                                    Docket No. 10798-WGY

---

DONALD S. KOBACK, *pro se*         )
      Plaintiff,                                )
                                                          )
v.                                                          )
                                                          )
JOHN P. LONG, JR., M.D., ET AL.,    )
      Defendant.                              )
                                                          )

---

## ANSWER OF THE DEFENDANT, JOHN P. LONG, JR., M.D. TO THE PLAINTIFF'S COMPLAINT

1. Paragraph 1 of the plaintiff's Complaint does not contain an allegation, and therefore no response is required. To the extent a response may be deemed required, the Defendant states that he is without knowledge or information sufficient to form a belief as to the matters in Paragraph 1, and therefore calls upon the plaintiff to prove the same.

2. The Defendant states that he is a physician licensed to practice medicine in the Commonwealth of Massachusetts, and that he holds privileges at MetroWest Medical Center. The Defendant states that the remaining subparts of Paragraph 2 do not pertain to him. To the extent they are construed to pertain to him, the Defendant denies the same.

3. Paragraph 3 of the plaintiff's Complaint does not contain an allegation, and therefore no response is required. To the extent a response may be deemed required, the Defendant denies the same.

4. The Defendant states that Paragraph 4 of the plaintiff's Complaint calls for a legal conclusion, and therefore no response is required. To the extent a response is required, the Defendant denies the same.

5. The Defendant admits that he rendered care to the plaintiff. The defendant denies the remaining allegations set forth in paragraph 5 of the plaintiff's Complaint.

6. The Defendant states that Paragraph 6 of the plaintiff's Complaint calls for a legal conclusion, and therefore no response is required. To the extent a response is required, the Defendant states that at all relevant times he possessed the requisite skill, knowledge, and learning of the average, qualified physician practicing his

specialty, taking into account the advances in the profession and the resources available to him at the time. The defendant denies the remaining allegations contained in Paragraph 6 of the plaintiff's Complaint.

7. The Defendant denies the allegations set forth in Paragraph 7 of the plaintiff's Complaint.

8. The Defendant states that the allegations set forth in Paragraph 8 of the plaintiff's Complaint do not pertain to him. To the extent they are construed to pertain to him, the Defendant states that he is without sufficient knowledge or information sufficient to form a belief as to these matters, and therefore denies the same.

9. The Defendant states that the allegations set forth in Paragraph 9 of the plaintiff's Complaint do not pertain to him. To the extent they are construed to pertain to him, the Defendant states that he is without sufficient knowledge or information sufficient to form a belief as to these matters, and therefore denies the same.

10. The Defendant states that the allegations set forth in Paragraph 10 of the plaintiff's Complaint do not pertain to him. To the extent they are construed to pertain to him, the Defendant states that he is without sufficient knowledge or information sufficient to form a belief as to these matters, and therefore denies the same.

11. The Defendant states that the allegations set forth in Paragraph 11 of the plaintiff's Complaint do not pertain to him. To the extent they are construed to pertain to him, the Defendant states that he is without sufficient knowledge or information sufficient to form a belief as to these matters, and therefore denies the same.

12. The Defendant states that the allegations set forth in Paragraph 12 of the plaintiff's Complaint do not pertain to him. To the extent they are construed to pertain to him, the Defendant states that he is without sufficient knowledge or information sufficient to form a belief as to these matters, and therefore denies the same.

13. The Defendant states that the allegations set forth in Paragraph 13 of the plaintiff's Complaint do not pertain to him. To the extent they are construed to pertain to him, the Defendant states that he is without sufficient knowledge or information sufficient to form a belief as to these matters, and therefore denies the same.

14. The Defendant states that the allegations set forth in Paragraph 14 of the plaintiff's Complaint do not pertain to him. To the extent they are construed to pertain to him, the Defendant states that he is without sufficient knowledge or information sufficient to form a belief as to these matters, and therefore denies the same.

15. The Defendant states that the allegations set forth in Paragraph 15 of the plaintiff's Complaint do not pertain to him. To the extent they are construed to pertain to him, the Defendant states that he is without sufficient knowledge or information sufficient to form a belief as to these matters, and therefore denies the same.

16. The Defendant states that the allegations set forth in Paragraph 16 of the plaintiff's Complaint do not pertain to him. To the extent they are construed to pertain to him, the Defendant states that he is without sufficient knowledge or information sufficient to form a belief as to these matters, and therefore denies the same.

17. The Defendant states that the allegations set forth in Paragraph 17 of the plaintiff's Complaint do not pertain to him. To the extent they are construed to pertain to him, the Defendant states that he is without sufficient knowledge or information sufficient to form a belief as to these matters, and therefore denies the same.

18. The Defendant denies the allegations set forth in Paragraph 18 of the plaintiff's Complaint as phrased.

19. The Defendant denies the allegations set forth in Paragraph 19 of the plaintiff's Complaint.

20. The Defendant states that the allegations set forth in Paragraph 20 of the plaintiff's Complaint do not pertain to him. To the extent they are construed to pertain to him, the Defendant states that he is without sufficient knowledge or information sufficient to form a belief as to these matters, and therefore denies the same.

21. The Defendant denies the allegations set forth in Paragraph 21 of the plaintiff's Complaint.

22. The Defendant denies the allegations set forth in Paragraph 22 of the plaintiff's Complaint, and all of its subparts.

23. (sic) The Defendant denies the allegations set forth in Paragraph 23 (b) of the plaintiff's Complaint, and all of its subparts.

24. (sic) The Defendant denies the allegations set forth in Paragraph 24 (c)-(d) of the plaintiff's Complaint, and all of its subparts.

25. (sic) The Defendant denies the allegations set forth in Paragraph 25 (e)-(f) of the plaintiff's Complaint, and all of its subparts.

26. (sic) The Defendant denies the allegations set forth in Paragraph 26 (g) of the plaintiff's Complaint, and all of its subparts.

27. The Defendant denies the allegations set forth in Paragraph 27 of the plaintiff's Complaint, and all of its subparts

28. The Defendant denies the allegations set forth in Paragraph 28 (A) of the plaintiff's Complaint, and all of its subparts.

28B.  The Defendant denies the allegations set forth in Paragraph 28 (B) of the plaintiff's Complaint.

29.  The Defendant denies the allegations set forth in Paragraph 29 of the plaintiff's Complaint.

30.  The Defendant denies the allegations set forth in Paragraph 30 of the plaintiff's Complaint, and denies that the plaintiff is entitled to any relief from this defendant.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's complaint, and each count thereof, fails to state a claim upon which relief can be granted and thus said Complaint and counts should be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6).

## SECOND AFFIRMATIVE DEFENSE

There is a lack of jurisdiction over the subject matter as there is no diversity of citizenship and/or as there is no valid claim for jurisdiction under 42 U.S.C. § 1395dd, such that the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b) (1).

## THIRD AFFIRMATIVE DEFENSE

There is improper venue pursuant to Fed. R. Civ. P. 12 (b) (3).

## FOURTH AFFIRMATIVE DEFENSE

The defendant asserts and reserves the lack of capacity to maintain this action. Fed. R. Civ. P. 9 (a).

### FIFTH AFFIRMATIVE DEFENSE

The Defendant says that the negligence of the plaintiff was greater than the alleged negligence of the defendant, and that such negligence of the plaintiff's decedent contributed to his alleged injury and, therefore, the plaintiff is barred from recovery under M.G.L. c. 231 § 85.

### SIXTH AFFIRMATIVE DEFENSE

The Defendant says that the plaintiff was guilty of contributory negligence and that the damages, if any, recovered by plaintiff should be reduced in proportion to the negligence of the plaintiff in accordance with M.G.L. c. 231 § 85.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendant says that the amount of the recovery for alleged conscious pain and suffering, if any, is limited by the provisions set forth in M.G.L. c. 231 § 60H.

### EIGHTH AFFIRMATIVE DEFENSE

The Defendant says that the plaintiff's recovery for past and future medical expenses is limited pursuant to the provisions set forth in M.G.L. c. 231 § 60G.

### NINTH AFFIRMATIVE DEFENSE

Pursuant to M.G.L. c. 231 § 60B, it is requested that a tribunal be convened within fifteen days to afford the plaintiffs an opportunity to present an offer of proof and substantiating evidence sufficient to raise a legitimate question of liability appropriate for judicial inquiry.

DEFENDANT REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

           The Defendant,
           JOHN P. LONG, JR., M.D.
           By his Attorneys,

           _____
           Bernard Guekguezian, BBO #559191
           Judith Feinberg, BBO #647511
           Adler, Cohen, Harvey, Wakeman
            & Guekguezian, LLP
           75 Federal Street, Tenth Floor
           Boston, MA 02110
           (617) 423-6674

Dated:

## CERTIFICATE OF SERVICE

I, Judith Feinberg, counsel for the defendant, John P. Long, Jr., M.D., certify that on July 11, 2005, I served a copy of the following:

1. Notice of Appearance;

2. Answer of the Defendant, John S. Long, M.D.;

3. Motion for Referral to Superior Court for Medical Malpractice Tribunal;

4. Memorandum of Law in support of Motion for Referral; and

5. Request for Tribunal

by mailing said copy postage prepaid, first class as follows:

Donald S. Koback, *pro se*
195 Sunnyside Avenue
Woonsocket, Rhode Island  02895

Barbara Buell, Esq.
Bloom & Buell
1340 Soldiers Field Road – Suite 2
Boston, MA 02135-1020

Daniel J. Griffin, Esq.
Lynda Riesgo Jensen, Esq.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA  02114

_____
Judith Feinberg