CERTIFICATE OF SERVICE
(DOCUMENTS SERVED TO
KNOWN ADDRESSES OF LAWYERS
OF RECORD)

I, DONALD S. KOBACK, plaintiff, U.S. DISTRICT COURT (No. 10798 AND SUPREME JUDICIAL COURT OF MASSACHUSETTS No. 2005-172, DONALD S. KOBACK, plaintiff, pro se v. MetroWest Medical Center, et.al.) DO HEREBY CERTIFY THAT I HAVE SERVED VIA FIRST CLASS MAIL, POSTAGE PREPAID (U.S.P.S.) THE SUBSEQUENTLY DESCRIBED DOCUMENTS TO THE LOCATIONS (ADDRESSES) OF THE KNOWN LAWYERS OF RECORD SO INDICATED. DOCUMENTS SERVED SHALL BE LISTED FIRST. LAWYERS OF RECORD SERVED SHALL BE LISTED SECOND.

DOCUMENTS:
1. "OPPOSITION (OBJECTION) To Motion to Dismiss for failure to comply with Order for Bond and Memorandum and Affadavit of the Plaintiff;

8-7-2006 DSK

2. "Motion to Amend (MISNOMER) 15 B"

3. AFFADAVIT OF PLAINTIFF + EXHIBIT 1 - PLAINTIFF

<u>LAWYERS OF RECORD</u>, COURTS

1. CLERK - MAGISTRATE
   SUPERIOR COURT
   3 PEMBERTON SQUARE
   12th. FLOOR
   BOSTON, MASSACHUSETTS 02108;

2. DANIEL J. GRIFFIN
   MARTIN, MAGNUSON, McCARTHY,
   AND KENNEY
   7th. FLOOR / 101 Merrimac St..
   BOSTON, MASSACHUSETTS 02215;

3. LYNDA R. JENSEN
   MARTIN, MAGNUSON, McCARTHY
   AND KENNEY
   101 Merrimac St., 7th. FLOOR
   BOSTON, MASSACHUSETTS 02215;

4. JOSEPH D. HALPERN
   LAW DEPT
   BLUE CROSS AND BLUE SHIELD
   OF MASSACHUSETTS
   401 PARK DRIVE
   BOSTON, MA. 02215;


8-7-2006
054

5. JUDITH FEINBERG
   ADLER, COHEN, HARVEY,
   WAKEMAN AND GUEKGUEZIAN
   LLP,
   75 FEDERAL ST.
   BOSTON, MASSACHUSETTS
   02110;

6. A. BERNARD GUEKGUEZIAN
   ADLER, COHEN, HARVEY,
   WAKEMAN AND GUEKGUEZIAN
   LLP
   75 FEDERAL St.
   BOSTON, MASSACHUSETTS 02110;

7. LYNDA R. JENSEN
   MARTIN, MAGNUSON, McCARTHY
   AND KENNEY
   101 Merrimac St., 7th. FLOOR
   BOSTON, MASSACHUSETTS
   02215;

8. DANIEL J. GRIFFIN, JR.
   MARTIN, MAGNUSON
   McCARTHY, AND KENNEY
   7th. FLOOR
   101 Merrimac St.
   Boston, Ma. 02115;

9. BARBARA HAYES BUELL
   BLOOM AND BUELL
   1340 SOLDIERS
               FIELD ROAD
   Boston, Ma. 02135-1020

8-7-2006
DSR

Certificate of service (continued)

Sign under pains and penalties of perjury on August 8, 2006

_____
DONALD S. KOBACK

August 8, 2006

8-7-2006
DSK

U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Western Division                                                    Docket No. 10798-WGY

DONALD S. KOBACK, *pro se*            )
    Plaintiff,                                      )
                                                                )
v.                                                             )
                                                                )
JOHN P. LONG, JR., M.D., ET AL.,        )
    Defendant.                                   )
                                                                )

## MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH ORDER FOR BOND

NOW COMES the defendant, John P. Long, M.D., and respectfully requests that the plaintiff's Complaint be DISMISSED WITH PREJUDICE for failure to post bond as ordered by the Court, and for separate and final judgment. In support thereof, the defendant states as follows:

### FACTUAL BACKGROUND

John P. Long, M.D. is a urologist. This is an action for medical malpractice, in which the plaintiff alleges that Dr. Long was negligent in rendering care and treatment to him. The plaintiff is or was admitted to the Massachusetts bar, and now acts pro se in this matter.

On or about July 25, 2005 upon Motion of the defendant, this case was transferred to the trial court of the Commonwealth, Superior Court Department, County of Suffolk for hearing by a medical malpractice tribunal pursuant to MGL c. 230 sec. 60B.

On March 6, 2006, a medical malpractice tribunal was convened in this matter pursuant to statute. After reviewing the plaintiff's offer of proof and after hearing oral argument by the parties, the tribunal panel found that the evidence presented was not sufficient to raise a legitimate question of liability appropriate for judicial inquiry as to Dr. Long. The finding of the tribunal was entered on the docket and notices were sent to all parties on March 7, 2006. See

Finding of the Medical Malpractice Tribunal, attached hereto as **Exhibit A**. Pursuant to the terms of the statute, the plaintiff was directed to post a bond of $6,000 within thirty (30) days. See id. The plaintiff filed a Motion to Reduce Bond in the state court on or about March 20, 2006, which that court then denied. See Order of the Court attached hereto as **Exhibit B**. The state court then closed its docket, and referred the matter back to this Honorable Court.

The plaintiff forwarded a cashier's check for $6,000 to the Clerk of Courts for the United States District Court for the District of Massachusetts on or about March 23, 2006, in lieu of bond, and that check was returned to him as an improper filing. The plaintiff did not file the required bond. Instead, he directed his Motion to Reduce Bond to the First Circuit Court of Appeals, where his appeal on another interlocutory matter was pending. The First Circuit denied his Motion to Reduce Bond on April 12, 2006. See Order of the First Circuit attached hereto as **Exhibit C**.

The plaintiff then filed a series of Motions, including Motion for Additur, Motion Nunc Pro Tunc, Motion to Set Aside, and other Motions for Miscellaneous Relief, with this Honorable Court. The language of one or more of these Motions contained a plea for reduction in the amount of the statutory bond. These Motions were denied by this Honorable Court, see Order of the Court attached hereto as **Exhibit D**, and the plaintiff then filed an interlocutory appeal with the First Circuit Court of Appeals appealing the "dismissal" of his case. On May 26, 2006, noting that his case had not in fact been dismissed, the First Circuit denied his appeal. The plaintiff then petitioned for rehearing en banc, and on June 5, 2006 the First Circuit denied that petition. See Order of the Court attached hereto as **Exhibit E**. The plaintiff has taken no action regarding the required bond since that time.

## ARGUMENT

M.G.L. c. 231, § 60B states that "if a finding is made for the defendant…the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of six thousand dollars in the aggregate secured by cash or its equivalent with the clerk of the court in which the case is pending…" The statutory language goes on further to require the plaintiff to post the bond of $6,000 within thirty (30) days of the tribunal's finding in favor of the defendant or the Complaint must be dismissed. M.G.L. c. 231, § 60B; Austin v. Boston Univ. Hosp., 372 Mass. 654 (1977). The plaintiff may also file a Motion to Reduce Bond, which stays his obligation to post until after a ruling on the Motion has been issued. See St. Germaine v. Pfeiffer, 418 Mass. 511, 521 (1994).

To date, almost five (5) months after the state court first ordered the plaintiff to post bond, the plaintiff has failed to do so. As of the date of drafting of this Motion (July 27, 2006), no bond has been posted by the plaintiff with the clerk of the Suffolk County Superior Court ( see electronic docket dated 7/27/06 and attached hereto as **Exhibit F**) nor with the United States District Court ( see electronic docket dated 7/27/06 and attached hereto as **Exhibit G**). He has instead filed various Motions with this Honorable Court, and various appeals with the First Circuit. However:

1. It is more than thirty (30) days since the date the Tribunal finding was docketed.

2. It is more than thirty (30) days since the state court denied the plaintiff's Motion to Reduce Bond.

3. It is more than thirty (30) days since the First Circuit denied the plaintiff's Motion to Reduce Bond.

4. It is more than thirty days since this Honorable Court denied his Motion for Additur, Motion Nunc Pro Tunc, Motion to Set Aside, and other Motions for Miscellaneous Relief.

5. It is more than thirty (30) days since the First Circuit denied his interlocutory appeal and his Petition for Rehearing En Banc.

Therefore, pursuant to the terms of the statute and case law thereunder, and considering this chain of Motions, denials, and appeals in terms most favorable to the plaintiff, the plaintiff has failed to post the required bond and this matter should now be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, the defendant, John Long, M.D., respectfully requests that pursuant to M.G.L. c. 231, § 60B, the plaintiff's action be dismissed with prejudice for failing to post the statutory bond of $6,000 in this action with the clerk of the Court within the required thirty-day period. The defendant further requests that Separate and Final Judgment enter in the defendant's favor in accordance with this Court's Order of Dismissal and pursuant to Mass. R. Civ. P. 54(b). A proposed Order is attached hereto.

The Defendant,
JOHN LONG, M.D.,
By his attorneys,

A. Bernard Guekguezian, BBO #559191
Judith Feinberg, BBO #647511
Adler, Cohen, Harvey, Wakeman
   & Guekguezian, LLP
75 Federal Street, 10th Floor
Boston, MA 02110
(617) 423-6674

4