# U.S. DISTRICT COURT

EASTERN DIVISION

DONALD S. KOBACK
plaintiff, pro se

v.

METROWEST MEDICAL CENTER, et
al., defendants

1:05-cv-10798-WGY

FILED
SUPREME JUDICIAL COURT
2005 2.172

U.S. DISTRICT COURT
DISTRICT OF MASS.

Local Rule 16.1 (B)
Adherence
COMPLIANCE

In accord with
LOCAL Rule 16.1 (B) OBLIGATION OF
OF COUNSEL TO CONFER (UNITED
STATES DISTRICT COURT FOR THE DISTRICT
OF MASSACHUSETTS — LOCAL Rules of the
UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS,
plaintiff, DONALD S. KOBACK, PRO SE,
left a telephonic message
connected to the available telephone
lines and numbers of all attorneys
of record (except Connors and
GOULD, of HICKMAN & CONLEY whose
lines were deliberately unavailable,
while instructing Attorney Feinberg
and one other to notify them) that
I scheduled a conference (at least
21 days prior to the court ordered
scheduling conference for all counsel
of record to appear in person at
my address — 195 Sunnyside Ave, WOONSOCKET,
RHODE ISLAND on August 21, 2006 at
9:30 A.M. Signed under pains and penalties of perjury
8-15-2006 Donald S. Koback, Donald S Koback, plaintiff, pro se

Duplicate @original @SJC

PLAINTIFF ASSURES COPY
OF THIS "LOCAL RULE 16.1 (B)
Adherence" FAXED TO Connors
and Gould on 8-16-2006 @SJC

SUPREME JUDICIAL COURT
BOSTON, MASSACHUSETTS

| | |
|---|---|
| DONALD S. KOBACK plaintiff-appellant pro se | SJ-2006-0172 |
| v. | U.S DISTRICT COURT - 1:05-CV-10798-WGY |
| MetroWest Medical Center, defendant appellee. | |

PLAINTIFF, DONALD S. KOBACK'S OBJECTION TO DEFENDANT METROWEST MEDICAL CENTER'S OPPOSITION TO PLAINTIFF'S "EMERGENCY APPEAL OF PENDING CASE" (SJC)

1. A federal judge before whom a diversity case is brought, cannot transfer a case to a state court solely for a limited purpose as if it is in a vacume with no state supreme court, no state constitution, among other institutions and laws. The Tenth (10th.) Amendment to the U.S CONSTITUTION and related provisions in the MASSACHUSETTS DECLARATION OF RIGHTS LIMITS THE Federal Court as does the Ninth (9th.) Amendment and related provisions of the Massachusetts Declaration of RIGHTS.

1 of 10

*(left margin, handwritten vertically)* Under the Original Order of August 19, 2006

This federal judge is a part of a scheme to defraud and injure plaintiff, appellant Donald S Koback — blood-letting. Said scheme, targeting the plaintiff, appellant, was, is, and continues to be arbitrary, capricious, and irrational. (See plaintiff, appellant's medical history provided to Dr. PRIYA Khander — EXHIBIT 1) State law (common law, statutory law — Massachusetts General Laws, CHAPTER TWELVE, CHAPTER 12 and Constitutional law — the Massachusetts Declaration of Rights must govern.

Plaintiff, appellant Donald S. Koback's rights, privileges, and immunities have been, are, and continue to be under attack, under fire as in the 1692 A.D. Salem witchcraft, warlock trials casting demonic aspersions and scarlet lettering towards the plaintiff, appellant Donald S. Koback.

Therefore, the Supreme Judicial Court (MASS.) must rule in plaintiff, appellant Donald S Koback's favor on all issues including, but not limited to, setting aside the finding(s) of the medical malpractice tribunal, their or its decision being against the weight of the evidence as a matter of law

2 OF 10

and equity, further adding,
that such Medical Malpractice
Tribunal was considered and
decided in violation of the
Medical Malpractice laws
which require the tribunal
to collect all records from
hospitals and doctors and
health insurers which they,
or it, deliberately did not
do, so as to prejudice
plaintiff, appellant Donald's
Koback. Said tribunal acted
without "clean hands", as did
the doctors, hospitals, lawyers,
et. al. in "this case" SJ-2006-
172; U.S. District Court, Boston,
Massachusetts (No. 1:05-cv-10798-
WGY)

As a direct consequence of the
federal court's siding with
the doctors, hospitals and
health care providers who
have used the field of medicine
as an instrument of
mutilation, oxygen deprivation,
attempted homicide, plaintiff,
appellant Donald S. Koback lives
with a realistic fear of further
MUTILATION and attempts on his
life and property by the SEVER
LY DEMENTED,

                          3 of 10

2. Defendant appellant's MetroWest Medical Center's counsel's false statement, pleading that Plaintiff, appellant contravened M.R.A.P. 11 by not filing in the Appeals Court (Massachusetts) is hereby refuted by plaintiff, appellant's truthful assertion that the Appeals Court (Massachusetts) and the Superior Court refused to accept plaintiff, appellant Donald S. Koback's "EMERGENCY APPEAL OF PENDING CASE" which he timely filed on March 31, 2006, or there about or any other pleadings or papers whatsoever obstructing justice and/or interfering tortiously with civil litigation, thereby violating plaintiff-appellant Donald S Koback's rights, privileges, and immunities

Plaintiff, appellant Donald S. Koback mailed, delivered original hand scribed "EMERGENCY APPEAL OF PENDING CASE" with "Notice of Appeal" handwritten thereon TO SUPERIOR COURT (COUNTY OF SUFFOLK, MASSACHUSETTS) AND ORIGINAL HANDWRITTEN  court papers— "EMERGENCY APPEAL OF PENDING CASE"-TO APPEALS COURT (COMMON-

wealth (OF MASSACHUSETTS) WHICH
READS IDENTICALLY (WITH THE
EXCEPTION OF DIFFERENT COURTS
AS HEADINGS, DOCKET NUMBERS) OR
IS OTHERWISE IDENTICAL TO/WITH
"EMERGENCY APPEAL OF PENDING CASE"
FILED WITH THE SUPREME JUDICIAL
COURT (MASSACHUSETTS) A DAY
LATER OR THEREABOUT, ALONG WITH
a BANK OF AMERICA CASHIER'S
CHECK NO. 0056980 IN THE
AMOUNT OF $300.00 (THREE HUNDRED
DOLLARS AND NO CENTS), the amount
specified by the Appeals Court
(MASSACHUSETTS) assistant clerk
on the telephone, the day before
or thereabout. (DATE OF CASHIER'S
CHECK, MARCH 30, 2006) See EXHIBIT
2 which is incorporated herein in
toto, as if fully set forth herein as
is EXHIBIT 1 hereby incorporated
herein in toto, as if fully set
forth herein.
Also, cash equivalent —
enormous value - "Doctrine of
Rigid Variation" has been inter-
pleaded and its enormous value
should have been ruled to satisfy
any bond requirement of any
amount.

5 OF 10

3. Contrary to opposing counsel's assertions, this case is one of first impression, novel questions of law, questions of law concerning the Constitution of the Commonwealth of Massachusetts (Declaration of Rights) and questions of public interest, this case challenges secret medical

and hospital programs extending into the towns, cities, counties of the Commonwealth and across state lines, instruments of state, totalitarian terror designed to mutilate or otherwise inflict afflictions on sexual, reproductive organs or body parts. ZPG (ZERO POPULATION GROWTH) ZEROING, SQUARE ROOTING SOME — the unpreffered — while treating others in an exponential fashion — $\sqrt{2} : 2^2$, depopulation, ethno— cide, extermination of civilian population groups' in the Common— wealth of MASSACHUSETTS and else— where, contravening the law of war.

6 of 10

4. Plaintiff, Appellant Donald S. Koback filed his bond within the 30 (thirty) days ordered by the FINDING(s) OF THE MEDICAL MALPRACTICE TRIBUNAL AND NOT WITH THE SUPERIOR COURT (COUNTY OF SUFFOLK), MASSACHUSETTS (DESPITE HIS ATTEMPT TO DO SO) because Chief Judge Young wrongfully, improperly, illegally, and unconstitutionally removed or transferred the case to his U.S. DISTRICT COURT (BOSTON, MASSACHU-SETTS) CREATING BOTH A FACTUAL AND LEGAL IMPOSSIBILITY FOR PLAINTIFF, APPELLANT DONALD S. KOBACK TO FILE A BOND IN SUPERIOR COURT. THE REFUSAL TO ACCEPT PLAINTIFF, APPELLANT DONALD S. KOBACK'S BOND BY THE SUPERIOR COURT (COUNTY OF SUFFOLK) MASSACHUSETTS UNLAWFULLY DISCRIMINATED AGAINST THE PLAINTIFF, APPELLANT DONALD S.. KO BACK AND DEPRIVED HIM OF EQUAL PROTECTION AND DUE PROCESS OF LAW (1st, 5th, 7th, and 14th Amendments, U.S. CONSTITUTION and related provisions MASSACHUSETTS DECLARATION OF RIGHTS. THE LOWER STATE COURTS AND THE U.S. DISTRICT COURT (BOSTON, MASSACHUSETTS) IMPOSED A TIME REDUCTION FOR THE POSTING OF THE BOND WITHOUT ANY CONSTITUTIONAL AUTHORITY TO DO SO.

7 of 10

PLAINTIFF, APPELLANT DONALD S. KOBACK'S FILING A MOTION TO REDUCE BOND CANNOT BE ALLOWED TO REDUCE TIME TO FILE BOND) FOR IT AFFECTS ADVERSELY, ILLEGALLY UPON ALL MEDICAL/ HOSPITAL PLAINTIFFS (INJURED OR DEAD) WHO, WHILE THE MOTION TO REDUCE BOND IS PENDING, ARE STILL IN A POSITION, POETIC LICENSE EMPLOYED AS TO THE FOLLOWING EXPRESSION, "...to beg, borrow or steal... to satisfy the ordered bond in a timely manner within 30 (THIRTY) DAYS OF FINDING(S). SAID MOTIONS TO REDUCE BOND) WHICH DIFFERENTIATE BETWEEN ANY PLAINTIFFS — ONE NOT NOT SUFFERING A TIME REDUCTION, ON THE ONE HAND, AND THE OTHER SUFFERING A TIME REDUCTION ARE PATENTLY UNCONSTITUTIONAL, THUS, AN APPEAL AND RULING IN THE SUPREME JUDICIAL COURT (MASSACHUSETTS) IS AVAILABLE.

5. THE DENIAL OF PLAINTIFF APPELLANT DONALD S. KOBACK'S MOTION TO REDUCE BOND BECAUSE THE BOND REQUIREMENTS (BEING VAGUE) PLACES THE EQUIVALENT OF A POLL TAX (unconstitutional) designed to interfere with voting rights UPON THE EXERCISE OF THE PLAINTIFF, APPELLANT

8 of 10

DONALD S. KOBACK'S FIRST (1st.)
FIFTH (5th.), SEVENTH (7th,) AND FOURTEENTH (14th.)
AMENDMENT - RIGHTS, PRIVILEGES, AND
IMMUNITIES. FURTHER, SAID BOND
REQUIREMENT INEXCUSABLY FAILS
TO REQUIRE DOCTORS AND HOSPITALS
AND HEALTH INSURERS WHO ARE
COMMITTING MURDER, MAYHEM,
DEATH, MUTILATION, DEGRADATION,
EVEN IF CLOAKED WITH SOME FORM
OF "IMMUNITY", DENY EQUAL PRO-
TECTION AND DUE PROCESS OF
LAW TO THE PLAINTIFF, APPELLANT
DONALD S. KOBACK AND THE
COMMUNITY OF PATIENTS IN GENERAL.

THIS EMERGENCY APPEAL SEEKS TO
AVOID ADDITIONAL THREATS AND
ACTIONS ENDANGERING PLAINTIFF,
APPELLANT DONALD S. KOBACK'S
LIFE, LIMBS, AND PROPERTY.

Any statute or court Ruling
from January 1ST., 1990 and even
earlier, WHICH ATTEMPTS TO
CIRCUMVENT PLAINTIFF APPELLANT
DONALD S. KOBACK CONSTITUTES
AN EX POST FACTO LAW AND/OR
A BILL OF ATTAINDER TARGETING
PLAINTIFF, APPELLANT DONALD S, KOBACK, et.al,
AND MUST BE STRUCK DOWN.

9 of 10



6. THE BANK OF AMERICA, U.S. DISTRICT COURT (Boston, Massachusetts) ARE ENGAGED IN BANK ROBBERY AND CURRENCY CRIMES BY CONSPIRING TO AND ACTING IN CONCERT TO DENY THE EXISTENCE AND THE DEPOSITING BANK OF AMERICA CASHIER'S CHECKS, opposing counsel aiding and abetting this stealing ("grand larceny").

WHEREFORE, SINCE THE RULINGS AGAINST THE PLAINTIFF, APPELLANT DONALD S. KOBACK WERE AGAINST THE WEIGHT OF THE EVIDENCE (CONCEALED MATERIAL, RELEVANT EVIDENCE, HELD IN THE HANDS OF DEFENDANTS, PUBLIC OFFICIALS, et. al., blocking OUT ALL OF PLAINTIFF, APPELLANT DONALD S. KOBACK's testimony and evidence) AS A MATTER OF LAW AND EQUITY. ALL OF WHICH WERE COMMITTED TO CAUSE MATERIAL DETRIMENT TO THE PLAINTIFF, APPELLANT DONALD S. KOBACK, physically, psychologically and financially.

Respectfully Submitted,
Donald S. Koback

Signed under pains and penalties of perjury,
Donald S. Koback
August 19, 2006
10 OF 10

DONALD S. KOBACK
Plaintiff, appellant
August 19, 2006   pro se

EXHIBIT ONE (1)

FAX: 1-508-368-3193

DONALD S. KOBACK
195 SUNNYSIDE AVE
WOONSOCKET, R.I.
MAY 2, 2006    02895

Dear Dr. Priya Khanner,

Prior to my next scheduled doctor's appointment with you, it might prove helpful if you had (possessed) more of the history of my medical treatment. Joseph Halpern (FAX NO.: 617-246-3550), of Blue Cross and Blue Shield of Massachusetts and HMO Blue, my health insurer, Joseph Halpern is in a position to inform you, my physician, as regards the doctors' notes for the subsequent:

1. Dr. Emanuel Friedman's 1st needle and syringe filled with toxin (chemicals or other substances) causing 21 hours of priapism;

2. Dr. Emanuel Friedman's 2nd needle and syringe which he urged me to take home to inject in the side of my penis causing delerium, 8 days of priapism, gangrene and immediate shrinkage of my penis (penile shaft or rod) inside and out, along with discoloration.

EXHIBIT TWO (2)            pg. 1 out of 4

Duplicate Original Order below 8-19-2006

To: Blue Cross + Blue Shield

DR. PRIYA Khanner, UROLOGY WORCESTER MEDICAL CENTER SUITE 210 SOUTH, WORCESTER, MASS.

DONALD S. KOBACK, plaintiff, pro se

MetroWest Medical Center, et al., defendant(s) U.S. DISTRICT COURT, BOSTON, MASSACHUSETTS 1:05-cv-10798 SUPREME JUDICIAL COURT NO. 10005-492

3. Dr. Emanuel Friedman's emergency "irrigation" of my penis;

4. Dr. Emanuel Friedman's implant of a prosthetic penis with a reservoir, pump, ball, and penile balloons inserted in the penile shaft (rod);

5. All of the foregoing performed under the auspices of Leonard Morse Hospital, Natick, Ma., MetroWest Healthcare Partnership LTD, MetroWest Medical Center, Tenet Health care Corp., of Santa Barbara, California;

6. Leonard Morse Hospital's ( MetroWest Medical Center's) doctor's notes concerning the explanting of Dr. Emanuel Friedman's prosthetic device inserted improperly in my penis, scrotum, stomach etc., which was explanted improperly leaving large pieces of Dr. Emanuel Friedman's penile prosthesis after the surgery dangling moving this way and that inside my already painful body;

pg. 2 out of 4

7. The first surgical operation
by New England Medical
Center's pediatric urology
department, the purported
intent of which was to
remove (and explant the
large and small pieces
(which felt like splinters
inside my body) of Dr.
Emanuel Friedman's prosthetic
device, extracted from my
stomach, scrotum and penis
was performed by Dr. Kleba
chief surgeon, co. Erol Onel,
at which time New England
Medical Center became aware
of the discoloration (darkness)
and disfigurement on the
outside of my penis shaft (rod)
and scrotum as well as the
severity of the fibrosis,
shrinkages and other injuries
suffered and sustained

8. The second surgical operation
by New England Medical Center
performed by Dr. Kleba (sp?),
chief surgeon Dr. Erol Onel
to whom Dr. Michael P. Donovan argued
against a new implant, asserting
that I needed out-of-state penile
reconstruction urologist/plastic

pg. 3 out of 4

surgeons to remedy. Said.
new implant hurt from the
beginning to the end, as it
was too large to fit into
what was left behind—
an extremely narrow,
shortened penis hole (rod)

8. The surgical operation by
Dr. John P. Long, Jr. of
Metrowest Medical Center,
Framingham Union Hospital.
which left me with a limp
in my left leg.

Respectfully,

Donald S. Koback

Donald S. Koback

8-13-2006

EXHIBIT 1

DATE: 8-12-2006

To: PLAN ADMINISTRATOR
BLUE CROSS AND BLUE SHIELD
OF MASSACHUSETTS, INC
c/o JOSEPH HALPERN, ESQ. FAX: 617-246-3550
FROM: DONALD S. KOBACK
HEALTH INSURER: BLUE CROSS +
BLUE SHIELD OF R.I.
GROUP NO.: 65220 2 4
Subscriber no.: 125|198791019
& HMO BLUE OF MASSACHUSETTS

RE: DOCTORS' NOTES ▓ ▓URSES' SURGICAL
NOTES DEPICTING THE 8 medical/
hospital intervention scenarios
WHICH FOLLOW CONSISTING OF 4 pages
AS A BLUE CROSS and BLUE SHIELD member, subscriber
▓▓ I demand that all
such carefully described medical
and hospital records be forwarded
to me and/or Dr Syed RAZVI
MILFORD MED-CARE, 160 SOUTH MAIN ST.,
MILFORD, MA. 01757
Tel. 508-478-2700
FAX: 508-478-4848
SSN.# 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   Donald S Koback
Donald S. Koback

EXHIBIT TWO(2)

Duplicate Original Donald Kulock



Bank of America

Cashier's Check

No. 0056980

Date MARCH 30, 2006

DONALD KOBACK
Remitter (Purchased By)

**300.00**

ONE SIGNATURE

023000 00003 0056980

**THREE HUNDRED DOLLARS AND 00 CENTS**

**1APPEALS COURT**

VOID AFTER 90 DAYS

Antoinette A. Gines
Authorized Signature

⑈0056980⑈ ⑆114000019⑆ 00164100544611⑈

THE ORIGINAL DOCUMENT HAS REFLECTIVE WATERMARK ON THE BACK

U.S. DISTRICT COURT

EASTERN DIVISION

1:05-cv-10798-WGY

SUPREME JUDICIAL COURT
2005-172

DONALD S. KOBACK
plaintiff, pro se

v.

Local Rule 16.1(B)
Adherence
COMPLIANCE

METROWEST MEDICAL CENTER et
al., defendants

In accord with
Local Rule 16.1 (B) OBLIGATION OF
OF COUNSEL TO CONFER (UNITED
STATES DISTRICT COURT FOR THE DISTRICT
OF MASSACHUSETTS — LOCAL Rules of the
UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS,
plaintiff DONALD S. KOBACK, PRO SE,
left a telephonic message
connected to the available telephone
lines and numbers of all attorneys
of record (except Connors and
GOULD, OF HICKMAN & CONLEY whose
lines were deliberately unavailable,
while instructing Attorney Feinberg
and one other to notify them) that
I scheduled a conference (at least
21 days prior to the court ordered
scheduling conference for all counsel
of record to appear in person at
my address — 195 Sunnyside Ave, WOONSOCKET,
RHODE ISLAND on August 21, 2006 at
9:30 A.M. Signed under pains and penalties of perjury
8-05-2006 Donald S. Koback    Donald S Koback, plaintiff pro se

# CERTIFICATE OF SERVICE

I, DONALD S. KOBACK, plaintiff, appellant herein, hereby certify that I have mailed the following documents, postage prepaid, 1st. class mail:

A. PLAINTIFF DONALD S. KOBACK'S OBJECTION TO DEFENDANT, METROWEST MEDICAL CENTER'S OPPOSITION TO PLAINTIFF'S EMERGENCY APPEAL OF PENDING CASE;

B. LOCAL RULE 16.1 (B) ADHERENCE COMPLIANCE;

to the lawyers for the defendants (See EXHIBIT 1 - attached hereto, incorporated herein as if written word for word, number for number).

I, DONALD S. KOBACK, plaintiff, appellant herein hereby certify that I have mailed TRUE and accurate photo COPIES OF THE ABOVE DOCUMENTS WHICH PHOTOS I HAVE PERSONALLY TAKEN ON THE DATE BELOW SIGNED UNDER PAINS AND PENALTIES OF PERJURY.

Donald S Koba

DONALD S. KOBACK
Plaintiff appellant
AUGUST 19, 2006   pro se

U. S. DIST · CT  **1:05-cv-10798-WGY** Koback v. Metrowest Medical Center et al

William G. Young, presiding

**Date filed:** 04/12/2005 **Date of last filing:** 08/08/2006

SJC (MASS) 2006 - 0172

# Parties

Defendants' LAWYERS

<div style="writing-mode: vertical">Duplicate Original should be filed 8-19-2006</div>

**Blue Cross Blue Shield of Mass**
*Added: 04/12/2005*
*(Defendant)*

represented by

**Joseph D. Halpern**
Blue Cross Blue Shield Law Dept.
401 Park Drive
Boston, MA 02215
617-246-3500
617-246-3550 (fax)
joseph.halpern@bcbsma.com
*Assigned: 05/25/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Framingham Union Hospital**
*Added: 04/12/2005*
*(Defendant)*

represented by

**Barbara Hayes Buell**
Bloom & Buell
1340 Soldiers Field Road
Suite Two
Boston, MA 02135-1020
617-254-4400
617-254-7610 (fax)
bhb@bloombuell.com
*Assigned: 05/01/2006*
*ATTORNEY TO BE NOTICED*

**M.D. Emanuel Friedman**
*Added: 04/12/2005*
*(Defendant)*

represented by

**Matthew R. Connors**
Ficksman & Conley LLP
98 North Washington Street
Suite 500
Boston, MA 02114
617-720-1515
617-720-1519 (fax)
mconnors@ficksmanconley.com
*Assigned: 04/12/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David M. Gould**
Ficksman & Conley LLP
98 North Washington St.
Suite 500
Boston, MA 02114
617-720-1515

617-720-1519 (fax)
Dgould@ficksmanconley.com
*Assigned: 04/12/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**HMO Blue of Massachusetts**
*Added: 04/12/2005*
*(Defendant)*

represented
by

**Joseph D. Halpern**
Blue Cross Blue Shield Law Dept.
401 Park Drive
Boston, MA 02215
617-246-3500
617-246-3550 (fax)
joseph.halpern@bcbsma.com
*Assigned: 05/25/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald S. Koback**
195 Sunnyside Avenue
Woonsocket, RI 02895
*Added: 04/12/2005*
*(Plaintiff)*
PRO SE

**Leonard Morse Hospital**
*Added: 04/12/2005*
*(Defendant)*

represented
by

**Barbara Hayes Buell**
Bloom & Buell
1340 Soldiers Field Road
Suite Two
Boston, MA 02135-1020
617-254-4400
617-254-7610 (fax)
bhb@bloombuell.com
*Assigned: 05/01/2006*
*ATTORNEY TO BE NOTICED*

**M.D. John P. Long**
*Added: 04/12/2005*
*(Defendant)*

represented
by

**Judith M. Feinberg**
Adler, Cohen, Harvey, Wakeman &
Guekguezian, LLP
75 Federal Street
10th Floor
Boston, MA 02110
617-423-6674
617-423-7152 (fax)
jf@achwg.com
*Assigned: 07/12/2005*
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**A. Bernard Guekguezian**
Adler, Cohen, Harvey, Wakeman &
Guekguezian, LLP
230 Congress Street
Boston, MA 02110
617-423-6674
617-423-7152 (fax)
abg@achwg.com
*Assigned: 07/18/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Metrowest Medical Center**
*Added: 04/12/2005*
*(Defendant)*

represented
by

**Barbara Hayes Buell**
Bloom & Buell
1340 Soldiers Field Road
Suite Two
Boston, MA 02135-1020
617-254-4400
617-254-7610 (fax)
bhb@bloombuell.com
*Assigned: 06/28/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**New England Medical Center**

*Added: 04/12/2005*
*(Defendant)*

represented
by

**Daniel J. Griffin, Jr.**
Martin, Magnuson, McCarthy and Kenney
7th Floor
101 Merrimac St.
Boston, MA 02114
617-227-3240
617-227-3346 (fax)
dgriffin@mmmk.com
*Assigned: 05/23/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lynda R. Jensen**
Martin, Magnuson, McCarthy and Kenney
101 Merrimac St.
7th Floor
Boston, MA 02215
617-227-3240
617-227-3346 (fax)
lriesgo@mmmk.com

*Assigned: 05/19/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Erol Onel**
Andover Urology Associates of
Andover, Mass

*Added: 05/04/2005*
*(Defendant)*

represented
by

**Daniel J. Griffin, Jr.**
Martin, Magnuson, McCarthy and Kenney
101 Merrimac St.
Boston, MA 02114
617-227-3240
617-227-3346 (fax)
dgriffin@mmmk.com
*Assigned: 06/22/2005*
*ATTORNEY TO BE NOTICED*

**Lynda R. Jensen**
Martin, Magnuson, McCarthy and Kenney
101 Merrimac St.
7th Floor
Boston, MA 02215
617-227-3240
617-227-3346 (fax)
lriesgo@mmmk.com
*Assigned: 06/22/2005*
*ATTORNEY TO BE NOTICED*

**Tufts University School of
Medicine**
*Added: 04/12/2005*
*(Defendant)*

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/10/2006 09:59:19 | | | |
| **PACER Login:** | rk0007 | **Client Code:** | don |
| **Description:** | Party List | **Search Criteria:** | 1:05-cv-10798-WGY |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

SUPREME JUDICIAL COURT
BOSTON, MA. 2006-0172

# CERTIFICATE OF SERVICE

I, DONALD S. KOBACK, plaintiff, 20 appellant herein, hereby certify that I have mailed the following documents, postage prepaid, 1st class mail:

   A. PLAINTIFF DONALD S. KOBACK'S OBJECTION TO DEFENDANT, METROWEST MEDICAL CENTER'S OPPOSITION TO PLAINTIFF'S EMERGENCY APPEAL OF PENDING CASE ";

   B. LOCAL RULE 16.1 (B) ADHERENCE COMPLIANCE;

   to the lawyers for the defendants (see EXHIBIT 1 - attached hereto, incorporated herein as if written word for word, number for number).

I, DONALD S. KOBACK, plaintiff, appellant herein, hereby certify that I have mailed TRUE and accurate photo COPIES OF THE ABOVE DOCUMENTS WHICH PHOTOS I HAVE PERSONALLY TAKEN ON THE DATE BELOW SIGNED UNDER PAINS AND PENALTIES OF PERJURY.

          Donald S. Koback
          DONALD S. KOBACK
          plaintiff appellant
          AUGUST 19, 2006  pro se

*(Duplicate Original 8-19-2006 on 08/24/06)*