UNITED STATES DISTRICT COURT

EASTERN DIVISION (BOSTON, MASS.)

DOCKET: 1:05-CV-10798-WGY

DONALD S. KOBACK PLAINTIFF, PRO SE

v.

MetroWest Medical Center, et. al DEFENDANTS

CIVIL ACTION NO.: SJ-2006-0172

PLAINTIFF, DONALD S. KOBACK'S

"MOTION FOR RECONSIDERATION, OF ATTORNEY JUDITH FEINBERG'S AND JOHN P. LONG, JR.'S 'MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH ORDER FOR BOND' "; AND — DATED 8-2-2006

"PLAINTIFF DONALD S. KOBACK'S OPPOSITION TO, AND AFFADAVIT IN SUPPORT OF HIS OPPOSITION, PROCEEDING PRO SE, 'Metro West Medical Center's Motion to Dismiss for Failure To File Bond Pursuant to M.G.L., c. 231, § 60B with attached Certificate of Service' " — DATED 8-4 2006

(BOTH OF THE FOREGOING COMPRISE THIS SINGLE PLEADING INCLUDING PLAINTIFF'S AFFADAVIT)

1. PLAINTIFF DONALD S. KOBACK INCORPORATES BY REFERENCE, "PLAINTIFF, DONALD S. KOBACK'S OBJECTION TO DEFENDANT, METROWEST MEDICAL CENTER'S OPPOSITION TO PLAINTIFF'S "EMERGENCY APPEAL OF PENDING CASE" FILED WITH THE SUPREME JUDICIAL COURT OF MASSACHUSETTS - SJ-2006-0172, number FOR NUMBER, WORD FOR WORD AS IF EXPRESSLY SET FORTH HEREIN AND MADE A PART HEREOF IN ITS ENTIRETY, (SEE EXHIBIT 1 ATTACHED HERETO);

2. COUNSEL FOR THE DEFENDANTS JOHN P. LONG, JR. AND METROWEST MEDICAL CENTER IMPROPERLY REFER IN THEIR PLEADINGS TO M.G.L., c. 231, Section 60B WHICH IS NOT BEFORE THIS COURT. ONLY M.G.L., c. 231, section 60(b) IS BEFORE THIS COURT (See "FINDING OF THE MEDICAL MALPRACTICE TRIBUNAL" (See EXHIBIT 2 ATTACHED HERETO);

3. IN THE ALTERNATIVE, THE "FINDING OF THE MEDICAL MALPRACTICE TRIBUNAL (Pursuant to M.G.L, Chapter 231, Section 60(b) as amend") MULTIPLIED IMPROPERLY, ILLEGALLY, UNCONSTITUTIONALLY TIMES EIGHT (8) NOTWITHSTANDING THAT ONLY ONE, SINGULAR "FINDING" WAS PEMITTED, THIS CASE BEING ONE SINGULAR, INTERCONNECTED CHAIN OF EVENTS, PERPETRATORS (one set of) AGAINST THE PLANTIFF, IS NULL AND VOID BEING PURSUANT TO M.G.L., c. 231, Section 60 (b), NOT Section 60B (Emphasis added); continued

continued

4. PLAINTIFF, DONALD S. KOBACK, WHO PROCEDES PRO SE, POSTED THE $6000.00 BOND (BANK OF AMERICA CASHIER'S CHECK MARCH 28, 2006 #0056954) BEFORE (PRIOR TO) "PLAINTIFF'S MOTION TO REDUCE BOND" WAS DENIED (DATE OF DENIAL APRIL 12, 2006) SEE PRIOR PLEADINGS, AFFADAVITS WITH TRUE AND ACCURATE PHOTO COPIES OF SAID $6,000.00 CASH BOND OR ITS EQUIVALENT) SEE EXHIBIT 3;

5. DEFENDANTS' LAWYERS FILED FALSE CERTIFICATIONS AS TO SERVING TRUE COPIES WHEN THE DID NOT, AND OTHERWISE FILED UNSWORN, UNPROVEN PLEADINGS WITH RESPECT TO PLAINTIFF'S VERIFIED COMPLAINT, AMENDMENTS AND OTHER PLEADINGS VERIFIED BY AFFADAVITS. THUS PLAINTIFF DONALD S. KOBACK MOVES TO STRIKE ALL PLEADINGS OF THE DEFENDANTS AND MOVES THE COURT TO RULE IN HIS FAVOR WITH RESPECT TO HIS MOTION(S) FOR PARTIAL SUMMARY JUDGMENT AGAINST EACH OF THE DEFENDANTS AND SUMMARY

JUDGMENT AGAINST ALL OF THE DEFENDANTS AS THEY HAVE INJURED PLAINTIFF AS ONE UNIT, SAID MOTIONS PREVIOUSLY FILED WITH THE COURT;

6. MASSACHUSETTS GENERAL LAWS, Chapter 231, Section 60(b) (See EXHIBIT 2 previously REFERENCED) as amended, READS, IN PART, ...

"If a finding is made for the defendant or defendants, the plaintiff pursue the claim... upon filing a bond of ... SIX THOUSAND ($6,000.00) DOLLARS in the aggregate."

THE WORD "AGGREGATE" IS DERIVED FROM THE LATIN WORD "AGGREGATUS", THE MEANING OF WHICH HASN'T CHANGED SINCE THE DAYS OF THE ROMAN EMPIRE, BEING BORROWED

FROM THE LATIN LANGUAGE AS MANY OTHER WORDS OF ART USED IN THE AMERICAN LEGAL SYSTEM. THE VERB OF THE NOUN - "AGGREGATUS" IS SPELLED AS FOLLOWS, "AD GREGARE" OR "ADGREGARE".

THE WORD "AD" MEANS "TO" | THE WORD "GREGARE" means gather INTO A flock, OR INTO A "ONE" OR A SINGLE UNIT

Pursuant to M.G.L., Chapter 231, Section 60(b) as amended (See EXHIBIT 2), "...IF a finding is made for the defendant or defendants, the plaintiff

may pursue the claim ...
upon filing a bond in the amount
of SIX THOUSAND ($6,000.00) DOLLARS
in the aggregate." (emphasis
added)
ONLY ONE "finding..."
IS PERMISSIBLE
"...for the defendant or defendants..."
singular OR plural
ATTEMPTS TO CHANGE (OR ALTER)
THIS CENTURIES OLD MEANING
ARE AD HOMINEN
THERE IS ONLY ONE (1)
"...finding..." WHICH IS PER-
MISSIBLE AS TO ONE (1)
(SINGULAR). "...defendant or
defendants..." (plural)

The "Medical Malpractice Tribunal" engaged in malicious over-bearing by drafting, issuing, or ordering EIGHT (8) illegal, unconstitutional

"...finding..." S

Any and all changes in the statute (M.G.L., Chapter 231, Section 60(B), as amended, since January 1st., 1990, and/or during the pendency of this action are forbidden ex post facto laws, decisions, and/or bills of attainder.

7. THE CASE OF Goldstein v. Barron (1980) 404 N.E.2d 92, 9 Mass. App. Ct. 644 AND ALL COURT DECISIONS AND LEGISLATIVE STATUTES WHICH RELIED ON IT OR CONTINUE TO AMEND IT IN SUCH A WAY AS TO EXPAND TO ZERO PERCENT LIABILITY FOR DOCTORS, HOSPITALS, AND HEALTH CARE ORGANIZATIONS, ET. AL., WHO, THROUGH THEIR ACTS OR OMISSIONS COMMIT MEDICAL OR HOSPITAL MALPRACTICE — ERRORS, MISTAKES, WHILE RESTRICTING TO ONE HUNDRED PERCENT THE LEGAL ABILITY TO RECOVER FROM LOSS OF LIFE, WIFE AND CHILD, LOSS OF CONSORTIUM, LOSS OF LIMB, OF PROPERTY; ALL COURT DECISIONS AND STATUTES LEADING UP TO THE ABOVE CITED CASE WHO AIM IT WAS TO INCREASE THE PATIENT'S BURDEN MUST BE REVERSED ALONG WITH Goldstein,

FOR THEY ARE AT ODDS WITH THE LATIN WORD "AGGREGATUS" AND THE LATIN WORD (VERB) "AD AGGREGATUS" AND "ADAGGREGARE", See above

(See above – continues hereinafter)

MOREOVER, THE SUPREME JUDICIAL COURT OF MASSACHUSETTS AND U.S. DISTRICT COURT BEFORE WHOM A DIVERSITY CASE IS PENDING ARE BARRED BY THE NINTH (9th) AND TENTH (10th) AS WELL AS THE FIRST (1st.), FIFTH (5th.), SEVENTH (7th.) AND FOURTEENTH (14th.) AND FINALLY, BUT NOT LEAST OF ALL, the SECOND, THIRD, FOURTH, SIXTH
2nd., 3rd., 4th., 6th

EIGHTH
8th,

ALL OF THE FOREGOING NUMBERS AMENDMENTS TO THE UNITED STATES CONSTITUTION,

AS WELL AS BY THE CORRESPONDING OR RELATED PROVISION (OR ARTICLES) OF THE MASSACHUSETTS DECLARATION OF RIGHTS AS THEY (Goldstein's PRECEDENT, PROGENY AND RELATED, PERTINENT state and federal statutes) ARE

ONE-SIDED;
UNEQUAL,
AND PROCEDURALLY AND SUBSTANTIVELY FLAWED;

8. THE SUPREME JUDICIAL COURT AND THE UNITED STATES DISTRICT COURT (BOSTON, MASS.) MUST STAND WITH THE PEOPLE'S, a/k/a "THE PEOPLE" persons maimed physically, forced the fault of the medical field to suffer anguish, NOT STANDING, IN LIEU, WITH DOCTORS, HOSPITALS, et. al. MINORITY, PLAINTIFF MAKES REFERENCE TO THE PRECEEDING NO. 7 WHICH POINT TO DECISIONS AND STATUTES WHICH HAVE CREATED A WASTELAND OF unnecessary death, loss of limb, loss of love and consortium, emotional and psychological misery, and physical suffering; inhumanity at the hands of others who go without a care;

9. PLAINTIFF'S "DOCTRINE OF RIGID VARIATION", BEING OF ENORMOUS VALUE, EXCEEDS ANY BOND VALUE FIXED BY THE COURT. THUS, THE ~~CASH~~ EQUIVALENT IN THE HANDS OF THE U.S. DISTRICT COURT, BOSTON, MASSACHUSETTS, SUPERIOR COURT (SUFFOLK COUNTY) WHEN THE FEDERAL JUDGE TRANSFERRED THIS CASE TO MASSACHUSETTS SUPERIOR COURT



HIS "WRIT OF MANDAMUS" FILED WITH U.S. SUPREME COURT-1996, THEREBY LEAVING NO LEGITIMATE STATUTE OF LIMITATIONS AND STATUTE OF REPOSE DEFENSES, AFFIRMATIVE OR OTHERWISE, FOR THE DEFENDANTS, THEIR ATTORNEYS, AND THE LEGAL SYSTEM;

12. RES IPSA LOQUITUR - LATIN - The Thing Speaks For Itself

IN A CASE SUCH AS THIS WHERE NO EXPERTS WITNESSES ARE NEEDED, AND WHERE IN FACT AND LAW, "HIRED GUN" EXPERT WITNESSES SHALL BE USED BY THE DOCTORS AND HOSPITALS, TO CLOUD THE SIMPLE FACTS AND LEGAL ISSUES TO FURTHER THEIR CONSPIRACY TO DEFRAUD

IS MORE THAN SUFFICIENT.

DISPENSE WITH EXPERT WITNESSES; JUSTICE DEMANDS THAT THE CASE OF THE PLAINTIFF, DONALD S. KOBACK GO TO THE JURY OF LAY PERSONS.

(SUFFOLK COUNTY), THE AFORE-NAME JUDGE — WGY, a/k/a W.G. YOUNG, TRANSFERRED PLAINTIFF'S "DOCTRINE OF RIGID VARIATION" WITH IT. THUS, THE PLAINTIFF, DONALD S. KOBACK, PRO SE, HEREIN OVERPAID HIS BOND (UNDESERVING BOND AT THAT) BY $6,000.00 (SIX THOUSAND DOLLARS AND NO CENTS) PLUS

10. PLAINTIFF DONALD S. KOBACK HAS SUFFERED ONE CONTINUOUS CHAIN OF EVENTS AT THE HANDS OF THESE DEFENDANTS, THEIR LAWYERS, AND LEGAL SYSTEM, UNINTERUPTED FROM ITS INCEPTION UNTIL THE PRESENT DAY, AND CONTINUING;

11. PLAINTIFF DONALD S. KOBACK MOVES THAT THIS PLEADING AND ITS AFFADAVIT BE COMBINED WITH PLAINTIFF DONALD S. KOBACK'S VERIFIED COMPLAINT, AFFADAVIT, AMENDED COMPLAINTS, WITH ACCOMPANYING AFFADAVITS, AND ALL OF HIS PLEADINGS AND AFFADAVITS SINCE THE INCEPTION OF THIS CASE, HIS "APPENDUM TO WRIT OF MANDAMUS" FILED U.S. SUPREME COURT (1999),

13. PLAINTIFF DONALD S. KOBACK HEREBY OBJECTS TO, AND TAKES EXCEPTION FOR THE SAKE OF APPEAL TO U.S. DISTRICT COURT, Boston, MA. 1:05-cv-10798-WGY DOCKET TEXT:

JUDGE WILLIAM G. YOUNG: ELECTRONIC ORDER GRANTING (94) MOTION TO DISMISS FOR FAILURE TO POST BOND AS ORDERED by John P. Long (PAINE, MATTHEW)

PLAINTIFF DONALD S. KOBACK hereby object in advance and takes exception to the "presumed" denial of his instant Motion FOR REconsideration (See hereinbefore)

Signed under pains and penalties of perjury on August 30, 2006.

Donald S. Koback

DONALD S. KOBACK
Aug. 30, 2006

# CERTIFICATE OF SERVICE

I, DONALD S. KOBACK, plaintiff, appellant herein hereby certify that I have MAILED (U.S.P.S.) the following documents, postage prepaid, 1st Class Mail: (DATE OF MAILING August 31, 2006)

A. "MOTION FOR RECONSIDERATION OF ATTORNEY JUDITH FEINBERG'S AND JOHN P. LONG, JR.'S 'MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH ORDER FOR BOND' "; AND

B "PLAINTIFF DONALD S. KOBACK'S OPPOSITION TO AND AFFADAVIT IN SUPPORT OF HIS OPPOSITION, PROCEEDING PRO SE, (MetroWest Medical Center's Motion to Dismiss For Failure To Pay Bond Pursuant to M.G.L., c. 231, §60B with attached Certificate of Service"

to the lawyers for the defendants (See Exhibit 1 - attached hereto as if written word for word, number for number, in its entirety)

Continued

# CERTIFICATE OF SERVICE (continued)

I, Donald S. Koback, plaintiff, appellant herein, certify that I have mailed true and accurate photo copies of the above documents which photos he has personally taken on the date(s) below signed under pains and penalties of perjury August 30, 2006 - August 31, 2006

Donald S. Koback
plaintiff, appellant

Donald S. Koback
plaintiff, appellant

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.