U.S. DISTRICT COURT

FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT
DISTRICT OF MASS.

EASTERN DIVISION

U.S. DISTRICT COURT
CASE NO.: 1:05-cv-10798-WGY

SUPREME JUDICIAL COURT
CIVIL ACTION: SJ-2006-0172

DONALD S. KOBACK
PLAINTIFF,
PRO SE

V.

METROWEST MEDICAL CENTER, ET. AL.,
DEFENDANTS

FEDERAL RULES OF CIVIL PROCEDURE, RULE 16.; LOCAL RULE 16.1(D) "JOINT STATEMENT." (LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS (SEPTEMBER 1, 2006)

PURSUANT TO LOCAL RULE 16.1(D) (SEE TITLE OF THIS PLEADING INCORPORATED HEREIN BY THIS REFERENCE, WORD FOR WORD, NUMBER FOR NUmber, IN ITS ENTIRETY WHICH IS APPLICABLE TO EACH AND EVERY WORD NUMBER, PUNCTUATION, OR FEATURE IN THIS PLEADING - LOCAL RULE 16.1(D) JOINT STATEMENT. FROM BEGINNING TO ENDING,

# PROPOSED PRETRIAL SCHEDULE BY THE PLAINTIFF, DONALD S. KOBACK

LOCAL RULE 16.1 (D)(1) WHICH READS: "(1) a joint discovery plan scheduling the time and length for discovering events..."

L.R. 16.1(D)(1)(a): ① ON MARCH 6, 2006, PLAINTIFF, DONALD S. KOBACK INTRODUCED INTO EVIDENCE HIS "OFFER OF PROOF" DATED FEBRUARY 14, 2006 IN THIS U.S. DISTRICT COURT'S MEDICAL MALPRACTICE TRIBUNAL, THE HEARING BEING HELD AT THE SUPERIOR COURT, COUNTY OF SUFFOLK, BOSTON, MASSACHUSETTS (CIVIL DOCKET # SUCV2005-03084). A TRUE AND ACCURATE PHOTO COPY OF PLAINTIFF, DONALD S. KOBACK'S "OFFER OF PROOF" WAS ALSO SERVED BY U.S.P.S. PREPAID MAIL TO EACH OF THE TRIBUNAL MEMBERS, TO ALL OF THE DEFENDANTS' ATTORNEYS AT LAW PRIOR TO AND WELL BEFORE THE COURT ORDER OR MEDICAL MALPRACTICE TRIBUNAL DATE FOR SENDING COPIES OF SAID "OFFER OF PROOF" - MORE

THAN FIVE(5) DAYS BEFORE THE MEDICAL MALPRACTICE TRIBUNAL AS WELL AS A TRUE AND ACCURATE COPY TO THE ABOVE-NAMED SUPERIOR COURT-ATTN.: PHYLLIS WELL BEFORE THE PRESCRIBED FIVE(5) DAYS AS AFOREMENTIONED;

FURTHER, PLAINTIFF, DONALD S. KOBACK TIMELY FILED AND SERVED "AFFADAVIT OF NOTICE AND INTRODUCTION OF MEDICAL REPORTS INTO EVIDENCE (M.G.L. Ch. 233, ~~SEC 79G~~ SECTION 79G, 28 U.S.C. 1331, 1332) TO THOSE NAMED ABOVED;

IN ADDITION TO THE EVIDENCE AND/OR TESTIMONY OF THE PLAINTIFF, DONALD S. KOBACK and HIS MEDICAL DOCTORS, IMMEDIATELY ABOVE, PREVIOUSLY, PROPERLY, AND TIMELY INTRODUCED INTO EVIDENCE, PLAINTIFF, DONALD S. KOBACK HAS BEEN DENIED DISCOVERY DISCLOSURES FROM THE INCEPTION ~~PRESENT~~ OF THIS CASE TO THE PRESENT, AND CONTINUING WHICH DISCOVERY DISCLOSURES MUST INCLUDE ALL MATERIAL BE IT MATERIAL, RELEVANT, IMMATERIAL, IRRELEVANT WHICH TOUCH

UPON OR OTHERWISE RELATE TO RECORDS, NOTES, EXAMS OF EVERY KIND AND DESCRIPTION IN ANY WAY CONNECTED TO NEEDLES SHOT IN THE PLAINTIFF'S PENIS AND SCROTUM BY ~~DR~~ EMANUEL FRIEDMAN, M.D., METROWEST MEDICAL CENTER, a/k/a TENET Metro West Healthcare SYSTEM LTD. PARTNERSHIP, DOING BUSINESS AND PERFORMING INVASIVE BODILY INTERVENTIONS AND/OR SURGERIES IN MASSACHUSETTS AND/OR ELSEWHERE — i.e., RHODE ISLAND AS WELL AS FROM EACH OF THE OTHER DEFENDANTS WHO HAVE STONEWALLED, WILFULLY REFUSED TO DISCLOSE, IRRESPECTIVE OF WHETHER SAID DEFENDANTS REMAIN PARTIES OR HAVE BEEN ILLEGALLY, unconstitutionally dismissed, or who have had judgment in their favor illegally, unconstitutionally;

L.R. 16.1(D)(1)(b): DISCOVERY PHASE (FIRST) DISCLOSURE OF ALL immaterial, IRRELEVANT, MATERIAL, RELEVANT, OR MATTER WHICH MAY LEAD TO THE ABOVE or aforementioned.

DISCLOSURE OF ALL RECORDS Be THEY WRITTEN, COPIES, RECORDINGS, photographs, motion pictures, videos, inter alia, in order to bring out any prejudicial, demeaning evidence or non-evidence, false testimony, statements, affadavits, sworn statements or otherwise;

L.R. 16.1(D)(1)(b): DISCOVERY PHASE (SECOND) DISCLOSURE OF ALL INFORMATION DESIRED AND/OR NEEDED BY THE PLAINTIFF, DONALD S. KOBACK TO PREPARE FOR TRIAL;

HEREINABOVE, HERE, AND SUBSEQUENT HERETO L.R. 16.1 Shall INCLUDE FEDERAL RULES OF CIVIL PROCEDURE, RULE 16., BOTH OF WHICH MUST BE READ IN A FASHION MOST FAVORABLE TO THE PLAINTIFF, DONALD S. KOBACK;

L.R. 16.1(D)(1)(a), L.R. 16.1(D)(1)(b): THE DISCOVERY PHASE MUST BEGIN ON 9-11-2006 (SEPTEMBER 11, 2006) AND SHALL LAST FOR 350 DAYS (REFER TO CALENDAR),

THE PRE-TRIAL CONFERENCE MUST BE SCHEDULED 175 DAYS AFTER THE CONCLUSION OF THE DISCOVERY PHASE (SEE CALENDAR), THE PROFESSIONAL OR EXPERT REPORTS AND OBJECTIONS THERETO SEEKING TO DISQUALIFY, IMPEACH OR OTHERWISE DEMONSTRATE BIAS, PREJUDICE, FINANCIAL MOTIVE, inter alia MUST BE FILED 94 DAYS PRIOR TO PRE-TRIAL CONFERENCE, PROVIDED THAT THE PLAINTIFF, DONALD S. KOBACK MUST BE PROVIDED COPIES AND/OR ORIGINALS OF Any reports whether written, typed, computer generated, taped, videod well in advance of THE PLAINTIFF, DONALD S. KOBACK'S REPORT WHICH DEFENDANT(S) CLAIM PLAINTIFF, DONALD S. KOBACK HAS A DUTY TO PROVIDE TO THE DEFENDANT(S) NOTWITHSTANDING THAT THIS CASE IS ONE WHICH CAN BE HEARD BY THE JURY OR FACT FINDER WITHOUT PROFESSIONAL OR EXPERT TESTIMONY (RES IPSA ~~[illegible]~~ LOQUTUR – TRANSLATION THE THING SPEAKS FOR ITSELF (LATIN to ENGLISH);

RULE 26. RULE 31., FEDERAL RULES OF CIVIL PROCEDURE:

DEPOSITIONS UPON WRITTEN QUESTIONS TO ALL DEFENDANTS OR OTHER PERSONS, WHETHER PARTIES OR NOT, WHETHER DEFENDANT(S) HOLDING JUDGMENTS OR NOT.
PLAINTIFF, DONALD S. KOBACK SAID DEPOSITIONS UPON WRITTEN QUESTIONS MUST BE SERVED BY SUBPOENA ON/OF DEFENDANTS WITH KNOWLEDGE AND SUBPOENA DUCES TECUM ON/OF KEEPERS OF RECORDS (RECORDS KEEPERS)

RULE 31. (DEPOSITIONS UPON WRITTEN QUESTIONS) WITH SUBPOENA ON/OF TO PERSONS WITH KNOWLEDGE AND SUBPOENA DUCES TECUM ON/OF KEEPER OF RECORDS OR RECORDS KEEPER:

1. M.D. EMANUEL FRIEDMAN
95 LINCOLN ST
FRAMINGHAM, MASS. 508-875-2001

...continued...

2. M.D. EROL ONEL
C/o ANDOVER UROLOGY ASSOCIATES OF Massachusetts
1 HAVERHILL, ANDOVER, MA
Tel - 978-475-4499

3. M.D. JOHN P. LONG, JR.
139 LINCOLN ST
FRAMINGHAM, MASS. Tel 508-370-7703

4. CHIEF EXECUTIVE OFFICER
MetroWest Medical Center
67 UNION ST
NATICK, MA. Tel 508-383-1012

5. CHIEF EXECUTIVE OFFICER
TENET MetroWest Healthcare System LTD. PARTNERSHIP
99 LINCOLN ST.
FRAMINGHAM, MA.
Tel 508-650-7010

6. CHIEF EXECUTIVE OFFICER
BLUE CROSS BLUE SHIELD OF MASSACHUSETTS
401 PARK DRIVE
BOSTON, MASS. Tel-617-246-3500



7. CHIEF EXECUTIVE OFFICER
~~8~~, HMO BLUE OF MASSACHUSETTS
401 PARK DRIVE
BOSTON, MA. Tel 617-246-3500

8. CHIEF EXECUTIVE OFFICER
NEW ENGLAND MEDICAL CENTER
750 WASHINGTON
BOSTON, MASS. Tel 617-636-5000

~~9. [illegible]~~

9. CHIEF EXECUTIVE OFFICER (Tel-617-636-7000)
TUFTS UNIVERSITY SCHOOL OF MEDICINE, 136 HARRISON, BOSTON, MA,

---

RULE 26, RULE 36, FEDERAL RULES OF CIVIL PROCEDURE - REQUESTS FOR ADMISSION(S)

1. M.D, EMANUEL FRIEDMAN
95 LINCOLN ST,
FRAMINGHAM, MA. ~~508-875-2001~~
508-875-2001

2. M.D. EROL ONEL
c/o ANDOVER UROLOGY ASSOCIATES
OF MASSACHUSETTS 978-475-4499
1 HAVERHILL, ANDOVER, MA.

3. M.D. JOHN P. LONG, JR.
139 LINCOLN ST Tel-
FRAMINGHAM, MASS. 508-370-7703

4. CHIEF EXECUTIVE OFFICER
MetroWest Medical Center
67 UNION ST.
NATICK, MA. Tel ~~508-650-~~ ~~383-1600~~
508-383-1012 ~~7000~~

5. CHIEF EXECUTIVE OFFICER
TENET MetroWest
Healthcare System LTD.
PARTNERSHIP
99 LINCOLN ST
FRAMINGHAM, MA.
Tel 508-650-7010

6. CHIEF EXECUTIVE OFFICER
BLUE CROSS BLUE SHIELD OF MASSACHUSETTS
401 PARK DRIVE, BOSTON, MASS
Tel.: 617-246-3500

7. CHIEF EXECUTIVE OFFICER
HMO BLUE OF MASSACHUSETTS
401 PARK DRIVE
BOSTON, MASS. Tel: 617-246-3500

8. CHIEF EXECUTIVE OFFICER
NEW ENGLAND MEDICAL CENTER
750 WASHINGTON
BOSTON, MASS. Tel: 617-636-5000

9. CHIEF EXECUTIVE OFFICER
TUFTS UNIVERSITY SCHOOL
OF MEDICINE,
136 HARRISON AVE., BOSTON, MASS.
Tel: 617-636-7000

N.B.: IF THE FOREGOING DISCOVERY SHALL NOT BE ALLOWED FOR ANY REASON OR LACK THEREOF, PLAINTIFF DONALD S. KOBACK RESERVES HIS RIGHTS, PRIVILEGES, IMMUNITIES TO ENGAGE IN OTHER FORMS OR TYPES OF DISCOVERY.

L.R. 16.1(D)(2) SCHEDULE-FILING OF MOTIONS

1. MOTIONS TO STRIKE ALL PLEADINGS OF THE DEFENDANT(S), FEDERAL RULES OF PROCEDURE, RULE 11., RULE 12(f);

2. MOTION(S) FOR PARTIAL SUMMARY JUDGMENT(S) AGAINST EACH AND EVERY DEFENDANT. FEDERAL RULES CIVIL PROCEDURE, RULE 56, L.R. 56.1;

3. MOTION(S) FOR SUMMARY JUDGMENT(S) AGAINST ALL DEFENDANT(S): FEDERAL RULES OF CIVIL PROCEDURE, RULE 56, L.R. 56.1;

4. MOTION(S) TO COMPEL DISCOVERY FEDERAL RULES OF CIVIL PROCEDURE, RULE 26., RULE 30., RULE 31., RULE 32., RULE 33., RULE 34., RULE 35., RULE 37.;

5. MOTION(S) TO ENLARGE TIME - DISCOVERY FEDERAL RULES OF CIVIL PROCEDURE, RULE 26 THROUGH AND INCLUDING RULE 37. ;

6. MOTION TO REQUIRE ANY MEDICAL OR PROFESSIONAL EXAM TO BE HELD AT DR. SYED RAZVI'S OFFICE;

7. MOTION(S) TO AMEND COMPLAINTS, AMENDED COMPLAINTS, PLEADINGS, CERTIFICATES OF SERVICE;

8. MOTION(S) NUNC PRO TUNC ;

9. MOTION TO RECUSE U.S. DISTRICT COURT JUDGE, W. G. YOUNG, AND HIS SUCCESSOR(S);

10. MOTION(S) TO ADD NEW PARTY (PARTIES) - UNITED STATES OF AMERICA;

Schedule - AS NEEDED, WHEN AND WHERE NECESSARY TO PROSECUTE PLAINTIFF DONALD S. KOBACK'S COMPLAINT (AS AMENDED).

Signed under pains and penalties of perjury this "JOINT STATEMENT" BEING TRUE AND ACCURATE September 1, 2006.

Donald S. Koback

DONALD S. KOBACK

SEPTEMBER 1, 2006

CERTIFICATE OF SERVICE

U.S. DISTRICT COURT

CASE NO.: 1:05-cv-10798-WGY

I, DONALD S. KOBACK, plaintiff, appellant herein, hereby certify that I have mailed via U.S.P.S. postage, prepaid the following documents:

1. "PLAINTIFF, DONALD S. KOBACK'S MOTION FOR RELEIF FROM JUDGMENT IN FAVOR OF JOHN P. LONG, JR., M.D. AND METROWEST MEDICAL CENTER AUGUST 31, 2006";

2. "PLAINTIFF, DONALD S. KOBACK'S MOTION FOR RECONSIDERATION OF "PLAINTIFF, DONALD S. KOBACK'S MOTION FOR RELEIF FROM JUDGMENT IN FAVOR OF JOHN P. LONG, JR., M.D. AND METROWEST MEDICAL CENTER (AUGUST 31, 2006);

3. "FEDERAL RULES OF CIVIL PROCEDURE, RULE 16; LOCAL RULE 16.1(D) "JOINT STATEMENT." (LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS (SEPTEMBER 1, 2006);

4. "MEMORANDUM OF LAW IN SUPPORT OF L.R. 16.1 (D) 'JOINT STATEMENT";

5. THIS "CERTIFICATE OF SERVICE" (SEPTEMBER 1, 2006)

SERVED! TO THE LAWYERS FOR THE DEFENDANT(S) — SEE LIST OF LAWYERS AND NAMES OF THEIR DEFENDANT CLIENT(S) ATTACHED HERETO AND MADE A PART HEREOF BY THIS REFERENCE — BOLD PRINT — "PARTIES" INCORPORATED HEREIN, WORD FOR WORD, NUMBER FOR NUMBER, PUNCTUATION FOR PUNCTUATION, FEATURE FOR FEATURE

I, DONALD S. KOBACK, PLAINTIFF, APPELLANT HEREIN CERTIFY THAT I HAVE MAILED TRUE AND ACCURATE PHOTO COPIES OF THE ABOVE DOCUMENTS TO THE PERSONS NAMED AS SERVED WHICH PHOTOS I HAVE PERSONALLY TAKEN (MASTER-SERVANT OR UNDER MY DIRECTION) ON THE DATE BELOW. SIGNED UNDER PAINS AND PENALTIES OF PERJURY.

[signature]

DONALD S. KOBACK
PLAINTIFF, APPELLANT SEPT. 1, 2006

" MEMORANDUM OF LAW IN SUPPORT OF L.R. 16.1 (D) "JOINT STATEMENT" "



## § 6.47 Deposition upon Written Questions—Strategy for Using

Pursuant to the provisions of Mass.R.Civ.P. 31,[1] a party may take a deposition upon written questions of an individual. As with Mass. R.Civ.P. 30, a Rule 31 deposition may be taken of any person having knowledge of the issues, including parties and non-parties.[2] If the proposed deponent is a non-party, a Rule 45 subpoena is necessary. If the proposed deponent is a corporate entity, the interrogator may give notice under Rule 30(b)(6).[3] Three instances where a party may want to use this form of deposition are (1) where a party wants to save money and does not want to travel far to take an oral deposition, (2) to establish formal matters that are straightforward, or (3) where there are court-ordered limits on the number of oral depositions that may be taken by a party. Any person, even a party, may be deposed under Rule 31, and the procedure is not limited to adverse parties.[4]

The deposition upon written questions is a seldom-used procedure because it extends over a period of time and often yields little meaning-

§ 6.47

1. Mass.R.Civ.P. 31 provides in its entirety as follows:

**(a) Serving Questions; Notice.** After commencement of the action, any party may take the testimony of any person, including a party, by deposition upon written questions. The attendance of witnesses may be compelled by the use of subpoena as provided in Rule 45. The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes.

A party desiring to take a deposition upon written questions shall serve them upon every other party with a notice stating (1) the name and address of the person who is to answer them, if known, and if the name is not known, a general description sufficient to identify him or the particular class or group to which he belongs, and (2) the name or descriptive title and address of the officer before whom the deposition is to be taken. A deposition upon written questions may be taken of a public or private corporation or a partnership or association or governmental agency in accordance with the provisions of Rule 30(b)(6).

Within 30 days after the notice and written questions are served, a party may serve cross questions upon all other parties. Within 10 days after being served with cross questions, a party may serve redirect questions upon all other parties. Within 10 days after being served with redirect questions, a party may serve recross questions upon all other parties. The court may for cause shown enlarge or shorten the time.

**(b) Officer to Take Responses and Prepare Record.** A copy of the notice and copies of all questions served shall be delivered by the party taking the deposition to the officer designated in the notice, who shall proceed promptly, in the manner provided by Rule 30(c), (e), and (f), to take the testimony of the witness in response to the questions and to prepare, certify, and deliver or send the deposition to the party taking the deposition, attaching thereto the copy of the notice and questions received by him.

**(c) Notice of Receipt.** When the deposition is received the party taking it shall promptly give notice thereof to all other parties.

2. *See* Form 6TT: Notice Of Taking Deposition On Written Questions And Sample Questions.

3. *See* Form 6UU: Notice Of Taking Deposition On Written Questions Of Rule 30(b)(6) Designee And Sample Questions.

4. *See* Ju Shu Cheung v. Dulles, 16 F.R.D. 550 (D.Mass.1954).

Case 1:05-cv-10798-WGY Document 117-2 Filed 09/05/2006 Page 2 of 9



ful information. It should be used only to elicit specific facts rather than a narrative.

In recent years, depositions upon written questions have been used as a protective safeguard in cases where the deponent's identity was to be concealed due to privacy concerns, e.g., cases involving issues about HIV infections.[5] In any case where privacy is a legitimate issue, counsel should consider a motion for protective order that any deposition of such a witness be taken only by way of written questions under Rule 31.

While in most cases this form of discovery is not the most useful, it may be fruitful when deposing inmates incarcerated in prison. As in taking the oral deposition of an inmate, leave of court must be granted in order to take the deposition upon written questions of a person who is confined.[6]

While substantially similar to its state counterpart, Fed.R.Civ.P. 31 has many important differences, including the requirement that leave of court be obtained in certain instances prior to the taking of a deposition on written questions. The time periods for services of cross, redirect and recross questions also differ markedly from the state rule.

**Library References:**

C.J.S. Discovery § 14, 55–61.
West's Key No. Digests, Pretrial Procedure ⚷96, 155.

## § 6.48 Deposition upon Written Questions—General Requirements

Subject to time standards and any other applicable discovery deadlines, a party may take the deposition of anyone upon written questions at any time after the commencement of a lawsuit.[1] A party may compel attendance of the witness by subpoena pursuant to the provisions of Mass.R.Civ.P. 45.[2] The notice of the deposition must contain the following information: (1) the name and address of the individual who is to answer the questions (or, if the name of the individual is not known, the notice should describe in general terms the individual or the class or group to which the person belongs), and (2) the name (or descriptive title) and address of the officer before whom the answers to the questions are to be given.[3] A party seeking to take the deposition of a corporation, partnership, association, or governmental agency must follow the provisions set forth in Mass.R.Civ.P. 30(b)(6).

The party taking the deposition must serve a copy of the written questions along with the requisite notice upon all other parties to the

5. *See* Watson v. Lowcountry Red Cross, 974 F.2d 482 (4th Cir.1992), *amended, corrected*, slip op. (4th Cir. Nov. 2, 1992).

6. *See* Mass.R.Civ.P. 31(a).

**§ 6.48**

1. *See* Mass.R.Civ.P. 31(a).

2. *See* Mass.R.Civ.P. 31(a).

3. *See* Mass.R.Civ.P. 31(a).

action. The original of the written questions should be retained by the party taking the deposition.

There is no requirement that the notice of deposition or the written questions be filed with the court.[4]

**Library References:**

C.J.S. Discovery § 14, 40–46, 55–61.
West's Key No. Digests, Pretrial Procedure ⚷96, 124, 155.

## § 6.49 Deposition upon Written Questions—Objections and Additional Questions

Objections to written questions are made subject to the provisions of Mass. R. Civ. P. 30(c), (d), and 32(d)(3)(C).[1] Objections as to form must be asserted by parties at the time a response is due on the cross or other questions and within five days after service of the last set of questions authorized. The non-party deponent, having never been served, may assert her/his objections at the deposition itself. If objections are made, they must be asserted separately as to *each* written interrogatory.[2] Once an objection is received, the interrogating party may choose to rephrase her/his question(s).

Failure to object to the form of the written questions within the time allowed for serving the succeeding set of questions and within five days after service of the last questions authorized constitutes a waiver of the objection.[3]

Additional or cross-questions may be asked by each party after the party taking the deposition serves its questions.[4] A party must serve its cross-questions and objections to the original questions upon all other parties to the action within thirty days from its receipt of the original questions. A party preparing cross-questions may only seek information which is related to, expands upon, or seeks to clarify the questions proposed by the party taking the deposition.[5]

Upon receipt of any cross-questions, any other party may serve redirect questions[6] upon all other parties.[7] Any redirect questions must be served on all parties within ten days after receipt of the cross-questions. Similar to the contents of cross-questions, redirect questions

4. *See* Mass.R.Civ.P. 5(d)(2).

§ 6.49

1. *See* Form 6VV: Objections to Form of Written Questions; Form 6WW: Objections to Form of Written Questions (Another Form).

2. *See* Howard v. Brynwood Partners II, LP, 5 Mass. L. Rptr. No. 15, 337 (Mass. Super. Ct. July 15, 1996) (Houston, J.).

3. Mass.R.Civ.P. 32(d)(3)(C).

4. *See* Mass.R.Civ.P. 31(a).

5. *See* Form 6XX: Notice of Cross-Questions.

6. *See* Form 6YY: Notice of Redirect Questions.

7. *See* Mass.R.Civ.P. 31(a).

may only seek information within the scope of information asked on cross.

The last set of questions permitted by the rules is recross questions.[8] These questions may also be served by any party to the action. A party has ten days after receipt to prepare and serve its recross questions.[9] These questions are the most limited. Recross questions may only inquire about information sought in any redirect questions.

Any party may request the court to enlarge or shorten the time in which it has to prepare and serve any of the questions set forth in the rule. Where a party fails to answer written deposition questions, it may be subject to dismissal of the action, default, or other sanctions under Rule 37.

**Library References:**

C.J.S. Discovery § 12, 55–61, 69.
West's Key No. Digests, Pretrial Procedure ⚷155, 156.

## § 6.50 Deposition upon Written Questions—Recording the Deposition Testimony—Deposition Officer Records

It is the duty of the party taking the deposition to send a copy of the notice of the deposition and all the questions prepared by it and any other parties to the officer who will take the deposition.[1]

After receipt of the notice of deposition and the questions, the officer shall take the deposition of the witness by asking her/him to answer all the questions, starting with the direct questions and ending with the recross questions. Only the court reporter, the deponent, and her/his counsel actually attend the deposition. Objections as to admissibility are usually withheld until the time of trial.

After transcribing the deposition, the transcript is submitted to the witness for her/his review and signing. As with oral depositions, the witness may make changes to her or his testimony, stating the reason(s) for the changes. After the officer receives the deposition back from the deponent, he/she will certify that the testimony contained therein is a true record of the witness's testimony and then send the deposition to the party who noticed the deposition. A copy of the notice of deposition and the questions, which were previously sent to the officer, will also be returned.

**Library References:**

C.J.S. Discovery § 30, 39, 51–53.
West's Key No. Digests, Pretrial Procedure ⚷139.

8. *See* Form 6ZZ: Notice of Recross Questions.

9. *See* Mass.R.Civ.P. 31(a).

§ 6.50

1. Mass.R.Civ.P. 31(b).

The court noted that the witness runs the risk of impeachment with the prior inconsistent deposition testimony.[4.15] The court went on to instruct that the errata sheet with such changes must contain the original question and answer, the specific correction, the specific reason for the change, and the signature of the deponent under oath or by affidavit.[4.20] Such changes cannot be made merely to bolster the merits of a party's case, but must explain the deponent's good faith belief as to why the change is necessary.

**4.05** 17 Mass.L.Rptr. 169, 2004 WL 51819 (Mass.Super.2004) (Agnes, J.).

**4.10** *Id.* at 170.

**4.15** *Id.* at 171.

**4.20** *Id.*

## § 6.46 Review and Filing of Deposition—Certification and Filing of Deposition

**3.** Mass.R.Civ.P. 5(d)(2) was amended, effective May 1, 2002, to provide as follows:

Rule 5(d)(2) [First Sentence]

(2) Unless the court, generally or in a specific case, on motion ex parte by any party or concerned citizen, or on its own motion shall otherwise order, the following shall not be presented or accepted for filing: notices of taking depositions, transcripts of depositions, interrogatories under Rule 33, answers and objections to interrogatories under Rule 33, requests under Rule 34, and responses to requests under Rule 34

*See* 436 Mass. 1104, 768 N.E.2d 1086 (2002).

## § 6.48 Depositions upon Written Questions—General Requirements

**4.** Mass.R.Civ.P. 5(d)(2) was amended, effective May 1, 2002, to provide as follows:

Rule 5(d)(2) [First Sentence]

(2) Unless the court, generally or in a specific case, on motion ex parte by any party or concerned citizen, or on its own motion shall otherwise order, the following shall not be presented or accepted for filing: notices of taking depositions, transcripts of depositions, interrogatories under Rule 33, answers and objections to interrogatories under Rule 33, requests under Rule 34, and responses to requests under Rule 34.

*See* 436 Mass. 1104, 768 N.E.2d 1086 (2002).

EXHIBIT

U.S. DIST. CT **1:05-cv-10798-WGY** Koback v. Metrowest Medical Center et al
William G. Young, presiding
**Date filed:** 04/12/2005 **Date of last filing:** 08/08/2006

SJC (MASS) 2006 - 0172

# Parties

Defendants' LAWYERS

| Party | | Attorney |
|---|---|---|
| **Blue Cross Blue Shield of Mass**<br>*Added: 04/12/2005*<br>*(Defendant)* | represented by | **Joseph D. Halpern**<br>Blue Cross Blue Shield Law Dept.<br>401 Park Drive<br>Boston, MA 02215<br>617-246-3500<br>617-246-3550 (fax)<br>joseph.halpern@bcbsma.com<br>*Assigned: 05/25/2005*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Framingham Union Hospital**<br>*Added: 04/12/2005*<br>*(Defendant)* | represented by | **Barbara Hayes Buell**<br>Bloom & Buell<br>1340 Soldiers Field Road<br>Suite Two<br>Boston, MA 02135-1020<br>617-254-4400<br>617-254-7610 (fax)<br>bhb@bloombuell.com<br>*Assigned: 05/01/2006*<br>*ATTORNEY TO BE NOTICED* |
| **M.D. Emanuel Friedman**<br>*Added: 04/12/2005*<br>*(Defendant)* | represented by | **Matthew R. Connors**<br>Ficksman & Conley LLP<br>98 North Washington Street<br>Suite 500<br>Boston, MA 02114<br>617-720-1515<br>617-720-1519 (fax)<br>mconnors@ficksmanconley.com<br>*Assigned: 04/12/2006*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**David M. Gould**<br>Ficksman & Conley LLP<br>98 North Washington St.<br>Suite 500<br>Boston, MA 02114<br>617-720-1515 |

617-720-1519 (fax)
Dgould@ficksmanconley.com
*Assigned: 04/12/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**HMO Blue of Massachusetts**
*Added: 04/12/2005*
*(Defendant)*

represented by

**Joseph D. Halpern**
Blue Cross Blue Shield Law Dept.
401 Park Drive
Boston, MA 02215
617-246-3500
617-246-3550 (fax)
joseph.halpern@bcbsma.com
*Assigned: 05/25/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald S. Koback**
195 Sunnyside Avenue
Woonsocket, RI 02895
*Added: 04/12/2005*
*(Plaintiff)*
PRO SE

**Leonard Morse Hospital**
*Added: 04/12/2005*
*(Defendant)*

represented by

**Barbara Hayes Buell**
Bloom & Buell
1340 Soldiers Field Road
Suite Two
Boston, MA 02135-1020
617-254-4400
617-254-7610 (fax)
bhb@bloombuell.com
*Assigned: 05/01/2006*
*ATTORNEY TO BE NOTICED*

**M.D. John P. Long**
*Added: 04/12/2005*
*(Defendant)*

represented by

**Judith M. Feinberg**
Adler, Cohen, Harvey, Wakeman & Guekguezian, LLP
75 Federal Street
10th Floor
Boston, MA 02110
617-423-6674
617-423-7152 (fax)
jf@achwg.com
*Assigned: 07/12/2005*
*LEAD ATTORNEY*

| | | |
|---|---|---|
| | | *ATTORNEY TO BE NOTICED*<br><br>**A. Bernard Guekguezian**<br>Adler, Cohen, Harvey, Wakeman & Guekguezian, LLP<br>230 Congress Street<br>Boston, MA 02110<br>617-423-6674<br>617-423-7152 (fax)<br>abg@achwg.com<br>*Assigned: 07/18/2005*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Metrowest Medical Center**<br>*Added: 04/12/2005*<br>*(Defendant)* | represented by | **Barbara Hayes Buell**<br>Bloom & Buell<br>1340 Soldiers Field Road<br>Suite Two<br>Boston, MA 02135-1020<br>617-254-4400<br>617-254-7610 (fax)<br>bhb@bloombuell.com<br>*Assigned: 06/28/2005*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **New England Medical Center**<br><br>*Added: 04/12/2005*<br>*(Defendant)* | represented by | **Daniel J. Griffin, Jr.**<br>Martin, Magnuson, McCarthy and Kenney<br>7th Floor<br>101 Merrimac St.<br>Boston, MA 02114<br>617-227-3240<br>617-227-3346 (fax)<br>dgriffin@mmmk.com<br>*Assigned: 05/23/2005*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Lynda R. Jensen**<br>Martin, Magnuson, McCarthy and Kenney<br>101 Merrimac St.<br>7th Floor<br>Boston, MA 02215<br>617-227-3240<br>617-227-3346 (fax)<br>lriesgo@mmmk.com |

*Assigned: 05/19/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Erol Onel**
Andover Urology Associates of Andover, Mass

*Added: 05/04/2005*
*(Defendant)*

represented by

**Daniel J. Griffin, Jr.**
Martin, Magnuson, McCarthy and Kenney
101 Merrimac St.
Boston, MA 02114
617-227-3240
617-227-3346 (fax)
dgriffin@mmmk.com
*Assigned: 06/22/2005*
*ATTORNEY TO BE NOTICED*

**Lynda R. Jensen**
Martin, Magnuson, McCarthy and Kenney
101 Merrimac St.
7th Floor
Boston, MA 02215
617-227-3240
617-227-3346 (fax)
lriesgo@mmmk.com
*Assigned: 06/22/2005*
*ATTORNEY TO BE NOTICED*

**Tufts University School of Medicine**
*Added: 04/12/2005*
*(Defendant)*

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/10/2006 09:59:19 | | | |
| **PACER Login:** | rk0007 | **Client Code:** | don |
| **Description:** | Party List | **Search Criteria:** | 1:05-cv-10798-WGY |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

SUPREME JUDICIAL COURT
BOSTON, MA. 2006-0172