UNITED STATES DISTRICT COURT
IN AND FOR THE
DISTRICT OF MASSACHUSETTS

DONALD S. KOBACK, )
    Plaintiff/Pro Se )
)
VS. ) CIVIL ACTION NO. 05-CV-10798-WGY
)
METROWEST MEDICAL CENTER, )
LEONARD MORSE HOSPITAL, )
FRAMINGHAM UNION HOSPTIAL, NEW )
ENGLAND MEDICAL CENTER, TUFTS )
UNIVERSITY SCHOOL OF MEDICINE, )
HMO BLUE OF MASSACHUSETTS, BLUE )
CROSS BLUE SHIELD OF MASS, )
EMANUEL FRIEDMAN, M.D., JOHN P. )
LONG, M.D., and EROL ONEL, M.D., )
    Defendants )

*[Handwritten: September 25, 2006, So ordered as the initial case management scheduling order. Discovery due June 30, 2007. Dispositive motions due Aug 31, 2007. /s/ William G. Young, District Judge]*

**LOCAL RULE 16.1 SUPPLEMENTAL JOINT
STATEMENT OF ALL DEFENDANTS**

A.    **JOINT CONFERENCE**

Pursuant to Federal Rules of Civil Procedure 26(F) and Local Rule 16.1(B), the pro se plaintiff and all defense counsel participated in a telephone conference on August 11, 2006 to discuss discovery issues in this matter. The participants in this telephone conference were:

1.    Donald S. Koback, *pro se* plaintiff;

2.    Barbara Hayes Buell, Esq. for the defendant MetroWest Medical Center, Leonard Morse Hospital, and Framingham Union Hospital;

3.    Matthew R. Connors, Esq. for the defendant Dr. Friedman;

4.    Judith M. Feinberg, Esq. for the defendant Dr. Long; and

5.    Lynda Riesgo Jensen, Esq. for the defendants Dr. Onel and the New England Medical Center.

Despite the best efforts of defense counsel, the parties could not agree to a discovery schedule. Accordingly, the defendants jointly submit the following proposed schedule:

**B.     PRE-DISCOVERY DISCLOSURE**

The parties will make their initial disclosures as required under Federal Rules of Civil Procedure 26(a)(1) and Local Rule 16.2 by **October 10, 2006**, pursuant to the Order of this Court.

**C.     AREAS OF ANTICIPATED DISCOVERY**

The defendants anticipate the need for discovery on various matters, including, but not limited to, each of the following:

1. The plaintiff's medical history;
2. The plaintiff's current medical status;
3. Complex medical issues involving standard of care and causation;
4. Dr. Friedman's care relative to the plaintiff;
5. Dr. Long's care relative to the plaintiff;
6. Dr. Onel's care relative to the plaintiff;
7. MetroWest Medical Center's care relative to the plaintiff;
8. Leonard Morse Hospital's care relative to the plaintiff;
9. Framingham Union Hospital's care relative to the plaintiff;
10. New England Medical Center's care relative to the plaintiff; and
11. Other matters that may arise during the course of the litigation.

**D.     DISCOVERY PLAN**

In light of the discovery needed to prepare this case for trial, all defendants propose the following discovery schedule:

1.  **Phase I:**

    In connection with developing information needed for a realistic assessment of the case, the following discovery appears necessary and appropriate in this matter:

    a.  All parties shall complete discovery by **July 31, 2007**.

    b.  Each party may serve a maximum of **40 interrogatories** on each other party with answers to same due 45 days after service.

    c.  Each party may serve a maximum of **10 requests for admissions** on each other party with responses to same due 30 days after service.

    d.  Each party may conduct a maximum of **10 depositions**. This limitation does not include keeper of the records depositions.

    e.  Each party may serve a maximum of **2 sets of requests for production of documents** on each other party with responses to same due within 30 days after service.

    f.  **Reports from retained experts** under Federal Rules of Civil Procedure 26(a)(2) shall be due:

        i.   From **plaintiff** by **February 28, 2007**; and

        ii.  From **defendants** by **March 31, 2007**.

2.  **Phase II:**

    In connection with determining information needed to prepare the case for trial, the following discovery appears necessary and appropriate in this matter:

    a.  **Depositions of expert witnesses** must be **noticed** by **April 30, 2007**, with depositions of any such expert witnesses to be **completed by June 30, 2007.**

3

    b.    **Final lists of witnesses and exhibits** under Federal Rules of Civil Procedure 26(a)(3) shall be due:

        i.    From **plaintiff** by **June 30, 2007**; and

        ii.    From **defendants** by **July 31, 2007**.

The parties shall have 10 days after service of the final lists of witnesses and exhibits to make objections under Federal Rules of Civil Procedure 26(a)(3).

**3.  Other Activities:**

The defendants propose the following:

    a.    The **plaintiff** shall make all **motions to join any additional parties or to amend the pleadings** prior to **October 11, 2006**.

    b.    The **defendants** shall make all **motions to join any additional parties or to amend the pleadings** prior to **November 30, 2006**.

    c.    All potentially **dispositive motions** shall be filed by **August 31, 2007**.

    d.    The parties request a **Pretrial Conference** in **September of 2007**.

    e.    The case should be ready for **Trial in October of 2007**.

**E.  TRIAL BY MAGISTRATE**

The defendants do not consent to a trial by a magistrate judge at this time.

**F.  SETTLEMENT PROPOSAL**

The defendants have received a demand for settlement from the pro se plaintiff in the aggregate amount of $8,700,00.00. All counsel for the defendants have conferred with their clients regarding the demand. The parties have been unable to reach an agreement to settle this matter.

**G.  CERTIFICATION OF THE DEFENDANTS AND THEIR COUNSEL**

The defendants and their counsel certify that they have conferred with a view to establishing a budget for the costs of conducting the full course of this litigation, including various alternative courses, and they have considered and discussed the resolution of this litigation through the use of alternative dispute resolution programs as outlined in Local Rule 16.4.

| ADLER, COHEN, HARVEY, WAKEMAN & GUEKGUEZIAN | MARTIN, MAGNUSON, McCARTHY & KENNEY |
|---|---|
| /s/ Judith Feinberg | /s/ Lynda Riesgo Jensen |
| Bernard Guekguezian, BBO #559191<br>Judith Feinberg, BBO #647511<br>Attorneys for defendant,<br>John P. Long<br>75 Federal Street<br>Boston, MA 02110<br>617-423-6674<br>jf@achwg.com | Daniel J. Griffin, BBO #211300<br>Lynda Riesgo Jensen, BBO #652498<br>Attorneys for defendants, Erol Onel, M.D.<br>and New England Medical Center<br>101 Merrimac Street<br>Boston, MA 02114<br>617-227-3240<br>lriesgo@mmmk.com |
| BLOOM AND BUELL | FICKSMAN & CONLEY, LLP |
| /s/ Barbara Hayes Buell | /s/ Matthew R. Connors |
| Barbara Hayes Buell, BBO #063480<br>Attorney for defendants, MetroWest Medical Center, Framingham Union Hospital and Leonard Morse Hospital<br>1340 Soldiers Field Road<br>Boston, MA 02135<br>617-254-4400<br>bhb@bloombuell.com | David M. Gould, BBO #205100<br>Matthew R. Connors, BBO #636358<br>Attorneys for the defendant,<br>Emanuel Friedman<br>98 N. Washington Street, Suite 500<br>Boston, MA 02114<br>617-720-1515<br>mconnors@ficksmanconley.com |

Dated: September 22, 2006

## CERTIFICATE OF SERVICE

I, Lynda Riesgo Jensen, counsel for the defendants, Erol Onel, M.D. and New England Medical Center, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on the 22nd day of September, 2006.

| | |
|---|---|
| Barbara Hayes Buell, Esq.<br>Bloom and Buell<br>1340 Soldiers Field Road<br>Boston, MA 02135<br>bhb@bloombuell.com<br>Attorney for defendants,<br>MetroWest Medical Center,<br>Framingham Union Hospital,<br>and Leonard Morse Hospital<br>Electronically and by U.S. mail | Bernard Guekguezian, Esq.<br>Judith Feinberg, Esq.<br>Adler, Cohen, Harvey, Wakeman<br>  & Guekguezian<br>75 Federal Street<br>Boston, MA 02110<br>jf@achwg.com<br>Attorney for defendant,<br>John P. Long<br>Electronically and by U.S. mail |
| Donald S. Koback<br>195 Sunnyside Avenue<br>Woonsocket, RI 02895<br> *Pro Se* Plaintiff<br>By U.S. mail only | Matthew R. Connors, Esq.<br>Ficksman & Conley, LLP<br>98 N. Washington Street, Suite 500<br>Boston, MA 02114<br>mconnors@ficksmanconley.com<br>Attorney for defendant Emanuel Friedman<br>Electronically and by U.S. mail |

/s/ Lynda Riesgo Jensen

Daniel J. Griffin, B.B.O. No. 211300
Lynda Riesgo Jensen, B.B.O. No. 652498
Attorney for the Defendants, Erol Onel, M.D. and
the New England Medical Center
101 Merrimac Street
Boston MA 02114
617-227-3240
lriesgo@mmmk.com