UNITED STATES DISTRICT COURT
EASTERN DIVISION
(BOSTON, MASS.)

CIVIL ACTION NO.:
1:05-CV-10798-WGY

Donald S. Koback,
plaintiff, pro se

v.

METROWEST MEDICAL
CENTER, ET. AL.
Defendants

LOCAL RULE 16.1(D)
JOINT STATEMENT (CONTINUED)
NUNC PRO TUNC - SEPTEMBER 18, 2006

SCHEDULING CONFERENCE
HEARING September 11, 2006
at 2 P.M.;

CONTINUED TO SEPTEMBER 18, 2006
2:00 P.M.

NOTE AS FOLLOWS:

Local Rules of the United States District Court for the District of Mass., LOCAL RULE 16.1(D) JOINT STATEMENT (Continued)

1. Pursuant Local Rule 26.1(c) All of the defendants combined constitute one (1) side (or a single group of parties with a common interest). As such, all of the defendants vis-à-vis the plaintiff must be limited to one (1) deposition, twenty-five (25) interrogatories, twenty-five (25) requests for admission, and two (2) separate sets of requests for production from the one (1) side referred to above, said deposition being subject to a "Motion to terminate or limit examination" pursuant to Rule 30(d) Federal Rule of Civil Procedure, RULE 30(d).

2. DEPOSITIONS UPON WRITTEN QUESTIONS pursuant to Federal Rules of Civil Procedure, RULE 31, RULE 30(d)(2) must allow at the very least, seven (7) hours worth of QUESTIONS.

nunc pro tunc Sept 18, 2006 A.D.

One Rule 31. Question ~~shall~~ must ~~all~~ allow only (five) 5 minutes to answer multiplied ~~12 8~~ (twelve) 12 five (5) minute intervals times seven (7) hours, multiplied by five (5) days for a total of no less than four hundred twenty (420) questions to each of the person(s) and/or parties previously listed in this "JOINT STATEMENT", as well as to DR. Michael P. Donovan, MetroWest Healthcare System LTD. Partnership, DR. Priya Khanner, now or formerly of Worcester Medical Center, DR. Xiangshang Li and DR. Syed Razvi, but not limited thereto.

3. Plaintiff must ~~be~~ obtain ~~answers~~ ~~to~~ admissions to his Requests for Admission pursuant to Federal Rules of Civil Procedure Rule 36 in the amount of ~~#~~ four hundred twenty (420) to each of those identified above.

Motion(s) to Defendants suffice are guaranteed Federal Rules of Civil Procedure RULE 36, Pursuant to Federal Rules of Civil Procedure. RULE 45.,

4. Plaintiff must receive at least fifteen (15) Subpoenas duces tecum (record keeper subpoenas) and fifteen (15) Federal Rules of Civil Procedure RULE 31. Depositions Upon Written Questions OR Oral Exam Subpoenas;

5. Schedule

September 18, 2006
(9-18-2006)
Scheduling Order continuation date
(See EXHIBIT 201 incorporated by reference herein)
TRIAL DATE: October 1, 2007
(10-1-2007)
PRE-TRIAL DATE: August 6, 2007
(8-6-2007)

PLAINTIFF'S EXPERT REPORTS:
MAY 3, 2007 (Federal Rule of Civil Procedure. RULE 26(b)(2).
Defendant(s) Expert Report(s):
APRIL 3, 2007

DISCOVERY DEADLINE: No later than AUGUST 6, 2007
(10-6-2007)
FINAL LISTS of Witnesses and EXHIBITS Federal Rule Civil Procedure 26(a)(3) due MAY 3, 2007 From Plaintiff APRIL 3, 2007 From Defendants. OBJECTION TEN (10) DAYS AFTER SERVICE

6. Plaintiff, DSK attempted to confer with the defendants lawyers. His hard line telephone was disrupted or intercepted not allowing him to get through violating his civil rights, privileges, and immunities. He was then compelled to utilize his cell phone. The defendant(s) through their attorney(s) maligned the plaintiff denigrating him with remarks such as to connote that the plaintiff was "MUDDY WATER" AND AS SUCH WAS "MUDDYING" THE WATER", all of the foregoing constituting bad faith;

7. BLUE CROSS BLUE SHIELD OF MASSACHUSETTS AND ~~BLUE CROSS~~ HMO BLUE OF MASSACHUSETTS IS IN POSSESSION OF THE PLAINTIFF DSK'S INITIAL DISCLOSURES pursuant to Federal Rules of Civil Procedure 26(a)(.) and Local Rule 16.2 — to wit, signed releases to each of the defendant(s) in care of their ~~above~~ attorneys at law allowing inspection and copying at their own expense; ~~Heretofore~~ to October 10, 2006,;

In the hands of BLUE CROSS BLUE SHIELD of MASS of HMO BLUE of MASS prior

8. The plaintiff hereby moves to join the United States of America ~~as~~ in the nature of interpleader regarding Plaintiff's "Doctrine of Rigid Variation", but not excluded thereto;

9. The defendant(s) ~~shall must~~ shall make all motions to join additional parties or to amend pleadings by October ~~~~ 18, 2006

10. Plaintiff repeats what he asserted on Sept. 11, 2006 Scheduling conference & ~~re~~ trial by magistrate or submission to Alternative Dispute Resolution ~~will~~ will not "... BEAR FRUIT IN A CASE OF THIS NATURE ...";

11. The plaintiff offers to settle ~~for $~~ in the aggregate amount of $ 8,700,000.00, net after all deductions, ~~liens~~ liens, inter alia, to the plaintiff, payable which ~~offer to settle~~ expires 12-25-2006

after attempted telephonic conference on August 14, 2006,

12. Certification - Plaintiff Donald S. Kaback, hereby certifies as follows: Local Rule 16.1(D)(1)(a) and 16.1(D)(1)(b) has ~~taken~~ "[taken] into account the desirability of conducting phased discovery in which the first phase is limited ~~to developing~~ information needed for a realistic assessment of the case" but has been illegally, unconstitutionally thwarted and thwarted in his "attempt to prepare for trial..."; Local Rule 16.1(D)(3)(a) and Local Rule 16.1(D)(3)(b) ~~LR 16.1(D)(3)(a)~~ (and (b)) "with a view to establishing a budget for the course of conducting the full course - and various alternative courses - of the litigation; and [considering] the resolution of the litigation through the use of alternative dispute resolution

programs, as outlined in
LR 16.4 ..."

^ such

DS Koback
Donald S. Koback
September 18, 2006
NUNC PRO TUNC

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Smith, Bonnie entered on 8/4/2006 at 9:00 AM EDT and filed on 8/4/2006
Case Name: Koback v. Metrowest Medical Center et al
Case Number: 1:05-cv-10798
Filer:
Document Number:

Docket Text:
ELECTRONIC NOTICE of Hearing : Scheduling Conference set for 9/11/2006 02:00 PM in Courtroom 18 before Judge William G. Young. (Smith, Bonnie)

The following document(s) are associated with this transaction:


1:05-cv-10798 Notice will be electronically mailed to:

Barbara Hayes Buell     bhb@bloombuell.com

Matthew R. Connors     mconnors@ficksmanconley.com

Judith M. Feinberg     jf@achwg.com

David M. Gould     Dgould@ficksmanconley.com

Daniel J. Griffin , Jr     dgriffin@mmmk.com

A. Bernard Guekguezian     abg@achwg.com

Joseph D. Halpern     joseph.halpern@bcbsma.com

Lynda R. Jensen     lriesgo@mmmk.com

1:05-cv-10798 Notice will not be electronically mailed to:

Donald S. Koback
195 Sunnyside Avenue
Woonsocket, RI 02895

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Paine, Matthew entered on 9/25/2006 at 1:47 PM EDT and filed on 9/25/2006
Case Name: Koback v. Metrowest Medical Center et al
Case Number: 1:05-cv-10798
Filer:
Document Number: 124

Docket Text:
Judge William G. Young : ORDER entered. re [123] JOINT STATEMENT is SO ORDERED as the Case Mangement Scheduling Order. DISCOVERY DUE June 30, 2007 and DISPOSITIVE MOTIONS DUE August 30, 2007. (Paine, Matthew)

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:yes
Electronic document Stamp:
[STAMP dcecfStamp_ID=1029851931 [Date=9/25/2006] [FileNumber=1586253-0
] [49f76ad3f4ce0470daff370f70de9198855988e0a372709f7c64c6a5ccfb1fa604a
60ee36ad703396f0b880dac3106bf5615750d3556854004f613e27342652f]]

1:05-cv-10798 Notice will be electronically mailed to:

Barbara Hayes Buell    bhb@bloombuell.com

Matthew R. Connors    mconnors@ficksmanconley.com

Judith M. Feinberg    jf@achwg.com

David M. Gould    Dgould@ficksmanconley.com

Daniel J. Griffin , Jr    dgriffin@mmmk.com

A. Bernard Guekguezian    abg@achwg.com

Joseph D. Halpern    joseph.halpern@bcbsma.com

Lynda R. Jensen    lriesgo@mmmk.com

1:05-cv-10798 Notice will not be electronically mailed to:

Donald S. Koback
195 Sunnyside Avenue
Woonsocket, RI 02895