UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Western Division                                    DOCKET NO.: 10798-W64

DONALD S. KOBACK        )
    Plaintiff           )
                        )
VS.                     )
                        )
EMANUEL FRIEDMAN, M.D. et al  )
    Defendants          )

### MOTION OF THE DEFENDANT, EMANUEL FRIEDMAN, M.D., TO STRIKE PLAINTIFF'S REQUESTS FOR ADMISSIONS

Now comes the defendant, Emanuel Friedman, M.D., and respectfully requests that this Honorable Court strike the plaintiff's requests for admissions which his counsel received on November 8, 2006. According to the docket, the plaintiff also filed these requests with the court, therefore, Dr. Friedman is not attaching another copy. Grounds in support of this motion are set forth below.

**I      INTRODUCTION**

This is an alleged medical malpractice action in which the plaintiff, Donald S. Koback, contends that Emanuel Friedman, M.D., was somehow negligent in his treatment of him. Mr. Koback has not furnished any expert support for his claims against Dr. Friedman and has not described in a clear and understandable way exactly what it is Dr. Friedman is actually alleged to have done. The irrefutable evidence is that Dr. Friedman performed surgery on Mr. Koback on August 4, 1993. Dr. Friedman saw Mr. Koback on May 15, 1998 solely for a consultation. Dr. Friedman provided no treatment for Mr. Koback on this last date of treatment. In light of the undisputed evidence, Dr. Friedman will shortly be filing a motion for summary judgment as the plaintiff's claims are barred by the Statute of Repose.

-2-

Despite Dr. Friedman's limited role in the plaintiff's treatment, which ended in May of 1998, he has been named as a defendant in this case without any expert support and has now been served with Requests for Admissions. The requests contain over 90 paragraphs of convoluted, argumentative, long paragraphs concerning the co-defendants and numerous matters which have no bearing whatsoever on Dr. Friedman.

**II    ARGUMENT**

Federal Rules of Civil Procedure, Rule 36, permits parties to serve Requests for Admissions which relate to statements of opinions of fact or the application of law to fact, including the genuineness of any documents described in the requests. The purpose of the requests is to narrow fact and legal issues and to streamline discovery. Rule 36 does not permit a party to use Request for Admissions to harass other parties or to complicate, confuse and protract the discovery process.

Review of the plaintiff's Requests for Admissions confirms that the plaintiff is seeking to require Dr. Friedman to research the claims against all of the defendants and admit or deny whether the plaintiff's allegations against them are true in addition to the allegations against Dr. Friedman. The requests are so broad and difficult to decipher and comprehend that it is impossible for Dr. Friedman to respond to the requests. By way of very brief example, Request 2.51 consists of approximately 139 lines and spans 5 pages. Request 2.52 consists of approximately 103 lines and spans 4 ½ pages. Request 2.59 consists of approximately 76 lines and spans 2 ½ pages. The examples of these incredibly long, argumentative, convoluted requests are abundant in the Requests for Admissions. The intermingling of the alleged facts, claims of negligence, claims against each of the co-defendants, and the shear length and confusing nature of the requests, makes it impossible for Dr. Friedman to meaningfully respond.

-3-

Dr. Friedman respectfully submits that, if the plaintiff seeks to serve Requests for Admissions on him, they should contain 1 fact or claim per request and they should pertain only to Dr. Friedman, the dates Dr. Friedman treated the plaintiff and the treatment Dr. Friedman actually rendered. If requests can be properly drafted in this format, Dr. Friedman can respond.

For the reasons set forth above the defendant, Dr. Friedman, respectfully requests that this Honorable Court strike the plaintiff's Requests for Admissions.

Respectfully submitted<br>by his attorneys,

/s/ Matthew R. Connors
MATTHEW R. CONNORS
BBO# 636358
Ficksman & Conley, LLP
98 No. Washington Street - Suite 500
Boston, MA 02114
(617) 720-1515

CERTIFICATE OF SERVICE

I, Matthew R. Connors, attorney for said defendant, hereby make oath that I have this day erved a copy of the attached: **MOTION OF THE DEFENDANT, EMANUEL FRIEDMAN, M.D., TO STRIKE PLAINTIFF'S REQUESTS FOR ADMISSIONS** upon all parties, by mailing a copy thereof, postage pre-paid, directed to Donald S. Koback, Pro Se, 195 Sunnyside Avenue, Woonsocket, RI 02895.
Signed under the pains and penalties of perjury.
DATED:   November 22, 2006

/s/ Matthew R. Connors
**MATTHEW R. CONNORS**
B.B.O. #636358