UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION (BOSTON, MASS.)

Civil Action No.: 1:05-CV-10798-WGY

DONALD S. KOBACK,
PLAINTIFF, PRO SE

VS.

METROWEST MEDICAL CENTER, LEONARD MORSE HOSPITAL, FRAMINGHAM UNION HOSPITAL, NEW ENGLAND MEDICAL CENTER, EMANUEL FRIEDMAN, M.D., JOHN P. LONG, JR., M.D. AND EROL ONEL, M.D.,
DEFENDANTS

FILED CLERKS OFFICE
2006 NOV 29 P 2:16
U.S. DISTRICT COURT
DISTRICT OF MASS.

PLAINTIFF, DONALD S. KOBACK'S MEMORANDUM IN SUPPORT OF ENTRY OF DEFAULT, Fed. R. Civ. P. RULE 55(a) AGAINST THE DEFENDANT, EMANUEL FRIEDMAN, M.D.

THE <u>MOTION OF THE DEFENDANT, EMANUEL FRIEDMAN, M.D., TO STRIKE PLAINTIFF'S REQUESTS FOR ADMISSIONS</u>[sic] IS FATALLY FLAWED.

1st. DEFENDANT'S MOTION DOES NOT POSSESS PIN POINT ACCURACY, AS IN FACT, PLAINTIFF'S REQUEST FOR ADMISSION IS ENTITLED
<u>PLAINTIFF, DONALD S. KOBACK'S REQUEST FOR ADMISSION UNDER RULE 36.
Fed. R. Civ. P. RULE 36.
M.D. EMANUEL FRIEDMAN, DEFENDANT</u>;

2nd. THE CALCULATED CIRCUMVENTED, WHAT PURPORTS TO BE, THE <u>ANSWER OF THE DEFENDANT, EMANUEL FRIEDMAN, M.D., TO PLAINTIFF'S COMPLAINT...
FIRST DEFENSE...
SECOND DEFENSE...
THIRD DEFENSE...
FOURTH DEFENSE...
FIFTH DEFENSE...</u>
WAS NOT ANSWERED OR PLEAD UNDER PAINS AND PENALTIES OF PERJURY, AS THE DEFENDANT

WAS REQUIRED TO DO SINCE PLAINTIFF COMPLAINT WAS A VERIFIED COMPLAINT WITH AFFADAVIT IN ACCORD WITH Fed. R. Civ. P. RULE 9(b) WHICH AVERRED FRAUD, MISTAKE WITH PARTICULARITY; AS SUCH, THERE IS NO ANSWER, NOR AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT;

3rd. Fed. R. Civ. P. RULE 9(b) FRAUD, MISTAKE,... RULES AS FOLLOWS: "IN ALL AVERMENTS OF FRAUD OR MISTAKE, THE CIRCUMSTANCES CONSTITUTING FRAUD OR MISTAKE SHALL BE STATED WITH PARTICULARITY." -- NOT GENERALLY.
ERGO, PLAINTIFF'S COMPLAINT AND REQUEST FOR ADMISSION (SEE FORM 25, <u>MASSACHUSETTS RULES OF COURT FEDERAL 2006</u>) MUST BE LENGTHY AND MUST RELATE TO A CAST OF CHARACTERS — to wit — OTHER MEDICAL DOCTORS, HOSPITALS WHO PLAYED LEADING ROLES, JOINTLY AND SEVERALLY,

ACTING IN CONCERT, ... TO MUTILATE PLAINTIFF'S PENIS, SCROTUM, OTHER BODY PARTS - TO CAUSE PLAINTIFF'S PENIS TO BE REDUCED TO ZERO INCHES;

4th. DEFENDANT, EMANUEL FRIEDMAN'S FIRST DEFENSE (ANSWER TO PLAINTIFF'S COMPLAINT) CONTAIN THIRTY (30) ADMISSIONS AND DENIALS. PLAINTIFF'S REQUEST FOR ADMISSION (SEE TITLE OF DOCUMENT IN THE THE 1st. STATEMENT OF FACT AND LAW) ARE NO MORE DIFFICULT FOR THE DEFENDANT TO ADMIT OR DENY THAN THE PLAINTIFF'S COMPLAINT WAS. THE DEFENDANT MOTION TO STRIKE PLAINTIFF'S REQUEST FOR ADMISSIONS (See TITLE OF DOCUMENT IN 1st. STATEMENT OF FACT AND LAW) IS A MERE RUSE TO AVOID SIGNING PLAINTIFF'S REQUEST FOR ADMISSION UNDER PAINS

AND PENALTIES OF PERJURY;

5th. PLAINTIFF SERVED THE DEFENDANT, EMANUEL FRIEDMAN, M.D. ON JUNE 3, 2005. Fed. R. Civ. P. RULE 12(a)(1) REQUIRES AN ANSWER AND AFFIRMATIVE DEFENSES TO BE FILED WITHIN 20 DAYS AFTER SERVICE. THE DEFENDANT CONTENDS THAT HIS ANSWER AND AFFIRMATIVE DEFENSES WERE FILED AND SERVED ON APRIL 10, 2006 (311 DAYS AFTER SERVICE) THE RECORD IS DEVOID OF DEFENDANT'S MOTION TO FILE LATE ANSWER OR MOTION TO ENLARGE TIME TO ANSWER PURSUANT TO Fed. R. Civ. P. RULE 6(b) — NO MOTION TO FILE LATE ANSWER WAS EVER FILED, SERVED, OR ALLOWED BY THE COURT AS OF THIS DATE. BY WHAT AUTHORITY (THE SPIRIT OF THE LAW?) DOES THE

DEFENDANT, EMANUEL FRIEDMAN, M.D. AND HIS COUNSELLORS AT LAW WALTZ IN AND OUT OF THE COURT (THREE HUNDRED ELEVEN – 311 DAYS LATE) WHILE THE MUTILATED, BUTCHERED PLAINTIFF IS COMPELLED TO A STRAIGHT JACKETED, NITTY GRITTY COUNTDOWN (THE LETTER OF THE LAW?);

6th. THE DEFENDANT, EMANUEL FRIEDMAN, M.D. TRIES TO TIP TOE AWAY FROM RESPONSIBILITY AND INVOLVEMENT WITH THE PLAINTIFF BY STATING "DR. FRIEDMAN SAW MR. KOBACK ON MAY 15, 1998 SOLELY FOR A CONSULTATION." THE TRUTH IS THAT THIS MAY 15, 1998 MISTREATMENT OF THE PLAINTIFF WAS IN THE NATURE OF "CONTINUING TREATMENT," WHICH LAST WELL BEYOND MAY 15, 1998;

7th. The Defendant, EMANUEL FRIEDMAN, M.D.,'s "SECOND DEFENSE" READS, IN PART, "... the said defendant says THAT THE COMPLAINT, AND EACH AND EVERY COUNT THEREOF, FAILS TO STATE A CAUSE OF ACTION." (EMPHASIS ADDED) THERE IS NO SUCH DEFENSE. Fed. R. Civ. P, RULE 12(b)(6) permits A DEFENSE OF "... FAILURE TO STATE A CLAIM UPON WHICH RELEIF CAN BE GRANTED...";

8th. SEE 2nd. STATEMENT OF FACT AND LAW (NOTE TITLE OF DOCUMENT). THERE IS NO DATE ON THE DEFENDANT'S ATTEMPTED ANSWER WITH FOUR ADDITIONAL DEFENSES. RESPONSIVE PLEADINGS WITHOUT DATES (DAY, MONTH, YEAR) ARE NULL AND VOID;

9th. NOTWITHSTANDING DEFENDANT, EMANUEL FRIEDMAN, M.D.'S POOR EXCUSE OF AN ANSWER WITH FOUR (4) AFFIRMATIVE DEFENSES, THE DEFENDANT AND ATTORNEY AT LAW MISSED GAME POINT ENTIRELY WHEN THEY FILED THEIR <u>MOTION OF THE DEFENDANT, EMANUEL FRIEDMAN, M.D. TO STRIKE PLAINTIFF'S REQUESTS FOR ADMISSIONS [sic]</u> No Fed. R. Civ. P. CONCOMITANT.

THE DEFENDANT, EMANUEL FRIEDMAN, M.D. FAILED TO GO FORWARD WITH HIS Fed. R. Civ. P. RULE 12(b)(6) (WHICH HE DID NOT PRESERVE SEE 7th. above) AND ALL OTHER DEFENSES IN CONJUNCTION, SIMULTANEOUSLY WITH HIS MOTION TO STRIKE PLAINTIFF'S REQUEST FOR ADMISSIONS [sic]. Fed. R. Civ. P. RULE 12(g) CONSOLIDATION OF DEFENSES IN MOTION.

Fed. R. Civ. P. RULE 12(g) READS, COMMANDS:

"A PARTY WHO MAKES A MOTION UNDER THIS RULE [12] MAY JOIN WITH IT ANY OTHER MOTIONS HEREIN PROVIDED FOR AND THEN AVAILABLE TO THE PARTY. IF THE PARTY MAKES A MOTION UNDER THIS RULE, BUT OMITS THEREFROM ANY DEFENSE OR OBJECTION THEN AVAILABLE TO THE PARTY WHICH THIS RULE PERMITS TO BE RAISED BY MOTION, THE PARTY SHALL NOT THEREAFTER MAKE A MOTION BASED ON THE DEFENSE OR OBJECTED SO OMITTED.

10th. DEFENDANT EMANUEL FRIEDMAN AND HIS COUNSELLORS AT LAW KNOWINGLY EXAGGERATE THE "SPAN" AS HE PUTS IT OF APPROX. 139 LINES, 103 LINES, 76 LINES, SPANS 5 pages, 4½ pages, AND 2½ PAGES. WHEN HE KNOWS THAT THESE HANDWRITTEN REQUESTS CAN BE CONDENSED BY A TYPEWRITER OR a word processor;

11th. DEFENDANT, EMANUEL FRIEDMAN'S BELABORS, BEATS VIGOROUSLY WITH HEAVY BLOWS WITH WORD LIKE THE "...SHEAR LENGTH... ARE CONFUSING TO HIM. IF HE SIMPLY "SHRINKS" THEM WITH HIS TYPEWRITER THEY'LL BE MORE MANAGEABLE.

CONCLUSION:

PLAINTIFF, DONALD S. KOBACK'S

<u>ENTRY OF DEFAULT</u>
<u>Fed. R. Civ. P. RULE 55(a)</u>
<u>AGAINST THE DEFENDANT,</u>
<u>EMANUEL FRIEDMAN, M.D.,</u>

MUST BE ENTERED.

Submitted,

*Donald S. Koback*

Donald S. Koback
PLAINTIFF,
PRO SE
NOVEMBER 28, 2006

# CERTIFICATE OF SERVICE

11-28-2006

Without waiving any rights, etc. as aforesaid, I, DONALD S. KOBACK, PLAINTIFF, PRO SE, CASE NO. 1:05-CV-10798-WGY (DONALD S. KOBACK VS. METROWEST MEDICAL CENTER, ET. AL.) HEREBY CERTIFY THAT THE FOLLOWING DOCUMENTS, INCLUDING THIS CERTIFICATE OF SERVICE) WERE MAILED (FILED (EN ROUTE) AND SERVED ON THE FOLLOWING ATTORNEYS WHO REPRESENT THE DEFENDANTS — POSTAGE PREPAID.

DSK 11-28-2006

## DOCUMENTS

1. PLAINTIFF, DONALD S. KOBACK'S MEMORANDUM IN SUPPORT OF ENTRY OF DEFAULT, Fed. R. Civ. P. RULE 55(a) AGAINST THE DEFENDANT, EMANUEL FRIEDMAN, M.D.;

2. DEFENDANTS' ATTORNEYS AT LAW

Barbara Hayes Buell, Esq.
Bloom and Buell
1340 Soldiers Field Road
Boston, MA 02135

Daniel J. Griffin, ESQ.
Lynda Riesgo Jensen, ESQ.
101 Merrimac Street
Boston MA 02114

Bernard Guekguezian, Esq.
Judith Feinberg, Esq.
Adler, Cohen, Harvey, Wakeman & Guekguezian
75 Federal Street, 10th. FLOOR
Boston, MA 02110

Matthew R. Connors, Esq.
Ficksman & Conley, LLP
98 N. Washington Street, Suite 500
Boston, MA 02114.

NOVEMBER 28, 2006

SIGNED UNDER PAINS AND PENALTIES OF PERJURY ON NOVEMBER 28, 2006.

_Donald S. Koback_
DONALD S. KOBACK, PLAINTIFF
PRO. SE. DATE: NOVEMBER 28, 2006