UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EASTERN DIVISION<br>BOSTON, MASSACHUSETTS<br><br>DONALD S. KOBACK,<br>PLAINTIFF,<br>PRO SE<br><br>VS.<br><br>METROWEST MEDICAL<br>CENTER, ET. AL. | CIVIL ACTION NO.:<br><br>1:05-CV-10798-<br>WGY |

PLAINTIFF DONALD S. KOBACK's SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ENTRY OF DEFAULT, Fed.R.Civ.P. RULE 55(a) AGAINST THE DEFENDANT EMANUEL FRIEDMAN, M.D. AND MOTION FOR DEFAULT JUDGMENT RULE 55(b)(1) AND/OR RULE 55(b)(2)

PLAINTIFF DONALD S. KOBACK, ATTACHES A COPY OF Fed.R.Civ.P. RULE 12(g) AND INCORPORATES IT BY REFERENCE (EXHIBIT 01) INTO HIS 9th. STATEMENT OF FACT AND LAW IN HIS INITIAL MEMORANDUM DATED NOVEMBER 28, 2006. PLAINTIFF INSERTS "OBJECTION" RATHER THAN "OBJECTED" NUNC PRO TUNC, COULD DONE THEN, DONE NOW;

FURTHER, PLAINTIFF ATTACHES A COPY OF FORM 20 (Page 71) MASSACHUSETTS RULE OF COURT 2006    EXHIBIT 02.

The defendant, EMANUEL FRIEDMAN, M.D. FAILED TO PLEAD Fed.R.Civ.P. 12(b)(6) DEFENSE THAT "The complaint fails to state a claim against the defendant upon which relief can be granted." (DEMURRER).

MOREOVER,
The defendant, EMANUEL FRIEDMAN, M.D., FAILED TO PLEAD Fed.R.Civ.P. RULE 8(c) AFFIRMATIVE DEFENSE WHICH MUST AVER OR PLEAD BUT WHICH DID NOT AVER OR PLEAD, THAT "The right of action set forth in the complaint did not accrue within six year NEXT BEFORE THE COMMENCEMENT OF THIS ACTION."

The defendant's passing reference to "failure to state a cause of action" OR "...this action has not been brought within the time specified by the general laws of this Commonwealth." do not comport

WITH THE WORDS OF LEGAL ART AS CONTAINED IN FORM 20 AND AS REQUIRED, MANDATED BY THE FEDERAL RULES OF CIVIL PROCEDURE AND THE UNITED STATES CODE,

In light of said failure to plead his ~~to~~ Fed. R. Civ. P. RULE 12(a) and 12(b)(6) AND RULE 8(c) AFFIRMATIVE DEFENSE, THE DEFENDANT EMANUEL FRIEDMAN, M.D. HAS FAILED TO PLEAD SAID DEFENSES, HAS FILED A MOTION TO STRIKE (. DENIED BY THE COURT) WHICH MOTION MUST NECESSARILY HAVE BEEN ACCOMPANIED BY RULE 12(b)(6) AND RULE 8(c) DEFENSES WHICH WERE SO ACCOMPANIED, AND WERE, THEREFORE LOST FOREVER Fed. R. Civ. P. 12(g)

WHEN A PARTY FAILS TO PLEAD A DEFENSE OR FAILS TO INCLUDE HIS DEFENSE AT THE TIME OF HIS MOTION TO STRIKE, SAID PARTY DEFENDANT CANNOT MOVE OR

BE HEARD ON THOSE DEFENSES AGAIN.

FINALLY, AS A MATTER OF LAW A' Fed. R. Civ. P. RULE 56 MOTION (A SPEAKING DEMURRER) FOR SUMMARY JUDGMENT CANNOT BE BROUGHT FORWARD OR ALLOWED IF THE UNDERLYING RULE 12(b)(6) AND RULE 8(c) DEFENSES HAVE FAILED OR HAVE NOT BEEN PLEAD OR DID NOT ACCOMPANY AS IN THIS CASE, DEFENDANT EMANUEL FRIEDMAN'S MOTION TO STRIKE [134] ; THERE BEING A GENUINE ISSUE OF MATERIAL FACT, MC COMSEY v. LEAF, 97 P.2d 242, M.G.L. CHAPTER 260, Sec 1, Fourth, Estoppel.)

NOVEMBER 30, 2006

LEAST BUT NOT LAST ADD "ET. AL." IN THE CAPTION AFTER ONE!, M.D. OF Fed. R. Civ. P. RULE 55 PLEADINGS DATED 11-27-2006 AND 11-28-2006, NUNC PRO TUNC.

SUBMITTED

*Donald Kuback*

DONALD S. KUBACK
PLAINTIFF,
PRO SE
11-30-2006
NOVEMBER 30, 2006

## CERTIFICATE OF SERVICE

Without waiving any rights privileges, or immunities, I, DONALD S. KOBACK, PLAINTIFF, PRO SE, (CIVIL ACTION NO.: 1:05-CV-10798-WGY, DONALD S. KOBACK VS. METROWEST MEDICAL CENTER, ET. AL.) HEREBY CERTIFY THAT THE FOLLOWING DOCUMENTS INCLUDING THIS CERTIFICATE OF SERVICE WERE MAILED (FILED, EN ROUTE) AND SERVED, POSTAGE PREPAID ON THE FOLLOWING ATTORNEYS AT LAW WHO REPRESENT OR ARE RETAINED BY THE DEFENDANTS —

1. DOCUMENTS:

A. PLAINTIFF, DONALD S. KOBACK'S MOTION FOR JUDGMENT BY DEFAULT Fed.R.Civ.P. RULE 55(b) AGAINST EMANUEL FRIEDMAN, M.D. EXHIBITS 01 AND 02;

B. PLAINTIFF, DONALD S. KOBACK'S SUPPLEMENTAL MEMORANDUM IN SUPPPORT OF ENTRY OF DEFAULT Fed.R.Civ.P. RULE 55(a) AGAINST THE DEFENDANT, EMANUEL FRIEDMAN, M.D., AND MOTION FOR DEFAULT JUDGMENT RULE 55(b)(1) and RULE 55(b)(2);

2. DEFENDANTS' ATTORNEYS AT LAW:

Barbara Hayes Buell, Esq.
Bloom and Buell
1340 Soldiers Field Road
Boston, MA 02135

Daniel J. Griffin, ESQ.
Lynda Riesgo Jensen, ESQ.
101 Merrimac Street
Boston MA 02114

Bernard Guekguezian, Esq.
Judith Feinberg, Esq.
Adler, Cohen, Harvey, Wakeman & Guekguezian
75 Federal Street, 16th FLOOR
Boston, MA 02110

Matthew R. Connors, Esq.
Ficksman & Conley, LLP
98 N. Washington Street, Suite 500
Boston, MA 02114.

DATE: NOVEMBER 30, 2006

SIGNED UNDER PAINS AND PENALTIES OF PERJURY ON NOVEMBER 28, 2006.

_Donald S. Koback_
DONALD S. KOBACK, PLAINTIFF
PRO SE  DATE: NOVEMBER 30, 2006

EXHIBIT 01

PLEADINGS AND MOTIONS                                    Rule 12

EXHIBIT 01

**RULE 11. SIGNING OF PLEADINGS, MOTIONS, AND OTHER PAPERS; REPRESENTATIONS TO COURT; SANCTIONS**

(a) **Signature.** Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

(b) **Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) **Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) *How Initiated.*

(A) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

(B) On Court's Initiative. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

(2) *Nature of Sanction; Limitations.* A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

(A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

(B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

(3) *Order.* When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

(d) **Inapplicability to Discovery.** Subdivisions (a) through (c) of this rule do not apply to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 26 through 37.

[Amended April 28, 1983, effective August 1, 1983; March 2, 1987, effective August 1, 1987; April 22, 1993, effective December 1, 1993.]

EXHIBIT 01

**RULE 12. DEFENSES AND OBJECTIONS—WHEN AND HOW PRESENTED—BY PLEADING OR MOTION—MOTION FOR JUDGMENT ON THE PLEADINGS**

(a) **When Presented.**

(1) Unless a different time is prescribed in a statute of the United States, a defendant shall serve an answer

EXHIBIT O

**Rule 12**  FEDERAL RULES OF CIVIL PROCEDURE

(A) within 20 days after being served with the summons and complaint, or

(B) if service of the summons has been timely waived on request under Rule 4(d), within 60 days after the date when the request for waiver was sent, or within 90 days after that date if the defendant was addressed outside any judicial district of the United States.

(2) A party served with a pleading stating a cross-claim against that party shall serve an answer thereto within 20 days after being served. The plaintiff shall serve a reply to a counterclaim in the answer within 20 days after service of the answer, or, if a reply is ordered by the court, within 20 days after service of the order, unless the order otherwise directs.

(3)(A) The United States, an agency of the United States, or an officer or employee of the United States sued in an official capacity, shall serve an answer to the complaint or cross-claim—or a reply to a counterclaim—within 60 days after the United States attorney is served with the pleading asserting the claim.

(B) An officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States shall serve an answer to the complaint or cross-claim—or a reply to a counterclaim—within 60 days after service on the officer or employee, or service on the United States attorney, whichever is later.

(4) Unless a different time is fixed by court order, the service of a motion permitted under this rule alters these periods of time as follows:

(A) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action; or

(B) if the court grants a motion for a more definite statement, the responsive pleading shall be served within 10 days after the service of the more definite statement.

**(b) How Presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at the trial any defense in law or fact to that claim for relief. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

**(c) Motion for Judgment on the Pleadings.** After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

**(d) Preliminary Hearings.** The defenses specifically enumerated (1)–(7) in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (c) of this rule shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial.

**(e) Motion for More Definite Statement.** If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

**(f) Motion to Strike.** Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. [EXHIBIT O1]

**(g) Consolidation of Defenses in Motion.** A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter ma objection so o subdivision (h) stated.

**(h) Waiver**

(1) A defens improper ven ciency of serv from a motion vision (g), or ( this rule nor i amendment tl made as a mat

(2) A defens relief can be party indispen failure to state in any pleading or by motion f trial on the me

(3) Wheneve ties or otherw the subject ma

[Amended Dece January 21, 196 effective July 1 1987; April 22, 2000, effective D

**RUL**

**(a) Compul** state as a cou serving the p opposing part occurrence tha party's claim a the presence o acquire jurisdi the claim if (1) the claim was or (2) the oppo by attachment not acquire jur on that claim counterclaim u

**(b) Permiss** state as a cou party not arisi that is the si claim.

**(c) Counte** counterclaim 1 recovery sougi relief exceedir that sought i

14

EXHIBIT 01

[EXHIBIT 01]

the ad-
e in law
motion
niss for
n which
ding are
the mo-
dgment
parties
sent all
Rule 56.

rs. Af-
time as
r judg-
lgment
gs are
he mo-
lgment
parties
ent all
ule 56.

specifi-
is rule,
nd the
(c) of
rial on
s that
ferred

If a
nitted
eason-
g, the
efore
shall
etails
of the
of the
y fix,
otion
just.

by a
spon-
otion
e of
own
cken
any
lous

par-
with
hen
tion
 or
ule
not

thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

(h) **Waiver or Preservation of Certain Defenses.**

(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

(2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.

(3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

[Amended December 27, 1946, effective March 19, 1948; January 21, 1963, effective July 1, 1963; February 28, 1966, effective July 1, 1966; March 2, 1987, effective August 1, 1987; April 22, 1993, effective December 1, 1993; April 17, 2000, effective December 1, 2000.]

## RULE 13. COUNTERCLAIM AND CROSS–CLAIM

(a) **Compulsory Counterclaims.** A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon the claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.

(b) **Permissive Counterclaims.** A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.

(c) **Counterclaim Exceeding Opposing Claim.** A counterclaim may or may not diminish or defeat the recovery sought by the opposing party. It may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party.

(d) **Counterclaim Against the United States.** These rules shall not be construed to enlarge beyond the limits now fixed by law the right to assert counterclaims or to claim credits against the United States or an officer or agency thereof.

(e) **Counterclaim Maturing or Acquired After Pleading.** A claim which either matured or was acquired by the pleader after serving a pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading.

(f) **Omitted Counterclaim.** When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment.

(g) **Cross-Claim Against Co-party.** A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

(h) **Joinder of Additional Parties.** Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20.

(i) **Separate Trials; Separate Judgments.** If the court orders separate trials as provided in Rule 42(b), judgment on a counterclaim or cross-claim may be rendered in accordance with the terms of Rule 54(b) when the court has jurisdiction so to do, even if the claims of the opposing party have been dismissed or otherwise disposed of.

[Amended December 27, 1946, effective March 19, 1948; January 21, 1963, effective July 1, 1963; February 28, 1966, effective July 1, 1966; March 2, 1987, effective August 1, 1987.]

## RULE 14. THIRD–PARTY PRACTICE

(a) **When Defendant May Bring in Third Party.** At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer. Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action. The person served with the summons and third-party complaint, hereinafter called the third-party defendant, shall make any defenses to the

15

EXHIBIT 02

APPENDIX OF FORMS                                                Form 20

94 Stat. 2369. Also note that the amount in controversy required in diversity of citizenship suits under 28 U.S.C.A. § 1332(a) was increased to $75,000 by Pub.L. 104–317, Title II, § 205(a), October 19, 1996, 110 Stat. 385.

EXHIBIT 02

**FORM 20. ANSWER PRESENTING DEFENSES UNDER RULE 12(b)**

First Defense  [EXHIBIT 02]

The complaint fails to state a claim against defendant upon which relief can be granted.

Second Defense

If defendant is indebted to plaintiffs for the goods mentioned in the complaint, he is indebted to them jointly with G. H.  G. H. is alive; is a citizen of the State of New York and a resident of this district, is subject to the jurisdiction of this court, as to both service of process and venue; can be made a party without depriving this court of jurisdiction of the present parties, and has not been made a party.

Third Defense

Defendant admits the allegation contained in paragraphs 1 and 4 of the complaint; alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint; and denies each and every other allegation contained in the complaint.

Fourth Defense  [EXHIBIT 02]

The right of action set forth in the complaint did not accrue within six years next before the commencement of this action.

Counterclaim

(Here set forth any claim as a counterclaim in the manner in which a claim is pleaded in a complaint. No statement of the grounds on which the court's jurisdiction depends need be made unless the counterclaim requires independent grounds of jurisdiction.)

Cross-Claim Against Defendant M. N.

(Here set forth the claim constituting a cross-claim against defendant M. N. in the manner in which a claim is pleaded in a complaint. The statement of grounds upon which the court's jurisdiction depends need not be made unless the cross-claim requires independent grounds of jurisdiction.)

**Notes of Advisory Committee**

The above form contains examples of certain defenses provided for in Rule 12(b). The first defense challenges the legal sufficiency of the complaint. It is a substitute for a general demurrer or a motion to dismiss.

The second defense embodies the old plea in abatement; the decision thereon, however, may well provide under Rules 19 and 21 for the citing in of the party rather than an abatement of the action.

The third defense is an answer on the merits.

The fourth defense is one of the affirmative defenses provided for in Rule 8(c).

71