UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Western Division                                        DOCKET NO.: 10798-W64

DONALD S. KOBACK          )
    Plaintiff             )
                          )
VS.                       )
                          )
EMANUEL FRIEDMAN, M.D. et al )
    Defendants            )

### DEFENDANT, EMANUEL FRIEDMAN, M.D.'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

Defendant, Emanuel Friedman, M.D., has moved for summary judgment on the grounds that the plaintiff's claims against him are barred by the applicable statute of limitations, M.G.L.A. c. 260 §4. Dr. Friedman respectfully submits this memorandum of law in support of his motion for summary judgment.

### SUMMARY JUDGMENT STANDARD

When considering a motion for summary judgment, the burden is upon the moving party to show, based upon pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

-2-

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The non-moving party must produce his own evidence. *Hughes v. Joliet Correctional Center,* 931 F.2d 425, 428 (7th Cir. 1991). The non-moving party "must do more than simply show that there exists some metaphysical doubt as to the materials facts." *Matsuhita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

## ARGUMENT

**The plaintiff's claims against Dr. Friedman are time barred, as a matter or law, pursuant to M.G.L.A. c. 260 §4.**

In accordance with M.G.L.A. c. 260 §4, "actions of contract or tort for malpractice, error or mistake against physicians, surgeons, dentists, optometrists, hospitals and sanitora shall be commenced only within 3 years after the cause of action accrues, but in no event shall any such action be commenced more than 7 years after occurrence of the act or omission which is the alleged cause of the injury upon which such action is based expect where the action is based upon the leaving of a foreign object in the body."

A cause of action for a medical malpractice claim accrues when the plaintiff learns, or reasonably should have learned, that she has been injured as a result of the defendant's conduct; it is not necessary that the plaintiff have notice that the defendant was actually responsible for the injury, only that she have knowledge, or sufficient notice, that the medical care given by the

-3-

defendant may have caused the injury. Lindsay v. Romano, 696 N.E. 2d 520, 427 Mass. 771 (1998). A patient need not apprehend the full extent or nature of her injury in order for a cause of action to accrue for medical malpractice. Riley v. Presnell, 565 N.E. 2d 780, 409 Mass. 239 (1991). A patient has sufficient notice, for the accrual of a cause of action, if a reasonably prudent person would know that an act of the defendant may have caused harm to them. Bowen v. Eli Lilly and Co., 508 Mass. 204, 210, 557 N.E. 2d 739, 743 (1990). This notice to the patient "creates a duty of inquiry and starts the running of the statute of limitations." Id.

The Unites States Supreme Court, and the Supreme Judicial Court of Massachusetts, have long recognized the fundamental importance of statutes of limitations deeming them "vital to the welfare of society" as they "promote repose by giving security and stability to human affairs." Wood v. Carpenter, 101 U.S. 135, 139, 25 L.E. d. 807 (1879); Swasey v. Barron, 703 NE 2d 1208 (1999); Olsen v. Tell Labs., Inc., 388 Mass. 171, 175, 445 NE 2d 609 (1983); Franklin v. Albert, 381 Mass. 611, 618, 411, NE 2d, 458 (1980). Additionally, "the central purpose of a statute of limitations is to bar all claims asserted after a certain period of time has elapsed from the date the right accrued. Statutes of limitations operate mechanically, in a manner completely unrelated to the merits of a case." Miller v. Labor Relations Comm., 33 Mass. App. Ct. 404, 407, 600 NE 2d, 605 (1992). Although necessarily arbitrary, a statute of limitations "reflects a legislatively considered policy determination concerning the point at which the interests in favor of protected valid claims are outweighed by the interests in prohibiting the prosecution of stale ones." J. Giles Band Employee Benefit Plan v. Smith Barney Schearson, Inc., 76 F. 3d 245, 254 (First Circuit) cert denied, 519 U.S. 823, 117 S. Ct. 81, 136, L.E. d. 2d 39 (1996).

-4-

In the present case, Dr. Friedman performed surgery on Mr. Koback on August 4, 1993. It appears from the complaint and other pleadings filed by Mr. Koback that the performance of this surgery is the crux of the negligence claims against Dr. Friedman. Dr. Friedman also saw Mr. Koback, solely for a consultation, on May 15, 1998. Dr. Friedman only recommended that Mr. Koback try Viagra for his vasculogenic impotence. Dr. Friedman has provided no medical treatment to Mr. Koback, and has not been involved as a consultant or in any other manner in Mr. Koback's medical treatment, since the consultation on May 15, 1998. (Exhibit 4, Dr. Friedman's Affidavit)

As set forth in the July 5, 1994 letter from Mr. Koback to Dr. Friedman (Exhibit 2), Mr. Koback was unhappy with the results from the August 4, 1993 surgery and was demanding that Dr. Friedman correct his perceived problems from the surgery. At the time he wrote the letter, Mr. Koback was an attorney licensed to practice medicine in the Commonwealth of Massachusetts. The plaintiff's cause of action therefore occurred on July 5, 1994.

Regardless of any dispute as to when the cause of action occurred, any potential claims that Mr. Koback may have had relating to the August 4, 1993 surgery are time barred by the repose provision of M.G.L.A. c. 260 §4 which provides that, in no event, shall any medical malpractice action be commenced more than 7 years after the occurrence of the act or omission which is the alleged cause of injury. The complaint was filed approximately 11 years and 8 months after this surgery, therefore, any claims stemming from the surgery are barred by the repose provision of the statute.

With respect to the May 15, 1998 consultation by Dr. Friedman, any claim stemming from this consultation was time barred pursuant to M.G.L.A. c. 260 §4, on May 15, 2001 3 years after the consultation. The Complaint was filed approximately 6 years and 11 months after this

consultation.

It is important to note that Mr. Koback was unable to provide any expert support for his claims against Dr. Friedman when the medical malpractice tribunal convened on March 2, 2006. Mr. Koback has provided no expert support for any claim against Dr. Friedman stemming from the August 4, 1993 surgery or the May 15, 1998 consultation. There is, therefore, no basis for the negligence claims against Dr. Friedman despite the many years since the treatment at issue. Because Mr. Koback can provide the court with no expert support for claims against Dr. Friedman, there is no basis for him to allege that the statute of limitations pertaining to the May 15, 1998 consultation should be tolled because he suffered some harm from the consultation which he did not discover in sufficient time to file his complaint before the statute of limitations expired. No expert can provide a basis for any claim of negligence against Dr. Friedman pertaining to the consultation and no expert can provide any basis for a claim that Mr. Koback suffered some harm as a result of the consultation which he could not discover before the statute of limitations expired.

## CONCLUSION

For the reasons set forth above the defendant, Dr. Friedman, respectfully request that this Honorable Court grant his motion for summary judgment.

Respectfully submitted
by his attorneys,


/s/ Matthew R. Connors
MATTHEW R. CONNORS
BBO# 636358
Ficksman & Conley, LLP
98 No. Washington Street - Suite 500
Boston, MA 02114
(617) 720-1515

-6-

## CERTIFICATE OF SERVICE

I, Matthew R. Connors, attorney for said defendant, hereby make oath that I have this day erved a copy of the attached: **DEFENDANT, EMANUEL FRIEDMAN, M.D.'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT** upon all parties, by mailing a copy thereof, postage pre-paid, directed to Donald S. Koback, Pro Se, 195 Sunnyside Avenue, Woonsocket, RI 02895.
Signed under the pains and penalties of perjury.
DATED:   December 12, 2006

/s/ Matthew R. Connors
**MATTHEW R. CONNORS**
B.B.O. #636358

# EXHIBIT 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Western Division

DOCKET NO.: 10798-W64

DONALD S. KOBACK )
    Plaintiff )
)
VS. )
)
EMANUEL FRIEDMAN, M.D. et al )
    Defendants )

### AFFIDAVIT OF THE DEFENDANT, EMANUEL FRIEDMAN, M.D., IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

I, Emanuel Friedman, M.D., hereby depose and state the following:

1. I am a physician licensed to practice medicine in the Commonwealth of Massachusetts.

2. A complete copy of all records pertaining to my treatment of Mr. Koback were produced to him with my initial disclosures on October 6, 2006. No other medical records exist documenting my treatment of Mr. Koback.

3. I performed surgery on Mr. Koback on August 4, 1993. A copy of my operative report is attached to the Motion for Summary Judgment as Exhibit 1.

4. On May 20, 1998 I saw Mr. Koback in consultation when he was admitted to MetroWest Medical Center/Leonard Morse Campus. I recommended that he consider Viagra for his vasculogenic impotence. A copy of my consultation note is attached to the motion for summary judgment as Exhibit 3.

5. I have not treated, spoken to, corresponded with or had any contact whatsoever with Mr. Koback since May 20, 1998.

Signed under the pains and penalties of perjury this 13th day of December, 2006

_____
EMANUEL FRIEDMAN, M.D.