UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Western Division                                                    DOCKET NO.: 10798-W64

| | |
|---|---|
| DONALD S. KOBACK | ) |
|     Plaintiff | ) |
| | ) |
| VS. | ) |
| | ) |
| EMANUEL FRIEDMAN, M.D. et al | ) |
|     Defendants | ) |

## DEFENDANT, EMANUEL FRIEDMAN, M.D.'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Dr. Friedman performed surgery on Mr. Koback on August 4, 1993. (Exhibit 1, operative report from MetroWest Medical Center)

2. On July 5, 1994 Mr. Koback wrote Dr. Friedman a letter. The letter states, in pertinent part: "I must express my deep unhappiness with the operation you performed . . . are you or are you not ready, willing, and able to correct this abortion which I carry betwixt my legs?" (Exhibit 2, July 5, 1994 letter from Mr. Koback to Dr. Friedman)

3. On May 15, 1998 Dr. Friedman saw Mr. Koback for a consultation when he was admitted to MetroWest Medical Center/Leonard Morse Campus. Dr. Friedman's only recommendation was that Mr. Koback could consider the option of Viagra for vasculogenic impotence (Exhibit 3, Dr. Friedman's May 15, 1998 consult note)

4. Mr. Koback's complaint was filed with the court on April 12, 2005.

5. Dr. Friedman has had no role in Mr. Koback's treatment since May 15, 1998.

6. Mr. Koback can provide no evidence that Dr. Friedman was involved, in any way, in his treatment after May 15, 1998.

7. Dr. Friedman did not perform any surgical procedures on Mr. Koback, did not prescribe him any medications, was not consulted with respect to his medical care and treatment and has not been contacted by any other healthcare provider regarding Mr. Koback since May 15, 1998.

-2-

8. The plaintiff has produced no expert support for any claim of negligence against Dr. Friedman relating to his performance of the surgical procedure on August 4, 1993.

9. The plaintiff has produced no expert support for any claim of negligence against Dr. Friedman relating to the consultation performed on May 15, 1998.

10. A medical malpractice tribunal for this case convened on March 2, 2006 pursuant to M.G.L.A. c. 231 §60B. The medical malpractice tribunal ruled that the plaintiff's offer of proof was insufficient to raise a legitimate question of liability as to Dr. Friedman's treatment of Mr. Koback.

11. The plaintiff's complaint was filed approximately 11 years and 8 months after the surgical procedure performed by Dr. Friedman on August 4, 1993.

12. The plaintiff's complaint was filed approximately 6 years and 11 months after Dr. Friedman's May 15, 1998 consultation.

Respectfully submitted
by his attorneys,

/s/ Matthew R. Connors
MATTHEW R. CONNORS
BBO# 636358
Ficksman & Conley, LLP
98 No. Washington Street - Suite 500
Boston, MA 02114
(617) 720-1515

CERTIFICATE OF SERVICE

I, Matthew R. Connors, attorney for said defendant, hereby make oath that I have this day erved a copy of the attached: **DEFENDANT, EMANUEL FRIEDMAN, M.D.'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS** upon all parties, by mailing a copy thereof, postage pre-paid, directed to Donald S. Koback, Pro Se, 195 Sunnyside Avenue, Woonsocket, RI 02895.
Signed under the pains and penalties of perjury.
DATED:  December 13, 2006

/s/ Matthew R. Connors
**MATTHEW R. CONNORS**
B.B.O. #636358

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Western Division                                      DOCKET NO.: 10798-W64

DONALD S. KOBACK           )
    Plaintiff              )
                           )
VS.                        )
                           )
EMANUEL FRIEDMAN, M.D. et al )
    Defendants             )

## DEFENDANT, EMANUEL FRIEDMAN, M.D.'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Dr. Friedman performed surgery on Mr. Koback on August 4, 1993. (Exhibit 1, operative report from MetroWest Medical Center)

2. On July 5, 1994 Mr. Koback wrote Dr. Friedman a letter. The letter states, in pertinent part: "I must express my deep unhappiness with the operation you performed . . . are you or are you not ready, willing, and able to correct this abortion which I carry betwixt my legs?" (Exhibit 2, July 5, 1994 letter from Mr. Koback to Dr. Friedman)

3. On May 15, 1998 Dr. Friedman saw Mr. Koback for a consultation when he was admitted to MetroWest Medical Center/Leonard Morse Campus. Dr. Friedman's only recommendation was that Mr. Koback could consider the option of Viagra for vasculogenic impotence (Exhibit 3, Dr. Friedman's May 15, 1998 consult note)

4. Mr. Koback's complaint was filed with the court on April 12, 2005.

5. Dr. Friedman has had no role in Mr. Koback's treatment since May 15, 1998.

6. Mr. Koback can provide no evidence that Dr. Friedman was involved, in any way, in his treatment after May 15, 1998.

7. Dr. Friedman did not perform any surgical procedures on Mr. Koback, did not prescribe him any medications, was not consulted with respect to his medical care and treatment and has not been contacted by any other healthcare provider regarding Mr. Koback since May 15, 1998.

-2-

8. The plaintiff has produced no expert support for any claim of negligence against Dr. Friedman relating to his performance of the surgical procedure on August 4, 1993.

9. The plaintiff has produced no expert support for any claim of negligence against Dr. Friedman relating to the consultation performed on May 15, 1998.

10. A medical malpractice tribunal for this case convenced on March 2, 2006 pursuant to M.G.L.A. c. 231 §60B. The medical malpractice tribunal ruled that the plaintiff's offer of proof was insufficient to raise a legitimate question of liability as to Dr. Friedman's treatment of Mr. Koback.

11. The plaintiff's complaint was filed approximately 11 years and 8 months after the surgical procedure performed by Dr. Friedman on August 4, 1993.

12. The plaintiff's complaint was filed approximately 6 years and 11 months after Dr. Friedman's May 15, 1998 consultation.

Respectfully submitted
by his attorneys,

/s/ Matthew R. Connors
MATTHEW R. CONNORS
BBO# 636358
Ficksman & Conley, LLP
98 No. Washington Street - Suite 500
Boston, MA 02114
(617) 720-1515

CERTIFICATE OF SERVICE

I, Matthew R. Connors, attorney for said defendant, hereby make oath that I have this day erved a copy of the attached: **DEFENDANT, EMANUEL FRIEDMAN, M.D.'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS** upon all parties, by mailing a copy thereof, postage pre-paid, directed to Donald S. Koback, Pro Se, 195 Sunnyside Avenue, Woonsocket, RI 02895.
Signed under the pains and penalties of perjury.
DATED: December 13, 2006

/s/ Matthew R. Connors
**MATTHEW R. CONNORS**
B.B.O. #636358