U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION
(BOSTON, MASS.)

DONALD S. KOBACK,
   PLAINTIFF,
   PRO SE,

VS.

METROWEST MEDICAL
CENTER, ET. AL.,
   DEFENDANTS

CIVIL ACTION NO.
1:05-cv-10798-WGY

PLAINTIFF, DONALD S. KOBACK'S OPPOSITION TO "MOTION OF THE DEFENDANT, EMANUEL FRIEDMAN, M.D., FOR SUMMARY JUDGMENT PURSUANT TO F.R.CIV.P. RULE 56."

DSK
20 DECEMBER 2006

1. WITHOUT WAIVING PLAINTIFF, DONALD S. KOBACK'S PLEADINGS, MOTIONS, AFFADAVITS, ETC. HELD, OR FOUND OR LOCATED AT COURT DOCUMENT NUMBERS: [136] [137] [138] FILED AND SERVED PRECEDENT HERETO, PLAINTIFF DONALD S. KOBACK HEREBY OPPOSES

<u>MOTION OF THE DEFENDANT, EMANUEL FRIEDMAN, M.D., FOR SUMMARY JUDGMENT PURSUANT TO F.R.CIV.P. RULE 56.</u>, <u>DEFENDANT, EMANUEL FRIEDMAN, M.D.'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS</u>, <u>DEFENDANT, EMANUEL FRIEDMAN, M.D.'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT</u>, <u>EXHIBIT 1</u>, <u>EXHIBIT 2</u>, <u>EXHIBIT 3</u>, <u>EXHIBIT 4</u> AND HIS <u>CERTIFICATE OF SERVICE</u>;

2. DEFENDANT, M.D. EMANUEL FRIEDMAN'S MOTION OF THE DEFENDANT, EMANUEL FRIEDMAN, M.D., FOR SUMMARY JUDGMENT PURSUANT TO F.R.CIV.P. RULE 56 IS UNINTELLIGIBLE IN THAT SAID DEFENDANT'S REFERENCE TO "F.R.CIV.P. [sic] RULE 56", LACKING CLARITY, PRECISION, DOES NOT, AS PRINTED, INVOKE Fed.R.Civ.P. RULE 56. THUS, DEFENDANT, M.D. EMANUEL FRIEDMAN'S "MOTION... FOR SUMMARY JUDGMENT..." NEITHER MAKES THE GRADE NOR PASSES MUSTER TECHNICALLY LEGALLY; AND, BECAUSE OF THIS,

THERE IS NO Fed.R.Civ.P. RULE 56. MOTION FOR SUMMARY JUDGMENT BEFORE THE COURT ON BEHALF OF SAID DEFENDANT, M.D. EMANUEL FRIEDMAN;

3. THIS COURT SHOULD NOT ENTERTAIN OR COUNTENANCE WHAT PURPORTS TO BE A MOTION FOR SUMMARY JUDGMENT WHICH RELIES ON THE SAME GROUNDS AND SHOWING AS THE EARLIER MOTION TO DISMISS. Fed.R.Civ.P. RULE 12(b)(6); In re Midwest Milk Monopolization Litigation, 380 F. Supp. 880 (W.D.Mo. 1974) OR FOR A JUDGMENT ON THE PLEADINGS, OR MOTION TO STRIKE (Sutherland Paper Co. v. Grant Paper Box Co., 8 F.R.D. 416 (W.D.Pa. 1948) WHERE THE PRECISE STATUTE OF LIMITATIONS OR LACHES MUST BE PLEADED AFFIRMATIVELY, Fed.R.Civ.P. RULE 8(c), AND ASSERTED BY A RULE 12(b)(6) Motion to Dismiss for "... failure to state a claim upon which relief can be granted;" AT THE SAME TIME DEFENDANT, M.D. EMANUEL FRIEDMAN FILED AND SERVED HIS "... MOTION TO STRIKE..."; OTHERWISE, THEY ARE WAIVED;

4. PLAINTIFF, DONALD S. KOBACK HAS ON FILE HIS "...MOTION FOR DEFAULT...", "...MEMORANDUM IN SUPPORT...", "...AFFADAVIT...IN SUPPORT..." IN ADDITION TO PLAINTIFF, DONALD S. KOBACK STRENUOUS DESIRE TO PROSECUTE SAME, PLAINTIFF DRAWS THE COURT'S ATTENTION TO DEFENDANT, M.D. EMANUEL FRIEDMAN'S "ANSWER OF THE DEFENDANT, EMANUEL FRIEDMAN, M.D., TO THE PLAINTIFF'S COMPLAINT" IN WHICH HE PRESENTS FIVE(5) "DEFENSE"[S]. Fed.R.Civ.P. RULE 8. REQUIRES THAT THE ANSWER TO THE PLAINTIFF'S CLAIMS SHALL BE ADMITTED OR DENIED. Fed.R.Civ.P. RULE 8(b) RULE 8(b) IS TERMED A "DEFENSE"; ALL OTHER RESPONSIVE PLEADINGS HAVE BEEN IMPROPERLY TERMED "DEFENSE"[S] Second, Third, Fourth, Fifth, WHEN RULE 8(c) CLEARLY REQUIRES THAT THEY BE LABELED AND TERMED "AFFIRMATIVE DEFENSES"; FAILURE TO DO SO CONSTITUTES A "...MISTAKEN DESIGNATION...", the "...court on terms, if justice so requires, shall treat the pleading as if there had

been a proper designation." In the case at bar, the Court cannot justly treat the DEFENDANT, M.D. EMANUEL FRIEDMAN'S PLEADING AS IF THERE HAD BEEN A PROPER PLEADING. To Do So AT THIS STAGE OF THE PROCEEDING WITH A MOTION FOR DEFAULT JUDGMENT AND A MOTION FOR SUMMARY JUDGMENT AT BAR, PLAINTIFF, DONALD S. KOBACK WOULD BE SUBSTANTIALLY PREJUDICED IF THE COURT REACHED OUT TO DESIGNATE AS "PROPER" THAT WHICH IS OBVIOUSLY IMPROPER.

IN SHORT, DEFENDANT, M.D. EMANUEL FRIEDMAN HAS NO "AFFIRMATIVE DEFENSES" Fed. R. Civ. P. RULE 8(c) AND CANNOT AS A MATTER OF LAW OR LOGIC BASE A SUMMARY JUDGMENT MOTION Fed. R. Civ. P. RULE 56, ON AN IMPROPERLY DESIGNATED PLEADING.

5. DEFENDANT, M.D. EMANUEL FRIEDMAN, M.D.'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS [sic] WHICH STATES IN ITS PARAGRAPH "6. Mr. Koback can provide no evidence that Dr. Friedman was involved in any way, in his treatment after (May 15, 1998)."
   \* circle - emphasis added

   IS REFUTED

   BY AFFADAVIT OF THE DEFENDANT, EMANUEL FRIEDMAN M.D., IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

   BY ITS PARAGRAPH 5, WHICH CLAIMS, UNDER OATH AND UNDER PAINS AND PENALTIES OF PERJURY, THAT HE, DEFENDANT, M.D, EMANUEL FRIEDMAN, HAS "... not treated, spoken to, corresponded with or had any contact with Mr. Koback whatsoever since (May 20, 1998)."
   \* circle - emphasis added

6. PLAINTIFF, DONALD S. KOBACK HEREBY INCORPORATES "AFFADAVIT DONALD S. KOBACK..." and "AFFADAVIT SYED RAZVI, M.D. ..." herein as if expressly set forth. (DATED: DECEMBER 18, 2006)

IN THE CASE AT BAR, THERE IS A GENUINE ISSUE OF MATERIAL FACT AND THERE ARE GENUINE ISSUES OF MATERIAL FACTS (ALSO, phrased in a different way, there are disputed material facts in this civil action.) WHICH REQUIRE THE DENIAL OF THE MOTION OF THE DEFENDANT, EMANUEL FRIEDMAN, M.D., FOR SUMMARY JUDGMENT PURSUANT TO F.R.CIV.P. RULE 56. AS A MATTER OF LAW,

PLAINTIFF INCORPORATES BY REFERENCE "AFFADAVIT DONALD S. KOBACK...", "AFFADAVIT SYED RAZVI, M.D. ...", AND "PLAINTIFF, DONALD S. KOBACK'S MEMORANDUM OF LAW IN OPPOSITION TO "MOTION OF THE DEFENDANT, EMANUEL FRIEDMAN, M.D., FOR SUMMARY JUDGMENT PURSUANT TO F.R.CIV.P. RULE 56." SEE CERTIFICATE OF SERVICE DATED DECEMBER 18, 2006. FOR GREATER EXACTNESS, SPECIFICITY.

DECEMBER 19, 2006    SUBMITTED [signature] Koback

DONALD S. KOBACK
PLAINTIFF, PRO SE
195 SUNNYSIDE AVENUE
WOONSOCKET, RHODE ISLAND
02895
Tel.: 401-762-2460
DATED: DECEMBER 19, 2006

DSK 19 December 2006
DSK 19 Dec. 2006