U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DONALD S. KOBACK,
PLAINTIFF,
PRO SE,

VS.

METROWEST MEDICAL
CENTER, ET. AL,
DEFENDANTS

CIVIL ACTION NO.:
1:05-CV-10798-WGY

PLAINTIFF, DONALD S. KOBACK'S MEMORANDUM OF LAW IN OPPOSITION TO "MOTION OF THE DEFENDANT, EMANUEL FRIEDMAN, M.D., FOR SUMMARY JUDGMENT PURSUANT TO F.R.CIV.P. RULE 56."

PLAINTIFF, DONALD S. KOBACK, PRO SE, HAS FILED AND SERVED HEREWITH PLAINTIFF, DONALD S. KOBACK'S OPPOSITION TO "MOTION OF THE DEFENDANT, EMANUEL FRIEDMAN, M.D., FOR SUMMARY JUDGMENT PURSUANT TO F.R.CIV.P. RULE 56," along with THIS, PLAINTIFF, DONALD S. KOBACK'S MEMORANDUM OF LAW IN OPPOSITION TO "MOTION OF THE DEFENDANT, EMANUEL FRIEDMAN, M.D., FOR SUMMARY JUDGMENT PURSUANT TO F.R.CIV.P. RULE 56." SEE TITLE OF THIS COURT DOCUMENT ABOVE WHICH PLAINTIFF INCORPORATES HEREIN AS IF EXPRESSLY SET FORTH. (See PLAINTIFF, DONALD S. KOBACK'S

CERTIFICATE OF SERVICE DATED DECEMBER 18, 2006 FOR GREATER EXACTNESS AND SPECIFICITY. SAID DEFENDANT'S MOTION FOR SUMMARY JUDGMENT MUST BE DENIED FOR THERE ARE GENUINE ISSUE(S) OF MATERIAL FACT(S) WHICH MUST BE TRIED AS A MATTER OF LAW Fed. R. Civ. P. RULE 56, THE DEFENSE OF LACHES OR THE AFFIRMATIVE DEFENSE OF STATUTE(S) LIMITATION(S): HAS NOT BEEN PLEAD AND/OR HAS BEEN WAIVED OR CONSOLIDATED (MERGED) AND LOST, ANY PURPORTED STATUTE(S) OF LIMITATION(S) HAVE NOT RUN, HAVE NOT ACCRUED, ESTOPPEL, DURESS, INTER ALIA, etc., SUFFICIENT TO TOLL STATUTE(S) OF LIMITATION(S), PLAINTIFF'S CLAIMS ARE NOT BARRED BY MASSACHUSETTS GENERAL LAWS, CHAPTER 260, SECTION 4 (M.G.L., Ch. 260, SECTION 4 OR M.G.L., c. 260, § 4), FOREIGN BODIES EXTANT WITHIN PLAINTIFF'S BODY, INTER ALIA, ETC.

## SUMMARY JUDGMENT STANDARD

WHEN CONSIDERING A MOTION FOR SUMMARY JUDGMENT, THE BURDEN IS UPON THE MOVING PARTY

to show based upon pleadings, discovery, and affadavits, "that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317 (322)(1986). In the case at bar there is a genuine issue as to material fact or genuine issues as to material facts and Plaintiff Donald S. Koback opposition to defendant's motion should be allowed and defendant's motion for summary judgment should be denied as a matter of law, Ibid. Summary judgment is inappropriate.

## ARGUMENT

The Plaintiff, Donald S. Koback's claims against M.D. Emanuel Friedman are not time barred, as a matter of law, pursuant to M.G.L., c. 260, § 4.

Defendant, M.D. Emanuel Friedman is not permitted to cite M.G.L.A.

1. In Lundeen v. Cordner,
   United States Court of Appeals
   Eighth Circuit, 1996
   354 F.2d 401
   held, where there is a genuine issue of material fact THAT THE DEFENDANT AFFIANT IS BIASED, DISHONEST, MISTAKEN, UNAWARE OR UNSURE OF THE FACTS, CROSS EXAMINATION BOTH BEFORE AND AFTER TRIAL MUST BE ALLOWED TO THE PLAINTIFF AFFIANT.

2. In Cross v. United States
   U.S. Court of Appeals
   Second Circuit, 1964
   336 F.2d 431
   held, SUMMARY JUDGMENT IS ALLOWED ONLY WHERE THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT. Fed.R.Civ.P. RULE 56.

3. In Whaley v. Fowler,
   152 Cal.App.2d 379,
   313 P.2d 97 (1957)
   held, IF ANY DOUBT EXIST WHETHER SUMMARY JUDGMENT SHOULD BE GRANTED, IT SHOULD BE RESOLVED AGAINST THE MOVING PARTY.

4. In McComsey v. Leaf, 36 Cal. App.2d 132, 97 P.2d 242 held, even A LAYMAN (LAYMEN) CAN TESTIFY TO THE FACT THAT THERE WAS AN INFECTION DEVELOPED IN A MEMBER OF HIS BODY AND THAT IT WAS UNCONTROLLED. THE COURT IN McComsey held at 245 that

> "It never could have been, or in justice ought to have been the intention of those who framed our Practice Act and rules thereunder that the decision of such a serious question as this should be flung off on a motion for summary judgment."

5. THE PROCEDURE, EVIDENCE IN THE CASE AT BAR IS CONTROLLED, GOVERNED BY res ipsa loquitur ("the thing speaks for itself").

6. THE PROCEDURE, EVIDENCE IN THE CASE AT BAR IS CONTROLLED, GOVERNED BY res fungibles ("fungible things").

7. THE PROCEDURE, EVIDENCE IN THE CASE AT BAR IS CONTROLLED, GOVERNED BY ræs gestae (res gestae) ("things happened").

8. ALSO GERMAINE TO THE CASE AT BAR —

   Federal Rules of Evidence RULE 803 HEARSAY EXCEPTION. AVAILABILITY OF DECLARANT IMMATERIAL

   RULE 803(1) PRESENT SENSE IMPRESSION;

   RULE 803(2) EXCITED UTTERANCES;

   RULE 803(3) THEN EXISTING MENTAL, EMOTIONAL, OR PHYSICAL CONDITION;

   RULE 803(4) STATED FOR MEDICAL DIAGNOSIS OR TREATMENT,

   BY THE PLAINTIFF, DEFENDANTS, MEDICAL DOCTORS, ET. AL.

9. EQUITABLE ESTOPPEL — pertains, past and present FRAUDULENT CONCEALMENTS AND/OR MISREPRESENTATIONS OF MATERIAL FACTS, OPINIONS, LAWS, INTER ALIA WHICH THE PERSON covertly concealing OR overtly misrepresenting INTENDING FOR HIS OR HER TARGET UPON WHOM DECEPTION IS PRACTICED TO REASONABLY RELY, AND SAID TARGET (PLAINTIFF) REASONABLY RELIES TO HIS SUBSTANTIAL DETRIMENT, THEREBY TOLLING STATUTES OF LIMITATIONS, DEFENSES OF LACHES, ETC.

10. PROMISSORY ESTOPPEL — pertains, PROMISES WITH AN EYE TOWARD THE FUTURE WHICH THE PROMISSOR REASONABLY SHOULD EXPECT TO INDUCE ACTION OR FOREBEARANCE OF A DEFINITE AND SUBSTANTIAL CHARACTER ON THE PART OF THE PROMISSEE THE PROMISE INDUCED SUCH ACTION OR FOREBEARANCE AND INJUSTICE CAN BE AVOIDED ONLY BY ENFORCEMENT OF THE PROMISE. Loranger Const. Corp. v. E.F. Hauserman Co.,

6 Mass. App. Ct. 152, 374 N.E.2d 306 (1978), judgment aff'd 376 Mass. 757, 384 N.E.2d 176 (1978). THUS, PROMISSORY ESTOPPEL TOLLS STATUTES OF LIMITATIONS AND DEFENSES OF LACHES, ETC.

11. PATIENT'S CAUSE OF ACTION FOR MEDICAL MALPRACTICE IN WHICH IT WAS ALLEGED THAT THE PHYSICIANS NEGLIGENCE IN PERFORMING THREE EYE OPERATIONS CAUSED PLAINTIFF'S BLINDNESS..., [TIME] DID NOT ACCRUE AT THIRD OPERATION, THUS PLAINTIFF'S ACTION NOT BARRED BY M.G.L., ch. 260, section 4. Teller v. Schepens, 411 N.E.2d 464, 381 Mass. 621, review denied 521 N.E.2d 398, 402 Mass. 1101 (1980).

12. In Franklin v. Albert 411 N.E.2d 458, 381 Mass. 611 (1980) the COURT HELD, THAT PHYSICIAN AND EMPLOYING HOSPITAL FAILURE TO REPORT CORRECTLY AND EVALUATE FURTHER X-RAY FINDING WHICH FAILED TO FOLLOW-UP

LED TO HODGKIN'S DISEASE WAS NOT BARRED BY M.G.L., Ch. 260, Section 4 (M.G.L., c. 260, § 4).

13. UNDER "DISCOVERY RULE" CAUSE OF ACTION DOES NOT ACCRUE FOR PURPOSE OF M.G.L., Ch. 260, Section 4 MUST HAVE DISCOVERED OR REASONABLY SHOULD HAVE DISCOVERED FOREIGN OBJECT INSIDE BODY CAUSING HARM, Franklin v. Albert, 411 N.E.2d 458, 381 Mass. 611 (1980).

14. M.G.L., Ch. 260, Section 12 provides that "[i]f a person liable to a personal action fraudulently conceals the cause of such action from the knowledge of the person entitled to bring it, the period prior to the discovery of his action by the person so entitled shall be excluded in determining the time limited for the commencement of the action."

15. UNDER MASSACHUSETTS LAW, IF INJURY OR CAUSE WAS NOT IMMEDIATELY APPARENT, "DISCOVERY RULE" APPLIES

AND CAUSE OF ACTION DOES NOT ACCRUE UNTIL PLAINTIFF KNEW OR COULD HAVE KNOWN OF BOTH INJURY AND CAUSE OF INJURY. M.G.L., Ch. 260, Section 2A; ARTHUR D. LITTLE INTERN, INC. V. DOOYANG CORP., D.Mass. 1996, 928 F. Supp. 1189.

16. THIS SECTION (M.G.L., Ch. 260, Section 2A) PROVIDING STATUTE OF LIMITATIONS IN ACTION BASED ON DUTY TO PROVIDE LATERAL SUPPORT FOR ADJACENT LAND BEGINS TO RUN ANEW WHEN EACH SUBSTANTIAL SUBSIDENCE OCCURS AND NOT JUST FROM FIRST ACT OR OMISSION WHICH PERMITTED. Ahern v. Warner (1983) 450 N.E.2d 662, 16 Mass. App. Ct. 223.

17. UNDER MASSACHUSETTS "DISCOVERY RULE", CAUSE OF ACTION FOR INHERENTLY UNKNOWABLE WRONG DOES NOT ACCRUE UNTIL FACTS WHICH GIVE RISE TO ACTION, AS DISTINGUISHED FROM THE LEGAL THEORY EITHER BECOME KNOWN OR SHOULD HAVE BECOME KNOWN TO THE INJURED PARTY. Edwards v. John Hancock Mut. Life Ins. Co., C.A.1 (Mass.) 1992, 973 F.2d 1027.

18. "DISCOVERY RULE" APPLIES ONLY IN CERTAIN HARD TO DISCERN CLAIMS, e.g., WHERE DEFENDANT HINDERS PLAINTIFF'S DISCOVERY OF CAUSE OF INJURY, O'Rourke v. Jason, Inc., (D.Mass 1977), 978 F.Supp. 41.

19. INJURY TO MIND COULD INTERFERE WITH DISCOVERY OF CAUSE OF ACTION. Riley v. Presnel, (1991) 565 N.E.2d 780, 409 Mass. 239.

20. UNKNOWN FACTOR GIVING RISE TO AN EXCEPTION... WHEN THE ACTION IS BASED ON INHERENTLY UNKNOWABLE WRONG, MUST BE WHAT THE FACTS ARE, NOT THE LEGAL THEORIES FOR THE CAUSE OF ACTION. Gore v. Daniel O'Connell's Sons, Inc., (1984) 461 N.E.2d 256, 17 Mass.App.Ct. 645.

21. FRAUDULENT CONCEALMENT OF THE CAUSE OF ACTION TOLLS STATUTE OF LIMITATIONS. Sanguinetti v. Nantucket Const. Co., Inc. (1977) 361 N.E.2d 954, 5 Mass.App.Ct. 227.

22. EQUITABLE TOLLING OF STATUTE OF LIMITATIONS LIMITED TO SPECIFIED EXCEPTIONS, i.e., Concealment of facts, such as in the case at BAR.

23. ESTOPPEL TO RAISE DEFENSE OF STATUTE OF LIMITATIONS OR DEFENSE OF LACHES WHERE REPRESENTATIONS WERE MADE WITH KNOWLEDGE THAT THEY WOULD INDUCE PLAINTIFF TO PUT OFF LAWSUIT AND PLAINTIFF RELIED ON REPRESENTATIONS. Olsen v. Bell Telephone Laboratories, Inc., 445 N.E.2d 609, 388 Mass. 171.

24. IN Tracerlab, Inc. v. Industrial Nucleonics Corp., C.A. 1 (Mass.) 1963, 313 F.2d 97, 136 U.S.P.Q. 327, THE COURT ERRED IN GRANTING SUMMARY JUDGMENT WHERE THERE EXISTED A GENUINE ISSUE OF MATERIAL FACT WHETHER PLAINTIFF HAD REQUISITE KNOWLEDGE; NOT BARRED BY M.G.L., Ch. 260, Section 2A AND BY LACHES WITHOUT TRIAL OF ISSUES.

PLAINTIFF, DONALD S. KOBACK, PRO SE, INCORPORATES BY REFERENCE AS IF FULLY EXPRESSED HEREIN, WORD FOR WORD, NUMBER FOR NUMBER, PUNCTUATION MARK FOR PUNCTUATION MARK, ETC. AS FOLLOWS:

A. <u>AFFADAVIT DONALD S. KOBACK, PLAINTIFF, Fed.R.Civ.P. RULE 56(e); 28 UNITED STATES CODE §1331, §1332;</u>

B. <u>AFFADAVIT SYED RAZVI, M.D., Fed.R.Civ.P. RULE 56(e); 28 UNITED STATES CODE §1331, §1332;</u>

C. <u>CERTIFICATE OF SERVICE, AND CERTIFICATE OF SERVICE (CONTINUED) DATED DECEMBER 18, 2006;</u>

D. <u>PLAINTIFF, DONALD S. KOBACK'S OPPOSITION TO "MOTION OF THE DEFENDANT, EMANUEL FRIEDMAN, M.D., FOR SUMMARY JUDGMENT PURSUANT TO F.R.CIV.P. RULE 56.";</u>

E. <u>PLAINTIFF DONALD S. KOBACK'S CONCISE STATEMENT OF THE</u>

<u>MATERIAL FACTS OF RECORD AS TO WHICH PLAINTIFF CONTENDS EXISTS A GENUINE ISSUE AND/OR GENUINE ISSUES TO BE TRIED (WITH EXHIBITS).</u>

<u>CONCLUSION</u>

BASED ON THE FACTS AND REASONS SET FORTH, THE PLAINTIFF, DONALD S. KOBACK, REQUESTS THAT THIS COURT ALLOW HIS OPPOSITION TO THE DEFENDANT, M.D. EMANUEL FRIEDMAN'S MOTION FOR SUMMARY JUDGMENT AND <u>DENY</u> <u>MOTION OF THE DEFENDANT, EMANUEL FRIEDMAN, M.D., FOR SUMMARY JUDGMENT PURSUANT TO F.R.CIV.P. RULE 56.</u>

USDC 20 DECEMBER 2006
USDC 20 December 2006
USDC 20 December 2006
USDC 20 December 2006

DECEMBER 19, 2006

SUBMITTED
Donald S. Koback
DONALD S. KOBACK
PLAINTIFF, PRO SE
195 SUNNYSIDE AVENUE
WOONSOCKET, RHODE ISLAND
02895
DECEMBER 19, 2006

USDC
19 DECEMBER 2006