U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Eastern Division
(Boston, Mass.)                    Civil Action No.:

DONALD S. KOBACK,            |  1:05-cv-
   Plaintiff,               |  10798-WGY
   Pro Se,                  |
                            |
VS.                         |
                            |
METROWEST MEDICAL           |
CENTER, ET AL.,             |
   Defendants               |

STATEMENT OF OBJECTIONS

TO M.D. JOHN P. LONG, JR. AND HIS ATTORNEY AT LAW, JUDITH FEINBERG'S NOTICE OF TAKING DEPOSITION OF PLAINTIFF DONALD S. KOBACK RECEIVED BY SAID PLAINTIFF ON JANUARY 19, 2007

OBJECTIONS 1-57 FOLLOWS:
[HEREINAFTER "M.D. JOHN P. LONG, JR." (=) Defendant.]
                                EQUALS

1. THE CASE (CIVIL ACTION) AT BAR IS ENTITLED AS AFORESAID IN THE CAPTION ABOVE, NOT AS THE DEFENDANT HAS ENTITLED;

2. DEFENDANT CANNOT SCHEDULE A DEPOSITION PURSUANT TO THE MASSACHUSETTS RULE OF CIVIL PROCEDURE, FOR IN THIS DIVERSITY OF CITIZENSHIP (28 U.S.C. § 1332) wherein equity jurisdiction obtains AND THIS FEDERAL QUESTION CIVIL ACTION (28 U.S.C. § 1331), THE FEDERAL RULES OF CIVIL PROCEDURE ARE APPLICABLE. THUS, AS TO PLEADING THE DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES, NOTICE OF TAKING DEPOSITIONS, FEDERAL RULES OF CIVIL PROCEDURE ARE APPLICABLE, BUT AS TO TOLLING STATUTES OF LIMITATIONS, i.e., equitable tolling, promissory estoppel, foreign bodies left in said PLAINTIFF's body inter State law applies, covering plaintiff pursuant to the FOURTEENTH Amendment "EQUAL PROTECTION" CLAUSE AS ADOPTED AND INCORPORATED INTO THE FIFTH AMENDMENT "DUE PROCESS" CLAUSE— U.S. CONST. IRRESPECTIVE OF WHETHER SAID TOLLING STATUTES ARE DEEMED PROCEDURAL OR SUBSTANTIVE. GUARANTY TRUST CO. OF NEW YORK V. YORK, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); ERIE RAILROAD CO. v. TOMPKINS, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)

3. Said NOTICE OF TAKING DEPOSITION states "The Oral examination will continue from day to day until completed." WHICH, ON ITS FACE, CIRCUMVENTS Fed.R.Civ.P. RULE 30(d)(2) WHICH REQUIRES THAT "...a deposition is limited to one day of seven hours."; THUS SAID NOTICE OF TAKING DEPOSITION CONFRONTS PLAINTIFF, DONALD S. KOBACK'S OBJECTION;

4. PURSUANT TO Fed.R.Civ.P. RULE 27(2) NOTICE MUST BE SERVED AT LEAST TWENTY (20) DAYS BEFORE DEPOSITIONS AND PURSUANT TO Fed.R.Civ.P. RULE 31(4) NOTICE OF DEPOSITION MUST BE SERVED FOURTEEN (14) DAYS BEFORE THE DEPOSITION. THE INSTANT NOTICE OF TAKING DEPOSITION RECEIVED ON JANUARY 19, 2007, ONLY THIRTEEN (13) DAYS PRIOR TO THIS IMPROMPTU DEPOSITION;

5. DEFENDANT'S NOTICE OF DEPOSITION ONLY HOURS BEFORE A SCHEDULED HEARING ON THE SAME DAY AT U.S. DISTRICT COURT, ROOM 18, BOSTON MASS, — JANUARY 31, 2007 at 2 P.M. CONSTITUTES OBSTRUCTION OF JUSTICE AND TAMPERING WITH A Federal Witness;

a. "PURSUANT TO Fed.R.Civ.P. RULE 26(b)(2),
(i) the discovery sought is unreasonably cumulative or duplicative, OR is obtainable from some other source that is more convenient, less burdensome...,
(ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought;
(iii) the burden ... of the proposed discovery outweighs it's likely benefit...";

7. "TRIAL PREPARATION: MATERIALS,... a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule [RULE 26(b)(1)] and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need for the materials in preparation of party's case and that the party is without undue hardship to obtain the substantial equivalent of the materials by other means ..."

8. CLAIMS OF PRIVILEGE OR PREPARATION OF TRIAL PREPARATION MATERIALS, PURSUANT TO Fed.R.Civ.P. RULE 26(b)(5) BY THE ABOVE-IDENTIFIED PLAINTIFF, DONALD S. KOBACK, " " PLAINTIFF, DONALD S. KOBACK hereby makes the claim expressly AND CANNOT describe that which is not produced or disclosed in a manner that, without revealing information itself protected or privileged;

9. PROTECTIVE ORDERS, Fed.R.Civ.P. RULE 26(c)(1); RULE 26(c)(2); RULE 26(c)(3); RULE 26(c)(4); RULE 26(c)(5); RULE 26(c)(6); RULE 26(c)(7); RULE 26(c)(8);

10. PURSUANT TO Fed.R.Civ.P. RULE 26(E) categories of proceedings exempt from initial disclosure under Rule 26(a)(1);
RULE 26(E)(i);
RULE 26(E)(ii);
RULE 26(E)(iii);
RULE 26(E)(iv);
RULE 26(E)(v.);

RULE 26(E)(vii);
RULE 26(E)(viii);

11. I asked John P. Long, M.D., after the surgery, Are there still little pieces of the fragmented, broken, infected penile prosthesis in my body? John P. Long, Jr., M.D. said yes. There still continues to be small pieces. Are all of the large pieces removed, John P. Long, Jr., M.D. said yes. Could there still continue to be little pieces of the infected, broken, fragmented penile prosthesis in my penis, scrotum and body. John P. Long, M.D. said yes. I can't be sure. No one can be sure.

12. When I, Donald Liback, first went to see or visit John P. Long, Jr., M.D. I asked him to promise that he would provide or give me his best treatment. Dr. John P. Long, Jr., M.D. said yes he would. I said his promise to give me his best treatment was a material representation upon which I was relying reasonably. I asked Does he intend for me to rely on his promise to give me his best treatment. Long, Jr., M.D. said yes.

(Nov. 13, 2001
Nov. 12, 2001
BEFORE
SURGERY

1-30-2001
1:54)

(13.) Plaintiff D.S. Koback Incorporates
makes reference to OSK
federal court document(s)
including but not limited
to his Motion for Default        1-20-
Judgment, Opposition to
Emanuel Friedman's Mass           2007
Local Rule 56.1 Concise
Statement EXHIBIT A, B, C, D, E,
F, G, and all court documents
related thereto.  OSK 1-20-2007

Signed under pains and
penalties of perjury on
January 20th, 2007.

_Donald S Koback_
Donald S. Koback

OBJECTION
RULE 30(B)
The person
Donald S. Koback        OSK
plaintiff, pro se,
to be examined         1-20-2007
already has been
deposed in the case —  OSK
via mind reading,        1-20-2007
intelligence so called
truth drugs. THESE FRAUDS
Signed under pains and penalties of perjury
1-20-2007

WHEN I FIRST WENT TO SEE OR VISIT John P. Long, JR., M.D. I asked him to promise that he would promise or give me his best treatment. Dr. Long, Jr. said yes he would. I said his promise to give me his best treatment was a material representation upon which I am relying reasonably. Does he intend for me to rely on his promise to give me his best treatment? Long said yes.

Signed under pains and penalties of perjury on January 20, 2007.

Donald S. Kobeck
Donald S. Kobeck
1-20-2007

OBJECTION, WITHOUT WAIVING,

AFFADAVIT ~~R~~. Xiangyang Li, M.D., Ph.D
AFFADAVIT OF Syed Razvi, M.D.
AFFADAVIT OF DONALD S. KOBACK
~~OUTLES~~, AFFADAVIT A DONALD FOLLOWING
"S. KOBACK", WHICH OUTLINES FROM 1992 — ~~July, Home,~~
"TREATMENT" DATES, ~~FOR~~ PLAINTIFF,
DONALD S. KOBACK'S CONCISE
STATE~~ment~~ LOCAL RULE 56.I. (PURLOINED)
BY AGENTS OF THE JUDICIARY

Signed under pains
and penalties of perjury
on this the 18th. day
of JANUARY, 2007.

Donald S. Koback
DONALD S. KOBACK
PLAINTIFF, PRO SE
195 SUNNYSIDE AVE
WOONSOCKET
RHODE ISLAND 02895
401-762-2460

OBJECTION(S), RESPONSE(S) Fed. R. Civ. P. RULE 34; OBJECTION(S), ANSWER(S) Fed. R. Civ. P. RULE 33

MEDICAL AND HOSPITAL BILLS, PAST, PRESENT, FUTURE CARE OF (DATE, LOCATION, AMOUNT)
HMO BLUE XXHO 379 280 (FAIR MARKET VALUE)
22 RICHARDS ROAD
PLYMOUTH, MASSACHUSETTS 02363-0006

RECORDS, written testimony, past, present, future OF:

PRIYA KHANNER, M.D.
UROLOGIST
ST. VINCENT HOSPITAL
WORCESTER, MASSACHUSETTS;

MICHAEL P. DONOVAN, M.D.
UROLOGIST
139 LINCOLN STREET
FRAMINGHAM, MA  01702;

STANLEY E. KRAUSS, M.D.
UROLOGIST                Now or formerly at
139 LINCOLN ST.
FRAMINGHAM, MA 01702;

KUMAR, M.D. and PARULKAR, M.D.
115 WATER STREET
MILFORD, MA  01757;

XIANGYANG LI, M.D.  original copy
ADULT PSYCHIATRY   purloined-See
215 WEST ST.       M.D. LONG, JR.'s INT(33)
MILFORD, MA 01757;  AND (RFC3(34) with
                    objections
SYED RAZVI, M.D.
MILFORD MED-CARE, 160 South Main St.
MILFORD, MA. 01757

MOTION IN LIMINE, BOTH IN FRONT OF JURY AND/OR SIDE BAR OUT OF HEARING OF JURY WITH JUDGE; VOIR DIRE DEFENDANT(S)' WITNESSES, VOIR DIRE DEFENDANT(S)' CROSS EXAMINATION OF PLAINTIFF'S WITNESS AND VOIR DIRE AND MOTION LIMINE AS TO PLAINTIFF ~~SC~~ DONALD S. KOBACIC'S WITNESSES;

INTERROGATORIES AND REQUEST FOR PRODUCTION PREMATURE AND ANTECEDENT TO DUE DATE;

INTERROGATORIES AND REQUEST FOR PRODUCTION — Calls out FOR SPECULATION, ASKED AND ANSWERED, FAIL TO SET FORTH THE UNDERLYING PREDICATE AS TO EACH AND EVERY REQUEST FOR PRODUCTION, ANSWERS TO INTERROGATORIES;

MOTIONS TO STRIKE;

WHEN I VISITED M.D. JOHN P. LONG, JR. some days or a week or so after the surgery of November 12, 2004, November 13, 2004, a day later, I demanded to know (AND BE TOLD) IF ALL OF THE PIECES OF THE FRAGMENTED, INFECTED PENILE PROSTHESIS WERE REMOVED FROM MY PENIS, SCROTUM, LOWER TORSO, BODY, John P. LONG, JR., M.D. stated that he could never be sure, AND THAT THERE COULD STILL (continues) STILL (OR continues) TO BE TINY PIECES THAT REMAIN INSIDE, PRESENT MEMORY REFRESHED, PAST RECOLLECTION RECORDED. Foreign Objects, Past, Present plus FUTURE M.D. JOHN P. LONG, JR.

U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Western Division                                              Docket No. 05-10798-WGY

DONALD S. KOBACK, *pro se*          )
    Plaintiff,                                )
                                                          )
v.                                                        )
                                                          )
JOHN P. LONG, JR., M.D., ET AL.,    )
    Defendant.                             )
                                                          )

To:    Donald S. Koback, *pro se*
       195 Sunnyside Avenue
       Woonsocket, Rhode Island 02895

Please take notice that at **10:00 a.m.** on **Wednesday, January 31, 2007**, at the offices of Adler, Cohen, Harvey, Wakeman & Guekguezian, LLP, 75 Federal Street, Tenth Floor, Boston, Massachusetts, the defendant in this action, John P. Long, Jr., M.D., will take the deposition upon oral examination of the plaintiff, **Donald S. Koback**, pursuant to the applicable provisions of the Massachusetts Rules of Civil Procedure, before a Notary Public in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

You are invited to attend and cross-examine.

                              The Defendant,
                              JOHN P. LONG, JR., M.D.
                              By his Attorneys,

                              Bernard Guekguezian, BBO #559191
                              Judith Feinberg, BBO #647511
                              Adler, Cohen, Harvey, Wakeman
                               & Guekguezian, LLP
                              75 Federal Street, Tenth Floor
                              Boston, MA 02110
                              (617) 423-6674

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on _____

OBJECTIONS, Fed.R.Civ.P.
ANSWERS,
RULE 30, 33, 34, 36
by Donald S. Koback
Incorporates by reference all objections as if expressly set forth.

Signed under pains and penalties of perjury

*Donald S. Koback* (signature)
Donald S. Koback
1-20-2007