## CERTIFICATE OF SERVICE

WITHOUT WAIVING ANY rights, privileges, or immunities, I, DONALD S. KOBACK, PLAINTIFF, PRO SE, CIVIL ACTION NO. 1:05-CV-10798-WGY, DONALD S. KOBACK VS. METROWEST MEDICAL CENTER, ET. AL.) HEREBY CERTIFY THAT THE FOLLOWING DOCUMENTS INCLUDING THIS CERTIFICATE OF SERVICE WERE MAILED (FILED, EN ROUTE) AND SERVED, POSTAGE PREPAID (U.S.P.S.) ON THE FOLLOWING ATTORNEYS AT LAW WHO REPRESENT OR ARE RETAINED BY THE DEFENDANTS — ALL DEFENDANTS AND THEIR LAWYERS

**1. DOCUMENTS:** SERVED (EN ROUTE) U.S.P.S ON February 20, 2007

THREE (3) COPIES OF ENCLOSED

**2. DEFENDANTS' ATTORNEYS AT LAW**

Barbara Hayes Buell, Esq.
Bloom and Buell
1340 Soldiers Field Road, Suite 100
Boston, MA 02135

Daniel J. Griffin, ESQ.
Lynda Riesgo Jensen, ESQ.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac St., 7th Floor
Boston, MA 02114

Bernard Guekguezian, Esq.
Judith Feinberg, Esq.
Adler, Cohen, Harvey, Wakeman & Guekguezian
75 Federal Street, 10th FLOOR
Boston, MA 02110

Matthew R. Connors, Esq.
Ficksman & Conley, LLP
98 N. Washington Street, Suite 500
Boston, MA 02114

DATE: February 22, 2007
SIGNED UNDER PAINS AND PENALTIES OF PERJURY ON

_Donald S. Koback_
DONALD S. KOBACK, PLAINTIFF
PRO SE  DATE: February 22, 2007

1. DOCKETING STATEMENT

## CERTIFICATE OF SERVICE

Without waiving any rights, privileges, or immunities, I, DONALD S. KOBACK, PLAINTIFF, PRO SE, CIVIL ACTION NO. 1:05-CV-10798-WGY, DONALD S. KOBACK VS. METROWEST MEDICAL CENTER, ET. AL.) HEREBY CERTIFY THAT THE FOLLOWING DOCUMENTS INCLUDING THIS CERTIFICATE OF SERVICE WERE MAILED (FILED, EN ROUTE) AND SERVED, POSTAGE PREPAID (U.S.P.S.) ON THE FOLLOWING ATTORNEYS AT LAW WHO REPRESENT OR ARE RETAINED BY THE DEFENDANTS → (METROWEST MEDICAL CENTER, LEONARD MORSE HOSPITAL, FRAMINGHAM UNION HOSPITAL)

1. DOCUMENTS: NEW ENGLAND MEDICAL CENTER, TUFTS UNIVERSITY SCHOOL OF MEDICINE, EROL ONEL, EMANUEL FRIEDMAN M.D.

and → DOCKETING STATEMENT (John P. Long, JR. M.D.)

PURSUANT TO Federal Rules of Appellate Procedure RULE 3, First Circuit Rules, Local Rule 3.

→ First Circuit Appearance Form

OMNIBUS THREE (3) DOCUMENTS IN ONE (1) (FRAP 10(a), FRAP 10(b), FRAP 10(c))

2. DEFENDANTS' ATTORNEYS AT LAW

→ Barbara Hayes Buell, Esq.
Bloom and Buell
1340 Soldiers Field Road, Suite
Boston, MA 02135

KARA A. BETTIGOLE

JENNIFER HARTUNIAN

→ Daniel J. Griffin, ESQ.
Lynda Riesgo Jensen, Esq.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac St., 7th Floor
Boston, MA 02114

Bernard Guekguezian, Esq.
Judith Feinberg, Esq.
Adler, Cohen, Harvey, Wakeman & Guekguezian
75 Federal Street, 10th Floor
Boston, MA 02110

Matthew R. Connors, Esq.
Ficksman & Conley, LLP
98 N. Washington Street, Suite 500
Boston, MA 02114

DATE: February 20, 2007

SIGNED UNDER PAINS AND PENALTIES OF PERJURY ON

Donald S. Koback
DONALD S. KOBACK, PLAINTIFF
PRO SE    DATE: February 20, 2007

To be filed by:

# UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

### APPEARANCE FORM

Case No. _____ Koback v. Metrowest Medical Ce

**FAILURE TO FILL OUT COMPLETELY MAY RESULT IN THE REJECTION OF THIS FORM AND COULD AFFECT THE PROGRESS OF THE APPEAL**

THE CLERK WILL ENTER MY APPEARANCE AS COUNSEL ON BEHALF OF:

DONALD S. KOBACK, PRO SE
__DONALD S. KOBACK__, Pro Se _____ as the
(Specify name of person or entity represented)

[X] appellant(s)          [ ] appellee(s)          [ ] amicus curiae

[ ] petitioner(s)         [ ] respondent(s)        [ ] intervenor(s)

[ ] I do not represent a party to the appeal.

_Donald S Koback_
_Donald S Koback_
(signature) June 14, 05
(SIGN ONLY IF PARTICIPATING)

February 18, 2007

Corrections:

Status:

Donald S. Koback         DONALD S. KOBACK

195 Sunnyside Ave        195 SUNNYSIDE AVE

401-76-2-2460 Woonsocket, RI 02895   WOONSOCKET, R.I. 02895

Telephone: 401-76-22460

Court Of Appeals Bar Number: _____

Fax: —0—                 E-Mail: _____

Has this case or any related case previously been on appeal?

Yes  X                   Court of Appeals No. 5-1834

No ____

2

U.S. Court of Appeals
First Circuit

| | |
|---|---|
| Boston, Massachusetts | U.S. Court of Appeals No. ___ |
| Donald S. Koback, Petitioner, Appellant, Pro Se, | U.S. District Court No.: 1:05-CV-10798- |
| vs. | |
| METROWEST MEDICAL CENTER, LEONARD MORSE HOSPITAL, FRAMINGHAM UNION HOSPITAL, NEW ENGLAND MEDICAL CENTER, TUFTS UNIVERSITY SCHOOL OF MEDICINE, EMANUEL FRIEDMAN, M.D., JOHN P. LONG, JR., M.D., AND EROL ONEL, M.D. Respondents, Appelles, | OMNIBUS (THREE (3) Court Documents in ONE (1) (FRAP 10(a), 10(b), 10(c) and 10(e)) |

Federal Rules of Appellate Procedure Rule 10(a) COMPOSITION OF THE RECORD ON APPEAL

Refer to Notice of Appeal to the United States Court of Appeals for the First Circuit and all court orders (U.S. District Court), court documents referenced therein and all associated, related exhibits

3

which petitioner, appellant, Donald S. Roback, pro se, incorporates by reference herein as if fully set forth;

Federal Rules of Appellate Procedure Rule 10(b) The Transcript of Proceedings

Refer to transcript of MOTION HEARING BEFORE: The Honorable William G. Young, District Judge prepared by Donald F. Womack, Court Reporter on January 31, 2007 which is incorporated by reference herein as if fully set forth;

Federal Rules of Appellate Procedure Rule 10(c) and Rule 10(e) Statement of evidence and Modification

Refer to transcript immediately above,

page 2, lines 7, 8, and 9 — never took place or occurred;
page 2, lines 12, 13, and 14 misnames (misnomer) John P. Long, JR., M.D. as John P. Long and the lawyer claiming to represent Long — one Michael B. Barkley never served an appearance on plaintiff/petitioner/appellant;

4

Page 8 line 4, line 6 district court judge remiss in having court reporter Donald E. Womack fail to include the word duly in conjunction with the word noted as to plaintiff, petitioner, appellant's taking of exception.

Submitted,

*Donald S. Koback*

Donald S. Koback
Plaintiff, petitioner, appellant
February 20, 2007

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Paine, Matthew entered on 2/15/2007 at 9:29 AM EST and filed on 2/14/2007
Case Name: Koback v. Metrowest Medical Center et al
Case Number: 1:05-cv-10798
Filer: Donald S. Koback
Document Number: 185

Docket Text:
NOTICE OF APPEAL as to Order on Motion to Strike, Order on Motion for Default Judgment by Donald S. Koback NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov/clerks/transcript.htm MUST be completed and submitted to the Court of Appeals. Appeal Record due by 3/6/2007. (Paine, Matthew)

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:yes
Electronic document Stamp:
[STAMP dcecfStamp_ID=1029851931 [Date=2/15/2007] [FileNumber=1766887-0
] [4cd39779ac46156da57ccf48173e78067022732108218021f521306c82196744e9d
ffd74522dc37d09aeb8c4eba712b512ccffacb601844c73cc7dce70af02af]]


1:05-cv-10798 Notice will be electronically mailed to:

Barbara Hayes Buell     bhb@bloombuell.com

Matthew R. Connors     mconnors@ficksmanconley.com

Judith M. Feinberg     jf@achwg.com

David M. Gould     Dgould@ficksmanconley.com

Daniel J. Griffin , Jr     dgriffin@mmmk.com

A. Bernard Guekguezian     abg@achwg.com

Joseph D. Halpern     joseph.halpern@bcbsma.com

Jennifer E. Hartunian     jhartunian@mmmk.com

1:05-cv-10798 Notice will not be electronically mailed to:

Lynda R. Jensen
Martin, Magnuson, McCarthy and Kenney
101 Merrimac St.
7th Floor
Boston, MA 02215

Donald S. Koback
195 Sunnyside Avenue
Woonsocket, RI 02895

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Paine, Matthew entered on 2/15/2007 at 9:30 AM EST and filed on 2/14/2007
Case Name: Koback v. Metrowest Medical Center et al
Case Number: 1:05-cv-10798
Filer:
Document Number:

Docket Text:
Filing fee: $ 455.00, receipt number 78282 for [185] Notice of Appeal. (Paine, Matthew)

The following document(s) are associated with this transaction:

1:05-cv-10798 Notice will be electronically mailed to:

Barbara Hayes Buell    bhb@bloombuell.com

Matthew R. Connors    mconnors@ficksmanconley.com

Judith M. Feinberg    jf@achwg.com

David M. Gould    Dgould@ficksmanconley.com

Daniel J. Griffin, Jr    dgriffin@mmmk.com

A. Bernard Guekguezian    abg@achwg.com

Joseph D. Halpern    joseph.halpern@bcbsma.com

Jennifer E. Hartunian    jhartunian@mmmk.com

1:05-cv-10798 Notice will not be electronically mailed to:

Lynda R. Jensen
Martin, Magnuson, McCarthy and Kenney
101 Merrimac St.
7th Floor
Boston, MA 02215

Donald S. Koback
195 Sunnyside Avenue
Woonsocket, RI 02895

7

```
                 UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MASSACHUSETTS

                                          Civil Action
                                          No. 05-10798-WGY


* * * * * * * * * * * * * * * *
                               *
DONALD S. KOBACK,              *
                               *
          Plaintiff,           *
                               *
v.                             *          MOTION HEARING
                               *
METROWEST MEDICAL CENTER,      *
et al.,                        *
                               *
          Defendants.          *
* * * * * * * * * * * * * * * *


          BEFORE:  The Honorable William G. Young,
                   District Judge


APPEARANCES:

          DONALD S. KOBACK, Pro Se, 195 Sunnyside
     Avenue, Woonsocket, Rhode Island 02895

          FICKSMAN & CONLEY LLP (By Matthew R.
     Connors, Esq.), 98 North Washington Street,
     Suite 500, Boston, Massachusetts 02114, on behalf
     of Emanuel Friedman, M.D.

          ADLER, COHEN, HARVEY, WAKEMAN & GUEKGUEZIAN
     LLP (By Michael B. Barkley, Esq.), 230 Congress
     Street, Boston, Massachusetts 02110 on behalf of
     John P. Long, M.D.


                                    1 Courthouse Way
                                    Boston, Massachusetts

                                    January 31, 2007
```

2

```
 1      THE CLERK:  Calling Civil Action 05-10798, Koback
 2   v. Friedman.
 3      THE COURT:  Mr. Koback, you're here representing
 4   yourself.
 5      MR. KOBACK:  Yes, I am, your Honor.
 6      THE COURT:  And that's fine.  Counsel?
 7      MR. CONNORS:  Good afternoon, your Honor.  Matthew
 8   Connors on behalf of the defendant, Emanuel Friedman, M.D.,
 9   and the moving party.
10      THE COURT:  Thank you.
11      Now, Mr. Koback -- I'm sorry.
12      MR. BARKLEY:  Excuse me.  Good afternoon, your
13   Honor.  Michael Barkley on behalf of the co-defendant, Dr.
14   Long.
15      THE COURT:  Well, Dr. Long's not a moving party.
16      MR. BARKLEY:  I'm here for observation only.
17      THE COURT:  And that's fine.
18      Now, Mr. Koback, this motion for summary judgment
19   is brought just by Dr. Friedman and just on the theory that
20   you are beyond the statute of limitations.  I will hear you
21   why that is not so.
22      MR. KOBACK:  All right.  Well, first of all, I wish
23   to address preliminary matters.
24      Pursuant to Federal Rule of Civil Procedure
25   Rule 15(c), Relation Back of Amendments, and Federal Rule of
```

9

```
 1   Civil Procedure Rule 15(b), Amendments to Conform to the
 2   Evidence, Plaintiff, Donald S. Koback, hereby amends
 3   Plaintiff's court documents number 135, 136, 139, 140 which
 4   deal with his entry of default under 55(a) which the judge
 5   converted to a 55(b).  And --
 6            THE COURT:  I'm not giving oral argument on that.
 7   You can file motions in that respect.  I'm giving you oral
 8   argument on this motion for summary judgment on the statute
 9   of limitations.  I'll hear you.
10            MR. KOBACK:  All right, before I do that then, I
11   must say that Plaintiff, Donald S. Koback, refers to Federal
12   Rule, or relies on Federal Rule of Civil Procedure 15(c) and
13   15(b) so that his documents 149, 150, 153, 154, carry the
14   language, wherefore, the Plaintiff, Donald S. Koback,
15   requests in the above-entitled motion 143, motion for
16   summary judgment by the defendant not be granted.  That
17   would be, that would be Plaintiff's, as I said, Plaintiff's
18   149 Opposition to Defendant Emanuel Friedman's Motion for
19   Summary Judgment; Plaintiff's 150, Plaintiff's Memorandum in
20   Support of Plaintiff's Opposition; 153, Plaintiff's
21   Opposition to Defendant's Notice; and 154, Plaintiff's
22   Opposition in the Form of a Memorandum to the Motion for
23   Summary Judgment.
24            So that I have that, wherefore, the Plaintiff
25   requests that the Motion for Summary Judgment not be
```

1   granted. That's, that's what I want.

2   And I also, and I also would move nunc pro tunc to
3   achieve the same as that, wherefore, the Plaintiff, Donald
4   S. Koback, requests that the Defendant Emanuel Friedman's
5   Motion for Summary Judgment not be granted.

6   And, in addition, I say, I take, I request that,
7   Plaintiff, Donald S. Koback, seeks leave of the Court at the
8   beginning to accomplish many of these, these references to
9   amendments. So, in other words, I put this before the
10  Court.

11  All right. Then as far as this Emanuel Friedman,
12  he's -- well, let me just go through it. He's filed a 123
13  affidavit, in No. 4, what he calls a concise statement which
14  was an affidavit. This is the creation of evidence by his
15  lawyer and by this doctor.

16  **THE COURT:** What, what do you say to this.

17  **MR. KOBACK:** Well, listen, here's what I am saying,
18  your Honor.

19  **THE COURT:** No, let me ask a question.

20  **MR. KOBACK:** All right.

21  **THE COURT:** And I'm asking the question in all
22  honesty, sir.

23  It looks to me from the record, and I've reviewed
24  the record, that you knew about your injury and its
25  potential link to surgery performed by Dr. Friedman, and

```
 1   this is the latest it looks to me that you knew about it, as
 2   of April 23, 1995.
 3          Now, if that's true, your action against Dr.
 4   Friedman is simply too late. There's a three year statute
 5   of limitations and a seven year statute of repose.
 6          MR. KOBACK: First of all --
 7          THE COURT: Now, what's the matter with that
 8   analysis?
 9          MR. KOBACK: Here's -- I'm going to attack it
10   procedurally first and then I'll get to your, your remarks.
11          Local Rule 56.1 states that the party seeking a
12   motion for summary judgment must locate material facts of
13   record. You cannot have a material -- before he sent his
14   affidavit, which he called a concise statement under 56.1
15   LR, and before he sent Exhibit 123, they were not, up until
16   June 13th they were not material facts of record.
17          THE COURT: All right.
18          MR. KOBACK: So he has, he and his lawyer have by
19   introducing the creation of evidence --
20          THE COURT: All right, Mr. Koback, I think I
21   understand your procedural complaint, but I have a number of
22   things to hear and I have time limits.
23          MR. KOBACK: All right.
24          THE COURT: Proper ones.
25          MR. KOBACK: All right.
```

6

1   **THE COURT:** So it really is important that you
2   answer my questions.
3   **MR. KOBACK:** The answer is I have foreign bodies
4   inside my body to this very day and that Emanuel -- and I
5   still have foreign bodies in my body as a result of what
6   Emanuel Friedman has done to me.
7   **THE COURT:** Let's say I accept that.
8   **MR. KOBACK:** And I have had -- if you want the
9   dates, here are the dates. I have the dates.
10   He injected two injections causing a papillovarian
11   between 6-15-1992 and ending in a hospitalization between
12   7-15 and 7-20 causing fibrosis. He then, knowing that there
13   was fibrosis, he irrigated my penis and my scrotum and my
14   stomach and whatnot, and then he went forward, knowing that
15   he had totally fibrotoided my penis, cut it out, installed
16   what he knew should not have been so, a prosthetic device.
17   And then -- that was on August 4, 1933 that this surgery by
18   this so-called M.D. Friedman was installed. He has
19   continuous contact with the Plaintiff.
20   On July 15, 1924, he hands the Plaintiff Viagra, a
21   prescription of Viagra to deal with the Plaintiff's pain and
22   infliction and suffering which is totally contraindicated,
23   contraindicated. Any lay person knows that you shouldn't be
24   giving Viagra, blowing your penis up with these kinds of
25   chemicals or drugs. So --

13

```
 1              THE COURT:  But I accept all that, sir.
 2              MR. KOBACK:  But --
 3              THE COURT:  I have to accept all of that.  It's too
 4    late.
 5              MR. KOBACK:  It's not too late because --
 6              THE COURT:  Your lawsuit came too late.
 7              MR. KOBACK:  It is still, it is still his, his,
 8    his, what you call, prosthesis which is in my body.
 9              THE COURT:  Oh, I see.  I understand the argument.
10    I do understand --
11              MR. KOBACK:  It's never been removed.
12              THE COURT:  I understand the argument, Mr. Koback,
13    but the argument is without legal significance.  I do find
14    that at least as of April 23rd, 1995, you knew or should
15    have known that it was he who injured you and you were
16    therefore obligated to sue in this three years.
17              MR. KOBACK:  Your Honor, but you're mistaken.  See,
18    because I was still within a Metrowest Medical Center trying
19    to seek extensions, trying to cure up fibrosis, trying to
20    remove with these doctors who are, no question, related to
21    each other, operating in concert with one another.
22              THE COURT:  I don't, for purposes of summary
23    judgment only, I don't deny or even question any of that.
24    There's no sufficient allegations here of some ongoing
25    conspiracy on the part of Dr. Friedman.
```

14

```
 1          Motion for Summary Judgment on his part is allowed.
 2   That's the order of the Court.
 3          MR. KOBACK:  Please note my exception --
 4          THE COURT:  Noted.
 5          MR. KOBACK:  -- for the sake of appeal.
 6          THE COURT:  Yes, I do so note it.
 7          (Whereupon the matter concluded.)
 8
 9          ──────
10                      C E R T I F I C A T E
11
12
13          I, Donald E. Womack, Official Court Reporter for
14   the United States District Court for the District of
15   Massachusetts, do hereby certify that the foregoing pages
16   are a true and accurate transcription of my shorthand notes
17   taken in the aforementioned matter to the best of my skill
18   and ability.
19
20
21
22                     ────────────────────────
                           DONALD E. WOMACK
23                       Official Court Reporter
                             P.O. Box 51062
24                 Boston, Massachusetts 02205-1062
                         womack@megatran.com
25
```

TRANSCRIPT REPORT/ORDER FORM

DSK February 20, 2007

DONALD S. KOBACK
195 SUNNYSIDE AVENUE
WOONSOCKET
RHODE ISLAND 02895
February 1, 2007

DONALD WOMACK
Room 5510
U.S. DISTRICT COURT
1 COURTHOUSE WAY
BOSTON, MA. 02210

RE: TAPE RECORDING, + TRANSCRIPT OF HEARING
JAN. 31, 2007, COURTROOM 18, 2 P.M.
SESSION — JUDGE WILLIAM G. YOUNG,
7th. ON LIST, 3RD. Call
Motion for Summary Judgment
HEARING
DONALD S. KOBACK v. METROWEST MEDICAL
CENTER, ET, AL.
1:05-CV-10798-WGY

Mr. Womack:

I hereby request a copy of the above. If the cost of same exceeds $270.00, call me at telephone no. 401-76-2-2460 so that I may agree.

Thanking you IN ADVANCE.

Sincerely,
Donald S. Koback
DONALD S. KOBACK

Certified mail receipt Number 7005 3110 0000 2650 72...