UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2007 APR 19 A 11:24
U.S. DISTRICT COURT
DIST. OF MASS.

EASTERN DIVISION
(Boston, Massachusetts)

CIVIL ACTION NO.:
1:05-CV-10798-WGY

DONALD S. KOBACK,

Plaintiff,

v.

METROWEST MEDICAL CENTER, LEONARD MORSE HOSPITAL, FRAMINGHAM UNION HOSPITAL, NEW ENGLAND MEDICAL CENTER, TUFTS UNIVERSITY SCHOOL OF MEDICINE, HMO BLUE OF MASSACHUSETTS, EMANUEL FRIEDMAN, M.D., JOHN P. LONG, M.D. AND EROL ONEL, M.D.

Defendants

U.S. COURT OF APPEALS
No.: 07-1411

PLAINTIFF, DONALD S. KOBACK'S OPPOSITION

<u>TO "DEFENDANT METROWEST MEDICAL CENTER'S, MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED.R.CIV.P. 56(b)"</u> AND "EXHIBITS A, B, C, D, E"

1. Plaintiff, Donald S. Koback, hereby incorporates by reference each of the defendant(s) contained in the case caption above as if fully set forth herein. Fed.R.Civ.P. RULE 10(c) ADOPTION BY REFERENCE. Wherever the word defendant or defendants are located, or found hereinafter it shall identify all of the defendant(s) for they acted jointly and severally, conspiring together against the Plaintiff Donald S. Koback, with multiple acts in furtherance of said conspiracy, inter alia;

2. The Defendant, MetroWest Medical Center's "MOTION..." failed to precede the word "RULE" immediately prior to the Fed.R.Civ.P. [RULE] 56(b) [sic] thereby using an ineffective reference to Federal Rules of Civil Procedure, statutes;

3. Defendant(s) are non compos mentis, as is the affiant, Rebecca Heffernan, equivocating in her affadavit between the extremes of "...at no time..." and "...believe...", and, as such, all Defendants and the affiant, Rebecca Heffernan, must be required to undergo a mental examination pursuant to Fed.R.Civ.P. RULE 35; Wherefore, a RULE 35 mental examination should be granted as aforesaid, as to the aforenamed;

4. DEFENDANT, METROWEST MEDICAL CENTER'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENDANT'S DEMAND FOR JURY TRIAL were not signed under pains and penalties of perjury or other oath as was their duty since Plaintiff, Donald S. Koback's COMPLAINT, DEMAND FOR JURY TRIAL and AFFADAVIT of Plaintiff, Donald

S. Koback was a Verified Complaint. Fed.R.Civ.P. RULE 10(c) ADOPTION BY REFERENCE HEREIN AS IF FULLY SET FORTH. Pursuant Massachusetts Pleading and Practice and federal law, a responsive pleading — i.e., answer, affirmative defenses must be verified or accompanied by affidavit. Fed.R.Civ.P. RULE 11, 42 U.S.C. § 1331 § 1332;

5. Defendant, MetroWest Medical Center's EXHIBIT A — "FINDING OF THE MEDICAL MALPRACTICE TRIBUNAL" tainted with fraud, conspiracy by the defendant(s) is immaterial, irrelevant, prejudicial possessing no evidentiary value, as U.S. District Court proceeding must be "de novo";

6. Defendant, MetroWest Medical Center's EXHIBIT D — interrogatories are objection-

able, and, also, lacking reciprocity;

7. Defendant, MetroWest Medical Center's EXHIBIT E containing what purports to be the Plaintiff, Donald S. Koback's AFFADAVIT AND OBJECTIONS TO INTERROGATORIES OF THE DEFENDANT, METROWEST MEDICAL CENTER ARE EXTANT IN THE RECORD;

8. DOCKET REPORT OF U.S. DISTRICT COURT DISTRICT OF MASSACHUSETTS (Boston) CIVIL DOCKET FOR CASE # 1:05-CV-10798 Federal Rules of Evidence, RULE 902(5) OFFICIAL PUBLICATIONS, RULE 902(10) PRESUMPTIONS UNDER ACTS OF CONGRESS. Fed. R. Civ. P. RULE 10(c) ADOPTION BY REFERENCE; EXHIBITS. SEE PLAINTIFF, DONALD S. KOBACK'S CONCISE STATEMENT PURSUANT TO LOCAL RULE 56.1.; Fed. R. Civ. P. RULE 10(c) ADOPTION BY REFERENCE; EXHIBITS;

On 05/25/2005, the DOCKET REPORT of the U.S. District Court, Boston, Massachusetts in Docket #(NUMBER) 22, the Docket Text reads, or records, the text which follows: "SUMMONS Returned Executed. Framingham Union Hospital served on 5/19/2005, answer due on 6/8/2005...(Entered:05/26/2005)";

On 05/25/2005, the DOCKET REPORT of the U.S. District Court, Boston, Massachusetts in Docket #(NUMBER) 23 reads, or records the text which follows: "SUMMONS Returned Executed. Leonard Morse Hospital, served on 5/19/2005, answer due 6/8/2005... (Entered: 05/26/2005)";

On 06/24/2005, the DOCKET REPORT of the U.S. District Court, Boston, Massachusetts in Docket #(NUMBER) 54 reads, or records as follows: "ANSWER to Complaint with Jury Demand by MetroWest Medical Center...(Entered:

06/22/2005)";

On 06/24/2005, the DOCKET REPORT of the U.S. District Court, Boston, Massachusetts in Docket # (NUMBER) 55 reads, or records as follows: "Response to Amendments as of Right by MetroWest Medical Center... (Entered: 06/22/2005);

The Docket Text of Docket #54 and Docket #55 reveal the following fatal flaws attributable to the Defendant, MetroWest Medical Center, et.al.

✓ No "ANSWER" to Plaintiff, Donald S. Koback's Complaint is ever filed on behalf of Defendant, Framingham Union Hospital (Docket #22 above;

✓ No "ANSWER" to Plaintiff, DONALD S. KOBACK is ever filed on behalf of the Defendant, Leonard Morse Hospital (Docket #23 above;

- 'NO AFFIRMATIVE DEFENSE OF LACK OF RESPONSIBILITY FOR ANY SPECIFIC PERSON IS RAISED BY DEFENDANT'S FRAMINGHAM UNION HOSPITAL NOR LEONARD MORSE HOSPITAL, AND ALSO AS TO DEFENDANT, METROWEST MEDICAL CENTER;

✓ Such AFFIRMATIVE DEFENSE of lack of responsibility must at very least disavow co-defendants in such AFFIRMATIVE DEFENSE with specificity, by name, which, since there is no ANSWER filed on behalf of Defendants, FRAMINGHAM UNION HOSPITAL nor LEONARD MORSE HOSPITAL, do not exist, are waived, are legal impossibilities, factual impossibilities. Fed.R.Civ.P. RULE 8., and are time barred, and also as to Defendant, MetroWest Medical Center;

✓ If Defendant, MetroWest Medical Center, attempted to "ANSWER" the Plaintiff-Appellant's "COMPLAINT" on behalf of Framingham Union Hospital and Leonard Morse Hospital, co-defendants, on 06/24/2005 Docket # 54 and Docket #55 respectively said attempted "ANSWER" was late, being ordered due on 06/08/2005, said attempted "ANSWER" of Defendant, MetroWest Medical Center being dated 6/22/2005, neglecting to file a required 'Motion to file late answer', no such motion ever filed, served, granted, or entered;

9. Aware, years ago that they, the Defendants, MetroWest Medical Center were, in wrongful concert,

violating Plaintiff, Donald S. Koback's civil rights (Massachusetts General Laws, Chapter 12) and other rights, privileges, and immunities under federal and international law, conspired together with multiple acts in furtherance up until the present and in future — transgendering, these defendants, culprits, endeavor to create a fire wall between each other — denying their principal-agent, employer-employee, master-servant relationship clinging to some contrived hospital independent contractor doctor fairy tale;

10. Federal Rules of Evidence RULE 201 JUDICIAL NOTICE OF ADJUDICATIVE FACTS RULE 201(e) — for example, Internal Revenue Code, U.S. Treasury Regulations, Social Security FICA, FUTA, income tax withholding — actual agent, employee, servant masquerading

as independent contractor doctors;

11. Joint enterprise — transgender, reproductive, sexual organ terror, attempts at present of these defendant joint venturers at abandoning their scheme, flight, hiding, disguise, false names, alia Specialty Care, LLC 626 Temple St., Duxbury, MA 02332 (PMG ID #A48328) Urological and other surgeons throw their blood spattered hospital garb to hospital cleaning, jump into their "civies"— civilian clothing, joint and several liability spelled out in Plaintiff's Complaint. Fed.R.Civ.P. RULE 10(c) ADOPTION By REFERENCE;

12. Defendant MetroWest Medical Center's SEVENTH DEFENSE and TWELFTH DEFENSE attempt to disavow "...injuries and damages..." and "...damages..." respectively, a totally unnecessary defense; Fed.R.Civ.P. RULE 8(c);

set up in their pleadings as a charade, while, it should be noted the defendants in their Seventh (7th.) and Twelfth (12th.) AFFIRMATIVE DEFENSES DO NOT SEEK TO ABSOLVE THEMSELVES OF LIABILITY, but, rather, confess error, admit "...injuries and damages..." and "...damages..."

Wherefore, the Plaintiff, Donald S. Koback, has set forth the reasons why the DEFENDANT, METROWEST MEDICAL CENTER'S, MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED.R.CIV.P. 56(b) SHOULD NOT BE GRANTED.

DATE: APRIL 16, 2007

Submitted,

_/s/ Donald S. Koback_
DONALD S. KOBACK
Plaintiff - Pro Se
DATE: APRIL 16, 2007