FILED
IN CLERKS OFFICE

U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2007 MAY 18 P 12:50

U.S. DISTRICT COURT
DISTRICT OF MASS.

EASTERN DIVISION
(BOSTON, MASSACHUSETTS)

Civil Action
No.:
1:05-CV-
10798-
WGY

DONALD S. KOBACK
PLAINTIFF, PRO SE

V.

METROWEST MEDICAL
CENTER; LEONARD
MORSE HOSPITAL;
FRAMINGHAM UNION
HOSPITAL; NEW
ENGLAND MEDICAL
CENTER; TUFTS
UNIVERSITY SCHOOL
OF MEDICINE; EMANUEL
FRIEDMAN, M.D.; JOHN
P. LONG, M.D.; HMO
BLUE OF MASSACHUSETTS;
BLUE CROSS/ BLUE
SHIELD OF MASSACHUSETTS;
EROLONEL Andover
Urology of Andover,
Massachusetts,
DEFENDANTS

U.S. COURT
OF APPEALS

07-1411



PLAINTIFF, DONALD S. KOBACK's
OPPOSITION TO "JOINT MOTION
OF THE DEFENDANTS, JOHN P. LONG,
JR., M.D., FROL ONEL, M.D., AND
NEW ENGLAND MEDICAL CENTER
TO DISMISS THE PLAINTIFF'S
COMPLAINT FOR FAILURE TO
COMPLY WITH COURT ORDER"

Refer to page 40 supra. (Numbers reverse side)
Plaintiff, Donald S. Koback
hereby, herewith opposes
"JOINT MOTION OF THE DEFENDANTS,
JOHN P, LONG, Jr, M.D., FROL ONEL,
M.D., AND NEW ENGLAND MEDICAL
CENTER TO DISMISS THE
PLAINTIFF'S COMPLAINT FOR
FAILURE TO COMPLY WITH COURT
ORDER".

Plaintiff, Donald S. Koback's
Memorandum of reasons (U.S.
DISTRICT COURT, DISTRICT OF
MASSACHUSETTS, LOCAL RULE
7.1) INCLUDING CITATIONS
OF SUPPORTING AUTHORITIES,
WHY THE MOTION SHOULD
NOT BE GRANTED,
   "REQUEST FOR ORAL ARGUMENT."

MARTIN, MAGNUSON, McCARTHY & KENNEY
ATTORNEYS AT LAW
101 MERRIMAC STREET
BOSTON, MASSACHUSETTS 02114-4716
TELEPHONE: (617) 227-3240
TELECOPIER: (617) 227-3346
WWW.MMMK.COM

IN CLERKS OFFICE

2007 MAY 18  P 12: 50

U.S. DISTRICT COURT
DISTRICT OF MASS

A PROFESSIONAL CORPORATION

CHARLES P. REIDY, III
DANIEL J. GRIFFIN, JR.
PAUL R. KEANE
JOHN P. MULVEY
PAUL M. McTAGUE
EDWARD F. MAHONEY
DOUGLAS A. ROBERTSON
KEVIN C. REIDY
STEPHEN M. O'SHEA

SEAN M. ENNIS
MICHAEL J. KEEFE*
MARIA L. MAZUR
MICHAEL A. MURPHY+#^
ANTHONY R. BRIGHTON
MICHAEL B. DOHERTY+
ALEXANDRA CASTRO◆
LAUREN F. MARINI
CALISTA L. MAHARAJ
JENNIFER E. HARTUNIAN●
CATHLEEN B. CLARK

SENIOR COUNSEL
RAYMOND J. KENNEY, JR.

OF COUNSEL
NADINE NASSER DONOVAN+#

EDWARD F. HENNESSEY (1949-2007)
EPHRAIM MARTIN (1927-1988)
HAROLD E. MAGNUSON (1938-1999)
CLEMENT MCCARTHY (1951-1985)

* ALSO ADMITTED IN CT
+ ALSO ADMITTED IN RI
^ ALSO ADMITTED IN DC
# ALSO ADMITTED IN NY
◆ ALSO ADMITTED IN FL
● ALSO ADMITTED IN CA

April 20, 2007

Mr. Donald S. Koback
195 Sunnyside Avenue
Woonsocket, RI 02895

Re:   Donald S. Koback
Vs.   Onel, M.D. et al.
U.S. District Court, Civil Action 05-10798-WGY

Dear Mr. Koback,

In connection with the above-referenced case, enclosed please find copies of the following documents:

1.   Defendant Erol Onel, M.D.'s Interrogatories to be answered by Plaintiff Donald S. Koback;

2.   Defendant New England Medical Center's Interrogatories to be answered by Plaintiff Donald S. Koback; and

3.   Defendants Erol Onel, M.D. and New England Medical Center's Request for Production of Documents to Plaintiff Donald S. Koback

Please serve your response to the Request for Production of Documents within 30 days, or by May 21, 2007. Please serve your answers to the Interrogatories within 45 days, or by June 4, 2007.

MARTIN, MAGNUSON, McCARTHY & KENNEY

Thank you for your attention to this matter.

Very truly yours,

Jennifer Hartunian
Daniel J. Griffin, Jr.

Enclosures
cc:    Barbara Buell, Esq.
       Judith Feinberg, Esq.

1. The defendants are in possession
   of each and every word, date
   that I would state at a deposition;

2. Request for Production mentioned
   in their motion to dismiss
   served on MAY 14, 2007 on the
   Plaintiff, Donald S, Koback, delayed
   deposition until due — MAY 21,
   2007 (See letter from EROL ONEL,
   M.D. AND NEW ENGLAND MEDICAL CENTER
   DEFENDANTS, dated April 20, 2007 — SAID
   Letter inserted hereof, constitutes part and parcel hereof);
   See reverse page 3 + 3A

3. NOTWITHSTANDING DEFENDANTS
   JOHN P. LONG, Jr., M.D., EROL ONEL,
   M.D. AND NEW ENGLAND MEDICAL
   CENTER'S POSTPONEMENT (CANCELLATION) OF
   THEIR SCHEDULED DEPOSITION
   FOR A "NEW DATE PENDING
   PRODUCTION OF ADDITIONAL
   DOCUMENTS" (See Defendants' (joint) motion,
   paragraph 8), and DESPITE
   THEIR SLIP SHOD, NON SEQUITUR
   SCHEDULING, SEEMINGLY INADVERTENTLY to
   put the tail before the dog —
   premature deposition before
   production of documents,
   the Plaintiff, Donald S. Koback
   OFFERS HEREWITH, HEREBY



COURT DOCUMENT [198]

OBJECTIONS

See Federal Rules of Evidence
RULES ENUMERATED IN
COURT DOCUMENT [198].

ADOPTION BY REFERENCE
Fed.R.Civ.P. RULE 10(c)

See additional
"objections" which
follow this page
as well as "Answers, RESPONSES"
followed by privilege, claims
of privilege, Assertions of privilege

FOR EACH OBJECTION, BELOW, PLAINTIFF,
SPECIFICALLY DOES NOT WAIVE EACH AND EVERY
PRECEDING OBJECTION.

OBJECTION, Attorney client privilege.

OBJECTION: Discovery imposes reciprocal
obligations. The defendants constitute
one unit. The failure of defendant M.D.
Emanuel Friedman to respond, to
plaintiff, Donald S. Woback's Request
for Admission constitutes a failure
of the defendant, M.D. John P. Long Jr.
co-conspirator.

OBJECTION: Pursuant to Fed. R. Civ. P.
RULE 26(3) the defendants, including
defendant, M.D. John P. Long Jr.
have violated the dictates of
promptly filing and serving RULE
26(3)(A) 26(3)(B), 26(3)(C) in
addition to Rule 26(a)(1) and
26(a)(2) & initial disclosures.

OBJECTION: Without waiving attorney
client privilege, and the objections
above, documents (RULE 34) or
answers (RULE 33) with respect thereto
not in plaintiff Donald S. Woback's
possession, custody or control BCBS,

OBJECTION: All material, relevant USDHHS
medical and hospital record
disclosures, served on all defendants,

OBJECTION: Said Request
for Production and Interrogatories
seek immaterial and/or irrelevant and/or
documents or answers, and/or which documents
or answers requested or interrogated
seek things wherein the prejudice outweighs

Donald S. Woback    12-30-2006

any probative value asserted and/or
that things (answers, documents)
are not of a type or a kind
which would not properly be admitted
leaving their weight to the fact
finder (judge and/or jury)

OBJECTION: Defendant seeks little
more than a scintilla.

OBJECTION: Defendant seeks matter
(answers and documents) relating to
out-of-court declarants - hearsay.

OBJECTION: Plaintiff Donald S.
Koback raises an objection to
each and every hearsay exception
which the defendants claim.

OBJECTION: As plaintiff does
not seek loss of income, but,
rather compensatory and punitive
damages for hospital bills, medical
bills, loss of consortium, pain and
suffering, physical mental
injuries, infections, discoloration
of penis, scrotum, disfigurement,
loss of function.

OBJECTION: WITHOUT WAIVING THE
AFORE ANSWERED (RULE 33) and afore-
produced (Rule 34), Plaintiff Donald S.
Koback answers and/or produces
as follows: NO FURTHER ANSWER REQUIRED,
RULE 33
NONE. RULE 34

OBJECTION: WITH WAIVING each and
every single objection above,
(X) 12-30-2006

the plaintiff produces [ in Request
for Production 1, 2, 3, 4, 5, 6, 7, 8, 9, 10,
11, 12, 13, 14 . ] LETTER TO BLUE CROSS
BLUE SHIELD, New England Medical Center,
et. al written by Michael P.
Donovan, M.D. ( See signature ) on
behalf of the plaintiff, Donald Slobock
dated December 28, 1999 ; and
appointment card dated 6/28/5
1:45 RECEIVED FROM M.D. JOHN P. LONG,
JR. who was standing behind his
receptionist waving good-bye to the
plaintiff, Donald S. Kobock

OBJECTION. WITHOUT WAIVING OBJECTIONS
AFORESAID, plaintiff, Donald S. Koback
is also known as DONALD STANLEY KOBACK
OBJECTION TO SOCIAL SECURITY NUMBER
question, D.O.B: 12/17/51, 145
Sunnyside Ave, WOONSOCKET, RHODE
ISLAND, lawyer
OBJECTION: PLAINTIFF, DONALD S. KOBACK
OBJECTS TO ALL ANSWERS AND DOCUMENTS SOUGHT
TO PROVE THE TRUTH OF THE MATTER ASSERTED,
ACCORDING TO THE DEFENDANT'S PRIGGISH,
tunnelled, One-sided vision, perspective
fraught with overzealous inaccuracies
OBJECTION. Without waiving above
objections, documents or answer sought
seek for by the defendant, John P. Long,
M.D. John P. Long, Jr. seek to prop up an insufficient
defense, or to dredge up redundant,
immaterial, impertinent and/or scandalous MATTER.
DSK 12-30-2006

Without waiving above,

OBJECTION: Said documents and answers sought by the defendant, M.D. John P. Long, Jr. are being presented for an improper purpose such as to harass, or to cause unnecessary delay and needless increase in the cost of litigation.

OBJECTION: WITHOUT WAIVING ABOVE Plaintiff's Objections are reasonably based on a lack of information or belief.

OBJECTION: Without waiving the above, when plaintiff, Donald S Kobach entered M.D. John P. Long, Jr.'s office waiting area the the plaintiff went directly to the receptionist about 15 minutes later, when plaintiff Donald S Kobach entered M.D. JOHN P. LONG'S OFFICE THE PROSTHESIS WAS EX-TRUDING, OR PROTRUDING OUT OF THE LEFT SIDE OF THE PENIS but not yet out of the urethra. Plaintiff, Donald S. Kobach spoke the day before to Dr. Michael P. Donovan's receptionist and she made plaintiff aware that he should come in immediately, & she further intimates that the plaintiff is one of Dr. Michael P. Donovan's patients.

OBJECTION; OBJECTION TO REQUEST FOR PRODUCTION ARE TO THE WHOLE. SUPPLEMENT; PLAINTIFF, DONALD S. KOBACH RESERVES RIGHT TO SUPPLEMENT AS TO OTHER DEFENDANTS AS WELL AS THIS DEFENDANT, M.D. John P. Long, Jr. M.D./ ONCE THEY COMPLY WITH PLAINTIFF'S DISCOVERY.

RESERVE MOTIONS IN LIMINE & VOIR DIRE

NEW ENGLAND MEDICAL CENTER

COGNIZANT THAT A LAWSUIT

ANSWERS (CIVIL ACTION) BY PLAINTIFF DSK

RESPONSES was imminent Def. New Eng. Med. Cent.,

Tufts Univ. School of Medicine terminated

their relationship with EROL ONEL, M.D.,

encouraged and conspired with said Erol

ONEL to take a position with Andover

Urology, this "act" of "termination

or separation" from Def. NEMC et al

was to defraud & intended to defraud

the plaintiff DSK because they

knew well that there was no insurance

coverage (time of claim policy) if Erol Onel was, had is their

employ or otherwise associated with them at the

time the Summons and Complaint

& Demand for Jury Trial were served.

EVIDENCE of flight to avoid exposure

and underhanded connivance. (Federal Rule

of Evidence Rule 4

On Feb 27, 2000 EROL ONEL, M.D., of NEMC/Tufts

admitted that he was able to remove some of the

prostate by prof Leslie "clean theme" work led by Robert S.

Gould M.D. AND Engineer ARELAND, MD of MVMC

LMH-ON KIDS, 1-Def Erol Onel M.D. operated with

LONG and then a new penile brakes & device

AFTER WHICH EROL ONEL SAT ME DOWN IN A ROOM

PLACED both hands on my upper legs, above

my knees, AND imparted that my sperm count

was double/twice and double/twice the swiftness

of normal and then he rolled back roaring

with laughter that I merely had a 2½ inch

penis to deliver them, that then came back

toward me stating that I had suffered

a LOSS OF OXYGEN (LOO) he

repeated. He counseled & must want to

treated for SLEEP APNIA

Per onel, M.D., John L___ _____ stated in his declaration that the created a spacer in time between the Feb 27, 2002 or ___ and Nov 1, 2000 implied to reduce the ___ ___ infection but the truth was ___ that ___ ___ ___ etc were ___ ___filled with stubborn infections ___ from the ___ and that the new prosthesis was laid upon this infected ___ we, of course, Copiously "flushed with" anti-bacteria ___, but once you leave the hospital you set out with a new foreign body ___ ___ old foreign bodies and lingering internal infection ___ ___ your stay at the hospital would have been far lengthier than 2 days — a month - 31 days ___ "Cip" and antibiotic flushing of your system could have been done in earnest

MARTIN, MAGNUSON, McCARTHY & KENNEY

101 MERRIMAC STREET

BOSTON, MASSACHUSETTS 02114-4716

HOSTON, MASSACHUSETTS 02114-4716

Mr. Donald S. Koback
195 Sunnyside Avenue
Woonsocket, RI 02895

Stubborn infection,
These was laid upon this infected
copiously "anti-bacteria" anti-biotic, so
you set out with a new foreign body
dies and lingering internal infection
at the hospital could have been
days - a month - 31 days ... Cop
or system could have been down ...

MARTIN, MAGNUSON, McCARTHY & KENNEY
101 MERRIMAC STREET
BOSTON, MASSACHUSETTS 02114-4716

Mr. Donald S. Koback
195 Sunnyside Avenue
Woonsocket, RI 02895

DUPLICATE ORIGINAL   Donald Elizabeth January 6, 200_
OBJECTION (34)   OBJECTION (IN WHOLE OR IN PART)   OBJECTION (Continued) (33)   June–MIDJuly, 1992 (INJECTIONS)   INVASIVE irrigation

1-4-2007

Plaintiff made each doctor in this Civil action aware of the etiology from begin of 6-25-92 to end, up to that point in time 7-15-92 onward injection, through foreign bodies, surgeries, infections, injuries, they each acknowledged their awareness. but stated they would examine past records ~~what~~ (which they failed, refused or neglected to do AFTER HAVING KNOWING DISREGARD)

I explained in no uncertain terms the desultory performance of the past defendant doctors and hospitals and that I needed their assurances and promises that they were ready, able, and willing to ameliorate (or improve) what was left of him when he stood before them. They represented that they were ready, willing and able to improve. Plaintiff made clear that he understood such representations to be material (of great weight + importance) and so he asked, whether he could, should, or would rely on said material representations that he should, could, and if he wishes, would rely plainly asked whether they intended for him to rely on these material representations and they ~~so~~ ~~these~~ responded by ~~said to~~ declaring, expressly that they intended for him to rely on their representations. Plaintiff made it perfectly clear that he would not go forward unless or except for the making of representations which they intended for him to rely on and which was about and did in fact reasonably rely to his substantial detriment

OBJECTION (continued)
(33)                                                              (34)

Before and during, and after sleeping (including all follow ups)? The doctors and their attenders blurted out, spontaneously, exclaimed that they were treating him "Au Contraire" (to the Contrary or promised to ameliorate) with [the] mistakes, errors, etc. things which would to be done, left undone, res ipsa loquitur, ræs gestae (res gestae), res fungibles.

Emanuel Friedman

At ~~any time~~ Some date and time, prior to
8-4-1998,

Single dose — 2 hours priapism

Triple dose — 8 days Priapism

HE SHOWED ME

so full syring ~~~~ dose — I was terrified at full dose
After 8 days priapism
· no vacume was ever discussed
✓ implant of multiple ~~pros~~ piece penile prosthetic ✓
will be the cure-all                                    7-15-92

Emanuel friedman — Viagra — to treat
complaints of pain — handful — and wrote a Viagra
✓ while SP was hospitalized knowing that    prescription
such drugs were contraindicated cause    for
only exacerbated the pain — an act    the
of cruelty date    Plaintiff
Donald
Lebut
~~I THIS~~ continued    which he
handed to
the plaintiff

③

Sum up with Peserve

Right to serve additional 33 + 34

Req for Admission
to M.D. Emanuel Friedman

Dr. Donald Kobach
1-508-875-2001 (of 95 Lincoln St, FRAMINGHAM, MASSACHUSETTS
U.S.A.

After implanting his penile prosthetic device

① Dr. Emanuel Friedman
Telephone No: 1-508-875-2001

"Cracked a JOKE" Let's hope these penile prosthesis isn't defective — Sometimes the deflation mechanism doesn't deflate and sometimes the balloon or ball in your scrotum which pumps air OR FLUID into the balloons on the two sides of your penis has pin holes in it so it doesn't inflate

④ After the surgery I had many follow-up doctor's office visits with Dr Emanuel Friedman begging him to show how the deflation mechanism functioned.

On each occassion (sp?) he pumped the ball in my scrotum making my penis even harder then he touched the deflation mechanism

On each follow-up, he failed to deflate pumped it up, saw that the pain was increasing, my condition worsening — all with a Grin

In addition, Dr Emanuel Friedman told above or above DSM66 10-18-2006

Dr. John ... Ronald Kob
Tel. No 1-508-370-7703   and to the urethra outer lining
139 LINCOLN STREET
FRAMINGHAM, MASS. 01701 USA

disassembled, broken

Infected
Pulled with grasping forceps upon Prosthetic device(s)
Pulled down into the bladder
DESPITE PULLING with grasping forceps upon
the remains of the Dr John P. Doe, Jr. prosthetic device
"Curiously" the remains of THE Penis
Right side prosthetic device(s) were
sutured or stitched in and out of the
outside of my penis and the inner lining
or wall of my penis leting(sp?) in
or exposing the inside of my penis and
the rest of my body to external (outside
of my body - i.e. bacteria,
germs, living organisms of every type and description
dirt, grime, chemicals which exist in the outdoor world
— Sutured or stitched to urethra
— Tortuous urethra  ←
— dysfunctional, disassembled, and/or broken
penile prosthesis pulled out of hold
holes punctures wounds in my penis
prosthetic move out through the
urethra

Rolex34
33X

5  In addition

Dr John P. Dong JR
Tel No 1-508-370-7703
is able

described above

DB ... 10-18-2006

RESPONSES AND                    CF Plaintiff, Donald S. Koback in accord

FURTHER ANSWERS.

The medical "treatment" of each and every
medical doctors named below and the
hospital "treatment" of each and every hospital
named below was desultory, substandard
leaving Donald S. KOBACK with a ZERO (0)
inch penis, persistent, incurable penis, scrotum,
bladder, stomach INJURIES, right leg limp,
infection, and foreign bodies throughout his
urogenital, reproductive system to this very
day and into the future. Joint and several, joint venturers,
HISTORY, RES Gestae (Gaestae), res ipsa loquitur,
res funsibles

— 2 injections (overdoses) causing priapism
by EMANUEL FRIEDMAN, M.D., between
June 15, 1992 and July 20, 1992.
Emergency irrigation of penis, scrotum,
etc. during same period at Leonard
Morse Hospital, MetroWest Medical Center August
— AUGUST 4, 1993 — surgery by Emanuel
Friedman M.D. at Leonard Morse Hospital,
METROWEST MEDICAL CENTER
— MAY 20, 1998 — VIAGRA PRESCRIPTION
FROM EMANUEL FRIEDMAN M.D.
TO Donald S. Koback dated 04/25/00
— year 2000 A.D. OFFICE notes of
Emanuel Friedman M.D., Leonard
Morse Hospital, METROWEST MEDICAL
CENTER TO EROL ONEL, M.D., John
P. Long, M.D., New England Medical
Center concerning Donald S. Koback
within Statute of Repose

Robert S. Gould, M.D., Leonard Morse Hospital MEGROWEST, MEDICAL CENTER, attempted explant (surgery) removal of infected, broken, fragmented penile prosthesis

Feb 27, 2000

Eval Onel, John P. Long, JR., et. al, NewEngland Medical Center, Tufts University School of Medicine remove sugically (explant) part of fragmented, infected prothesis (penile, scrotum, stomach) lent behind by Robert S. Gould, M.D., and Emanuel Freedman, M.D., Leonard Morse Hospital, METROWEST MEDICAL CENTER

~~AUGUST 15, 2004~~

NOVEMBER 1, 2000
Eval Onel, M.D., John P. Long, M.D., et. al. of New England Medical Center, et. al. implant "new" prothetic penile, scrotum device

November 12 - Nov 13, 2004
John P. Long, Jr., M.D. a/k/a John P. Long, M.D. explant, surgically remove, unsuccessfully penile prothesis, fragments thereof, leaving plaintiff, Donald S. Koback wife with infection

ANSWERS

Answers, Responses

EXPERT MEDICAL REPORT
COURT
Docket # 6 Letter
from Dr. Michael P. Donovan
Filed 05/9/2005
Entered 05/20/2005

Court
Document # 1

FILED 04/12/2005
ENTERED 04/26/2005

Federal Rule of Civil
Procedure RULE 10(c)
ADOPTION BY REFERENCE

# ANSWERS, RESPONSES

See Court Documents [154],
[194], [195], [196], [197],
[200], [201] ADOPTION BY
REFERENCE. Federal Rules of
Civil Procedure RULE 10(c)

ANSWERS/ ~~EXPERT MEDICAL REPORT~~ RESPONSES

# NEW ENGLAND
# UROLOGY
## ASSOCIATES, LLC.

Stanley E. Kraus, M.D., P
Michael P. Donovan, M.D., P.

139 Lincoln Street
Framingham, MA 01702

20 Hope Avenu
Waltham, MA 0215

508-370-7703
Fax 508-370-7701

December 28, 1999

Re: Donald Koback

To: Blue Cross and blue Shield of Massachusetts

I have had a chance to evaluated Mr. Koback for severe organic erectile dysfunction. This has been an ongoing problem since a penile prosthesis was ex-planted in April of 1995. On his most recent evaluation in November of 1999 his penis has progressed to the point where it is a severely shortened nonfunctional fibrotic penis. Because of the degree of scar tissue present it was felt that no current erectile dysfunction treatment or even a new penile prosthesis would adequately correct his problem. I have recommended that Mr. Kobak go to a urology center in Virginia to be evaluated for penile reconstruction. I feel this is one of his only options available since there are no centers in Massachusetts that are capable of doing this kind of surgery.

Mr. Kobak has had significant mental health issues due to his condition. Therefore I would like to expedite any coverage issues for him to go to Virginia. Please feel free to contact me with any questions.

Sincerely,

Michael P. Donovan M.D.

ANSWERS, RESPONSES

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION
(BOSTON, MASSACHUSETTS)

CIVIL ACTION No:
1:05-CV—
10798-WGY

DONALD S. KOBACK,

Plaintiff,

V.

METROWEST MEDICAL
CENTER, LEONARD
MORSE HOSPITAL,
FRAMINGHAM UNION
HOSPITAL, NEW
ENGLAND MEDICAL
CENTER, TUFTS
UNIVERSITY SCHOOL
OF MEDICINE, HMO
BLUE OF MASSACHUSETTS,
EMANUEL FRIEDMAN,
M.D., JOHN P. LONG,
M.D., AND EROL
ONEL, M.D.,

Defendants

U.S. COURT OF
APPEALS (FIRST
CIRCUIT)
No. 07-1411

MEDICAL AFFIDAVIT OF SYED RAZVI, M.D.
ON BEHALF

OF HIS PATIENT, PLAINTIFF, DONALD S. KOBACK
WHICH REBUTS "DISCLOSURE OF EXPERT
TESTIMONY OF DAVID KAUDER, M.D.
ON BEHALF OF JOHN P. LONG, JR., M.D.
IN ACCORDANCE WITH FED. R. CIV. P.
26(a)(2)(B)"

I, SYED RAZVI, M.D., MILFORD MED-CARE,
INC., 160 SOUTH MAIN ST., MILFORD, MASSACHU-
SETTS 01757, have, possess a complete
and accurate history of my patient,
Donald S. Koback, Plaintiff herein.
I have read the report dated
March 19, 2007 of the hired,
non treating physician, DAVID H.
Kauder, of 400 Highland Avenue,
Salem, Massachusetts purporting
to provide his opinion as to the
care, treatment furnished by
John P. Long, JR., M.D. to our
mutual patient Donald S. Koback,
plaintiff herein.
    I, SYED RAZVI, M.D. am the treating
physician of Donald S. Koback, my
patient.
    I am well acquainted with the
disastrous, invasive (injection) therapies,
extreme, nearly terminal, gangrenous

A Kaplan Partner

KOBACK ,DONALD

**AMBULATORY PATIENT VISITS**

191 39 58

12/17/1951

02 25 00

Presented for consultation + opinion re impotence + ? of infertility.

48 yo attorney.

Now totally impotent with very short penis c̄. no erections

Approx 9 years ago had a first cavernous injection to induce erection → lasted 18 hours then subsided

2 weeks later had a second injection → 8 day priapism; became painful on sixth day. 8th day ER at Leonard Morse — Dr Freedman performed emergency irrigation → Detumescence.

1 month later placement of 3 piece pump penile prosthesis. Functional at first although only 2-3" long 6 months later onset of pain + failure to detumesce. Approx few months later — Rod extruded from urethra and ruptured

Part of prosthesis removed surgically by Dr Seu' portion remains. Then had alcohol injection(s) x4 at UMass. — unsuccessful.

PMH — Depression — ON Lithium — Smoke 2-3packs/day x 15 years.

P.E. Short Flaccid Penis.

① Rod + ? ② proximal extender palp. symphatic Flt Penil t t.

Imp. Impotence c̄ short penis + retained part of prosthesis.

Plan ① Semonally c... ② Records.

Additional claims AND ASSERTIONS
OF PRIVILEGE —

Physician-patient, inter alia
DONALD S. KOBACK
RESERVES RIGHT, PRIVILEGE, immunities
to claim or assert additional
privileges, including sub-heading
privacy.

PRIVILEGE(S)

HIS OBJECTIONS, ANSWERS, RESPONSES, AND CLAIMS OF PRIVILEGE. (SAID INSERTED HEREAT.) PLAINTIFF, DONALD S. KOBACK RECEIVED two (2) cell phone calls from John P. Long stating he "wish to cancel" the depositions on January 31, 2007 (day of Defendant, Emanuel Friedman Motion for Summary Judgment HEARING) and April 3, 2007 at 6:30 A.M. respectively stating I should respond to their Request FOR Production of Documents;

Court Document [143] 3

4. Defendants EROL ONEL and NEW ENGLAND MEDICAL CENTER LACK STANDING TO FILE THE INSTANT MOTION TO DISMISS AT BAR;

5. Court Document [198] Adoption by Reference Fed. R. Civ. P. RULE 10(c);

6. Defendants John P. Long Jr., M.D., Erol Onel, M.D., AND NEW ENGLAND MEDICAL CENTER NOT PREJUDICED IN ANY WAY BY THEIR CANCEL(ATION)OF DEPOSITIONS AS THEY POSSESS PLAINTIFF, DONALD S. KOBACK OBJECTIONS, ANSWERS, RESPONSES, AND CLAIMS OF PRIVILEGE — See #4 above AND RESPONSES TO DEFENDANT EROL ONEL AND NEW ENGLAND MEDICAL CENTER'S REQUEST FOR PRODUCTION signed on May 14, 2007, served May 15, 2007;

7. CAPTION, LACKING ALL PARTIES, IS VOID;

8. Fed. R. Civ. P. RULE 30(a)(2)(B) the person, Plaintiff, Donald S. Koback to be examined has already been deposed in the case;

9. Cancelled depositions waives depositions;

CROSS EXAM – deposition
John P. Long, Erol Onel, New England Medical Center

U. S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN CLERKS OFFICE
2007 MAY 18 P 12: 50
U.S. DISTRICT COURT
DISTRICT OF MASS.

EASTERN DIVISION
( BOSTON, MASSACHUSETTS )

DONALD S. KOBACK
PLAINTIFF, PROSE

V.

METROWEST MEDICAL
CENTER; LEONARD
MORSE HOSPITAL;
FRAMINGHAM UNION
HOSPITAL; NEW
ENGLAND MEDICAL
CENTER; TUFTS
UNIVERSITY SCHOOL
OF MEDICINE; EMANUEL
FRIEDMAN, M.D.; JOHN
P. LONG, M.D.; HMO
BLUE OF MASSACHUSETTS;
BLUE CROSS/BLUE
SHIELD OF MASSACHUSETTS;
EROL ONEL, Andover
Urology Associates
of Andover, Massachusetts,
DEFENDANTS

Civil Action No.:

1:05-CV-
10798-WGY

U.S. COURT OF
APPEALS

07-1411



# REQUEST FOR ADMISSION
## (Fed. R. Civ. P. RULE 36)
### CROSS EXAMINATION Fed. R. Civ. P. RULE 30
(See NOTICE OF DEPOSITION)

To: John P. Long, Jr., M.D.
alias, a/k/a John P. Long;

ALL OF the a/k/a, alias of
METROWEST MEDICAL CENTER;

NEW ENGLAND MEDICAL CENTER;

EROL ONEL, M.D.;

TUFTS UNIVERSITY School of
Medicine,

CROSS EXAMINATION Answer each REQUEST FOR ADMISSION
as a question, answering yes, no, or otherwise AND/OR

Admit each of the Requests

FOR ADMISSION served in this

case to fellow members of your

Joint enterprise (without) the

10 (TEN) ludicrous, discriminatory,

prejudicial limitations of the

judge in this case.

Your refusal to sign affadavits
to the complaint, Requests for
Admissions with the aid
(in concert) with this
judge are willful violations
of the rights of the plaintiff,
Donald S. Koback,
SAID REQUESTS FOR ADMISSION HEREBY
DEEMED ADMITTED.

Submitted

Donald S. Koback
PLAINTIFF, PRO SE
MAY 14, 2007

10. Deposition Notice invites "Cross examination" → See REQUEST FOR ADMISSION (Fed. R. Civ. P. RULE 36) Cross Examination Fed. R. Civ. P. RULE 30 (See Notice of Deposition) inserted

herect and constituting part and parcel hereof;

11. Fed. R. Civ. P. RULE 30(d)(2) Deposition limited to seven (7) hours. Defendants' notice of deposition imposes this language — "The oral examination will continue from day today until completed." SAID Deposition Notice IS VOID FOR VAGUENESS, OVERBROAD, CHILLS FREE SPEECH FOR IT ALLOWS VIRTUALLY, and actually ENDLESS QUESTIONS/ANSWERS thereby violating the FIRST (1st.) Amendment, Fifth (5th.) Amendment FOURTEENTH (14) AMENDMENT, U.S. CONSTITUTION As well as the Massachusetts Declaration of Rights;

12. Plaintiff, Donald S. Koback hereby objects to notice of deposition, FORM OF notice of deposition ~~OF~~ MANNER IN WHICH PRODUCTION OF DOCUMENTS ~~OBJT~~ TECHNICAL MECHANISM OF THE DEPOSITION, ACTUAL CONDUCT of the testimony. Fed. R. Civ. P. RULE 32(d)(1), RULE 32(d)(2), RULE 32(d)(3);

13. A denial of Plaintiff's, (motion to terminate deposition pursuant to Fed. R. Civ. P. Rule 30 does not constitute an "ORDER COMPELLING TESTIMONY" AT A DEPOSITION. A MOTION TO COMPEL PURSUANT TO Fed. R. Civ. P. RULE 37. MUST BE FILED AND SERVED NO LATER THAN ~~30~~ THIRTY (30) DAYS AFTER THE DEPOSITION SCHEDULED, TRANSCRIBED BY OFFICIAL COURT REPORTER ON APRIL 3, 2007. The instant DEFENDANTS' "JOINT MOTION" was mailed to Plaintiff, Donald S. Koback on May 10, 2007, Therefore, these ~~the~~ defendants are time barred. Fed. R. Civ. P. RULE 26., RULE 28., RULE 29.,

RULE 30., RULE 32., RULE 33.,
RULE 34., RULE 36., RULE 37;

14. Pursuant to Fed. R. Civ. P, RULE
26(b)(3), a party defendant
may obtain discovery of documents
and tangible things ".., prepared
in anticipation of litigation or
for trial by or for another party
or by or for ~~the~~ that other party's
representative (including the
other party's attorney, consultant,
surety, indemnitor, insurer), or
agent, ~~only~~ only
; upon showing
that the party seeking the
discovery
has substantial need for the
materials in the preparation
of the party's case and
the party is unable
without undue hardship
to OBTAIN THE SUBSTANTIAL
EQUIVALENT BY OTHER MEANS,
Fed. R. Civ. P. RULE 26(b)(5)
Claims of privilege or
protection of trial preparation
materials;

15. PURSUANT to Fed. R. Civ. P. RULE 26(b)(1):
"Parties may obtain discovery
regarding any matter,

not privileged
that is relevant, and
must be
reasonably calculated
to lead to the discovery
of admissible evidence;"

16. Discovery cannot be had
of an attorney's (Donald S.
Koback, Board of Bar Overseers,
Supreme Judicial Court # 276200
ATTORNEY-AT-LAW)
mental impressions and
similar intellectual work product.
Hickman v. Taylor, 329 U.S. 495
(1947);

17. Rather than protect a disabled
litigant, injured at the hands
of the defendants, this district
court judge deploys, thrusts
the five (5) evils as a sword
WHICH five evils are

One (1.) annoyance;

two (2) oppression;

three (3.) embarrassment;

four (4.) undue burden;

five (5.) undue expense.
MASSACHUSETTS PRACTICE, VOLUME 7, page 216.
Examples include seeking to
conduct the deposition of
a physically feeble person at
a place away from his home;

18. Audio-visual transmissions
from plaintiff Donald S. Koback's
law office inter alia pro tanto without
notice, or his consent.
BILL OF RIGHTS, U.S. CONSTITUTION,
STATE CONSTITUTIONS

19. IF the case involves multiple
defendants, as does the
case at bar, plaintiff, Donald
S. Koback hereby identifies
Specialty Care, LLC and Crosbie-
MacDonald, the deposition notice must
be 30 days after the service of the

SUMMONS AND COMPLAINT FOR
JURY TRIAL, IN LIGHT OF
THEIR BEING HIDDEN. (See
(motion to join' by Plaintiff,
Donald S. Koback.)

Fed. R. Civ. P. RULE 12; RULE 30;
Massachusetts Practice, Volume 7,
Page 260. Refer to #13 above,
said notice time barred.

Wherefore, the "JOINT MOTION
OF THE DEFENDANTS, JOHN P. LONG, JR.,
M.D., EROL ONEL, M.D., AND NEW
ENGLAND MEDICAL CENTER TO DISMISS
THE PLAINTIFF'S COMPLAINT
FOR FAILURE TO COMPLY WITH COURT
ORDER" SHOULD NOT BE GRANTED.

MAY 16, 2007

The Plaintiff,
Donald S. Koback
PRO SE

DONALD S. KOBACK
PLAINTIFF, PRO SE
MAY 16, 2007

U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Western Division

Docket No. 2003-MAY 18 P 12: 50
Docket No. 05-10798-WGY

FILED
IN CLERKS OFFICE

U.S. DISTRICT COURT
DISTRICT OF MASS.

DONALD S. KOBACK, *pro se* )
      Plaintiff, )
)
v. )
)
JOHN P. LONG, JR., M.D., ET AL., )
      Defendant. )
_____ )

### JOINT MOTION OF THE DEFENDANTS, JOHN P. LONG, JR., M.D., EROL ONEL, M.D., AND NEW ENGLAND MEDICAL CENTER TO DISMISS THE PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH COURT ORDER

NOW COME the Defendants, John P. Long, Jr., M.D., Erol Onel, M.D. and New England Medical Center and respectfully request that this Honorable Court DISMISS the Plaintiff's Complaint WITH PREJUDICE based on the plaintiff's failure to comply with a COURT ORDER. In support thereof, the defendants state as follows:

BACKGROUND FACTS

1.     This is an action for medical malpractice.

2.     The plaintiff alleges that the defendants were negligent in rendering urological care to him.

3.     Specifically, the plaintiff alleges that the defendants' negligence caused or contributed to severe-genitourinary damage.

4.     The defendants deny that they were negligent in rendering care to the plaintiff, and further state that they complied with the applicable standard of care at all relevant times. The defendants state that nothing they did or failed to do caused harm to the plaintiff in any way.

5.     On or about January 18, 2007, the defendant John P. Long, M.D. noticed the deposition of the plaintiff, Donald S. Koback, for January 31, 2007.

6.     The plaintiff filed Objections to that notice, requesting that this Honorable Court strike the notice of deposition and terminate his testimony.

7.     On or about January 24, 2007, this Honorable Court, Young J. presiding, denied the plaintiff's motion. (**See Order of the Court attached hereto as Exhibit A**).

8.     The deposition of the plaintiff was then taken off and scheduled for a new date pending production of additional documents. On or about March 21, 2007, the defendant John P. Long, Jr., M.D. renoticed the deposition of the plaintiff, Donald S. Koback, for 10:00 a.m. on Tuesday, April 3, 2007.

9      The plaintiff filed no opposition to the taking of his deposition. The plaintiff did not contact counsel for Dr. Long or request a continuance, a new date or any other consideration.

10.    The notice of taking deposition was served certified mail, return receipt requested.

11.    The return receipt for the notice of deposition was signed for by the plaintiff Donald S. Koback on March 24, 2007 (**See green card receipt attached hereto as Exhibit B**).

12.    On Tuesday, April 3, 2007, all defense parties convened at the office of Adler, Cohen, Harvey, Wakeman & Guekguezian, LLP, 75 Federal Street, 10th Floor, Boston at 10:00 a.m. for the taking of deposition of the plaintiff in this matter, Donald S. Koback.

13.    Mr. Koback failed to appear.

14.    At 10:45 a.m., the parties created a record which is attached hereto as **Exhibit C**.

ARGUMENT

15.    This Honorable Court denied the plaintiff's Motion to Strike the notice for taking of his deposition and ordered him to appear for testimony. The plaintiff has willfully failed to comply with the Order of the Court. Failure to comply with a Court Order is grounds for dismissal of the action with prejudice.

2

16.    The defendants should not be made to carry the burden of the plaintiff's willful

failure to appear.

WHEREFORE, for all of the foregoing reasons, Defendants, John P. Long, Jr., M.D.,

New England Medical Center, Inc. and Erol Onel, M.D. respectfully request that this Honorable

Court DISMISS the plaintiff's Complaint with prejudice.

The Defendant,
JOHN P. LONG, JR., M.D.
By his Attorneys,

Bernard Guekguezian, BBO #559191
Judith Feinberg, BBO #647511
        Adler, Cohen, Harvey, Wakeman
    & Guekguezian, LLP
75 Federal Street, Tenth Floor
Boston, MA 02110
(617) 423-6674

The Defendants,
Erol Onel, M.D., and
New England Medical Center
By their Attorneys,

Daniel J. Griffin, Esq.
Jennifer E. Hartunian, Esq.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
via Verilaw on-

3

**Full docket text:**
Judge William G. Young : Electronic ORDER entered DENYING re [171] MOTION to Terminate
Pursuant to Fed. R. Civ. P. Rule 30 by Donald S. Koback. (Paine, Matthew)

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 04/02/2007 18:01:16 | | | |
| **PACER Login:** | aa0613 | **Client Code:** | 0500002101 |
| **Description:** | History/Documents | **Search Criteria:** | 1:05-cv-10798-WGY |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |



EXHIBIT 3
D. Koback
4/3/07

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Donald S. Kobuck
19 S. County Side Ave
Woonsocket R.I.
02895

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Donald S. Kobuck_   □ Agent
                        □ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Donald Kobuck       3-24-0[?]

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
   □ Certified Mail      □ Express Mail
   □ Registered          □ Return Receipt for Merchandise
   □ Insured Mail        □ C.O.D.

4. Restricted Delivery? (Extra Fee)      □ Yes

2. Article Number
   (Transfer from service label)
   7004 2890 0004 8003 6760

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

EXHIBIT 2
D. Kobuck
4/3/07

1

```
 1                                    VOLUME:   I
                                      PAGES:   1-7
 2                                    EXHIBITS:   1-3

 3                      U.S. DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
 4
           Western, ss              Docket No. 05-10798-WGY
 5

 6
           DONALD KOBACK,                          )
 7                  Plaintiff,                      )
                                                   )
 8         vs.                                      )
                                                   )
 9         JOHN P. LONG, JR., M.D., et al,          )
                    Defendants.                     )
10                                                 )
                                                   )
11

12

13                                    ,
                     SCHEDULED DEPOSITION OF DONALD S. KOBACK,
14         a witness called on behalf of the Defendant John P.
           Long, M.D., taken pursuant to the Federal Rules of
15         Civil Procedure, before Darlene Caiazzo Sousa, a
           Certified Shorthand Reporter, Registered
16         Professional Reporter and Notary Public in and for
           the Commonwealth of Massachusetts, at Adler, Cohen,
17         Harvey, Wakeman & Guekguezian, LLP, 75 Federal
           Street, Boston, Massachusetts, on Tuesday, April 3,
18         2007, commencing at 10:45 a.m.

19

20

21

22                   EPPLEY COURT REPORTING, LLC
                          Post Office Box 382
23               Hopedale, Massachusetts 01747
                 (508) 478-9795   (508) 478-0595 (Fax)
24                        leppley@msn.com
```

```
 1                    A P P E A R A N C E S

 2

      Representing the Defendant John P. Long, M.D.:
 3          ADLER, COHEN, HARVEY,
            WAKEMAN & GUEKGUEZIAN, LLP
 4          75 Federal Street
            Boston, MA   02110
 5          BY:  JUDITH FEINBERG, ESQ.
            (617) 423-6674   (617) 423-7152  (Fax)
 6

 7    Representing the Defendants Erol Onel, M.D. and
      Tufts-New England Medical Center:
 8          MARTIN, MAGNUSON, MCCARTHY & KENNEY
            101 Merrimac Street
 9          Boston, MA   02114
            BY:  JENNIFER E. HARTUNIAN, ESQ.
10          (617) 227-3240   (617) 227-3346  (Fax)

11

      Representing the Defendants Metro West Medical
12    Center, Framingham Union Hospital, Leonard Morse
      Hospital:
13          BLOOM & BUELL
            1340 Soldiers Field Road
14          Boston, MA   02135-1020
            BY:  BARBARA HAYES BUELL, ESQ.
15          (617) 254-4400   (617) 254-7610  (Fax)

16

17

18

19

20

21

22

23

24
```

3

```
1                      I N D E X

2

3                                    PAGE

4

5     By Ms. Feinberg                    4

6

7

8                  E X H I B I T S

9

10    NO.      DESCRIPTION                    PAGE

11     1     Notice of Deposition             4

12     2     Certified Mail Receipt Signature  4

13     3     Court Order Denying Motion        5

14



16

17

18

19

20

21

22

23

24    *Exhibits Retained by Counsel
```

```
1                    P R O C E E D I N G S

2                    *    *    *    *    *

3

4            MS. FEINBERG:  My name is Judith Feinberg

5       appearing on behalf of John P. Long, Jr., M.D., and

6       we are here at Adler, Cohen, Harvey, Wakeman &

7       Guekguezian, 75 Federal Street, Boston, on the

8       morning of April 3, 2007.  The deposition of Donald

9       S. Koback, party plaintiff in this matter, was

10      noticed for today at 10:00 a.m.  It is now

11      10:45 a.m., and Mr. Koback has failed to appear.

12            I would like to mark the notice of

13      deposition as Exhibit 1, if we could please.

14            (Exhibit No. 1, Notice of Deposition so

15      marked)

16            MS. FEINBERG:  We also have a copy of a

17      certified mail receipt.  Mr. Koback is appearing in

18      this matter pro se.  A notice of taking deposition

19      was delivered to him at his address of record.  We

20      have a signature on the certified mail receipt just

21      stamped March 24, 2007.  And why don't we mark that

22      as Exhibit 2.

23            (Exhibit No. 2, Certified Mail Receipt

24      Signature so marked)
```

```
 1            MS. FEINBERG:  Mr. Koback had earlier
 2      filed objections to the taking of his deposition
 3      with the Court and moved to strike the notice of
 4      deposition and terminate the examination.  The
 5      Court denied his motion, and I'd like to mark a
 6      copy of that order as Exhibit 3.
 7            (Exhibit No. 3, Court Order Denying
 8      Motion so marked)
 9            MS. FEINBERG:  This case is captioned
10      Donald S. Koback, pro se, plaintiff versus John P.
11      Long, Jr., M.D., et al.  The Docket number in the
12      U.S. Federal District Court in the District of
13      Massachusetts is 05-10798.
14            It now being after 10:45 a.m., and Mr.
15      Koback having failed to appear, the deposition on
16      behalf of Dr. Long is now concluded.  If other
17      parties would like to add anything to the record?
18            MS. BUELL:  I'm Attorney Barbara Hayes
19      Buell from the law firm of Bloom & Buell, 1340
20      Soldiers Field Road, Boston, Massachusetts,
21      appearing here on behalf of Metro West Medical
22      Center, Framingham Union Hospital and Leonard Morse
23      Hospital, all of which are one entity.  And I, with
24      the approval of my colleague Attorney Feinberg,
```

```
 1        would like to adopt the exhibits on behalf of my

 2        defendant and note that Mr. Koback has apparently

 3        not notified anyone that he would not appear for

 4        his deposition and he has, in fact, not appeared.

 5                    MR. HARTUNIAN:   I'm Attorney Jennifer

 6        Hartunian from the law firm of Martin, Magnuson,

 7        McCarthy & Kenney at 101 Merrimac Street in Boston.

 8        I represent two defendants, Dr. Erol Onel and

 9        Tufts-New England Medical Center.   I also adopt the

10        exhibits on behalf of my two clients.

11                    MS. FEINBERG:   We're concluded.

12                    (Whereupon, the proceedings concluded at

13        10:49 a.m.)

14

15

16

17

18

19

20

21

22

23

24
```

```
1                    C E R T I F I C A T E

2

3       COMMONWEALTH OF MASSACHUSETTS

4       COUNTY OF MIDDLESEX, ss.

5

6            I, Darlene Caiazzo Sousa, Registered

7       Professional Reporter, do hereby certify that the

8       foregoing record, pages one through six, is a

9       complete, accurate, and true transcription of my

10      stenographic notes taken in the aforementioned

11      matter to the best of my skills and ability.

12           IN WITNESS WHEREOF, I have hereunto.

13      set my hand and seal this _____ day of

14      _____, 2007.

15

16

17

18                      Darlene Caiazzo Sousa, RPR

19                         Notary Public

20

21

22      My commission expires:  November 15, 2007

23

24
```

*NOTWITHSTANDING, PLAINTIFF, DONALD S. KOBACK*
*Offers The ATTACHED OBJECTIONS, ANSWERS,*
*RESPONSES,*

U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Western Division

Docket No. 05-10798-WGY

*CLAIMS OF PRIVILEGE*

DONALD S. KOBACK, *pro se*
        Plaintiff,

v.

JOHN P. LONG, JR., M.D., ET AL.,
        Defendant.

*not preserved* *for any objections* *3) extended* *not preserved for the objections answers*

*ERUL ONEL*
*a New England*
*Medical Center*
*LACK standing*
*to FILE THIS*
*MOTION TO DISMISS*
*COURT DOCUMENT [198]*

To:    Donald S. Koback, *pro se*
       195 Sunnyside Avenue
       Woonsocket, Rhode Island 02895

Please take notice that at **10:00 a.m.** on **Tuesday, April 3, 2007**, at the offices of Adler,

Cohen, Harvey, Wakeman & Guekguezian, LLP, 75 Federal Street, Tenth Floor, Boston,

Massachusetts, the defendant in this action, John P. Long, Jr., M.D., will take the deposition

*Must be attorney who will take deposition*

upon oral examination of the plaintiff, **Donald S. Koback**, pursuant to the applicable provisions

of the Federal Rules of Civil Procedure, before a Notary Public in and for the Commonwealth of

*VOID FOR VAGUENESS, OVERBROAD*
*FIRST Amendment U.S. CONST*

Massachusetts, or before some other officer authorized by law to administer oaths. The oral

examination will continue from day to day until completed.

*Fed. R. Civ. P.*
*RULE 30(d)(2) "chill"*
*DEPOSITION LIMITED*
*TO SEVEN (7) days*
*HOURS*
*Fed. R. Civ. P.*
*Rule 30(d)(1)*
*Privilege*

*You are invited to attend and cross-examine.*

*false - Who was the*
*deponent who*
*would be available*
*for cross-examination*
*John P. Long Jr. M.D.*
*ERUL ONEL*

The Defendant,
JOHN P. LONG, JR., M.D.
By his Attorneys,

_____
Bernard Guekguezian, BBO #559191
Judith Feinberg, BBO #647511
Adler, Cohen, Harvey, Wakeman
 & Guekguezian, LLP
75 Federal Street, Tenth Floor
Boston, MA 02110
(617) 423-6674

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document
was served upon the attorney of record for each other
party by mail hand on ___3/2/___

*CAPTION, LACKING ALL PARTIES IS VOID. ALSO, Plaintiff, Donald S. Koback the person to be examined*
*Fed. R. Civ. P. RULE 30(a)(2)(B) has already been deposed*

*NEW ENGLAND*
*MEDICAL CENTER*
*i. I submit Req for Admission to be admitted or to be*
*answered yes, no, or otherwise*

EXHIBIT 1
D. Kobar
4/3/07

**Full docket text:**

Judge William G. Young : Electronic ORDER entered DENYING re [171] MOTION to Terminate Pursuant to Fed. R. Civ. P. Rule 30 by Donald S. Koback. (Paine, Matthew)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/02/2007 18:01:16 | | | |
| **PACER Login:** | aa0613 | **Client Code:** | 0500002101 |
| **Description:** | History/Documents | **Search Criteria:** | 1:05-cv-10798-WGY |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |



EXHIBIT 3

D. Koback
4/3/07

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Donald S. Kobuck
195 Security Suite Ave
(Commercial) R-I
C 02515

5-2(0)

2. Article Number
(Transfer from service label)        7004 2890 0004 8003 6760

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Donald Kobuck   2-29-

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

EXHIBIT
2

S. Kobuck
4/3/07

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was entered on 5/14/2007 at 12:19 PM EDT and filed on 5/14/2007
Case Name:      Koback v. Metrowest Medical Center et al
Case Number:    1:05-cv-10798
Filer:
Document Number:      No document attached

Docket Text:
Judge William G. Young : Electronic ORDER entered. re [203] Joint MOTION to Dismiss for Failure to
Comply with Court Order. "Without Hearing, Motion DENIED. The Defendants Read Too Much Into This
Court's Earlier Denial of Mr. Koback's Motion to Strike. That Did Not Constitute An Order For Him To
Appear. For The Proper Conduct of This Litigation, However, Mr. Koback Is Ordered to Appear for a (1)
Day, (7) Hour, Deposition Within 30 Days of the Date of This Order or His Complaint Will Be Dismissed."
(Paine, Matthew)

1:05-cv-10798 Notice will be electronically mailed to:
Barbara Hayes Buell bhb@bloombuell.com
Joseph D. Halpern joseph.halpern@bcbsma.com
David M. Gould Dgould@ficksmanconley.com
Daniel J. Griffin, Jr dgriffin@mmmk.com
A. Bernard Guekguezian abg@achwg.com
Matthew R. Connors mconnors@ficksmanconley.com
Judith M. Feinberg jf@achwg.com
Jennifer E. Hartunian jhartunian@mmmk.com

1:05-cv-10798 Notice will not be electronically mailed to:

Lynda R. Jensen
Martin, Magnuson, McCarthy and Kenney
101 Merrimac St.
7th Floor
Boston, MA 02215

Donald S. Koback
195 Sunnyside Avenue
Woonsocket, RI 02895

CERTIFICATE OF SERVICE

WITHOUT WAIVING ANY rights privileges, or Immunities, I, DONALD S. KOBACK, PLAINTIFF, PRO SE, CIVIL ACTION No.'s 1:05-CV-10798-WGY, DONALD S. KOBACK VS. METROWEST MEDICAL CENTER, ET. AL.) HEREBY CERTIFY THAT THE FOLLOWING DOCUMENTS INCLUDING THIS CERTIFICATE OF SERVICE WERE MAILED (FILED, EN ROUTE) AND SERVED, POSTAGE PREPAID (U.S.P.S.) ON THE FOLLOWING ATTORNEYS AT LAW WHO REPRESENT OR ARE RETAINED BY THE DEFENDANTS —

## 1. DOCUMENTS:

See page 58 COPY COURT ORDER 5/14/2007 Part and Parcel hereof

PLAINTIFF DONALD S. KOBACK'S OPPOSITION TO "JOINT MOTION OF THE DEFENDANTS JOHN P. LONG, Jr., M.D. EROL ONEL, M.D. AND NEW ENGLAND MEDICAL CENTER TO DISMISS THE PLAINTIFF'S COMPLAINT FOR FAILURE TO COMPLY WITH COURT ORDER",

## 2. DEFENDANTS' ATTORNEYS AT LAW

KARA A. BETTIGOLE

Barbara Hayes Buell, Esq.
Bloom and Buell
1340 Soldiers Field Road, Suite Two
Boston, MA 02135

JENNIFER HARTUNIAN

Daniel J. Griffin, ESQ.
Lynda Riesgo Jensen, Esq.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac St., 7th Floor
Boston, MA 02114

Bernard Guekguezian, Esq.
Judith Feinberg, Esq.
Adler, Cohen, Harvey, Wakeman & Guekguezian
75 Federal Street, 10th FLOOR
Boston, MA 02110

Matthew R. Connors, Esq.
Ficksman & Conley, LLP
98 N. Washington Street, Suite 500
Boston, MA 02114.

Person In Charge
SPECIALTY CARE, LLC
626 Temple St.,
DUXBURY, MA 02332

DATE: MAY 16, 2007

SIGNED UNDER PAINS AND PENALTIES OF PERJURY ON MAY 16, 2007

DONALD S. KOBACK, PLAINTIFF
PRO SE   DATE: MAY 16, 2007