UNITED STATES DISTRICT COURT IN AND FOR THE DISTRICT OF
MASSACHUSETTS

| | |
|---|---|
| DONALD S. KOBACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| METROWEST MEDICAL CENTER, | ) |
| LEONARD MORSE HOSPITAL, | ) CIVIL ACTION NO. 05-CV-10798-WGY |
| FRAMINGHAM UNION HOSPITAL, | ) |
| NEW ENGLAND MEDICAL CENTER, | ) |
| TUFTS UNIVERSITY SCHOOL OF | ) |
| MEDICINE, HMO BLUE OF | ) |
| MASSACHUSETTS, EMANUEL | ) |
| FRIEDMAN, M.D., JOHN P. LONG, M.D. | ) |
| AND EROL ONEL, M.D., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT, METROWEST MEDICAL CENTER'S, BRIEF REGARDING THE
CORPORATE STATUS OF METROWEST MEDICAL CENTER, LEONARD MORSE
HOSPITAL AND FRAMINGHAM UNION HOSPITAL TO BE SUBMITTED IN
CONNECTION WITH METROWEST MEDICAL CENTER'S
MOTION FOR SUMMARY JUDGMENT**

Now comes the Defendant, MetroWest Medical Center, and hereby submits this

Brief at the request of this Court in connection with its Motion for Summary Judgment

which was heard by this Court on May 3, 2007.

1.      The Plaintiff has named MetroWest Medical Center[1], Leonard Morse

Hospital and Framingham Union Hospital as Defendants in this matter.

---

[1] MetroWest Medical Center's true name is MetroWest Medical Center, Inc.

2.      On May 3, 2007, oral argument was heard with respect to MetroWest

Medical Center's Motion for Summary Judgment.  During the hearing,

the Court raised concerns that Leonard Morse Hospital and

Framingham Union Hospital were separate entities from MetroWest

Medical Center and that MetroWest Medical Center's Motion for

Summary Judgment could not be granted with respect to Leonard

Morse Hospital and Framingham Union Hospital.  The Court advised

counsel to file a brief clarifying the corporate status of Leonard Morse

Hospital and Framingham Union Hospital.  See Docket Text of

Electronic Clerk's Notes for proceedings held before Judge William G.

Young, attached as Exhibit A.

3.      Leonard Morse Hospital, which is located in Natick, and Framingham

Union Hospital which is located in Framingham, were separate entities

up until January 1, 1992.  As of January 1, 1992, Framingham Union

Hospital Services, Inc. held the license for Framingham Union Hospital

and operated the facility known as Framingham Union Hospital.  On

January 1, 1992, Leonard Morse Hospital and Framingham Union

Hospital Services, Inc. consolidated to form MetroWest Medical

Center.  See Articles of Consolidation, attached as Exhibit B.

4.      The purpose of the resulting corporation, MetroWest Medical Center,

was to establish and operate a hospital that had campuses in both

Framingham and Natick, Massachusetts.  See Exhibit B, page 5A.

5.      As MetroWest Medical Center comprises the entities known as

Leonard Morse Hospital and Framingham Union Hospital, Leonard

Morse Hospital and Framingham Union Hospital are not proper

defendants in this action as they are not independent corporate entities.

6.      MetroWest Medical Center filed a Motion for Summary Judgment in

the instant action on its own behalf. It did not file the Motion on behalf

of Leonard Morse Hospital and Framingham Union Hospital as these

entities consolidated to create MetroWest Medical Center and no

longer exist as independent corporations.

7.      Wherefore, MetroWest Medical Center respectfully requests that its

Motion for Summary Judgment be granted in its favor and that Leonard

Morse Hospital and Framingham Union Hospital be dismissed from the

action as they are not amenable to suit. In the alternative, MetroWest

Medical Center respectfully requests that its Motion for Summary

Judgment be granted in favor of MetroWest Medical Center, Leonard

Morse Hospital and Framingham Union Hospital.

*Certificate of Service*

I hereby certify that I have served a true **copy**
of the within document upon all concerned
parties, by mail, postage prepaid, who are not
otherwise served electronically.

_Glenn F. Johnson_ 5-23-07

Barbara Hayes Buell, BBO# 063480
BLOOM & BUELL
Attorney for Defendant,
*MetroWest Medical Center*
1340 Soldiers Field Road, Suite Two
Boston, MA 02135-1020
(617) 254-4400

Dated:  May 23, 2007

EXHIBIT A

## Linda Johnson

| | |
|---|---|
| **From:** | Barbara Buell |
| **Sent:** | Friday, May 04, 2007 11:53 AM |
| **To:** | Kara Bettigole (External) |
| **Cc:** | Barbara Buell; Linda Johnson |
| **Subject:** | FW: Activity in Case 1:05-cv-10798-WGY Koback v. Metrowest Medical Center et al "Motion Hearing" |

Here's the judge's order from yesterday.

**From:** ECFnotice@mad.uscourts.gov [mailto:ECFnotice@mad.uscourts.gov]
**Sent:** Friday, May 04, 2007 11:35 AM
**To:** CourtCopy@mad.uscourts.gov
**Subject:** Activity in Case 1:05-cv-10798-WGY Koback v. Metrowest Medical Center et al "Motion Hearing"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### United States District Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Smith, Bonnie entered on 5/4/2007 at 11:34 AM EDT and filed on 5/3/2007

| | |
|---|---|
| **Case Name:** | Koback v. Metrowest Medical Center et al |
| **Case Number:** | 1:05-cv-10798 |
| **Filer:** | |
| **Document Number:** | |

**Docket Text:**
ElectronicClerk's Notes for proceedings held before Judge William G. Young : Pro Se plaintiff and Defendant attorney Buell are present.Motion Hearing held on 5/3/2007 re [192] MOTION for Summary Judgment filed by Metrowest Medical Center,. After hearing the Court takes the Motion Under Advisement. The defendant Metrowest Medical has 30 days to file a brief re: the corporate status and amenability to suit of Leonard Morse Hospital and Framingham Union Hospital. The Plaintiff has 30 days thereafter to file his brief. (Court Reporter Womack.) (Smith, Bonnie)

The following document(s) are associated with this transaction:

**1:05-cv-10798 Notice will be electronically mailed to:**

Barbara Hayes Buell      bhb@bloombuell.com

Matthew R. Connors    mconnors@ficksmanconley.com

5/7/2007

Judith M. Feinberg    jf@achwg.com

David M. Gould    Dgould@ficksmanconley.com

Daniel J. Griffin , Jr    dgriffin@mmmk.com

A. Bernard Guekguezian    abg@achwg.com

Joseph D. Halpern    joseph.halpern@bcbsma.com

Jennifer E. Hartunian    jhartunian@mmmk.com

**1:05-cv-10798 Notice will not be electronically mailed to:**

Lynda R. Jensen
Martin, Magnuson, McCarthy and Kenney
101 Merrimac St.
7th Floor
Boston, MA 02215

Donald S. Koback
195 Sunnyside Avenue
Woonsocket, RI 02895

5/7/2007

EXHIBIT B



**The Commonwealth of Massachusetts**
Office of the Secretary of State
Michael Joseph Connolly, Secretary
One Ashburton Place, Boston, Massachusetts 02108

Fee $35.00

**ARTICLES OF CONSOLIDATION• MERGER•**
Pursuant to General Laws, Chapter 180, Section 10
(Domestic and Domestic Corporation)

FEDERAL IDENTIFICATION NO.
0 4 – 2 7 5 5 1 9 6

FEDERAL IDENTIFICATION NO.
0 4 – 2 1 0 3 5 P 8

Consolidation• Merger• of __Framingham Union Hospital Services, Inc.__

and __Leonard Morse Hospital__
*the constituent corporations*

into __MetroWest Medical Center, Inc.__
*one of the constituent corporations• a new corporation•*

The undersigned officers of each of the constituent corporations certify under the penalties of perjury as follows:

1. The agreement of consolidation• merger• complies with the requirements of General Laws, Chapter 180, Section 10.

2. That if any of the constituent corporations constitutes a public charity, then the resulting or surviving corporation shall be a public charity.

3. The resulting or surviving corporation shall furnish a copy of the agreement of consolidation• merger• to any stockholder or member upon written request and without charge.

4. The effective date of the consolidation• merger• determined pursuant to the agreement referred to in paragraph 1 shall be: __January 1, 1992__.

5.
*(For a merger)*
(A)•The following amendments to the articles of organization of the SURVIVING corporation have been affected pursuant to the agreement of merger referred to in paragraph 1:

N/A

P.C.
9

•*Delete the inapplicable words.*

*(For a consolidation)*

(B) *The purposes of the RESULTING corporation are as follows:

> See page 5(A) attached hereto and made a part hereof.

(C) If the resulting corporation has one or more classes of members, the designation of such classes, the manner of election or appointments, the duration of membership and the qualification and rights, including voting rights, of the members of each class, may be set forth in the by-laws of the corporation or may be set forth below:

> As stated in the resulting corporation's bylaws.

(D)*Other lawful provisions, if any, for the conduct and regulation of the business and affairs of the resulting corporation, for its voluntary dissolution, or for limiting, defining, or regulating the powers of the corporation, or of its directors or members, or of any class of members, are as follows:

> See pages 5(B) through 5(C) attached hereto and made a part hereof.

6.   The following information shall not for any purpose be treated as a permanent part of the articles of organization of the resulting* surviving* corporation.

(A) The post office address of the initial principal office of the resulting* surviving* corporation in Massachusetts is:

> 67 Union Street
> Natick, MA  01760

(B) The name, residence and post office address of each of the initial directors and president, treasurer and clerk of the resulting* surviving* corporation is as follows:

| Name | Residence | Post Office Address |
|------|-----------|---------------------|

President   See page 6(A) attached hereto and made a part hereof.

Treasurer

Clerk

Directors (or officers having the powers of directors)

> See pages 6(A) and 6(B) attached hereto and made a part hereof.

(C)  The fiscal year of the resulting* surviving* corporation initially adopted is:

> October 1 through September 30

*Delete the inapplicable word

The purposes of the RESULTING corporation are as follows:

To establish, operate, and maintain a hospital with campuses in Framingham, Massachusetts and Natick, Massachusetts, and such other places as the Board of Trustees may determine from time to time, for the surgical and medical treatment and care of the sick and injured.

To establish, operate and maintain affiliated health centers or services, clinics, laboratories, and other medical, surgical, dental, educational, scientific and research facilities, together with appropriate ancillary or supporting services, as may contribute to the mission of this Corporation.

To educate physicians and allied health professionals in the medical arts and sciences and to operate and maintain a school of nursing and such other educational programs or activities as may contribute to the mission of this Corporation.

To receive in trust or otherwise and from whatever source, and to administer, gifts, legacies and devises, grants and grants-in-aid, whether unrestricted or for specific purposes; to cooperate with, contribute to and support other organizations in promoting the purposes of this Corporation; and to do all things incidental to the foregoing.

To encourage and carry on medical and other types of research and to participate in activities designed and carried on to provide and improve the general public health of the communities served by this Corporation.

To engage generally in any business which may lawfully be carried on by a corporation formed under Chapter 180 of the General Laws of Massachusetts.

SMCARTCC.1M                    -5A-

Other Lawful Provisions for Conduct and Regulation of the Business and Affairs of the Corporation, for its Voluntary Dissolution, and for Limiting, Defining and Regulating the Powers of the Corporation and of its Trustees and Members (if any) or any class of Members.

4.1.  The corporation shall have in furtherance of its corporate purposes all of the powers specified in Section 6 of Chapter 180 and in Sections 9 and 9A of Chapter 156B of the Massachusetts General Laws (except those provided in paragraph (m) of said Section 9) as now in force or as hereafter amended, and may carry on any operation or activity referred to in Article 2 to the same extent as might an individual, either alone or in a joint venture or other arrangement with others, or through a wholly or partly owned or controlled corporation; provided, however, that no such power shall be exercised in a manner inconsistent with said Chapter 180 or any other chapter of the Massachusetts General Laws or inconsistent with the exemption from federal income tax to which the corporation shall be entitled under Section 501(c)(3) of the Internal Revenue Code.

4.2.  The trustees may make, amend or repeal the by-laws in whole or in part, except with respect to any provision thereof which by law, the articles of organization or the by-laws requires action by the member.

4.3.  No trustee or officer of the corporation shall be personally liable to the corporation or its members for monetary damages for breach of fiduciary duty as such trustee or officer notwithstanding any provision of law imposing such liability, except to the extent that such exemption from liability is not permitted under Chapter 180 of the Massachusetts General Laws.

4.4.  No part of the assets or net earnings of the corporation shall inure to the benefit of any officer or trustee of the corporation or any individual; no substantial part of the activities of the corporation shall be the carrying on of propaganda, or otherwise attempting, to influence legislation except to the extent permitted by Section 501(h) of the Internal Revenue Code; and the corporation shall not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of (or in opposition to) any candidate for public office.  It is intended that the corporation shall be entitled to exemption from federal income tax under Section 501(c)(3) of the Internal Revenue Code and shall not be a private foundation under Section 509(a) of the Internal Revenue Code.

4.5.  If and so long as the corporation is a private foundation (as that term is defined in Section 509 of the Internal Revenue Code), then notwithstanding any other provisions

SMEARTCC.LM                              -5B-

of the articles of organization or the by-laws of the
corporation, the following provisions shall apply:

A)  the income of the corporation for each taxable year
shall be distributed at such time and in such manner as
not to subject the corporation to the tax on
undistributed income imposed by Section 4942 of the
Internal Revenue Code, and

B)  the corporation shall not engage in any act of self
dealing (as defined in Section 4941(d) of the Internal
Revenue Code), nor retain any excess business holdings
(as defined in Section 4943(c) of the Internal Revenue
Code), nor make any investments in such manner as to
subject the corporation to tax under Section 4944 of
the Internal Revenue Code, nor make any taxable
expenditures (as defined in Section 4945(d) of the
Internal Revenue Code).

4.6.  In the event of dissolution of the Corporation, after
payment or making provision for the payment of all of the
liabilities of the Corporation, all of the assets of the
Corporation shall be disposed of to MetroWest Health Inc., a
Massachusetts corporation, so long as it is then exempt from
federal income tax under Section 501(c)(3) of the Internal
Revenue Code, or if it is not then so exempt, to one or more
organizations exempt from the federal income tax under Section
501(c)(3) of the Internal Revenue Code.

4.7.  All references herein:  (i) to the Internal Revenue
Code shall be deemed to refer to the Internal Revenue Code of
1986, as now in force or hereafter amended; (ii) to the General
Laws of The Commonwealth of Massachusetts, or any chapter
thereof, shall be deemed to refer to said General Laws or chapter
as now in force or hereafter amended; and (iii) to particular
sections of the Internal Revenue Code or said General Laws shall
be deemed to refer to similar or successor provisions hereafter
adopted.

| Name | Residence | Post Office Address |
|------|-----------|---------------------|
| President Janice B. Wyatt | Juniper Ridge Rd. Lincoln, MA | 67 Union St. Natick, MA |
| Treasurer Roger Peloquin | 17 Harrington Farms Shrewsbury, MA | 99 Lincoln St. Framingham, MA |
| Clerk    Roger Peloquin | 17 Harrington Farms Shrewsbury, MA | 99 Lincoln St. Framingham, MA |
| Trustees Bart Alfano, M.D. | 13 Goulding Street Sherborn, MA | 655 Concord St. Framingham, MA |
| Joseph Baron, M.D. | 120 Parker Road Framingham, MA | 167 Union Ave. Framingham, MA |
| Alfred Bonazzoli, Jr. | 315 High Street Holliston, MA | 885 Waverly St. Framingham, MA |
| Robert Brack | 8 Sassamon Road S. Natick, MA | 200 Dexter Ave. Watertown, MA |
| Joseph Cooper | 23 Crestwood Dr. Framingham, MA | Route 20 Sudbury, MA |
| Edward Davis | 23 Ramblewood Dr. Ashland, MA | 23 Ramblewood Dr. Ashland, MA |
| William Dickson | Singletary Lane Framingham, MA | 77 Mass. Ave. Boston, MA |
| Betty Funk | 1242 Concord St. Framingham, MA | 59 Temple Place Boston, MA |
| Bill Gulledge | 234 Newton Road Boston, MA | 33 New York Ave. Framingham, MA |
| Richard Kane | 21 Roxbury Ave. Natick, MA | 9 Industrial Park Rd. Medway, MA |
| William Kinder, M.D. | 24 Rockridge Road Natick, MA | 232 Pond Street Natick, MA |
| Murray D. Leipzig | 5 Dotty Ann Drive Framingham, MA | 99 Lincoln Street Framingham, MA |

STUARTCC.LM

-6A-

| | | |
|---|---|---|
| James Markert | 91 Royalston Road<br>Wellesley Hills, MA | 73 Mt. Wayte Ave.<br>Framingham, MA |
| Allan McLean | 5 Eliot Hill Road<br>Natick, MA  01760 | 1 Constitution Wharf<br>Boston, MA |
| David Prigmore | 120 Walnut Street<br>Natick, MA | 6 Strathmore Road<br>Natick, MA |
| Robert W. Simmler | 280 King Street<br>Franklin, MA | 5 East Street<br>Franklin, MA |
| Richard Wolk, M.D. | 5 Jeffrey Terrace<br>Lexington, MA | 67 Union Street<br>Natick, MA |
| Janice B. Wyatt | Juniper Ridge Road<br>Lincoln, MA | 67 Union Street<br>Natick, MA |

SMDARTOC.LN

-6B-

(D)    The date initially fixed in the by-laws for the annual meeting of members or stockholders of the resulting* surviving* corporation is

N/A

The undersigned officers of the several constituent corporations listed above further state under the penalties of perjury as to their respective corporations that the agreement of consolidation* merger* which is set forth under paragraph 1 has been duly executed on behalf of such corporations and duly approved by the members/stockholders/directors of such corporations in the manner required by General Laws, Chapter 180, Section 10 and in compliance with all pertinent requirements of the articles of organization of such corporations at meetings of members/stockholders/ directors held on the following dates:

Names of Corporations                          Dates of Members/Stockholders/Directors meeting

Framingham Union Hospital
    Services, Inc.                             November 7, 1991

Leonard Morse Hospital                         November 12, 1991

_____    President* Vice President*

_____    Clerk* Assistant Clerk*
of_____ Framingham Union Hospital Services, Inc. _____
                        names of constituent corporation

_____    President* Vice President*

_____    Clerk* Assistant Clerk*
of_____ Leonard Morse Hospital _____
                        names of constituent corporation

                                        to be executed on behalf of each constituent corporation

*Delete the inapplicable word.

1472

## 381224

# The Commonwealth of Massachusetts

### ARTICLES OF CONSOLIDATION/MERGER
General Laws, Chapter 180, Section 10A
(Domestic with Domestic Corporations)

*(vertical stamp at left:)* SECRETARY OF ... 1991 DEC 31 AM 10 56

I hereby approve the within articles of consolidation/merger and, the filing fee in the amount of $ 35 having been paid, said articles are deemed to have been filed with me this 31 day of December , 19 91

EFFECTIVE DATE
JAN. 1, 1992

*(signature)* Michael Joseph Connolly

MICHAEL JOSEPH CONNOLLY
Secretary of State

A TRUE COPY ATTEST
*(signature)*
WILLIAM FRANCIS GALVIN
SECRETARY OF THE COMMONWEALTH
DATE 5/11/07 CLERK YA

TO BE FILLED IN BY CORPORATION
Photocopy of Articles of Merger To Be Sent

TO: Ronald B. Schram, Esq.
Ropes & Gray
One International Place
Boston, MA 02110-2624
Telephone (617) 951-7000

Copy Mailed