U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Western Division                                                          Docket No.  05-10798-WGY

DONALD S. KOBACK, *pro se*    )
       Plaintiff,    )
           )
v.    )
           )
JOHN P. LONG, JR., M.D., et al.,    )
       Defendant.    )
           )

**OPPOSITION OF NON-PARTY FILER SPECIALTY CARE, LLC TO THE
PLAINTIFF'S MOTION FOR JOINDER
PURSUANT TO FED.R. CIV. P. 19**

NOW COMES the non-party filer, Specialty Care, LLC ("Specialty"), whom the plaintiff Donald S. Koback seeks to join as a party defendant, and hereby OPPOSES the plaintiff's Motion for Joinder.  In support thereof, Specialty states the following:

**Introduction**

This is a claim for medical malpractice, originally filed in 2005 by the pro se plaintiff, Donald S. Koback.  The plaintiff alleges that the defendants separately and in concert, by their acts and/or omissions, caused him urological damages.

This case was filed on or about April 12, 2005.  The plaintiff filed an amended Complaint on or about April 26, 2005, and a second amended Complaint on May 2, 2005.  That same day, May 2, 2005, he also filed a Motion for Leave to Amend the Complaint as of Right.  That Motion was allowed by this Honorable Court, Young, J., presiding.

The next day, on May 3, 2005, the plaintiff filed a third amended Complaint. Additional amended Complaints followed on May 7, May 11, and May 18, 2005, respectively. In all, the plaintiff filed a total of six (6) amended Complaints. Some of these Complaints sought to add new parties (see Paper No. 4); others sought to move various words backwards or forwards in the existing Complaint, or to add strings of numerical combinations (see Papers 2 and 5).

On or about May 19, 2005, the Court treated the filing of the last three amended Complaints as a Motion for Leave to Amend, and denied that Motion. The plaintiff then filed multiple objections, appeals, and Motions for Reconsideration, all of which were denied. The parties then made mandatory disclosures and began discovery.

On October 10, 2006, defendant John P. Long, Jr., M.D. served mandatory disclosures upon the plaintiff. In those disclosures, he included a copy of the declarations page of a policy of professional liability coverage. The named insured was "Specialty Care, LLC". One of the many insureds carried on that policy was defendant Long. According to its web page, Specialty is a practice management company that provides contracting services for physicians – such as contracting for professional liability coverage.

The discovery period in this case is scheduled to close on June 30, 2007. Nonetheless, the plaintiff on or about May 18, 2007 moved for the first time to joint Specialty Care, LLC as a necessary party pursuant to Fed. R. Civ. P. 19. The sole basis cited by the plaintiff for this Motion is the insurance declaration produced some eight (8) months previous.

**Argument**

Fed. R. Civ. P. 19 (a) states that a person subject to service of process and whose joinder will not deprive the court of jurisdiction shall be joined *only if* "complete relief cannot be

accorded among those already parties, or the person claims an interest relating to the subject matter of the action . . . and their absence may impede the persons ability to protect that interest, or leave any of the persons already parties subject to a risk of . . . inconsistent obligations ". Fed. R. Civ. P. 19 (a). Fed. R. Civ. P. 19(b) provides for joinder of a party who is "indispensable". A party is indispensable only if the action cannot proceed in "equity and good conscience" without joinder. Fed. R. Civ. P. 19(b); <u>Katz v. Denn</u>, 2007 LEXIS 21862 (March 12, 2007).

" 'The structure of Rule 19 reflects the analytical sequence that a court should follow in deciding a party-joinder question. Once an issue of compulsory joinder is raised, the court initially must determine whether the absent person's interest in the litigation is sufficient to satisfy one or more of the tests set out in the first sentence of Rule 19 ... When joinder of someone described in Rule 19 (a), the court must examine the four considerations described in Rule 19 (b) to determine whether the action may go forward in the nonparty's absence or must be dismissed . . .' By proceeding in this orderly fashion the court will be able to avoid grappling with the difficult question of indispensability whenever it initially decides that the absentee's interest is not sufficient to warrant compelling joinder".

<u>In re Boston Medical Center, Inc. v. Charles Ricks, DDS et al.</u>, 328 F.Supp.2d 130, 152 (2004) (citations omitted).

  In this case, the plaintiff makes no argument whatsoever as to why Specialty is a necessary party. He puts forth no evidence that the absence of Specialty from this case impedes them in any way, or leaves any party at risk of incomplete relief or inconsistent obligations. In fact, he neither alleges nor puts forth any evidence that Specialty has *any* interest in this matter whatsoever. Instead, he baldly asserts that Specialty is necessary and "mysterious". This is wholly insufficient to meet the standard of Rule 19. Specialty does not seek to assert any interest in this matter – it Opposes the plaintiff's Motion for Joinder.

## Conclusion

The plaintiff amended his complaint three (3) times, and attempted to amend it an additional three. At no time did he seek to add Specialty. Mandatory disclosures, including the declarations page which the plaintiff now references, were served on the plaintiff in October 2006. He made no attempt to join Specialty during the following seven and a half months (although he made approximately forty-five (45) other filings during that time). Instead, the plaintiff has waited until the eve of the close of discovery to file a Motion for Joinder. Allowance of this late-day Motion would be of prejudice to Specialty.

Further, the instant Motion for Joinder contains no substantive argument and no evidence that Specialty is in fact a necessary party. The plaintiff makes no assertion as to why there is a risk of incomplete relief, of what Specialty's purported interest is, or even clearly that it *has* an interest. Specialty certainly does not seek to intervene, and in fact comes forward now to Oppose the instant Motion.

WHEREFORE, non-party filer, Specialty Care, LLC ("Specialty"), whom the plaintiff Donald S. Koback seeks to join as a party defendant, hereby OPPOSES the plaintiff's Motion for Joinder and respectfully requests that it be DENIED.

Dated:

                                        The Defendant,
                                        JOHN P. LONG, JR., M.D.
                                        By his Attorneys,

                                        <s> Judith Feinberg

                                        _____
                                        Bernard Guekguezian, BBO #559191
                                        Judith Feinberg, BBO #647511
                                        Adler, Cohen, Harvey, Wakeman
                                         &amp; Guekguezian, LLP
                                        75 Federal Street, Tenth Floor
                                        Boston, MA  02110
                                        (617) 423-6674

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper or electronic copies will be delivered to those indicated as non-registered participants on June 7, 2007.

*/s/  Judith Feinberg*