UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

EASTERN DIVISION
(BOSTON, MASSACHUSETTS)

DONALD S. KOBACK,
 Plaintiff,

V.

METROWEST MEDICAL CENTER, LEONARD MORSE HOSPITAL, FRAMINGHAM UNION HOSPITAL, NEW ENGLAND MEDICAL CENTER, TUFTS UNIVERSITY SCHOOL OF MEDICINE, EMANUEL FRIEDMAN, M.D., and EROL ONEL, M.D.,
 Defendants

Civil Action No. 05-CV-10798-WGY

FILED IN CLERKS OFFICE
2007 JUN 27 A 11:40
U.S. DISTRICT COURT
DISTRICT OF MASS.

PLAINTIFF DONALD S. KOBACK'S MOTION TO VACATE SUMMARY JUDGMENT AGAINST PLAINTIFF DONALD S. KOBACK, (GRANTING DEFENDANT, EMANUEL FRIEDMAN, M.D.'S MOTION FOR SUMMARY JUDGMENT, JUDGE'S ORDER, Hearing date: January 31, 2007 → JUDGMENT GRANTED IN OPEN COURT, JUDGMENT ENTERED, FILED February 1, 2007 GRANTING COURT DOCUMENT [143]) PURSUANT TO Federal Rules of Civil Procedure RULE 60.

1

Plaintiff, Donald S. Koback, moves to vacate Summary judgment - which granted Defendant, Emanuel Friedman's Motion for Summary Judgment - Court Document [143] Pursuant To Fed. R. Civ. P. Rule 60 and other available avenues (said judgment entered, filed Feb. 1, 2007)

Defendant, Emanuel Friedman, M.D., filed the following court documents:

Court Document [146] Defendant, Emanuel Friedman's NOTICE OF filing with Clerk's Office;

Court Document [143] MOTION for Summary Judgment;

Court Document [144] Memorandum in Support of MOTION for Summary Judgment;

\* Court Document [145] Statement of Facts Local Rule 56.1 (copy page 3,4) of Defendant, Emanuel Friedman 'False'

\* Court Document [ ] Affidavit of Defendant, Emanuel Friedman, M.D. dated 13th, December, 2006 (copy page 5)

Above Adopted by Reference Fed. R. Civ. P. Rule 10(c);

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Western Division                                         DOCKET NO.: 10798-W64

DONALD S. KOBACK          )
    Plaintiff              )
                          )
VS.                       )
                          )
EMANUEL FRIEDMAN, M.D. et al )
    Defendants             )

### DEFENDANT, EMANUEL FRIEDMAN, M.D.'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Dr. Friedman performed surgery on Mr. Koback on August 4, 1993. (Exhibit 1, operative report from MetroWest Medical Center)

2. On July 5, 1994 Mr. Koback wrote Dr. Friedman a letter. The letter states, in pertinent part: "I must express my deep unhappiness with the operation you performed . . . are you or are you not ready, willing, and able to correct this abortion which I carry betwixt my legs?" (Exhibit 2, July 5, 1994 letter from Mr. Koback to Dr. Friedman)

3. On May 15, 1998 Dr. Friedman saw Mr. Koback for a consultation when he was admitted to MetroWest Medical Center/Leonard Morse Campus. Dr. Friedman's only recommendation was that Mr. Koback could consider the option of Viagra for vasculogenic impotence (Exhibit 3, Dr. Friedman's May 15, 1998 consult note)

4. Mr. Koback's complaint was filed with the court on April 12, 2005.

5. Dr. Friedman has had no role in Mr. Koback's treatment since May 15, 1998.

6. Mr. Koback can provide no evidence that Dr. Friedman was involved, in any way, in his treatment after May 15, 1998.

7. Dr. Friedman did not perform any surgical procedures on Mr. Koback, did not prescribe him any medications, was not consulted with respect to his medical care and treatment and has not been contacted by any other healthcare provider regarding Mr. Koback since May 15, 1998.

3

-2-

8. The plaintiff has produced no expert support for any claim of negligence against Dr. Friedman relating to his performance of the surgical procedure on August 4, 1993.

9. The plaintiff has produced no expert support for any claim of negligence against Dr. Friedman relating to the consultation performed on May 15, 1998.

10. A medical malpractice tribunal for this case convened on March 2, 2006 pursuant to M.G.L.A. c. 231 §60B. The medical malpractice tribunal ruled that the plaintiff's offer of proof was insufficient to raise a legitimate question of liability as to Dr. Friedman's treatment of Mr. Koback.

11. The plaintiff's complaint was filed approximately 11 years and 8 months after the surgical procedure performed by Dr. Friedman on August 4, 1993.

12. The plaintiff's complaint was filed approximately 6 years and 11 months after Dr. Friedman's May 15, 1998 consultation.

Respectfully submitted
by his attorneys,

/s/ Matthew R. Connors
MATTHEW R. CONNORS
BBO# 636358
Ficksman & Conley, LLP
98 No. Washington Street - Suite 500
Boston, MA 02114
(617) 720-1515

CERTIFICATE OF SERVICE

I, Matthew R. Connors, attorney for said defendant, hereby make oath that I have this day erved a copy of the attached: **DEFENDANT, EMANUEL FRIEDMAN, M.D.'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS** upon all parties, by mailing a copy thereof, postage pre-paid, directed to Donald S. Koback, Pro Se, 195 Sunnyside Avenue, Woonsocket, RI 02895.
Signed under the pains and penalties of perjury.
DATED:   December 13, 2006

/s/ Matthew R. Connors
MATTHEW R. CONNORS
B.B.O. #636358



DEC-13-2006 01:23 FROM:DRFRIEDMAN 15086559191          TO:16177201519        P:2/2
DEC-13-2006 09:35        FICKSMAN CONLEY                     16177201519    P.03/03

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Western Division                                    DOCKET NO.: 10798-W64

DONALD S. KOBACK )
    Plaintiff )
)
VS. )
)
EMANUEL FRIEDMAN, M.D. et al )
    Defendants )

### AFFIDAVIT OF THE DEFENDANT, EMANUEL FRIEDMAN, M.D., IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

I, Emanuel Friedman, M.D., hereby depose and state the following:

1. I am a physician licensed to practice medicine in the Commonwealth of Massachusetts.

2. A complete copy of all records pertaining to my treatment of Mr. Koback were produced to him with my initial disclosures on October 6, 2006. No other medical records exist documenting my treatment of Mr. Koback.

3. I performed surgery on Mr. Koback on August 4, 1993. A copy of my operative report is attached to the Motion for Summary Judgment as Exhibit 1.

4. On May 20, 1998 I saw Mr. Koback in consultation when he was admitted to MetroWest Medical Center/Leonard Morse Campus. I recommended that he consider Viagra for his vasculogenic impotence. A copy of my consultation note is attached to the motion for summary judgment as Exhibit 3.

5. I have not treated, spoken to, corresponded with or had any contact whatsoever with Mr. Koback since May 20, 1998.

Signed under the pains and penalties of perjury this 13th day of December, 2006

_____
EMANUEL FRIEDMAN, M.D.

The following Court documents ADOPTED BY REFERENCE Fed.R.Civ.P. RULE 10(c).

Plaintiff, Donald S. Koback filed, served the following court documents:

Court Document [149] Plaintiff, Donald S. Koback's OPPOSITION To Defendant Emanuel Friedman's MOTION for Summary Judgment [143];

Court Document [150] Plaintiff, Donald S. Koback's Memorandum in Support of his OPPOSITION To [143];

Court Document [153] Plaintiff, Donald S. Koback OPPOSITION To Defendant, Emanuel Friedman's NOTICE of Filing [146] which referred to Court Document [143], [144], [145],

\* PLAINTIFF, DONALD S. KoBACK's Opposition to Defendant, Emanuel Friedman's [ ] Affidavit

Court Documents [154], [155] [ ], Plaintiff, Donald S. Koback's Memorandum in Support of Plaintiff's OPPOSITION TO Defendant, Emanuel Friedman's [143] & Concise Statement Local Rule 56.1 of Plaintiff, Donald S. Koback;

6

Court Document [153] said Plaintiff's "Opposition" to Defendant, Emanuel Friedman's Court Document [146] entitled "Notice of Filing With Clerk's Office by Emanuel Friedman re... [143], [144], [145]", said Plaintiff's Concise Statement Pursuant to Local Rule 56.1 in "Opposition" to Defendant, Emanuel Friedman, M.D.'s [143], etc. (See above.)

In Conjunction, associated herewith, Plaintiff, Donald S. Koback files with the Clerk and serves opposing counsel, his <u>Plaintiff, Donald S. Koback's Memorandum of Reasons and Citations of Authorities in Support of "Plaintiff Donald S. Koback's Motion to Vacate Summary Judgment against Plaintiff, Donald S. Koback (Granting Defendant, Emanuel Friedman, M.D.'s Motion for Summary Judgment, Judge's Order, Hearing date: January 31, 2007 - Judgment Granted in Open Court, Judgment Entered, Filed February 1, 2007 Granting Court Document [143]) Pursuant to Federal Rules of Civil Procedure Rule 60.</u>", which Plaintiff,

7
k

DONALD S. KOBACK INCORPORATES BY REFERENCE HEREIN WORD FOR WORD, NUMBER FOR NUMBER, PUNCTUATION MARK FOR PUNCTUATION, AS IF AND IN FACT FULLY SET FORTH HEREIN, ALL OF WHICH DEMONSTRATE AND SHOW WHY (WHEREFORE) THE ABOVE ENTITLED MOTION SHOULD BE GRANTED.

June 14, 2007

By Donald S. Koback,
Plaintiff, pro se

_____
Donald S. Koback
Plaintiff, pro se
195 Sunnyside Avenue
Woonsocket
Rhode Island 02895
401-76-2-2460
June 11, 2007

8.



# CERTIFICATE OF SERVICE

Without waiving any rights, privileges, or immunities, I, DONALD S. KOBACK, PLAINTIFF, PRO SE, CIVIL ACTION NO.: 1:05-CV-10798-WGY, DONALD S. KOBACK VS. METROWEST MEDICAL CENTER, ET. AL.) HEREBY CERTIFY THAT THE FOLLOWING DOCUMENTS INCLUDING THIS **CERTIFICATE OF SERVICE** WERE MAILED (FILED, EN ROUTE) AND SERVED, POSTAGE PREPAID (U.S.P.S.) ON THE FOLLOWING ATTORNEYS AT LAW WHO REPRESENT OR ARE RETAINED BY THE DEFENDANTS —

## 1. DOCUMENTS:

PLAINTIFF, DONALD S. KOBACK's MOTION TO VACATE SUMMARY JUDGMENT AGAINST PLAINTIFF, DONALD S. KOBACK, (GRANTING DEFENDANT, EMANUEL FRIEDMAN, M.D.'s MOTION FOR SUMMARY JUDGMENT, JUDGE'S ORDER, Hearing date: January 31, 2007 — JUDGMENT GRANTED IN OPEN COURT, JUDGMENT ENTERED, FILED February 1, 2007 GRANTING COURT DOCUMENT [143]) PURSUANT TO Federal Rules of Civil Procedure RULE 60. CERTIFICATE of Service continues next page

## 2. DEFENDANTS' ATTORNEYS AT LAW

KARA A. BETTIGOLE
~~Barbara Hayes Buell, Esq.~~
~~Bloom and Buell~~
1340 Soldiers Field Road, Suite ~~100~~
Boston, MA 02135

JENNIFER HARTUNIAN
~~Daniel J. Griffin, ESQ~~
Lynda Riesgo Jensen, Esq.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac St., 7th Floor
Boston, MA 02114

Bernard Guekguezian, Esq.
~~Judith Feinberg, Esq.~~
Adler, Cohen, Harvey, Wakeman & Guekguezian
75 Federal Street, 10th FLOOR
Boston, MA 02110

Matthew R. Connors, Esq.
Ficksman & Conley, LLP
98 N. Washington Street, Suite 500
Boston, MA 02114.

Person In Charge
SPECIALTY CARE, LLC
626 Temple St.
DUXBURY, MA 02332

DATE: June 14, 2007
SIGNED UNDER PAINS AND PENALTIES OF PERJURY ON June 14, 2007

*Donald S. Koback* (signature)
DONALD S. KOBACK, PLAINTIFF
PRO SE DATE: June 14, 2007

27