UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION
(BOSTON, MASSACHUSETTS)

Civil Action No.
05-CV-10798-WGY

DONALD S. KOBACK,
Plaintiff,

V.

METROWEST MEDICAL CENTER, LEONARD MORSE HOSPITAL, FRAMINGHAM UNION HOSPITAL, NEW ENGLAND MEDICAL CENTER, TUFTS UNIVERSITY SCHOOL OF MEDICINE, EMANUEL FRIEDMAN, M.D., and EROL ONEL, M.D.
Defendants

FILED
IN CLERKS OFFICE
2007 JUN 27 A 11:40
U.S. DISTRICT COURT
DISTRICT OF MASS.

9   PLAINTIFF, DONALD S. KOBACK'S MEMORANDUM OF REASONS AND CITATIONS OF AUTHORITIES IN SUPPORT OF "PLAINTIFF DONALD S. KOBACK'S MOTION TO VACATE

SUMMARY JUDGMENT AGAINST PLAINTIFF, DONALD S. KOBACK (GRANTING DEFENDANT, EMANUEL FRIEDMAN, M.D.'S MOTION FOR SUMMARY JUDGMENT, JUDGE'S ORDER, Hearing date: January 31, 2007 — JUDGMENT GRANTED IN OPEN COURT, JUDGMENT ENTERED, FILED FEBRUARY 1, 2007 GRANTING COURT DOCUMENT [143]) PURSUANT TO Federal Rules of Civil Procedure RULE 60."

1. The legal language of Federal Rules of Civil Procedure RULE 56. SUMMARY JUDGMENT which at first glance seem to permit the defendant, Emanuel Friedman, M.D., to move for Summary Judgment "...at any time..." is limited by Federal Rules of Civil Procedure RULE 12(b) and, more specifically, by RULE 12(b)(6); if RULE 12(b)(6) is not plead as an affirmative defense or is waived by filing and serving a RULE 12(f) MOTION TO STRIKE Court Document [134] by Defendant, Emanuel Friedman, M.D. "PLAINTIFF, DONALD S. KOBACK'S REQUEST FOR ADMISSION UNDER RULE 36 Federal Rules of Civil Procedure RULE 36. (Emanuel Friedman, M.D.)";

10

Since, in the case at bar, Federal Rules of Civil Procedure RULE 12(b), RULE 12(b)(6) RULE 8(c) AFFIRMATIVE DEFENSES were not plead and were, otherwise, waived as aforesaid, aforestated. There can be no summary judgment in favor of Defendant, Emanuel Friedman, M.D. One must necessarily look at the timing of the challenge — all RULE 12(b), RULE 8(c) affirmative defenses at once — OR forever waive. RULES 8(d), 12(d), 12(g), 12(h), Federal Rules of Civil Procedure Rule 12(b)(6) — "...failure to state a claim upon which a claim can be granted..." — IS A "DEMMURER", whereas Federal Rules of Civil Procedure RULE 56. is a "SPEAKING DEMURRER" — inextricably bound;

2. Moreover, Defendant, Emanuel Friedman, M.D., failed to plead Federal Rules of Civil Procedure RULE 12(b)(6) — "...failure to state a claim upon which relief can be granted..." — words of art, and words mathematical precision; Also, Defendant, Emanuel Friedman, M.D., failed to plead the affirmative defense of statute of limitations as a bar which must be plead as follows (FORM 20, page 73, Federal Rules of Civil Procedure)

"*vi.* The right of action set forth did not accrue within [SIX] (emphasis-brackets-ADDED) years next before the commencement of this action..."

Defendant, Emanuel Friedman, M.D, filed and brought forward a Federal Rules of Civil Procedure RULE 12(f) MOTION TO STRIKE (said Defendant's COURT DOCUMENT 134) AGAINST PLAINTIFF'S REQUEST FOR ADMISSION (EMANUEL FRIEDMAN, M.D.) previously filed, served by Plaintiff, Donald S. Koback, both of which preceded Defendant, Emanuel Friedman's motion for summary judgment (RULE 56) - COURT DOCUMENT [143] (See above) WITHOUT SIMULTANEOUSLY bringing forward RULE 12(b)(6) "...claim upon which relief can be granted..." and RULE 8(c) FORM 20. "...right of action set forth did not accrue within..." (See above), thereby forever waiving same pursuant to Federal Rules of Civil Procedure RULE 12(g), and other legal provisions, Sutherland Paper Co. v. Grant Paper Box Co., 8 F.R.D. 416 (W.D. Pa. 1948);

12

#

Defendant, Emanuel Friedman, M.D. was not entitled to an ORDER granting summary judgment in his favor against the plaintiff, Donald S. Koback; Defendant, Emanuel Friedman, M.D, never filed an ANSWER, AFFIRMATIVE DEFENSES (RULE 12(b), RULE 8(c)) TO Plaintiff, Donald S. Koback's Complaint and Demand for Jury Trial until

4-11-2006 Docket #89

Emanuel Friedman's Answer to Complaint Said Answer being due 294 days earlier (193 days overdue 2005 plus 101 days overdue 2006 = 294)

On 6-13-2005 Docket #42

Summons returned executed on Defendant, Emanuel Friedman, M.D, on 6/2/2005, ANSWER DUE 6-20-2005

No MOTION TO ENLARGE TIME TO FILE LATE ANSWER

Docket #89 was unlawful and should be stricken as a sham pleading;

13

3. Plaintiff, Donald S. Koback, filed and served REQUEST FOR ADMISSION UNDER RULE 36 to Defendant, Emanuel Friedman, M.D. which if treated lawfully, even handedly by the court resulting in admissions under oath and/or statements/documents deemed admitted, would have resulted, necessarily, in the court not granting Defendant, Emanuel Friedman's Motion for Summary Judgment COURT DOCUMENT [143];
On 12/4/2006, Defendant, Emanuel Friedman, M.D.'s MOTION TO STRIKE - Court Document [134] - COURT ORDER DENYING MOTION;
On 11/27/2006, Defendant, Emanuel Friedman's MOTION TO STRIKE COURT DOCUMENT [134] PLAINTIFF'S DONALD S. KOBACK'S REQUEST FOR ADMISSION COURT ORDER — "Motion DENIED, Save That the Responses to the Requests for Admission Need Not Be Filed Until (30) Days After the Decision on the Motion for Summary Judgment, Provided that the Motion for Summary Judgment is filed on or Before December 15, 2006."
Thereby setting the stage for Defendant, Emanuel Friedman, M.D. to file false affidavit; and "... Statement of Undisputed Facts..." Local Rule 56.1;

14



4. There are averments, affidavits that show the defendant, Emanuel Friedman, M.D., failed to remove foreign bodies — broken, shattered, splintered prosthesis — and to control infection. This alone prevents a Federal Rules of Civil Procedure RULE 56 Summary Judgment,
Whaley v. Fowler, 152 Cal. App.2d 379, 313 P.2d 97 (1957);

5. In McComsey v. Leaf, 36 Cal. App. 2d 132, 97 P.2d 242 held at 245 that "It never could have been the intention of those who framed our Practice Act and rules thereunder that the decision of such a serious question as this should be flung off on a motion for summary judgment.";

6. Patient's cause of action for medical malpractice in which it was alleged that the physician's negligence in performing three (3) surgeries, eye operations, caused the plaintiff's blindness did not accrue at third (3rd) operation, the plaintiff's action not barred by M.G.L., ch. 260, section 4; Teller v. Schepens, 411 N.E.2d 464, 381 Mass. 626 (1980);

7. M.G.L., Ch. 260, Section 12 provides that "If a person liable to a personal action fraudulently conceals the cause of such action from the knowledge of the person entitled to bring it, the period prior to the discovery shall be excluded.";

8. ~~Injury~~ Injury to mind could interfere with discovery of cause of action. Riley v. Presnel, 409 Mass. 239, 565 N.E.2d 780 (1991);

9. Medical Report dated 2-25-2000 Dictated by Emanuel Friedman, M.D., Defendant, to Erol Onel, M.D. New England Medical Center within the Statute of Repose, and other statutes of Limitations (See above) AFFIDAVIT page 18 Copy of Medical Report 2-25-2000 – page 17 which follows. Also, following Defendant Emanuel Friedman's Summary Judgment affidavit and Statement of Uncontested Facts Pursuant to Local Rule 56.1 (page 9) false in that Defendant, Emanuel Friedman, M.D., was Referring to Page 21, ¶20. Consulted with respect to Plaintiff, Donald S. Koback's medical care and treatment and has been contacted by other health care provider, and vice-versa – 2-25-2005. And so forth and so on, up until this very day.

16
15

*A Lifespan Partner*

**AMBULATORY PATIENT VISITS**    KOBACK, DONALD
191 39 58
12/17/1951

02 25 00

Presented for consultation + opinion re
impotence + ? infertility.
48 y.o. attorney.
Now totally impotent with very short penis c̄
no erections
Approx 9 years ago had a first cavernous injection
to induce erection → lasted 18 hours then subsided.
2 weeks later had a second injection → 8 day
priapism; became painful on sixth day. 8th day
ER at Leonard Morse - Dr Friedman performed
emergency irrigations → Detumescence.
1 month later placement of 3 piece pump penile
prosthesis. Functional at first although only 2-3" long
6 months later onset of pain + failure to detumesce.
Approx few months later - Rod extruded from
urethra and ruptured.
Part of prosthesis removed surgically by Dr Gould
portion remains. Then had attempted reinsertion at UMass - unsuccessful.
                                          Alcohol - No - It was 1-2 6pints/day
PMH - Depression - On lithium - Smokes 2-3packs/day x 15 years.
C/E.  Short Flaccid Penis.
       (L) Rod + ? (R) proximal extruder pulp.
       sympathetic fat pad +4.
       Imp. Impotence c̄ short penis + retained
                part of prosthesis
Plan  ① Seminanalysis. ② Records.
Plan: ē Dr. Fonez is [illegible]

[Left margin vertical text:] MEDICAL REPORT Emanuel Friedman M.D. to Erol Onel M.D., NEW ENGLAND MEDICAL CENTER DATED 2-22-2000 / SEE PAGE 23 - MENTOR DATE DISPARITY / INITIALS OF EMANUEL FRIEDMAN, M.D. AND SIGNATURE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Western Division                                      DOCKET NO.: 10798-W64

DONALD S. KOBACK )
    Plaintiff )
 )
VS. )
 )
EMANUEL FRIEDMAN, M.D. et al )
    Defendants )

### AFFIDAVIT OF THE DEFENDANT, EMANUEL FRIEDMAN, M.D., IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

I, Emanuel Friedman, M.D., hereby depose and state the following:

1. I am a physician licensed to practice medicine in the Commonwealth of Massachusetts.

2. A complete copy of all records pertaining to my treatment of Mr. Koback were produced to him with my initial disclosures on October 6, 2006. No other medical records exist documenting my treatment of Mr. Koback.

3. I performed surgery on Mr. Koback on August 4, 1993. A copy of my operative report is attached to the Motion for Summary Judgment as Exhibit 1.

4. On May 20, 1998 I saw Mr. Koback in consultation when he was admitted to MetroWest Medical Center/Leonard Morse Campus. I recommended that he consider Viagra for his vasculogenic impotence. A copy of my consultation note is attached to the motion for summary judgment as Exhibit 3.

5. I have not treated, spoken to, corresponded with or had any contact whatsoever with Mr. Koback since May 20, 1998.

Signed under the pains and penalties of perjury this 13th day of December, 2006

                                                                                EMANUEL FRIEDMAN, M.D.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Western Division                                                DOCKET NO.: 10798-W64

DONALD S. KOBACK            )
    Plaintiff                )
                            )
VS.                         )
                            )
EMANUEL FRIEDMAN, M.D. et al )
    Defendants              )

## DEFENDANT, EMANUEL FRIEDMAN, M.D.'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Dr. Friedman performed surgery on Mr. Koback on August 4, 1993. (Exhibit 1, operative report from MetroWest Medical Center)

2. On July 5, 1994 Mr. Koback wrote Dr. Friedman a letter. The letter states, in pertinent part: "I must express my deep unhappiness with the operation you performed . . . are you or are you not ready, willing, and able to correct this abortion which I carry betwixt my legs?" (Exhibit 2, July 5, 1994 letter from Mr. Koback to Dr. Friedman)

3. On May 15, 1998 Dr. Friedman saw Mr. Koback for a consultation when he was admitted to MetroWest Medical Center/Leonard Morse Campus. Dr. Friedman's only recommendation was that Mr. Koback could consider the option of Viagra for vasculogenic impotence (Exhibit 3, Dr. Friedman's May 15, 1998 consult note)

4. Mr. Koback's complaint was filed with the court on April 12, 2005.

5. Dr. Friedman has had no role in Mr. Koback's treatment since May 15, 1998.

6. Mr. Koback can provide no evidence that Dr. Friedman was involved, in any way, in his treatment after May 15, 1998.

7. Dr. Friedman did not perform any surgical procedures on Mr. Koback, did not prescribe him any medications, was not consulted with respect to his medical care and treatment and has not been contacted by any other healthcare provider regarding Mr. Koback since May 15, 1998.

-2-

8. The plaintiff has produced no expert support for any claim of negligence against Dr. Friedman relating to his performance of the surgical procedure on August 4, 1993.

9. The plaintiff has produced no expert support for any claim of negligence against Dr. Friedman relating to the consultation performed on May 15, 1998.

10. A medical malpractice tribunal for this case convened on March 2, 2006 pursuant to M.G.L.A. c. 231 §60B. The medical malpractice tribunal ruled that the plaintiff's offer of proof was insufficient to raise a legitimate question of liability as to Dr. Friedman's treatment of Mr. Koback.

11. The plaintiff's complaint was filed approximately 11 years and 8 months after the surgical procedure performed by Dr. Friedman on August 4, 1993.

12. The plaintiff's complaint was filed approximately 6 years and 11 months after Dr. Friedman's May 15, 1998 consultation.

Respectfully submitted
by his attorneys,

/s/ Matthew R. Connors
MATTHEW R. CONNORS
BBO# 636358
Ficksman & Conley, LLP
98 No. Washington Street - Suite 500
Boston, MA 02114
(617) 720-1515

CERTIFICATE OF SERVICE

I, Matthew R. Connors, attorney for said defendant, hereby make oath that I have this day erved a copy of the attached: **DEFENDANT, EMANUEL FRIEDMAN, M.D.'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS** upon all parties, by mailing a copy thereof, postage pre-paid, directed to Donald S. Koback, Pro Se, 195 Sunnyside Avenue, Woonsocket, RI 02895.
Signed under the pains and penalties of perjury.
DATED:  December 13, 2006

/s/ Matthew R. Connors
**MATTHEW R. CONNORS**
B.B.O. #636358



Court Document [143]

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Western Division                                    DOCKET NO.: 10798-W64

| | |
|---|---|
| DONALD S. KOBACK )  |
| Plaintiff )  |
| )  |
| VS. )  |
| )  |
| EMANUEL FRIEDMAN, M.D. et al )  |
| Defendants )  |

**MOTION OF THE DEFENDANT, EMANUEL FRIEDMAN, M.D., FOR SUMMARY JUDGMENT PURSUANT TO F.R.CIV.P. RULE 56**

Now comes the defendant, Emanuel Friedman, M.D., and respectfully requests that this Honorable Court grant summary judgment in his favor pursuant to F.R.Civ.P. Rule 56 as the plaintiff's claims against him are barred by the applicable statute of limitations, M.G.L.A. c. 260 §4. Dr. Friedman performed surgery on the plaintiff, Mr. Koback, on August 4, 1993. Dr. Friedman last saw Mr. Koback, solely for a consultation, on May 15, 1998. Dr. Friedman has had no contact with Dr. Koback, has provided no treatment to him and has not been involved in Mr. Koback's treatment in any manner, since May 15, 1998.

Mr. Koback filed his Complaint in this matter on April 12, 2005. The Complaint was filed approximately 11 years and 8 months after the August 4, 1993 surgery and approximately 6 years and 11 months after the May 15, 1998 consultation. Therefore, Mr. Koback's claims are time barred, as a matter of law, by the 3 year statute of limitations and the 7 year state of repose set forth in M.G.L.A. c. 260 §4.

21

-2-

The defendant submits the accompanying local Rule 56.1 Statement of Undisputed Material Facts with a supporting affidavit and exhibits, as well as the accompanying memorandum of law in support of this motion.

           Respectfully submitted
           by his attorneys,

           /s/ Matthew R. Connors
           MATTHEW R. CONNORS
           BBO# 636358
           Ficksman & Conley, LLP
           98 No. Washington Street - Suite 500
           Boston, MA 02114
           (617) 720-1515

### CERTIFICATE OF SERVICE

I, Matthew R. Connors, attorney for said defendant, hereby make oath that I have this day erved a copy of the attached: **MOTION OF THE DEFENDANT, EMANUEL FRIEDMAN, M.D., FOR SUMMARY JUDGMENT PURSUANT TO F.R.CIV.P. RULE 56** upon all parties, by mailing a copy thereof, postage pre-paid, directed to Donald S. Koback, Pro Se, 195 Sunnyside Avenue, Woonsocket, RI 02895.
Signed under the pains and penalties of perjury.
DATED:   December 13, 2006

           /s/ Matthew R. Connors
           MATTHEW R. CONNORS
           B.B.O. #636358



✦ **MENTOR**
UROLOGY

1499 West River Road North
Minneapolis, MN 55411

(800) 338-7908
(612) 588-4685

**Inflatable Penile Prosthesis**
**Product Registration**

KOBACK, DONALD
08-04-93 FRIEDMAN, EMANUEL
2668222    M 12-17-51

Patient ID: _____

**NOTE: Failure to return this registration may jeopardize product replacement policy.**

Surgeon's Name: E. Friedman                         Date of Surgery: 8/4/93
Institution: Leonard Morse Hospital        Phone: 653-3400
Institution Address: 67 Union St     Natick         Ma    01760
Patient's Name: Koback, Donald           Age: 41    I.D. Number: _____
Address: _____
Diagnosis/Etiology: Vasculogenic Impotence
Preoperative Antibiotic: _____
Antibiotic Irrigating Solution: Centa
Previous Implant History: NR

Surgical Approach: Infrapubic
Appearance of Erection Achieved at Surgery: good
Difficulties During Surgery: (Specify) _____

Physician's Comments: _____

Filling Medium:
Cysto Conray II ____ % Dilution ____
Hypaque ____ % Dilution ____
Normal Saline  60 ''

Connectors Used:  Qty.
Straight    1

Tip Extenders
Total Length
Left  0  cm
Right  21  cm

Patient Record Label
ASSEMBLY KIT
TRUE-LOCK™ CONNECTORS
CAT NO. 9480S
L/N 153849
✦ MENTOR UROLOGY

Patient Record Label
75cc BIOFLEX™ RESERVOIR
CAT NO. 9075K
S/N 159347
✦ MENTOR UROLOGY

Patient Record Label
ALPHA I™ 14cm INFRAPUBIC
CYLINDER SET WITH PUMP
CAT NO. 9814I
S/N 128269
✦ MENTOR CORPORATION

Apply Cylinder
Patient Record Label
Here

Form Filled By _____        Surgeon's Signature _____

10. Federal Rules of Civil Procedure RULE 60.

— Set aside a judgment for fraud upon the court;

— RULE 60, does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding;

— Fed. R. Civ. P. RULE 60(b)(6) Plaintiff, Donald S. Koback reserves the right to set forth, or spell out other reasons justifying relief from a judgment;

— Fed. R. Civ. P. RULE 60(b)(5) The judgment has been satisfied, released, or discharged, or prior judgment upon which based has been reversed, or vacated;

— Fed. R. Civ. P. RULE 60(b)(4) The judgment is void;

— Fed. R. Civ. P. RULE 60(b)(3) Fraud (intrinsic, extrinsic), misrepresentation, or other misconduct of adverse party (parties);

24 — Fed R. Civ. P. RULE 60(b)(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under RULE 59(b) See documents pages 16, 17, 18, page 17, 18, 19, 20, 21, 22, 23

- Fed.R.Civ.P. RULE 60(a) clerical mistakes;
- The time for counterclaims or cross claims has expired Fed.R.Civ.P. RULE 13;
- ...Donald S. Koback has not been notified of these proceedings in violation of the "due process" clause of the FIFTH (5th,) FOURTEENTH (14th,) Amendments, U.S. Constitution, also in violation of the "equal protection" clause of the above, as well as the FIRST (1st,), Seventh (7th,) Amendments, and all of the remaining Amendments, U.S. Constitution.

WHEREFORE, PLAINTIFF, DONALD S. KOBACK'S MOTION TO VACATE SUMMARY JUDGMENT AGAINST PLAINTIFF, DONALD S. KOBACK, GRANTING DEFENDANT, EMANUEL FRIEDMAN, M.D.'s MOTION FOR SUMMARY JUDGMENT, JUDGE'S ORDER," Hearing date: January 31, 2007 — JUDGMENT GRANTED IN OPEN COURT, JUDGMENT ENTERED, FILED February 1, 2007

25

GRANTING COURT DOCUMENT [143])
PURSUANT TO Federal Rules of Civil
Procedure RULE 60. SHOULD
BE GRANTED.

DATE: June 14, 2007        By Donald S. Koback
                           Plaintiff, Pro Se

                           *Donald Koback* (signature)

                           Donald S. Koback
                           195 Sunnyside Ave
                           Woonsocket
                           Rhode Island 02895
                           Telephone:
                           401-76-2-2460

                           DATE: June 14, 2007

26

# CERTIFICATE OF SERVICE

WITHOUT WAIVING ANY rights, privileges, or immunities, I, DONALD S. KOBACK, PLAINTIFF, PRO SE, CIVIL ACTION NO.: 1:05-CV-10798-WGY, DONALD S. KOBACK VS. METROWEST MEDICAL CENTER, ET. AL.) HEREBY CERTIFY THAT THE FOLLOWING DOCUMENTS INCLUDING THIS CERTIFICATE OF SERVICE WERE MAILED (FILED, EN ROUTE) AND SERVED, POSTAGE PREPAID (U.S.P.S.) ON THE FOLLOWING ATTORNEYS AT LAW WHO REPRESENT OR ARE RETAINED BY THE DEFENDANTS —

## 1. DOCUMENTS:

PLAINTIFF, DONALD S. KOBACK's MEMORANDUM OF REASONS AND CITATIONS OF AUTHORITIES IN SUPPORT OF "PLAINTIFF, DONALD S. KOBACK's MOTION TO VACATE SUMMARY JUDGMENT AGAINST PLAINTIFF, DONALD S. KOBACK, (GRANTING DEFENDANT, EMANUEL FRIEDMAN, M.D.'s MOTION FOR SUMMARY JUDGMENT, JUDGE'S ORDER, Hearing date: January 31, 2007 — JUDGMENT GRANTED IN OPEN COURT, JUDGMENT ENTERED, FILED FEBRUARY 1, 2007 GRANTING COURT DOCUMENT (143)) PURSUANT TO Federal Rule of Civil Procedure RULE 60.

## 2. DEFENDANTS' ATTORNEYS AT LAW

KARA A. BETTIGOLE →
Barbara Hayes Buell, Esq.
Bloom and Buell
1340 Soldiers Field Road, SUITE 100
Boston, MA 02135

JENNIFER HARTUNIAN →
Daniel J. Griffin, ESQ.
Lynda Riesgo Jensen, ESQ.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac St., 7th Floor
Boston, MA 02114

Bernard Guekguezian, Esq.
Judith Feinberg, Esq.
Adler, Cohen, Harvey, Wakeman & Guekguezian
75 Federal Street, 10th FLOOR
Boston, MA 02110

Matthew R. Connors, Esq.
Ficksman & Conley, LLP
98 N. Washington Street, Suite 500
Boston, MA 02114.

Person In Charge
SPECIALTY CARE, LLC
626 Temple St.
Duxbury, MA 02332

DATE: June 14, 2007
SIGNED UNDER PAINS AND PENALTIES OF PERJURY ON June 14, 2007

Donald Koback
DONALD S. KOBACK, PLAINTIFF
PRO SE   DATE: June 14, 2007

28