UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2001 JUL -6  A 11: 32

U.S. DISTRICT COURT
DISTRICT OF MASS.

EASTERN DIVISION
(BOSTON, MASSACHUSETTS)

DONALD S. KOBACK
    Plaintiff, Pro Se

    v.

METROWEST MEDICAL
CENTER, LEONARD
MORSE HOSPITAL,
FRAMINGHAM UNION
HOSPITAL, NEW ENGLAND
MEDICAL CENTER, TUFTS
UNIVERSITY SCHOOL OF
MEDICINE, EMANUEL
FRIEDMAN, M.D., JOHN
P. LONG, M.D., and
EROL ONEL, M.D.
    Defendants

Civil Action No.
1:05-CV-10798-
WGY

(1)

MEDICAL AFFIDAVIT OF SYED RAZVI, M.D.
ON BEHALF
OF HIS PATIENT, PLAINTIFF, DONALD S. KOBACK
WHICH REBUTS "DISCLOSURE OF EXPERT
TESTIMONY OF MICHAEL O'LEARY, M.D.
ON BEHALF OF EROL ONEL, M.D.
PURSUANT TO FED. R. CIV. P. 26(a)(2)(B)" (MEDICAL

## HISTORY OF DONALD S. KOBACK
## IN RELATION TO EROL ONEL, M.D.)

I SYED RAZVI, M.D., MILFORD MED-CARE,
INC., 160 SOUTH MAIN ST, MILFORD,
MASSACHUSETTS 01757 have, possess
a complete and accurate history of
my patient, Donald S. Koback,
Plaintiff herein, I have read the
report dated MAY 30, 2007 OF
the HIRED, NON-TREATING PHYSICIAN,
MICHAEL O'LEARY, M.D., HARVARD
MEDICAL SCHOOL, CAMBRIDGE
MASSACHUSETTS (Associate Professor
of Urological Surgery) purporting
to provide his opinion as to the
care, treatment furnished BY
EROL ONEL, M.D. TO OUR MUTUAL
PATIENT, DONALD S. KOBACK,
PLAINTIFF HEREIN.
I, SYED RAZVI, M.D. AM THE TREATING
PHYSICIAN OF DONALD S. KOBACK,
my PATIENT.
I AM WELL Acquainted with the
disastrous, invasive (injections), therapies,
extreme, nearly terminal, gangrenous
priapism, multiple surgeries, INCLUDING
THOSE OF JOHN P. LONG, JR, M.D., also known
as JOHN P. LONG, M.D., an associate of
EROL ONEL, M.D., ON NOVEMBER 12
2004 and November 13, 2004 at
METROWEST MEDICAL CENTER, FRAMINGHAM

(2)

UNION HOSPITAL as well as said
EROL ONEL, M.D.'s EARLIER TREATMENT
(two) surgeries on February 27, 2000
and November 1, 2007, and a medical
report emanating from METROWEST (Emanuel FRIEDMAN, M.D.)
MEDICAL CENTER, LEONARD MORSE HOSPITAL
TO EROL ONEL, M.D. AND NEW ENGLAND
MEDICAL CENTER DATE 2-25-2000,
two days before surgery at
New England Medical Center
which reduced Donald S. Koback's
penis from 8 inches, through
SUCCESSIVE, CONTRAINDICATED
SURGERIES TO O (ZERO) INCHES.
I am also well acquainted with his
medical and hospital records,
I, Syed Razvi, M.D. am qualified
based on my education, training,
and experience to render,
and hereby do render a medical
opinion. I do have a medical
opinion based on a reasonable
degree of medical certainty,
that malpractice, error(s), mistake(s),
OMISSIONS, COMMISSIONS OF
EROL ONEL, M.D., ASSOCIATE OF JOHN
P. LONG, M.D., WERE the direct cause
OF DONALD S. KOBACK'S CURRENT CONDITION
WHICH I HAVE DIAGNOSED, TREATED, AND
CONTINUE TO TREAT. It is also
MY OPINION THAT THE FOREGOING
BY THE ABOVE NAMED WAS THE

(3)

PROXIMATE CAUSE OF MY PATIENT'S
INJURIES — WITH INFECTIONS
AND FOREIGN BODIES (PROSTHETIC
PENILE FRAGMENTS) REMAINING
IN HIS BODY UP UNTIL THE PRESENT
TIME, bladder injuries,
INJURIES between the lower right
scrotum and the leg which compel
him to limp.
I have forward 2 (two)
MEDICAL AFFIDAVITS IN THIS
CASE WHICH ARE THE SAME,
AND IN ACCORD WITH THE
OPINION(S) EXPRESSED
HEREIN.

(4)

Signed under pains and penalties
of perjury on the 26th day
OF JUNE, 2007,

SYED RAZVI, M.D.

DATE: 6-26-2007

Treating physician, Expert intimidated
by officers of the court.

6-26-2007

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2007 JUL -6 A 11: 32

U.S. DISTRICT COURT
DISTRICT OF MASS.

EASTERN DIVISION
(BOSTON, MASSACHUSETTS)

DONALD S. KOBACK
Plaintiff, Pro Se

V.

METROWEST MEDICAL
CENTER, LEONARD MORSE
HOSPITAL, FRAMINGHAM
UNION HOSPITAL, NEW
ENGLAND MEDICAL
CENTER, TUFTS UNIVER-
SITY SCHOOL OF MEDICINE,
EMANUEL FRIEDMAN, M.D.,
JOHN P. LONG, M.D. and
EROL ONEL, M.D.
        Defendants

Civil Action
No. 05-CV-
10798-WGY

(5)

AFFIDAVIT OF PLAINTIFF DONALD S.
KOBACK WHICH REBUTS "DISCLOSURE
OF EXPERT TESTIMONY OF MICHAEL
O'LEARY, M.D. ON BEHALF OF EROL
ONEL, M.D. PURSUANT TO FED. R. CIV. P.
26(a)(2)(B)" (MEDICAL HISTORY OF DONALD
S. KOBACK IN RELATION TO EROL ONEL, M.D.)

See          01, 02, 03, 04, ①, ②, ③H ADOPTION BY REFERENCE Fed. R. Civ.
Certificate  P. RULE 10(a) located hereinbefore hereat and ⑰⑱⑲⑳
of service   ㉑㉒ ADOPTION BY REFERENCE Fed. R. Civ. P. RULE 10(c) hereinafter
             ① Donald S. Koback    June 26, 2007

I, DONALD S. KOBACK, patient of Erol Onel, M.D., HAVE READ THE REPORT OF THE NON-TREATING, HIRED PHYSICIAN, MICHAEL O'LEARY, M.D., Brigham and Women's Hospital, 45 Francis Street, ASB II-3, BOSTON, MASSACHUSETTS 02115 PURPORTING TO PROVIDE HIS OPINION AS TO THE CARE/TREATMENT FURNISHED TO DONALD S. KOBACK, Plaintiff herein, said MICHAEL O'LEARY ACTING ON BEHALF OF SAID EROL ONEL, M.D., WHICH REPORT IS DATED MAY 30, 2007 AND WHICH WAS DELIVERED TO THE PLAINTIFF, DONALD S. KOBACK, IN AN ENVELOPE POSTMARKED WITH THE DATE JUNE 11, 2007, and received by the Plaintiff, Donald S. Koback, a couple of days later.

(6)

Said report contains repeated false statements, assumptions, designed and intended to mislead.

False statements, assumptions, designed, intended to mislead:

O'LEARY: STATES "I have had the
opportunity to review the
records you have provided
me." (Emphasis added—
"...you have provided me."—
underlined.

1

"...you..." identifies defendant,
Erol Onel, M.D.'s lawyer,
Jennifer Hartunian;
"...me..." identifies Michael
O'Leary, M.D.

KOBACK: NOTE THAT LEARY DOES NOT
CLAIM TO HAVE REVIEWED
ALL OF THE RECORDS—
ALL OF THE HOSPITAL
AND MEDICAL RECORDS,
BUT ONLY THOSE RECORDS

1

"...provided..." to him     (7)
by the above-named
defendant Onel's lawyer.
On this basis alone,
O'LEARY's report and
testimony should be
stricken.

O'LEARY:  KOBACK'S CONDITION INDICATED THAT WAS SUFFERING FROM "... retained parts of the original penile prosthesis..." OF Emanuel Friedman, M.D., Robert Gould, M.D., METROWEST MEDICAL CENTER. KOBACK "... under-went exploration of the phalkus with the removal of some retained parts of the original prosthesis." (Emphasis added. See words underlined above.)

2

KOBACK:  O'LEARY CONCEDES THAT THERE WERE FOREIGN BODIES INSIDE KOBACK'S BODY WHICH HE LABELS "... retained parts ... original prosthesis..."

(8)

2    O'LEARY STATES KOBACK "... underwent... removal of some retained parts... original prosthesis." Removal of some retained parts does not equate with removal of all retained parts. Foreign bodies, fractured, splintered prosthetic pieces and infection(s) were left in place.

O'LEARY:

3

KOBACK "... subsequently underwent placement of a semi-rigid prosthesis in November of 2000."

KOBACK:

3

Said placement of a semi-rigid prosthesis was contraindicated and should never have been place, in light of EROL ONEL, M.D.'s KNOWLEDGE OF 2 (two) immediately precedent hereat, hereinabove, as well as said EROL ONEL, M.D.'s KNOWLEDGE OF Michael P. Donovan's expert medical report strongly advising against said surgery — COURT DOCKET #6.

(9)

O'LEARY:

4

"... Dr. Onel details very complete informed consent regarding this procedure including the following:

'Specific risks included the possibility of not be able to complete the procedure, the possibility of placing either a one piece or a three piece prosthesis, the possibility of bleeding,

or infection, and the possibility
of still not having usable length
at the conclusion of the procedure.
The patients accepts all of
these risks and wishes to con-
tinue."

KOBACK: LEARY'S USE OF the words
"...patients accepts..." is
improper English at the very
least, and, otherwise,
relegates this purported informed
consent form to unintelligible
non sequitor hastily drafted
for the purposes of these proceed-
ings.
In brief, totally false.
This language is of recent
origin, a fabrication.
Any contention that the
Plaintiff, Donald S. Koback,
signed said informed
consent form, is false,
and any signature purporting
to be Koback's signature
is a forgery.

(10)

O'LEARY: STATES "It is my opinion..."

5

KOBACK: The erroneous, insufficient assumptions do not contain an adequate foundation to support, under ly the answer — Opinion — O'LEARY supplies to the hypothetical question (absent here, but necessary) — If you (expert witness) assume A, B, and C to be facts, do you have an opinion, and if so, what is your opinion?"

5

(11)

O'LEARY: STATES "Dr. Onel complied with the standard of care for urologists in the United States for the year 2000."

6

KOBACK: Even $500.00 per hour, for O'LEARY, is not enough to opine — go out on the limb — that Dr. Onel's ommissions, commissions complied with the

6

KOBACK: standard of care, for the year 2001, 2002, 2003, 2004, 2005, 2006, 2007; in short, according to O'LEARY the year 2000 in Urology in Massachusetts was so backward, primitive that even butchery met the "standard of care".

6 continued

O'LEARY: STATES "It is my opinion to a reasonable degree of medical certainty..."

7

(12)

KOBACK: TRUTH IS THAT O'LEARY IS A PAID, NONTREATING Urologist who for $500, per hour sells his medical oratory putting a label of "...to a reasonable degree of medical certainty" as if the one who condones OMISSIONS, COMMISSIONS, upon what are clear, dark deviations away from the Hippocratic Oath of all doctors — "to do no harm".

7

O'LEARY: States that "The subsequent erosion of the prosthesis... does not, in this circumstance, appear to be due to omission or commission on the part of Dr. Onel."

8

KOBACK: O'LEARY is very cagey by restricting his language to "... in this circumstance,...". O'LEARY ALSO DRAWS ONE'S ATTENTION to THE WORDS "... does not... appear ... to be due..." — this is lukewarm, tepid speculation, conjecture, very faint support.

8

(13)

O'LEARY: In O'LEARY'S CURRICULUM VITAE, he boasts, touts his B.A. Harvard College Cambridge.

9

KOBACK: But was obviously forced ( being only "CUM LAUDE" "WITH PRAISE" FROM HARVARD) TO ATTEND A MEDICAL SCHOOL (COLLEGE) outside OF THE CAMBRIDGE(BOSTON) AREA. O'LEARY APPARENTLY CRAWLED BACK INTO CAMBRIDGE(BOSTON) WITH AN OUT-OF-STATE MEDICAL DEGREE BY OVEREDUCATING HIMSELF

9

9 AT THE HARVARD School OF Public HEALTH (STUDying sewers, inter alia) EARNING THE MASTERS OF PUBLIC HEALTH degree (M.P.H.). Thereafter, becoming a surgeon, urologist at the notorious New England MEDICAL CENTER, DEFENDANT HEREIN,

As OF MAY 30, 2007 MICHAEL P. O'LEARY, M.D. M.P.H. ASSOCIATE PROFESSOR IN UROLOGICAL SURGERY, HARVARD MEDICAL School — Chief genocidal, ethnocidal, urological, biological warfare transgender.

(14)

O'LEARY: STATES "... standard of care for urologists in the United States..."

10

KOBACK: TAKE THE WORD "standard", TAKE THE WORD "CARE" There is no "standard", there is no "care", there is only genocidal, ethnocidal terror

10

O'LEARY: "... in the United
States..."

KOBACK: This broad scale geographical
claim CONSTITUTES AN
IMPERMISSIBLE ATTEMPT TO
CIRCUMVENT THE MEDICAL
DATE OF REPORT → REPORT OF MICHAEL P. DONOVAN,
12/28/1999   M.D., urologist Court
Docket #6 → opining MASSACHUSETTS
IN-State penile re-
construction Unavailable in
the year 1999, 2000, requiring
out-of-state penile reconstruction.

O'LEARY: FAILED TO DISCLOSE
UNDERLYING ASSUMPTIONS
TO SUPPORT AN OPINION
TO A Hypothetical Question.
REFER TO 1

12

KOBACK: DR. ONEL, HIS LAWYER,
AND HIS "HIRED GUN",
(genocide) O'LEARY's
Hypothetical Question(s)
INCLUDING ALL OF ITS (THEIR)
ASSUMPTIONS WHICH PURPORT TO
SUPPORT #15 "OPINION" WERE
REQUIRED DISCLOSURES. THEY HAVE
FAILED, REFUSED, TO DISCLOSE

(15)

By Donald S. Koback
Plaintiff, Pro Se

DATE: June 21, 2007

Submitted,

DONALD S. KOBACK

195 SUNNYSIDE AVENUE

WOONSOCKET

RHODE ISLAND 02895

Tel.: 401-76-2-2460

June 21, 2007

June 26, 2007

16

# HARVARD MEDICAL SCHOOL



**MICHAEL P. O'LEARY, M.D., M.P.H.**
*Associate Professor in Urological Surgery*

*Brigham and Women's Hospital*
*45 Francis Street, ASB II - 3*
*Boston, Massachusetts 02115*
*Tel: (617) 732-6325*
*Fax: (617) 566-3475*

May 30, 2007

Jennifer Hartunian
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114-4716

RE: Koback v. Onel

Dear Ms. Hartunian,

I have had an opportunity to review the records you provided me on the above referenced case. This 48 year old man presented to Dr. Onel at the New England Medical Center in 2000 with a history of long standing erectile dysfunction which was initially managed with intra cavernosal injection complicated by priapism. He subsequently underwent placement of penile prosthesis which eroded into the urethra and needed to be removed. The patient then subsequently presented to Dr. Onel at New England Medical Center. He was initially seen in February of 2000. He underwent exploration of the phallus with removal of some retained parts of the original penile prosthesis. This was done in April of 2000. He subsequently underwent placement of a semi rigid prosthesis in November of 2000. This required corporal reconstruction. It should be noted that Mr. Koback was seen multiple times prior to this procedure and Dr. Onel details very complete informed consent regarding this procedure including the following:

" Specific risks included the possibility of not being able to complete the procedure, the possibility of placing either a one piece or a three piece prosthesis, the possibility of bleeding or infection, and the possibility of still not having usable length at the conclusion of the procedure. The patients accepts all these risks and wished to continue."

This patient then apparently eroded the prosthesis four years later into his urethra and required removal which was performed at another institution by Dr. John Long.





It is my opinion to a reasonable degree of medical certainty that Dr. Onel complied with the standard of care for urologists in the United States in the year 2000 in the preoperative and postoperative care of Mr. Koback. The subsequent erosion of the prosthesis is a well described and well known risk of this procedure and does not in this circumstance appear to be due to omission or commission on the part of Dr. Onel.

If I can be of further service please do not hesitate to contact me.

Sincerely yours,

Michael P. O'Leary, M.D.

19

$ 02.
 
MARTIN, MAGNUSON, McCARTHY & KENNEY
101 MERRIMAC STREET
BOSTON, MASSACHUSETTS 02114-4716

MARTIN, MAGNUSON, McCARTHY & KENNEY
101 MERRIMAC STREET
BOSTON, MASSACHUSETTS 02114-4716

Mr. Donald S. Koback
195 Sunnyside Avenue
Woonsocket, RI 02895



To: Dr. Syed Razvi
From: Donald S. Koback, your patient

JUNE 25, 2007

This is not a complex case.

The wrongdoing is plain to see.

The February, 2000 and November, 2000
surgeries were intended, and
agreed to be explorations into my
penis, scrotum, belly to remove fragmented
pieces of the first penile implant,
and to eradicate infection.
There was never any agreement
or consent to implant a 2nd prosthetic
penile device. When I awoke
after Erol Onel, M.D., of New England
Medical Center November, 2000 surgery,
I was informed that they had installed,
implanted a 2½ inch usable penis.
Immediately thereafter, I was
put on the street outside the
hospital.

Donald Koback v. METROWEST MEDICAL
                    CENTER, ET. AL.
CASE FILED: COURT Docket # 1 — APRIL 12, 2005
        ON TIME AS TO ALL DEFENDANTS

MASSACHUSETTS GENERAL LAWS
Chapter 260, Section 4

...however, absent ... some dispute as to payment for ... liability as matte... ere sent to contractor, and thus

This section ...d more than three years after arising out of a... final estimates was barred by sign, planning, c... of limitations applicable to ...tration of improv... monwealth. Id.

...commenced more th... breach of contract accrues ...ance or furnishing ... ...d. construction or gene... ...cable to work con... oviding for retroactive adjust- real property com... nsation for employees of State statute. Id. Public Works who performed

This section ...ons of higher grade, is not subject ...ing out of an... nitation provisions. Op.Atty.Gen., ...plowing, cool, p. 109.

Where semifinal estimate was not prepared until 1958 and final estimate was not approved until 1960, statute of limitations did not bar approval of claims for extra work. Op.Atty. Gen., April 20, 1961, p. 124.

Right of a state employee, because of his unlawful demotion, to bring a petition against the commonwealth under c. 258, is barred by c. 260, § 3A, if not commenced within three years. Op.Atty.Gen., Feb. 14, 1957, p. 60.

Note issued by the State of Massachusetts Bay during the Revolutionary War as a bounty for enlistment in military service and payable on December 6, 1780, is barred by this section. Op.Atty.Gen., July 6, 1956, p. 17.

## § 4. Three years in certain tort or contract actions

M.G.L. ch 260, Section 4

Actions of contract or tort for malpractice, error or mistake against attorneys, certified public accountants and public accountants, actions for assault and battery, false imprisonment, slander, libel, actions against sheriffs, deputy sheriffs, constables or assignees in insolvency for the taking or conversion of personal property, actions of tort for injuries to the person against counties, cities and towns, and actions of contract or tort for malpractice, error or mistake against hairdressers, operators and shops registered under sections eighty-seven T to eighty-seven JJ, inclusive of chapter one hundred and twelve, actions of tort for bodily injuries or for death the payment of judgments in which is required to be secured by chapter ninety and also actions of tort for bodily injuries or for death or for damage to property against officers and employees of the commonwealth, of the metropolitan district commission, and of any county, city or town, arising out of the operation of motor or other vehicles owned by the commonwealth, including those under the control of said commission, or by any such county, city or town, suits by judgment creditors in such actions of tort under section one hundred and thirteen of chapter one hundred and seventy-five and clause (9) of section three of chapter two hundred and fourteen and suits on motor vehicle liability bonds under section thirty-four G of said chapter ninety shall be commenced only within three years next after the cause of action accrues.

Actions of contract or tort for malpractice, error or mistake against physicians, surgeons, dentists, optometrists, hospitals and sanitoria shall be commenced only within three years after the cause of action accrues, but in no event shall any such action be commenced more than seven years after occurrence of the act or omission which is the alleged cause of the injury upon which such action is based except where the action is based upon the leaving of a foreign object in the body.

For the purposes only of this section, an officer or soldier of the military forces of the commonwealth, as defined in chapter thirty-three, shall while performing any lawfully ordered military duty be deemed to be an officer or employee of the commonwealth.

Amended by St.1960, c. 271; St.1965, c. 302; St.1968, c. 94, § 1; St.1973, c. 777, § 3; St.1981, c. 765; St.1986, c. 351, §§ 29, 30; St.1987, c. 418.

7 years

### Historical and Statutory Notes

**1960 Amendment.** Approved March 30, 1960. In first paragraph provided that actions of tort arising out of the operation of vehicles shall be commenced within two rather than one year after the cause of action accrues, and deleted proviso.

**1965 Amendment.** Approved April 14, 1965. In first paragraph provided that actions of contract or tort ... after the cause of action accrues, and made changes in conformity therewith.

**1968 Amendment.** St.1968, c. 94, § 1, approved March 23, 1968, extended limitation for libel from one to two years.

Section 2 of St. 1968, c. 94, provided that this act shall take effect on Jan. 1, 1969, "but shall not apply to causes of action accruing prior to said date."

CASE FILED ON TIME AGAINST ALL DEFENDANTS

7 years — foreign object infection

6-26-2007

Court docket #6
EXIBIT 2



# NEW ENGLAND
# UROLOGY
## ASSOCIATES, LLC.

Stanley E. Kraus, M.D., P
Michael P. Donovan, M.D., P.

139 Lincoln Street
Framingham, MA 01702

508-370-7703
Fax 508-370-7701

20 Hope Aven
Waltham, MA 0215

December 28, 1999

Re: Donald Koback

To: Blue Cross and blue Shield of Massachusetts

        I have had a chance to evaluated Mr. Koback for severe organic erectile dysfunction. This
has been an ongoing problem since a penile prosthesis was ex-planted in April of 1995. On his most
recent evaluation in November of 1999 his penis has progressed to the point where it is a severely
shortened nonfunctional fibrotic penis. Because of the degree of scar tissue present it was felt that no
current erectile dysfunction treatment or even a new penile prosthesis would adequately correct his
problem. I have recommended that Mr. Kobak go to a urology center in Virginia to be evaluated for
penile reconstruction. I feel this is one of his only options available since there are no centers in
Massachusetts that are capable of doing this kind of surgery.


        Mr. Kobak has had significant mental health issues due to his condition. Therefore I would
like to expedite any coverage issues for him to go to Virginia. Please feel free to contact me with any
questions.



Sincerely,

Michael P. Donovan M.D.

CERTIFICATE OF SERVICE

WITHOUT WAIVING ANY rights privileges, or Immunities, I, DONALD S. KOBACK, PLAINTIFF, PRO SE, CIVIL ACTION NO. 1:05-CV-10798-WGY, DONALD S. KOBACK VS. METROWEST MEDICAL CENTER, ET. AL.) HEREBY CERTIFY THAT THE FOLLOWING DOCUMENTS INCLUDING THIS CERTIFICATE OF SERVICE WERE MAILED (FILED, EN ROUTE) AND SERVED, POSTAGE PREPAID (U.S.P.S.) ON THE FOLLOWING ATTORNEYS AT LAW WHO REPRESENT OR ARE RETAINED BY THE DEFENDANTS —

1. DOCUMENTS:

"AFFADAVIT... SYED RAZVI, M.D. ..." 01,02;

"MEDICAL AFFIDAVIT,.. SYED RAZVI, M.D.,..." 03,04,05,06;

(1),(2),(3),(4) AS PERTAINS "... SYED RAZVI, M.D. ...",

AFFIDAVIT OF PLAINTIFF, DONALD S, KOBACK WHICH REBUTS "DISCLOSURE OF EXPERT TESTIMONY OF MICHAEL O'LEARY M.D. ON BEHALF OF EROL ONEL, M.D. PURSUANT TO FED.R.CIV. P. 26(a)(2)(B) "(MEDICAL HISTORY OF DONALD S. KOBACK IN RELATION TO EROL ONEL, M.D.)(5),(6) (7),(8),(9),(10),(11),(12),(13),(14),(15),(16),(17),(18),(19),(20),(21),(22)

2. DEFENDANTS' ATTORNEYS AT LAW

KARA A. BETTIGOLE

JENNIFER HARTUNIAN

Barbara Hayes Buell, Esq.
Bloom and Buell
1340 Soldiers Field Road, SUITE 100
Boston, MA 02135

Daniel J. Griffin, ESQ.
Lynda Riesgo Jensen, ESQ.
Martin, Magnuson, McCarthy & Kenney
101 Merrimac St., 7th Floor
Boston, MA 02114

Bernard Guekguezian, Esq.
Judith Feinberg, Esq.
Adler, Cohen, Harvey, Wakeman & Guekguezian
75 Federal Street, 10th FLOOR
Boston, MA 02110
Matthew R. Connors, Esq.
Ficksman & Conley, LLP
98 N. Washington Street, Suite 500
Boston, MA 02114.

Person In Charge
SPECIALTY CARE, LLC
626 Temple St.,
Duxbury, MA. 02332

DATE: June 26, 2007

SIGNED UNDER PAINS AND PENALTIES OF PERJURY ON 26th day of June, 2007

DONALD S. KOBACK, PLAINTIFF
PRO SE   DATE: June 26, 2007

