UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2007 SEP 17 P 3:36

U.S. DISTRICT COURT
DISTRICT OF MASS.

DONALD S. KOBACK,
Plaintiff-Appellant

v.

METROWEST MEDICAL CENTER;
LEONARD MORSE HOSPITAL;
FRAMINGHAM UNION HOSPITAL;
NEW ENGLAND MEDICAL CENTER;
TUFTS UNIVERSITY SCHOOL
OF MEDICINE; EMANUEL
FRIEDMAN, M.D.; JOHN P.
LONG, M.D.; HMO BLUE OF
MASSACHUSETTS; BLUE CROSS/
BLUE SHIELD OF MASSACHU—
SETTS; EROL ONEL, Andover
Urology Associates of
Andover, Massachusett;
SPECIALTY CARE, LLC,
Defendants-Appellees

Civil Action No.
1:05-cv-10798-WGY

RECEIPT # 82444
AMOUNT $ 350
BY DPTY CLK per
9-18-07

Notice of Appeal

Notice is hereby given that Donald S.
Koback, Plaintiff-Appellant hereby
appeal to the United States Court
of Appeals for the First Circuit

from the final judgment/order ——

FILED
IN CLERKS OFFICE
2007 SEP 17 P 3: 37
U.S. DISTRICT COURT
DISTRICT OF MASS.

COURT ORDER
denying COURT DOCUMENT [227],

PLAINTIFF, DONALD S. KOBACK'S MOTION
TO VACATE SUMMARY JUDGMENT
AGAINST PLAINTIFF, DONALD S. KOBACK,
(GRANTING DEFENDANT, EMANUEL FRIEDMAN, M.D.'s
MOTION FOR SUMMARY JUDGMENT,
JUDGE'S ORDER, Hearing date: January 31,
2007 - Judgment Granted in Open Court,
JUDGMENT ENTERED, FILED February 1, 2007
GRANTING COURT DOCUMENT [143])
PURSUANT TO Federal Rules of Civil Procedure RULE 60.
entered, in this civil action, on 9/10/2007,
at 9:35 AM EDT, filed on 9/10/2007

in conjunction
(contemporaneous, consequtive, or
simultaneous, concurrent)

with final judgment/order ——
        court ORDER
            denying court document [233],

2

(*) For the purpose of citing ORDER(s) entered/filed—1 (one) issued; otherwise 1 (one) is used in this document.

OMNIBUS
MOTION TO SET ASIDE FINDINGS
   OF MEDICAL MALPRACTICE TRIBUNAL;
MOTION FOR ADDITUR;
MOTION FOR NEW TRYAL;
MOTION TO REVOKE AND REVISE;
MOTION FOR DIRECTED VERDICT, IN
Plaintiff-Appellant, Donald S. Koback's FAVOR;
MOTION FOR JUDGMENT NOT WITH STANDING
THE VERDICT (n.o.v., non obstante veridicto) RENEWED,

repeating, or once again,

entered(*) on 9/10/2007.

Donald S. Koback
Plaintiff-Appellant
195 Sunnyside Avenue
Woonsocket, RHODE ISLAND
U.S.A.   02895
Telephone: (401) 76-2-2460
September 12, 2007

Enclosures:
Court ORDER RE COURT DOCUMENT [227];
Copy COURT DOCUMENT [227]

D S Koback Sept 14, 2007

3

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was entered on 9/10/2007 at 9:35 AM EDT and filed on 9/10/2007
Case Name:      Koback v. Metrowest Medical Center et al
Case Number:    1:05-cv-10798
Filer:
WARNING: CASE CLOSED on 06/25/2007
Document Number:    No document attached

Docket Text:
Judge William G. Young : Electronic ORDER entered denying [227] MOTION to Vacate Summary
Judgment Against Plaintiff; denying [233] MOTION to Set Aside Finds of Medical Malpractice Tribunal,
Motion for Additor, Motion for New Trial, Motion to Revoke and Revise, Motion for Directed Verdict in
Plaintiff-Appellant Favor, and Motion for Judgment Not With Standing the Verdict (Renewed). (Paine,
Matthew)

1:05-cv-10798 Notice will be electronically mailed to:
Barbara Hayes Buell bhb@bloombuell.com
Joseph D. Halpern joseph.halpern@bcbsma.com
David M. Gould Dgould@ficksmanconley.com
Daniel J. Griffin, Jr dgriffin@mmmk.com
A. Bernard Guekguezian abg@achwg.com
Matthew R. Connors mconnors@ficksmanconley.com
Judith M. Feinberg jf@achwg.com
Lynda R. Jensen ljensen@hnso.org
Jennifer E. Hartunian jhartunian@mmmk.com

1:05-cv-10798 Notice will not be electronically mailed to:

Donald S. Koback
195 Sunnyside Avenue
Woonsocket, RI 02895

Case Name: □Koback v. Metrowest Medical Center et al

Case Number: □1:05-cv-10798

Donald S. Koback
195 Sunnyside Avenue
Woonsocket, RI 02895
IIInndllldddddnddlnlllnl

FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT 2007 SEP RT P 3 37
DISTRICT COURT OF MASSACHUSETTS
U.S. DISTRICT COURT
DISTRICT OF MASS.

EASTERN DIVISION
( BOSTON, MASSACHUSETTS)          Civil Action No.
                                  05-CV-10798-
                                       WGY

DONALD S. KOBACK,
          Plaintiff,

V.

METROWEST MEDICAL
CENTER, LEONARD MORSE
HOSPITAL, FRAMINGHAM
UNION HOSPITAL, NEW
ENGLAND MEDICAL CENTER
TUFTS UNIVERSITY School
OF MEDICINE, EMANUEL
FRIEDMAN, M.D., and
EROL ONEL, M.D.,
          Defendants

[Plaintiff-Appellant's [2027] / Court Document]

PLAINTIFF DONALD S. KOBACK'S MOTION
TO VACATE SUMMARY JUDGMENT
AGAINST PLAINTIFF DONALD S. KOBACK,
(GRANTING DEFENDANT EMANUEL FRIEDMAN, M.D.'s
MOTION FOR SUMMARY JUDGMENT,
JUDGE'S ORDER, Hearing date: January 31,
2007, JUDGMENT GRANTED IN OPEN COURT,
JUDGMENT ENTERED, FILED February 1, 2007
GRANTING COURT DOCUMENT [143])
PURSUANT TO Federal Rules of Civil Procedure RULE 60.

Plaintiff, Donald S. Koback, moves to vacate
Summary judgment – which granted Defendant, Emanuel
Friedman's Motion for Summary Judgment – Court Document
[143] PURSUANT TO Fed. R. Civ. P. RULE 60 and other
available avenues (said judgment entered, filed Feb. 1, 2007)

Defendant, Emanuel Friedman, M.D.,
filed the following court documents:

Court Document [146] Defendant, Emanuel
    Friedman's NOTICE OF filing with
    Clerk's Office;

Court Document [143] MOTION for Summary
    Judgment;

Court Document [144] Memorandum in Support
    OF MOTION for Summary Judgment;

*    Court Document [145] Statement of Facts
        Local Rule 56.1  (copy page 34)
        OF Defendant, Emanuel Friedman  False

*    Court Document [    ] Affidavit
        OF Defendant, Emanuel Friedman,
        M.D. dated 13th December 2006
            (copy page 45)


Above Adopted by Reference
Fed. R. Civ. P. RULE 10(c);

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Western Division                                    DOCKET NO.: 10798-W64


DONALD S. KOBACK                        )
        Plaintiff                       )
                                        )
VS.                                     )
                                        )
EMANUEL FRIEDMAN, M.D. et al            )
        Defendants                      )

## DEFENDANT, EMANUEL FRIEDMAN, M.D.'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

1.    Dr. Friedman performed surgery on Mr. Koback on August 4, 1993. (Exhibit 1, operative report from MetroWest Medical Center)

2.    On July 5, 1994 Mr. Koback wrote Dr. Friedman a letter. The letter states, in pertinent part: "I must express my deep unhappiness with the operation you performed . . . are you or are you not ready, willing, and able to correct this abortion which I carry betwixt my legs?" (Exhibit 2, July 5, 1994 letter from Mr. Koback to Dr. Friedman)

3.    On May 15, 1998 Dr. Friedman saw Mr. Koback for a consultation when he was admitted to MetroWest Medical Center/Leonard Morse Campus. Dr. Friedman's only recommendation was that Mr. Koback could consider the option of Viagra for vasculogenic impotence (Exhibit 3, Dr. Friedman's May 15, 1998 consult note)

4.    Mr. Koback's complaint was filed with the court on April 12, 2005.

5.    Dr. Friedman has had no role in Mr. Koback's treatment since May 15, 1998.

6.    Mr. Koback can provide no evidence that Dr. Friedman was involved, in any way, in his treatment after May 15, 1998.

7.    Dr. Friedman did not perform any surgical procedures on Mr. Koback, did not prescribe him any medications, was not consulted with respect to his medical care and treatment and has not been contacted by any other healthcare provider regarding Mr. Koback since May 15, 1998.

3

-2-

8. The plaintiff has produced no expert support for any claim of negligence against Dr. Friedman relating to his performance of the surgical procedure on August 4, 1993.

9. The plaintiff has produced no expert support for any claim of negligence against Dr. Friedman relating to the consultation performed on May 15, 1998.

10. A medical malpractice tribunal for this case convened on March 2, 2006 pursuant to M.G.L.A. c. 231 §60B. The medical malpractice tribunal ruled that the plaintiff's offer of proof was insufficient to raise a legitimate question of liability as to Dr. Friedman's treatment of Mr. Koback.

11. The plaintiff's complaint was filed approximately 11 years and 8 months after the surgical procedure performed by Dr. Friedman on August 4, 1993.

12. The plaintiff's complaint was filed approximately 6 years and 11 months after Dr. Friedman's May 15, 1998 consultation.

Respectfully submitted
by his attorneys,

/s/ Matthew R. Connors
MATTHEW R. CONNORS
BBO# 636358
Ficksman & Conley, LLP
98 No. Washington Street - Suite 500
Boston, MA 02114
(617) 720-1515

CERTIFICATE OF SERVICE

I, Matthew R. Connors, attorney for said defendant, hereby make oath that I have this day erved a copy of the attached: **DEFENDANT, EMANUEL FRIEDMAN, M.D.'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS** upon all parties, by mailing a copy thereof, postage pre-paid, directed to Donald S. Koback, Pro Se, 195 Sunnyside Avenue, Woonsocket, RI 02895.
Signed under the pains and penalties of perjury.
DATED: December 13, 2006

/s/ Matthew R. Connors
MATTHEW R. CONNORS
B.B.O. #636358



## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Western Division

DOCKET NO.: 10798-W64

DONALD S. KOBACK         )
      Plaintiff         )
                  )
VS.         )
                  )
EMANUEL FRIEDMAN, M.D. et al         )
      Defendants         )

## AFFIDAVIT OF THE DEFENDANT, EMANUEL FRIEDMAN, M.D., IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

I, Emanuel Friedman, M.D., hereby depose and state the following:

1.    I am a physician licensed to practice medicine in the Commonwealth of Massachusetts.

2.    A complete copy of all records pertaining to my treatment of Mr. Koback were produced to him with my initial disclosures on October 6, 2006. No other medical records exist documenting my treatment of Mr. Koback.

3.    I performed surgery on Mr. Koback on August 4, 1993. A copy of my operative report is attached to the Motion for Summary Judgment as Exhibit 1.

4.    On May 20, 1998 I saw Mr. Koback in consultation when he was admitted to MetroWest Medical Center/Leonard Morse Campus. I recommended that he consider Viagra for his vasculogenic impotence. A copy of my consultation note is attached to the motion for summary judgment as Exhibit 3.

5.    I have not treated, spoken to, corresponded with or had any contact whatsoever with Mr. Koback since May 20, 1998.

Signed under the pains and penalties of perjury this _13th_ day of _December_, 2006

_____ MD
EMANUEL FRIEDMAN, M.D.

The following court documents ADOPTED BY REFERENCE
Fed. R. Civ. P. RULE 10(c).

Plaintiff, Donald S. Koback
filed, served the following
court documents:

Court Document [149] Plaintiff,
Donald S. Koback's OPPOSITION
To Defendant, Emanuel
Friedman's MOTION for
Summary Judgment [143];

Court Document [150] Plaintiff,
Donald S. Koback's Memorandum
in Support of his OPPOSITION
To [143];

Court Document [153] Plaintiff,
Donald S. Koback OPPOSITION,
To Defendant, Emanuel Friedman's
NOTICE OF Filing [146]
which referred to
Court Document [143],
[144],
[145],
[      ]

PLAINTIFF, DONALD S. KoBACK's Opposition
✶  to Defendant, Emanuel Friedman's
Affidavit
Court Documents [154], [155] [   ], Plaintiff,
Donald S. Koback's Memorandum in Support
of Plaintiff's OPPOSITION To Defendant,
Emanuel Friedman's [143]
& Concise Statement Local Rule 56.1 of Plaintiff,
Donald S. Koback;

6

COURT DOCUMENT [153] SAID PLAINTIFF'S
"OPPOSITION" TO DEFENDANT, EMANUEL
FRIEDMAN'S COURT DOCUMENT [146]
entitled "NOTICE of Filing With Clerk's
Office by Emanuel Friedman re..."
[143] [144], [145]   SAID PLAINTIFF'S
CONCISE STATEMENT PURSUANT TO
LOCAL RULE 56.1 IN "OPPOSITION"
TO DEFENDANT, EMANUEL FRIEDMAN,
M.D.'S [143], etc (See above.)

In conjunction, associated herewith,
PLAINTIFF, DONALD S. KOBACK FILES
WITH THE CLERK AND SERVES OPPOSING
COUNSEL HIS PLAINTIFF, DONALD S.
KOBACK'S MEMORANDUM OF REASONS
AND CITATIONS OF AUTHORITIES IN
SUPPORT OF "PLAINTIFF, DONALD S,
KOBACK'S MOTION TO VACATE
SUMMARY JUDGMENT AGAINST PLAINTIFF,
DONALD S, KOBACK (GRANTING
DEFENDANT EMANUEL FRIEDMAN M.D.'S
MOTION FOR SUMMARY JUDGMENT
JUDGE'S ORDER, Hearing date: January
31, 2007 JUDGMENT GRANTED IN OPEN
Court, JUDGMENT ENTERED, FILED
February 1, 2007 GRANTING COURT
DOCUMENT [143] PURSUANT TO
Federal Rules of Civil Procedure
RULE 60.", WHICH PLAINTIFF,

DONALD S. KOBACK INCORPORATES
BY REFERENCE HEREIN WORD FOR
WORD, NUMBER FOR NUMBER, PUNCTUATION
MARK FOR PUNCTUATION, AS IF
AND IN FACT FULLY SET FORTH
HEREIN, ALL OF WHICH
DEMONSTRATE AND SHOW
WHY (WHEREFORE) THE ABOVE
ENTITLED MOTION SHOULD BE
GRANTED.

June 14, 2007

By Donald S. Koback,
Plaintiff, pro se

Donald S. Koback
Plaintiff, pro se
195 Sunnyside Avenue
Woonsocket
Rhode Island 02895
401-76-2-2460
June 14, 2007

8.



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION
(BOSTON, MASSACHUSETTS)

Civil Action No.
05-CV-10798-
WGY

DONALD S. KOBACK,
    Plaintiff,

V.

METROWEST MEDICAL
CENTER, LEONARD
MORSE HOSPITAL,
FRAMINGHAM UNION
HOSPITAL, NEW ENGLAND
MEDICAL CENTER, TUFTS
UNIVERSITY SCHOOL OF
MEDICINE, EMANUEL
FRIEDMAN, M.D., and
EROL ONEL, M.D.
        Defendants

PLAINTIFF DONALD S. KOBACK'S MEMORANDUM
OF REASONS AND CITATIONS OF AUTHORITIES
IN SUPPORT OF "PLAINTIFF DONALD S.
KOBACK'S MOTION TO VACATE

SUMMARY JUDGMENT AGAINST
PLAINTIFF, DONALD S. KOBACK
(GRANTING DEFENDANT, EMANUEL
FRIEDMAN, M.D.'S MOTION FOR
SUMMARY JUDGMENT, JUDGE'S ORDER,
Hearing date: January 31, 2007—
JUDGMENT GRANTED IN OPEN COURT,
JUDGMENT ENTERED, FILED FEBRUARY 1,
2007 GRANTING COURT DOCUMENT
[143]) PURSUANT TO Federal Rules
of Civil Procedure RULE 60."

1. The legal language of Federal Rules of
Civil Procedure RULE 56. SUMMARY JUDGMENT
which at first glance seem to permit
the defendant, Emanuel Friedman, M.D.,
to move for Summary Judgment
"...at any time..." is limited by
Federal Rules of Civil Procedure
RULE 12(b) and, more specifically,
by RULE 12(b)(6); if RULE 12(b)(6)
is not plead as an affirmative defense
or is waived by filing and serving a RULE 12(f)
MOTION TO STRIKE — COURT DOCUMENT
[134] by Defendant, Emanuel Friedman, M.D.
"PLAINTIFF, DONALD S. KOBACK'S REQUEST
FOR ADMISSION UNDER RULE 36.
Federal Rules of Civil Procedure RULE 36.
(Emanuel Friedman, M.D.)";

Since, in the case at bar, Federal Rules of Civil Procedure RULE 12(b), RULE 12(b)(6) RULE 8(c) AFFIRMATIVE DEFENSES were not plead and were, otherwise, waived as aforesaid, aforestated, there can be no summary judgment in favor of Defendant, Emanuel Friedman, M.D. One must necessarily look at the timing of the Challenge → all RULE 12(b), RULE 8(c) affirmative defenses at ONCE — OR forever waive. RULES 8(d), 12(d), 12(g), 12(h), Federal Rules of Civil Procedure Rule 12(b)(6) → "...failure to state a claim upon which a claim can be granted..." — IS A "DEMMURER", whereas Federal Rules of Civil Procedure RULE 56. is a "SPEAKING DEMURRER" → inextricably bound;

2. Moreover, Defendant, Emanuel Friedman, M.D., failed to plead Federal Rules of Civil Procedure RULE 12(b)(6) — "...failure to state a claim upon which relief can be granted..." → words of art, and words mathematical precision; Also, Defendant, Emanuel Friedman, M.D., failed to plead the affirmative defense of statute of limitations as a bar which must be plead as follows (FORM 20, page 73, Federal Rules of Civil Procedure)

"iv. The right of action set forth did not accrue within [SIX] (emphasis-brackets-ADDED) years next before the commencement of this action..."

Defendant, Emanuel Friedman, M.D. filed and brought forward a Federal Rules of Civil Procedure RULE 12(f) MOTION TO STRIKE (said Defendant's Court Document 134) AGAINST PLAINTIFF'S REQUEST FOR ADMISSION (EMANUEL FRIEDMAN, M.D.) previously filed, served by Plaintiff, Donald S. Koback, both of which preceded Defendant, Emanuel Friedman's motion for summary judgment (RULE 56) - Court Document [143] (See above) WITHOUT SIMULTANEOUSLY bringing forward RULE 12(b)(6) "... claim upon which relief can be granted..." and RULE 8(c) FORM 20. "right of action set forth did not accrue within..." (See above), thereby forever waiving same pursuant to Federal Rules of Civil Procedure RULE 12(g), and other legal provisions. Sutherland Paper Co. v. Grant Paper Box Co., 8 F.R.D. 416 (W.D. Pa. 1948);

12
e
#

Defendant, Emanuel Friedman, M.D.
was not entitled to an ORDER
granting summary judgment in his
favor against the plaintiff,
Donald S. Koback;
Defendant, Emanuel Friedman, M.D,
never filed on ANSWER, AFFIRMATIVE
DEFENSES (RULE 12(b), RULE 8(c)) TO
Plaintiff, Donald S. Koback's
Complaint and Demand for Jury
Trial until

4-11-2006  Docket #89

Emanuel Friedman's Answer to Complaint
Said Answer being due 294 days earlier
(193 days overdue 2005 plus 101 days overdue 2006-)

On 6-13-2005  DOCKET #42

Summons returned executed on
Defendant, Emanuel Friedman, M.D,
on 6/21 2005, ANSWER DUE 6-20-200

No MOTION TO ENLARGE TIME
TO FILE LATE ANSWER

DOCKET #89 was unlawful
and should be stricken as a sham
Pleading;

3. Plaintiff, Donald S. Koback, filed
and served REQUEST FOR ADMISSION UNDER
RULE 36 to Defendant Emanuel
Friedman, M.D. which if treated law-
fully, even handedly by the court resulting
in admissions under oath and/or statements/documents
deemed admitted, would have resulted,
necessarily, in the court not
granting Defendant, Emanuel Friedman's
Motion for Summary Judgment
COURT DOCUMENT [143];
On 12/4/2006      ; Defendant,
Emanuel Friedman, M.D.'s MOTION TO
STRIKE – COURT DOCUMENT [134] –
COURT ORDER DENYING MOTION;
ON 11/27/2006, Defendant,
Emanuel Friedman's MOTION TO STRIKE
COURT DOCUMENT [134] PLAINTIFF'S
DONALD S. KOBACK'S REQUEST FOR
ADMISSION COURT ORDER –
" Motion DENIED, Save That the Responses
to the Requests for Admission Need Not
Be Filed Until (30) Days After the
Decision on the Motion for Summary
Judgment, Provided that the Motion
for Summary Judgment is filed on or Before
December 15, 2006."
Thereby setting the stage for Defendant,
Emanuel Friedman, M.D. to file false affidavit
and " ... Statement of Undisputed Facts..."
Local Rule 56.1;

4. There are averments, affidavits that show the defendant, Emanuel Friedman, M.D., failed to remove foreign bodies - broken, shattered, splintered prosthesis - and to control infection. This alone prevents a Federal Rules of Civil Procedure RULE 56 Summary Judgment.
Whaley v. Fowler, 152 Cal. App. 2d 379, 313 P. 2d 97 (1957);

5. In McComsey v. Leaf, 36 Cal. App. 2d 132, 97 P. 2d 242 held at 245 that "It never could have been the intention of those who framed our Practice Act and rules thereunder that the decision of such a serious question as this should be flung off on a motion for summary judgment.";

6. Patient's cause of action for medical malpractice in which it was alleged that the physician's negligence in performing three (3) surgeries, eye operations, caused the plaintiff's blindness did not accrue at third (3rd) operation, the plaintiff's action not barred by M.G.L., ch. 260, section 4; Teller v. Schepens, 411 N.E. 2d 464, 381 Mass. 626 (1980);

15

14

7. M.G.L., Ch. 260, Section 12 provides that "If a person liable to a personal action fraudulently conceals the cause of such action from the knowledge of the person entitled to bring it, the period prior to the discovery shall be excluded.";

8 Injury to mind could interfere with discovery of cause of action. Riley v. Presnel, 409 Mass. 239, 565 N.E.2d 780 (1991);

9. Medical Report dated 2-25-2000 Dictated by Emanuel Friedman, M.D., Defendant, to Erol Onel, M.D. New England Medical Center within the Statute of Repose, and other statutes of Limitations (See above) Copy of Medical Report - 2-25-2000 - Page 1 which follows. Also, Defendant Emanuel Friedman's affidavit and Statement of Uncontested Facts pursuant to Local Rule 56. is false in that Defendant, Emanuel Friedman, M.D., was consulted with respect to Plaintiff, Donald S. Koback's medical care and treatment and has been contacted by other health care provider, and vice-versa - 2-25-2000. And so forth and so on, up until this very day.

**AMBULATORY PATIENT VISITS**

KOBACK RONALD
191 39 58
12/17/1951

022500

Presented for consultation + opinion re
impotence + ? of infertility.
48 yo attorney.
Now totally impotent with very short penis +
no erections
Approx 9 years ago had a first cavernous injection
to induce erection → lasted 18 hours then subsided
2 weeks later had a second injection → 8 day
priapism; became painful on sixth day. 8th day
ER at Leonard Morse — Dr Freedman performed
emergency irrigation → Detumescence.
1 month later placement of 3 piece pump penile
prosthesis. Functional at first although only 2-3" long
6 months later onset of pain + failure to detumesce.
Approx few month later — Rod extruded from
urethra and ruptured.
Part of prosthesis removed surgically by Dr Gou
portion remains. Then had attempted injection of alcohol — Nov # was 1-2 6 packs/
PMH — Depression — ON Lithium — Smoke 2-3 packs/day x 15 years.
OE. Short Flaccid Penis.
(L) Rod + ? (R) proximal extender palp.
symptomatic Felt Part ++.
Imp. Imp. tus ē short penis + retained
part of prosthesis.
Plan ① Semerrily co. ② Records.

17   PIU = AR DNEZ is 1 month each

DEC-13-2006  09:35         FICKSMAN CONLEY                    16177201519   P.03/03

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Western Division                                DOCKET NO.: 10798-W64

DONALD S. KOBACK                    )
            Plaintiff               )
                                    )
VS.                                 )
                                    )
EMANUEL FRIEDMAN. M.D. et al        )
            Defendants              )

### AFFIDAVIT OF THE DEFENDANT, EMANUEL FRIEDMAN, M.D., IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

I, Emanuel Friedman, M.D., hereby depose and state the following:

1.    I am a physician licensed to practice medicine in the Commonwealth of Massachusetts.

2.    A complete copy of all records pertaining to my treatment of Mr. Koback were produced to him with my initial disclosures on October 6, 2006. No other medical records exist documenting my treatment of Mr. Koback.

3.    I performed surgery on Mr. Koback on August 4, 1993. A copy of my operative report is attached to the Motion for Summary Judgment as Exhibit 1.

4.    On May 20, 1998 I saw Mr. Koback in consultation when he was admitted to MetroWest Medical Center/Leonard Morse Campus. I recommended that he consider Viagra for his vasculogenic impotence. A copy of my consultation note is attached to the motion for summary judgment as Exhibit 3.

5.    I have not treated, spoken to, corresponded with or had any contact whatsoever with Mr. Koback since May 20, 1998.

Signed under the pains and penalties of perjury this __13th__ day of __December__, 2006

_____ MD
EMANUEL FRIEDMAN, M.D.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Western Division                                    DOCKET NO.: 10798-W64


DONALD S. KOBACK                          )
            Plaintiff                     )
                                          )
VS.                                       )
                                          )
EMANUEL FRIEDMAN, M.D. et al              )
            Defendants                    )

## DEFENDANT, EMANUEL FRIEDMAN, M.D.'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

1.    Dr. Friedman performed surgery on Mr. Koback on August 4, 1993. (Exhibit 1, operative report from MetroWest Medical Center)

2.    On July 5, 1994 Mr. Koback wrote Dr. Friedman a letter. The letter states, in pertinent part: "I must express my deep unhappiness with the operation you performed . . . are you or are you not ready, willing, and able to correct this abortion which I carry betwixt my legs?" (Exhibit 2, July 5, 1994 letter from Mr. Koback to Dr. Friedman)

3.    On May 15, 1998 Dr. Friedman saw Mr. Koback for a consultation when he was admitted to MetroWest Medical Center/Leonard Morse Campus. Dr. Friedman's only recommendation was that Mr. Koback could consider the option of Viagra for vasculogenic impotence (Exhibit 3, Dr. Friedman's May 15, 1998 consult note)

4.    Mr. Koback's complaint was filed with the court on April 12, 2005.

5.    Dr. Friedman has had no role in Mr. Koback's treatment since May 15, 1998.

6.    Mr. Koback can provide no evidence that Dr. Friedman was involved, in any way, in his treatment after May 15, 1998.

7.    Dr. Friedman did not perform any surgical procedures on Mr. Koback, did not prescribe him any medications, was not consulted with respect to his medical care and treatment and has not been contacted by any other healthcare provider regarding Mr. Koback since May 15, 1998.

-2-

8.    The plaintiff has produced no expert support for any claim of negligence against Dr. Friedman relating to his performance of the surgical procedure on August 4, 1993.

9.    The plaintiff has produced no expert support for any claim of negligence against Dr. Friedman relating to the consultation performed on May 15, 1998.

10.   A medical malpractice tribunal for this case convened on March 2, 2006 pursuant to M.G.L.A. c. 231 §60B. The medical malpractice tribunal ruled that the plaintiff's offer of proof was insufficient to raise a legitimate question of liability as to Dr. Friedman's treatment of Mr. Koback.

11.   The plaintiff's complaint was filed approximately 11 years and 8 months after the surgical procedure performed by Dr. Friedman on August 4, 1993.

12.   The plaintiff's complaint was filed approximately 6 years and 11 months after Dr. Friedman's May 15, 1998 consultation.


                              Respectfully submitted
                              by his attorneys,


                              /s/ Matthew R. Connors
                              MATTHEW R. CONNORS
                              BBO# 636358
                              Ficksman & Conley, LLP
                              98 No. Washington Street - Suite 500
                              Boston, MA 02114
                              (617) 720-1515

### CERTIFICATE OF SERVICE

I, Matthew R. Connors, attorney for said defendant, hereby make oath that I have this day erved a copy of the attached: **DEFENDANT, EMANUEL FRIEDMAN, M.D.'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS** upon all parties, by mailing a copy thereof, postage pre-paid, directed to Donald S. Koback, Pro Se, 195 Sunnyside Avenue, Woonsocket, RI 02895.

Signed under the pains and penalties of perjury.
DATED:  December 13, 2006



                              /s/ Matthew R. Connors
                              **MATTHEW R. CONNORS**
                              B.B.O. #636358

*CEURT DOCUMENT [143]*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Western Division                                          DOCKET NO.: 10798-W64

DONALD S. KOBACK                    )
      Plaintiff                        )
                                       )
VS.                                 )
                                       )
EMANUEL FRIEDMAN, M.D. et al        )
      Defendants                       )

## MOTION OF THE DEFENDANT, EMANUEL FRIEDMAN, M.D., FOR SUMMARY JUDGMENT PURSUANT TO F.R.CIV.P. RULE 56

Now comes the defendant, Emanuel Friedman, M.D., and respectfully requests that this Honorable Court grant summary judgment in his favor pursuant to F.R.Civ.P. Rule 56 as the plaintiff's claims against him are barred by the applicable statute of limitations, M.G.L.A. c. 260 §4. Dr. Friedman performed surgery on the plaintiff, Mr. Koback, on August 4, 1993. Dr. Friedman last saw Mr. Koback, solely for a consultation, on May 15, 1998. Dr. Friedman has had no contact with Dr. Koback, has provided no treatment to him and has not been involved in Mr. Koback's treatment in any manner, since May 15, 1998.

Mr. Koback filed his Complaint in this matter on April 12, 2005. The Complaint was filed approximately 11 years and 8 months after the August 4, 1993 surgery and approximately 6 years and 11 months after the May 15, 1998 consultation. Therefore, Mr. Koback's claims are time barred, as a matter of law, by the 3 year statute of limitations and the 7 year state of repose set forth in M.G.L.A. c. 260 §4.

2\

-2-

The defendant submits the accompanying local Rule 56.1 Statement of Undisputed

Material Facts with a supporting affidavit and exhibits, as well as the accompanying

memorandum of law in support of this motion.

                                        Respectfully submitted
                                        by his attorneys,


                                        /s/ Matthew R. Connors
                                        MATTHEW R. CONNORS
                                        BBO# 636358
                                        Ficksman & Conley, LLP
                                        98 No. Washington Street - Suite 500
                                        Boston, MA 02114
                                        (617) 720-1515

### CERTIFICATE OF SERVICE

I, Matthew R. Connors, attorney for said defendant, hereby make oath that I have this day erved a copy
of the attached: **MOTION OF THE DEFENDANT, EMANUEL FRIEDMAN, M.D., FOR
SUMMARY JUDGMENT PURSUANT TO F.R.CIV.P. RULE 56** upon all parties, by mailing a
copy thereof, postage pre-paid, directed to Donald S. Koback, Pro Se, 195 Sunnyside Avenue,
Woonsocket, RI 02895.
Signed under the pains and penalties of perjury.
DATED:   December 13, 2006


                                        /s/ Matthew R. Connors
                                        **MATTHEW R. CONNORS**
                                        B.B.O. #636358



## MENTOR
U R O L O G Y

1499 West River Road North    (800) 338-7908
Minneapolis, MN 55411    (612) 588-4685

**Inflatable Penile Prosthesis**
**Product Registration**

KOBACK,  DONALD
08-04-93  FRIEDMAN, EMANUEL
2668222    M  12-17-51
Patient ID: _____

**NOTE: Failure to return this registration may jeopardize product replacement policy.**

Surgeon's Name: _E. Friedman_    Date of Surgery: _8/4/93_

Institution: _Leonard Morse Hospital_    Phone: _653-3400_

Institution Address: _67 Union ST_    _Natick_    _Ma_    _01760_
                                    Street    City    State    Zip

Patient's Name: _Koback, Donald_    Age: _41_  I.D. Number: _____
                Last    First    M.I.

Address: _____    _____    _____    _____
         Street    State    Zip    Phone

Diagnosis/Etiology: _Vasculogenic Impotence_

Preoperative Antibiotic: _____

Antibiotic Irrigating Solution: _____

Previous Implant History: _none_

Surgical Approach: _Infra pubic_

Appearance of Erection Achieved at Surgery: _good_

Difficulties During Surgery: (Specify) _Straddle & stems / corvs - biled_

Physician's Comments: _____

| Filling Medium | | | Connectors Used: | Qty. | Tip Extenders | |
|---|---|---|---|---|---|---|
| Cysto Conray II | ___ % Dilution | | Straight | 1 | Total Length | _1, 1 ?_ cm |
| Hypaque | ___ % Dilution | | | | Left | _0_ cm |
| Normal Saline | _60_ (c...) | | | | Right | _2_ cm _1_ |

Patient Record Label
ASSEMBLY KIT
TRUE-LOCK™ CONNECTORS
CAT NO. 94808
L/N 153849
MENTOR
UROLOGY

Patient Record Label
ALPHA I™ 14cm INFRAPUBIC
CYLINDER SET WITH PUMP
CAT NO. 9814I
S/N 128269
MENTOR

PO344A REV. D

Patient Record Label
75cc BIOFLEX™ RESERVOIR
CAT NO. 9075K
S/N 159347
MENTOR
UROLOGY

Apply Cylinder
Patient Record Label
Here

Form Filled By _____    Surgeon's Signature _____

10. Federal Rules of Civil Procedure
RULE 60.

— Set aside a judgment for fraud
upon the court;

— RULE 60, does not limit
the power of <u>a court</u>
to entertain an <u>independent</u>
action to relieve a party from
a judgment, order, or proceeding;

— Fed. R. Civ. P. RULE 60 (b) (6)
Plaintiff, Donald S. Koback reserves
the right to set forth, or
spell out other reasons justifying
relief from a judgment;

— Fed. R. Civ. P. RULE 60 (b) (5)
The judgment has been satisfied,
released, or discharged, or
prior judgment upon which based
has been reversed, or vacated;

— Fed. R. Civ. P. RULE 60 (b) (4)
The judgment is void;

— Fed. R. Civ. P. RULE 60 (b) (3)
Fraud (intrinsic, extrinsic), misrepresentation,
or other misconduct of adverse party (parties);

— Fed. R. Civ. P. RULE 60 (b) (2) newly discovered
evidence which by due diligence could not have been
discovered in time to move for a new trial under RULE 59(b)
See document 2 pages 16, 17, 18, 19, 20 page 17, 18, 19, 20, 21, 22, 23

— Fed. R. Civ. P. RULE 60 (a) clerical mistakes;

— The time for counterclaims or cross claims has expired Fed. R. Civ. P. RULE 13;

— ... Donald S. Koback has not been notified of these proceedings in violation of the "due process" clause of the FIFTH (5th.) FOURTEENTH (14th) Amendments, U.S. Constitution, also in violation of the "equal protection" clause of the above, as well as the FIRST (1st.), Seventh (7th.) Amendments, and all of the remaining Amendments, U.S. Constitution.

WHEREFORE, PLAINTIFF, DONALD S. KOBACK'S MOTION TO VACATE SUMMARY JUDGMENT AGAINST PLAINTIFF, DONALD S. KOBACK (GRANTING DEFENDANT, EMANUEL FRIEDMAN, M.D.'s MOTION FOR SUMMARY JUDGMENT, JUDGE'S ORDER, Hearing date: January 31, 2007 JUDGMENT GRANTED IN OPEN COURT, JUDGMENT ENTERED, FILED February 1, 2007

GRANTING COURT DOCUMENT [143])
PURSUANT TO Federal Rules of Civil
Procedure RULE 60. SHOULD
BE GRANTED.

DATE! June 14, 2007

By Donald S. Koback
Plaintiff, Pro Se

Donald Koback

Donald S. Koback
195 Sunnyside Ave
Woonsocket
Rhode Island 02895
Telephone;
401-762-2460

DATE; June 14, 2007

